**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road,
Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

*Attorney for KENNETH Y. KAI and
TAE K. KAI, Trustees of the Kai Family 1998 Trust*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL HAROUTUN MIROYAN,<br><br>Debtor. | Case No.: 18-52601-MEH<br>Chapter 13<br>RS No. WS110<br><br>Date: January 17, 2019<br>Time: 10:00 a.m.<br>Court: 3020, Hon. M. Elaine Hammond |

## MOTION FOR RELIEF FROM STAY

This motion is brought by Kai Family 1998 Trust Dated October 5, 1998 ("Kai Trust"), for full and complete relief from the automatic stay under 11 U.S.C. §362(d)(1) [1], together with an *in rem* order under Code §362(d)(4) ("Motion"), to continue the judicial foreclosure of an undeveloped lot located in Hawaii identified in bankruptcy debtor Michael Haroutun Miroyan's ("Miroyan") bankruptcy schedule[2] A/B, Item 1.4 as: "Empty Land in HI, Lot: 3-6-8-002-053," referred to herein as "Parcel 53." Parcel 53 was previously owned by Hawaiian Riverbend, LLC ("HR LLC"), Miroyan's single member LLC and former Chapter 11 debtor, until Miroyan caused HR LLC to

---

[1] Further references to Title 11 of the U.S. Code are abbreviated as the "Code."
[2] Kai Trust requests the Court take judicial notice of the Miroyan's bankruptcy schedules in the above captioned Chapter 13 case under Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure.

fraudulently transfer Parcel 53 to himself for no consideration on or about August 9, 2018. HR LLC is the obligor on long overdue notes secured by Parcel 53 in favor of the Kai Trust, all of which are in default.

### I. Statement of Jurisdiction

This Court has jurisdiction over this matter under 28 U.S.C. §§157 and 1334, which is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (G) and (O) and in which this Court may enter a final judgment. Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the motion are Code §§362(d)(1) and (4), Fed.R.Bankr.Pro. 4001 and Bankruptcy Local Rule 4001-1.

### II. Secured Loan Transactions

As set forth in the Declaration of Kenneth Y. Kai filed concurrently herewith (the "Kai Decl."), HR LLC executed a Promissory Note dated May 3, 2010 in the principal amount $540,000.00 in favor of the Kai Trust ("Note"). [Kai Decl., ¶4, Exhibit 1] The Note was secured by real property located in Waikoloa, Hawaii, identified by Tax Map Key No. (3) 6-8-002-021 (the "Mortgaged Property") pursuant to a Real Property Mortgage dated April 28, 2010 ("Mortgage"), executed by HR LLC in favor of the Kai Trust. [Kai Decl., ¶5, Exhibit 2]

In late 2012/2013, HR LLC completed its subdivision of the Mortgaged Property into 3 separate parcels: (a) an approximately 5.95 acre parcel identified with Tax Map Key No. (3) 6-8-002-021 ("Parcel 21"); (b) an approximately 10.75 acre parcel identified with Tax Map Key No. (3) 6-8-002-052 ("Parcel 52"), and (c) an approximately 14.622 acre parcel identified with Tax Map Key No. (3) 6-8-002-053 ("Parcel 53"). [Kai Decl., ¶6]

Kai Trust agreed to release two specific parcels of the Mortgaged Property known as Lots 9-A and 9-B. The remaining property secured by the Mortgage is identified as Tax Map Key No. (3) 6-8-002-053 (Lot 9-C), and hereinafter referred to as "Parcel 53." [Kai Decl., ¶7, Exhibit 3] The Note was amended effective March 1, 2013 in connection with this transaction by increasing the principal amount to $809.504.00 and adding a balloon payment with a due date of December 1, 2013 "Amended Note"). [Kai Decl., ¶8, Exhibit 4]

HR LLC subsequently executed another Promissory Note dated August 7, 2013 in the

principal amount of $300,000.00 ("2013 Note"). [Kai Decl., ¶9, Exhibit 5] The 2013 Note was also secured by Parcel 53 pursuant to a Real Property Mortgage dated August 7, 2013 executed by HR LLC in favor of the Kai Trust. [Kai Decl., ¶10, Exhibit 6]

### III.     Defaults

No payments were ever made by HR LLC under the Note, Amended Note or 2013 Note. Specifically, HR LLC did not make the balloon payment that was due on December 1, 2013 under the Amended Note. Nor did HR LLC ever cure the default after due notice was made by the Kai Trust, through counsel. [Kai Decl., ¶¶11 – 12]

As a result of HR LLC's failure to pay the amounts due and owing, the Kai Trust accelerated the entire balance due under the loan documents. As of July 1, 2016, $948,739.72 was due and owing by HR LLC to the Kai Trust, consisting of $840,000.00 in principal plus $108,739.72 in interest (5% from 12/1/2013 to 7/1/2016). The amount due continues to accrue per diem interest at $115.07. [Kai Decl., ¶¶13 – 14] An additional $104,713.70 in interest has accrued in the 910 days between 7/1/2016 and 12/28/17, bringing the current unpaid balance to $1,053.453.42.

### IV.     Judicial Foreclosure Action and Chapter 11 Bankruptcy

On or about May 1, 2015 the Kai Trust filed Civil Action No. 15-1-0164K against HR LLC in the Circuit Court of the Third Circuit State of Hawaii ("Civil Action") seeking to foreclose on Parcel 53. The Civil Action was stayed when HR LLC filed for Chapter 11 bankruptcy on or about April 4, 2016 in the U.S. Bankruptcy Court for the District of Hawaii, Case No. 16-00348 (the "Bankruptcy Case"). [Kai Decl., ¶¶15 – 16]

HR LLC confirmed a Second Amended Plan of Reorganization dated October 6, 2016 ("Plan") in the Bankruptcy Case. The Plan classified the Kai Trust Claims in Classes 1(a) and 1(b), and provided for the sale or auction of Parcel 53 on or before February 28, 2018. [Kai Decl., ¶¶16 – 17, Exhibit 7]

HR LLC failed to comply with the Plan and failed to take the necessary steps to sell Parcel 53. As a result the Bankruptcy Case was dismissed on or about February 2, 2018. In dismissing the Bankruptcy Case, the Bankruptcy Court found:

> Cause exists to dismiss the case because the Debtor is admittedly in material default of its obligation under the Plan. Debtor failed to

Motion for Relief from Stay

conduct a sale of the properties and later failed to submit them for auction. Debtor's counsel made it clear at the status conference on January 8, 2018, that Debtor does not intend to comply with the Plan. Additionally, Mr. Miroyan's outrageous email to counsel for Kai creditors and his other inappropriate statements in court filings [fn. omitted] demonstrate that he should not be administering the estate as a fiduciary for the creditors and other parties in interest.

[Kai Decl., ¶¶18 – 19, Exhibit 8, p. 4]

On or about March 21, 2018 Kai Trust's motion for summary judgment and interlocutory decree of foreclosure was granted in the Civil Action. Andrew Kennedy was appointed as the foreclosure Commissioner. [Kai Decl., ¶20, Exhibit 9]

### V. Fraudulent Transfer of Parcel 53

On or about August 9, 2018 Miroyan caused HR LLC to convey Parcel 53 from HR LLC to himself for no consideration. The Court is requested to take judicial notice of the Warranty Deed attached as Exhibit "A" hereto. This was done without notice to, or approval from, anyone affiliated with the Kai Trust. [Kai Decl., ¶21, Exhibit 10]

Miroyan filed this Chapter 13 bankruptcy on November 26, 2018, the same day as the scheduled foreclosure sale of Parcel 53, which prevented the foreclosure. [Kai Decl., ¶22, Exhibit 11]

### VI. Law and Argument in Support of Complete Relief from Stay and *In Rem* Order

By fraudulently transferring Parcel 53 from HR LLC to himself for no consideration and then filing for Chapter 13 bankruptcy, Miroyan has engaged in bad faith conduct designed to hinder, delay and/or defraud the Kai Trust. Kai Trust is therefore entitled to relief from the automatic stay under both Code §362(d)(1) for cause, and an *in rem* order under §362(d)(4).

**(A) Miroyan's Bad Faith is Cause to Lift the Stay Under Code §362(d)(1)**

The debtor's lack of good faith in filing a bankruptcy petition has often been used as cause for removing the automatic stay. See, e.g., *In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985) (debtor's dilatory behavior a proper consideration in lifting stay); *Matter of Little Creek Development Co.*, 779 F.2d 1068, 1071 (5th Cir. 1986) (lack of good faith constitutes "cause" for lifting stay). If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. *In re Thirtieth Place, Inc.*, 30 Bankr.

503, 505 (Bankr. App. 9th Cir. 1983) (quoting *In re Loeb Apartments, Inc.*, 89 F.2d 461, 463 (7th Cir. 1937)).

Miroyan's bad faith is obvious here. HR LLC's failed Chapter 11 Plan and Bankruptcy Court's findings that Miroyan had no intention of carrying out the Plan by selling or auctioning Parcel 53, HR LLC's failure to make any payments to the Kai Trust on the Note, Amended Note, or 2013 Note. [Kai Decl., ¶23], HR LLC's fraudulent transfer of Parcel 53 to Miroyan followed by the filing of this Chapter 13 to invoke the automatic stay and prevent the foreclosure sale scheduled the same day, add up to the requisite bad faith supporting cause under Code §362(d)(1). Filing a bankruptcy case for the sole purpose of invoking the automatic stay and disrupting state court litigation, without intending to use the special powers of the bankruptcy court to resolve or restructure the debtor's financial affairs, constitutes "bad faith." *In re Silberkraus*, 253 B.R. 890, 905 (Bankr. C.D. Cal. 2000) (citing cases in support).

### (B) Kai Trust is Entitled to an *In Rem* Order Under Code §362(d)(4)

Code § 362(d)(4) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay. . .
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing.

A creditor seeking relief from the stay in a bankruptcy case pursuant to Code § 362(d)(4) must prove that (1) the debtor engaged in a scheme, (2) to delay, hinder or defraud the creditor, and (3) which involved either the transfer of property without the creditor's consent or court approval or multiple filings. If proven, the bankruptcy court may enter an order authorizing the creditor relief from the stay that is "binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court . . . ." *Alakozai v. Citizens Equity First Credit Union (In re Alakozai)*, 499 B.R. 698, 702-03 (BAP 9th Cir. 2013)

The evidence before this Court establishes each of the required elements justifying *in rem* relief under Code § 362(d)(4). Miroyan caused Parcel 53 to be transferred from HR LLC to himself for no consideration without Kai Trust's consent or court approval. Miroyan waited until the day of the scheduled foreclosure sale in the Civil Action, and then filed this Chapter 13 bankruptcy case the same day to prevent it. This scheme not only defrauded the Kai Trust by transferring Parcel 53 out of HR LLC for no consideration, it also hindered and delayed the Kai Trust from pursuing the judicial foreclosure of Parcel 53 in the Civil Action because of the automatic stay. Miroyan's scheme has thus far successfully prevented the Kai Trust from foreclosing on Parcel 53 for 3-1/2 years,[3] without HR LLC having to make a single payment under the Note, Amended Note, or 2013 Note.

Given Miroyan's admitted intention not to sell or auction Parcel 53 in contravention of the HR LLC Chapter 11 Plan, and subsequent fraudulent transfer of Parcel 53 from HR LLC to himself for no consideration followed by this Chapter 13 bankruptcy, it is clear that without *in rem* relief under Code § 362(d)(4), Miroyan will continue his pattern of misusing the bankruptcy courts to prevent the Kai Trust from foreclosing on the Property.

**VII.    Request for Relief**

Kai Trust therefore prays this Court for:

1.    An order granting this Motion and providing full and complete relief from the stay under Code §362(d)(1) to proceed under applicable non-bankruptcy law to enforce all rights and remedies to foreclose upon and obtain possession of Parcel 53, including but not limited to amending the complaint in the Civil Action to include Miroyan as an additional defendant, and prosecution of

---

[3] The Civil Action was filed on or about May 14, 2015. [Kai Decl., ¶15]

Motion for Relief from Stay

the Civil Action to final judgment.

2. An order granting this Motion and providing full and complete relief from the stay under Code §362(d)(4), and that such order be effective *in rem* to be binding and effective in any bankruptcy case commenced by or against any bankruptcy debtor who claims any interest in Parcel 53 for a period of 180 days from the date of the hearing on this Motion, without further notice, or upon recording of a copy of this Court's order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

4. Such other and further relief as the Court finds fair and equitable.

Dated: December 28, 2018

/s/ Wayne A. Silver
Wayne A. Silver, attorney for *KENNETH Y. KAI and TAE K. KAI, Trustees of the Kai Family 1998 Trust*

Page - 7
Motion for Relief from Stay

EXHIBIT A

[Warranty Deed Transferring Parcel 53 to Miroyan]


STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED
August 09, 2018 3:29 PM
Doc No(s) A-67950847

/s/ LESLIE T. KOBATA
REGISTRAR

1  2/3  CGG
B-33205881

Conveyance Tax: $0.00

**LAND COURT**

| AFTER RECORDDATION, RETURN BY: | MAIL ( ) | PICKUP ( ) |
|---|---|---|

Michael Miroyan
P.O. Box 3181
Saratoga California 95070

S:\CLERICAL\LJN\PW\DSA FORMS MASTERS\Warranty deed (rev 6-11) .wpd

TMK No. **(3) 6-8-002-053**
Subdivision File No.

Total No. of Pages: 8 7

## WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS:

This Deed, made on **August 08, 2018**, by **Hawaiian Riverbend, LLC, a Hawaii limited liability company,** whose address is **P.O. Box 3181 Saratoga California 95070**, with full power to sell, convey, transfer, mortgage, lease, or otherwise deal with real property, hereinafter called the "Grantor", and **Michael Miroyan, a single man**, whose address is **P.O. Box 3181 Saratoga California 95070** hereinafter called the "Grantee".

### W I T N E S S E T H :

For TEN DOLLARS ($10.00) and other good and valuable consideration paid to the Grantor by the Grantee, the receipt of which is herby acknowledged, the Grantor does hereby grant, bargain, sell and convey unto the Grantee, in fee simple, forever, the property more particularly described in **EXHIBIT "A",** which is attached to and expressly made a part hereof.

And the revisions, remainders, rents, issues and profits thereof and all of the estate, right, title and interest of the Grantor, both at law and in equity, therein and thereto;

TO HAVE AND TO HOLD the same, together with all buildings, improvements, tenements, rights, easements, hereditaments, privileges and appurtenances thereto belonging or appertaining, or held and enjoyed in connection therewith unto the Grantee according to the tenancy hereinabove set forth, absolutely and in fee simple, forever.

AND the Grantor herby covenants with the Grantee that the Grantor is lawfully seized in fee simple of the described real and personal property and that the Grantor has good right to convey the same as aforesaid; that the property in free and clear of all encumbrances, except as

may be described in **EXHIBIT "A"**; and the Grantor will WARRANT AND DEFEND the same unto Grantee, forever, against the lawful claims and demands of all persons.

It is understood and agreed that the term "property" shall be deemed to mean and include the property specifically described in **EXHIBIT "A"**, all buildings and improvements thereon (including any personal property described in **EXHIBIT "A"** ) and all rights, easements, privileges and appurtenances in connection therewith, that the terms "Grantor" and "Grantee", as and when used herein, or any pronouns used in place thereof, shall mean and include the masculine and/or feminine, the singular or plural number, individuals, firms or corporations, that the rights and obligations of the Grantor and Grantee shall be binding upon ant inure to the benefit of their respective estates, heirs, personal representatives, successors in trust and assigns and that where there is more than one Grantor or Grantee, any covenants of the respective party shall be and for all purposes deemed to be joint and several.

**IN WITNESS WHEREOF**, the undersigned executed these presents and of the day and year first above written.

_____
Michael Miroyan, Sole Member of
Hawaiian Riverbend, LLC
"Grantor"

_____
Michael Miroyan
"Grantee"

STATE OF HAWAII            )
                           ) SS.
CITY AND COUNTY OF HONOLULU )

On this 9th day of August, 2018, before me personally appeared Michael Miroyan, to me personally known, who, being by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

[Official Seal/Stamp]

Signature: _____
Name: Sharon Julian
Notary Public, State of Hawaii

My commission expires: 02/05/2020

| **NOTARY CERTIFICATION** | |
|---|---|
| Document Description: Warranty Deed | |
| ☑ Doc. Date: 08/08/2018  or ☐ Undated | |
| No. of Pages: 7 | |
| _____  08/09/2018 | |
| Signature of Notary Public   Date of Notarization | [official Seal/Stamp] |
| Sharon Julian | |
| Printed Name of Notary Public | |

# EXHIBT "A"

## Legal Description

On Feb 13 2013 the HI county Council approved the this Lot into 3 newly created parcels: TMK # (3)-6-8-002-021 was reduced to 5.95 acres; TMK # (3)-6-8-002-052 created 10.75 acres; TMK # (3)-6-8-002-053 created 14.622 acres.

All of that certain parcel of land situate at Waikoloa, District of South Kohala, Island and County of Hawaii, State of Hawaii, being LOT 9 of the "WAIKOLOA DEVELOPMENT", as shown on File Plan Number 1172, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 14.622 acres, more or less.

BEING THE PREMISES ACQUIRED BY DEED WITH COVENANTS AND RESERVATION OF EASEMENTS AND OTHER RIGHTS

GRANTOR: **Waikoloa Mauka, LLC, a Delaware limited liability company**
GRANTEE : **Hawaiian Riverbend, a Hawaii limited liability company**
DATED : **November 12, 2009**

RECORDED : November 23, 2009 as Document No. 2009-179060

1. Real Property Taxes, if any, that may be due and owing.
   Tax Key: (3) 6-8-002-053   Area Assessed: 14.622 acres
   Tax Classification: AGRICULTURAL

2. Any and all matters not shown in the Indices described in Schedule A.

3. Mineral and water rights of any nature.

4. DESIGNATION OF EASEMENT "E-W-1" (50 feet wide)
   PURPOSE : electrical, telephone and water line
   SHOWN : on File Plan No. 1172

5. GRANT to WAIKOLOA WATER CO., INC., dated December 20, 1978, recorded in Liber 13374 at Page 441, as amended by instrument dated February 4, 1981, recorded in Liber 15498 at Page 103; granting an easement over said Easement "E-W-1".

6. DESIGNATION OF EASEMENT "E-4" (75 feet wide)
   PURPOSE : electrical and telephone
   SHOWN : on File Plan No. 1172

7. GRANT TO : HAWAII ELECTRIC LIGHT COMPANY, INC.
   DATED : April 27, 1976
   RECORDED : Liber 11411 Page 135
   GRANTING : an easement for utility purposes over Easement "6" described theren

8. GRANT TO : WAIKOLOA WATER CO., INC. doing business as WEST HAWAII WATER COMPANY and WAIKOLOA RESORT UTILITIES, INC. doing business as WEST HAWAII UTILITY COMPANY
   DATED : February 19, 1998
   RECORDED : Document No. 98-028921
   GRANTING : an easement for utility purposes over Easement "W-2" described therein

9. GRANT TO : WAIKOLOA RESORT UTILITIES, INC. doing business as WEST HAWAII UTILITY COMPANY
   DATED : February 19, 1998
   RECORDED : Document No. 98-028918
   GRANTING : an easement over only that portion of said Easement "E-W-1" affecting Lot 9 of File Plan No. 1172

10. GRANT TO : VERIZON HAWAII INC. now known as HAWAIIAN TELCOM, INC.
    DATED : ----- (acknowledged April 22, 2003 and May 23, 2003)
    RECORDED : Document No. 2003-139270
    GRANTING : an easement for utility purposes over Easement "1" described therein

11. No vehicular access and planting screen, as shown on Subdivision map 11-001060, approved November 29, 2012.

12. DESIGNATION OF EASEMENT "AE-1"
    PURPOSE : access
    SHOWN : on Subdivision map 11-001060, approved November 29, 2012

13. The terms and provisions contained in the following:
    (A) DEED WITH COVENANTS AND RESERVATION OF EASEMENTS AND OTHER RIGHTS
    DATED : September 20, 2005
    RECORDED : Document No. 2005-188909
    Certain water rights reserved in said Deed have been assigned pursuant to that certain WATER RIGHTS QUITCLAIM dated September 20, 2005, recorded as Document No. 2005-188913, by and between WAIKOLOA LAND & CATTLE CO., "Grantor", and WAIKOLOA WATER CO., INC., and WAIKOLOA RESORT UTILITIES, INC., "Grantee".

    (B) GRANT OF RIGHT TO DESIGNATE AND GRANT EASEMENTS
    DATED : September 20, 2005
    RECORDED : Document No. 2005-188911
    PARTIES : WAIKOLOA MAUKA, LLC, "Owner", and WAIKOLOA LAND & CATTLE CO., "WDC"
    Said Grant was amended by instrument dated November 29, 2006, recorded as Document No. 2006-220312.

14. The terms and provisions contained in the following:
    INSTRUMENT : DECLARATION OF RESTRICTIVE COVENANTS

DATED : December 29, 2008
RECORDED : Document No. 2008-193975

15. The terms and provisions contained in the following:
    INSTRUMENT : DISCLOSURE AGREEMENT
    DATED : December 29, 2008
    RECORDED : Document No. 2008-193976

    PARTIES : WAIKOLOA MAUKA, LLC, a Delaware limited liability company, "WML", WQJ2008 INVESTMENT, LLC, a Washington limited liability company, "WQJ2008", UKUMEHAME QUARRY COMPANY LIMITED PARTNERSHIP, a Hawaii limited partnership, "Ukumehame", and collectively with WQJ2008, "Buyer"

16. Historic ceremonial and burial sites and similar matters which an archaeological study and archaeological inspection of the land would disclose.

17. REAL PROPERTY MORTGAGE
    MORTGAGOR : HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company
    MORTGAGEE : KENNETH Y. KAI and TAE K. KAI, Trustees, of the Kai Family 1998 Trust dated October 5, 1998
    DATED : April 28, 2010
    RECORDED : Document No. 2010-062606
    AMOUNT : $540,000.00-covers the land herein besides other lands
    ABOVE MORTGAGE AMENDED BY INSTRUMENT
    DATED : August 8, 2013
    RECORDED : Document No. A-50700518
    RE : to increase Loan Amount to $809,504.00

18. The terms and provisions contained in the following:
    INSTRUMENT : JOINT VENTURE AGREEMENT
    DATED : April 29, 2010
    RECORDED : Document No. 2010-062607
    PARTIES : WAIKALOA MAUKA, LC, a Delaware limited liability company ("WM") and HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company, ("HR")

19. GRANT TO : WAIKOLOA VILLAGE ASSOCIATION, a Hawaii nonprofit corporation
    DATED : August 5, 2013
    RECORDED : Document No. A-50090859
    GRANTING : a nonexclusive right and easement over, under and across the Easement Area being 60 feet wide for utility purposes

20. REAL PROPERTY MORTGAGE
    MORTGAGOR : HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company
    MORTGAGEE : KENNETH Y. KAI and TAE K. KAI, Trustees of the Kai Family 1998 Trust dated October 5, 1998
    DATED : August 7, 2013
    RECORDED : Document No. A-50700519
    AMOUNT : $300,000.00

21. NOTICE OF PENDENCY OF ACTION
    PLAINTIFF : KENNETH Y. KAI and TAE K. KAI, Trustees of the Kai Family 1998 Trust
    DEFENDANT : HAWAIIAN RIVERBEND, LLC; et al.
    DATED : June 3, 2015
    FILED : Circuit Court of the Third Circuit, State of Hawaii, Case No. 15-1-0164K, on June 3, 2015
    RECORDED : Document No. A-56341008 on June 5, 2015
    RE : foreclosure of Mortgage

22. Any unrecorded leases and matters arising from or affecting the same. 0

23. Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other matters which a correct survey or archaeological study would disclose.

24. Hawaiian Riverbend, LLC has not yet submitted proper information to the Department of Commerce and Consumer Affairs of the State of Hawaii (Business Registration) for Good Standing status.