# EXHIBIT 7

[Order Confirming Second Amended Plan of Reorganization dated October 6, 2016]



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

In re:

HAWAIIAN RIVERBEND, LLC,
Debtor and Debtor in Possession.

Case No. 16-00348
(Chapter 11)

Date:      November 28, 2016
Time:      9:30 a.m.
Judge:     Hon. Robert J. Faris

[Relates to Docket No. 110]

## ORDER CONFIRMING SECOND AMENDED
## PLAN OF REORGANIZATION DATED OCTOBER 6, 2016

The Debtor's Second Amended Plan of Reorganization Dated October 6,

2016, filed herein on October 7, 2016, as docket no. 110 (the "Plan") came on for

approval before the Honorable Robert J. Faris on November 28, 2016 (the

"Confirmation Hearing"). Chuck C. Choi, Esq. appeared on behalf of the Debtor.

Curtis B. Ching, Esq. appeared on behalf of the Office of the United States

Trustee. Matthew C. Shannon, Esq. appeared on behalf of the Kai Trust. David C.

Farmer, Esq. appeared telephonically on behalf of Cory Tereick.

- 1 -

Kai Decl. Exhibit P. 80

The Court having reviewed the Plan and the statements and arguments of counsel at the hearing, as well as the record in this case, and good cause appearing therefore,

The Court finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

IT IS HEREBY ORDERED THAT:

1.     The Plan[1], attached hereto as Exhibit A and incorporated herein by reference, is confirmed pursuant to Bankruptcy Code Section 1129, as amended by this Order.

2.     The Plan is hereby amended as follows:

A.     Proof of Claim no. 5 in the Claim Register filed by the Kai Family 1998 Trust (the "Kai Trust") on August 22, 2016, in the total amount of $1,248,739.72 (the "Kai Secured Claims"), shall be deemed an Allowed Claim for all purposes in this Chapter 11 Case, and the Counterclaims asserted by the Debtor against the Kai Trust in that certain lawsuit entitled *Kenneth Y. Kai, Trustee of the Kai Family 1998 Trust, et al. v. Hawaiian Riverbend, LLC*, In the Third Circuit Court of the Circuit Courts of the State of Hawaii, Civil No. 3CC 15-1-0164K, shall be deemed waived and extinguished for all purposes.

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Plan.

U.S. Bankruptcy Court - Hawaii   #16-00348   Dkt # 135   Filed  12/23/16   Page 2 of 68

Kai Decl. Exhibit P. 81

B.    This Order constitutes authorization for the Debtor to sell and convey Parcel 21, Parcel 52 and Parcel 53 (collectively, the "Parcels")  without further Court order, provided, however, (a) any recorded Lien against any of the foregoing Parcels must be satisfied in full at closing absent further Court order; (b) the Court shall retain jurisdiction over the amounts necessary to satisfy any recorded Lien, as well as the allocation of net sale proceeds from any such sale(s); and

C.    The real estate agent and the Debtor and its principals are instructed to promptly send to counsel of record for the Kai Trust and Cory Tereick any written bona fide offer for the sale of any the Parcel 52 or Parcel 53.  Neither Kai Trust nor Cory Tereick (or their respective agents or representatives) shall contact either the offering parties or the real estate agent without either first obtaining the Debtor's express advance approval or a specific Court order allowing such contact.

**Plan is Binding**

3.    The amounts, priorities, secured status, and classifications of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The amounts, priorities, secured status, and classification set forth on the Ballots tendered to or returned by the

- 3 -

Kai Decl. Exhibit P. 82

creditors of the Debtor in connection with voting on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual amount, priority, secured status, or classification of such claims and Equity Interests under the Plan for distribution purposes, and (c) shall not be binding on, or used as evidence against, the Debtor for any purpose other than with respect to voting on the Plan.

4. The Plan and its provisions shall be binding upon the Debtor, any entity acquiring or receiving property or a distribution under the Plan, and any holder of an Administrative Claim or Claim against or interest in the Debtor, including all federal, state, and local governmental entities and fiscal intermediaries thereof, whether or not (i) the Administrative Claim, Claim, or Equity Interest of such holder is impaired under the Plan, (ii) such holder or entity has accepted the Plan, or (iii) such holder or entity has filed a proof of claim , demand for payment, or appeared in the Case.

### Authorizations

5. The Debtor and its directors, officers, partners, members, managers, agents, and attorneys are each hereby authorized and empowered, and where required by the Plan, ordered (a) to take such actions as may be necessary or appropriate to execute, implement and consummate the Plan, (b) to issue, execute,

- 4 -

Kai Decl. Exhibit P. 83

deliver, file and record such contracts, instruments, releases, agreements, documents, and securities referred to in the Plan, or required to implement and consummate the Plan pursuant to its terms, (c) to perform under and comply with the terms of the Plan, and (d) to take any or all corporate, partnership or limited liability company actions authorized to be taken pursuant to the Plan, or pursuant to any contract, instrument, release, agreement, document or security in connection therewith, or other document, whether or not specifically referred to in the Plan. Upon execution, all such documents shall be valid and binding, as necessary or appropriate, be accepted by each of the respective state filing offices and recorded in accordance with applicable state law, and become effective in accordance with their terms.

6.     Pursuant to Bankruptcy Code section 1146(a) and this Confirmation Order: (a) the issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.  The Debtor is hereby authorized to serve upon all filing and recording officers a notice in connection with the filing and recording of any such documents in accordance with the Plan, to evidence and implement this paragraph.  The appropriate state or local government filing and recording officers

- 5 -

Kai Decl. Exhibit P. 84

are hereby directed to accept for filing or recording all documents of transfer to be filed and recorded in accordance with this Plan and the exhibits thereto, without payment of any such tax or government assessment, and without the presentation of any affidavits, instruments, or returns otherwise required for recording, other than this Confirmation Order. The Bankruptcy Court retains jurisdiction to enforce the foregoing direction, by contempt proceedings or otherwise.

7.     Any Liens granted under the Plan shall be deemed perfected without recordation, the same as though recorded, without any further action required of the person to whom such Lien is granted under the Plan.

### Bar Dates

8.     Except as otherwise provided herein, unless previously filed or paid, requests for payment of Administrative Expense Claims (other than Ordinary Course Administrative Claims) must be filed and served on the Debtor no later than 60 days after the Effective Date ("General Administrative Claims Bar Date"); provided, however, that the General Administrative Claims Bar Date may be extended from time to time upon the mutual agreement of the Reorganized Debtor and the applicable holder of an Administrative Expense Claim, or pursuant to an order of the Bankruptcy Court after notice to the Notice Parties. Holders of Administrative Expense Claims that are required to file a request for payment of such Administrative Expense Claims and that do not file such a request by the

- 6 -

applicable Administrative Claims Bar Date will be forever barred from asserting such Administrative Expense Claims against the Debtor, and such Administrative Expense Claims will be deemed discharged as of the Effective Date. Unless extended by the Bankruptcy Court or by agreement of the Reorganized Debtor and the filing party, objections to such requests must be filed and served on the Notice Parties, and the requesting party by the earlier of (A) 120 days after the Effective Date or (B) 60 days after the filing of the applicable request for payment of Administrative Expense Claims.

9. Professionals or other Persons asserting a Professional Fee Claim for services rendered to the Estate before the Effective Date must file and serve on the Reorganized Debtor an application for final allowance of such Professional Fee Claim, as it relates to services provided to the Estate prior to the Effective Date, no later than 60 days after the Effective Date ("Professional Fee Claims Bar Date"); provided, however, that the Professional Fee Claims Bar Date may be extended from time to time upon the mutual agreement of the Reorganized Debtor and the applicable Professional Person or pursuant to an order of the Bankruptcy Court after notice to the Notice Parties. Unless extended by the Bankruptcy Court, objections to any Professional Fee Claim must be filed and served on the Notice Parties and the requesting party no later than 30 days after the filing of the applicable request for payment of the Professional Fee Claim. If a request for

- 7 -

Kai Decl. Exhibit P. 86

payment of a Professional Fee Claim is not made by the applicable Professional Fee Claim Bar Date, such claim will be forever barred and such Professional Fee Claims will be deemed discharged as of the Effective Date. Professional Persons may obtain payment of reasonable fees and expenses incurred subsequent to the Effective Date for the preparation and prosecution of an application for final allowance of a Professional Fee Claim by submitting an invoice to the Reorganized Debtor on or after the date that the Bankruptcy Court enters an order granting such application; provided, however, that (a) the Reorganized Debtor shall have the right to object any such invoice, (b) to the extent that Reorganized Debtor and the applicable Professional Person are unable to resolve any such objection, the matter may be set for hearing before the Bankruptcy Court on not less than thirty (30) days notice, and (c) the Reorganized Debtor shall not be required to pay any particular fees and expenses that are the subject of an unresolved objection unless and until the Bankruptcy Court so orders.

10.  Any request for payment of an Administrative Expense Claim asserted by a governmental unit for a tax claim ("Administrative Tax Claim") must be filed and served on the Reorganized Debtor no later than 60 days after the Effective Date ("Administrative Tax Claims Bar Date"), provided, however, that the Administrative Tax Claim Bar Date may be extended from time to time upon the mutual agreement of the Reorganized Debtor and the applicable governmental

- 8 -

unit, or pursuant to an order of the Bankruptcy Court after notice to the Notice Parties. If a request for payment of an Administrative Tax Claim is not made by the applicable Administrative Tax Claim Bar Date, such claim will be forever barred against the Reorganized Debtor and such Administrative Tax Claims will be deemed discharged as of the Effective Date. Unless extended by the Bankruptcy Court, objections to any such Filed Administrative Tax Claims must be filed and served on the Notice Parties and the requesting party by the earlier of (A) 120 days after the Effective Date or (B) 60 days after the filing of the applicable request for payment of an Administrative Tax Expense Claim.

## Vesting of Assets

11.    All of the Debtor's assets shall revest in the Reorganized Debtor on the Effective Date.

## Estate Causes of Action

12.    On the Effective Date, the Reorganized Debtor shall have the full power and authority to prosecute compromise or otherwise resolve any and all claims and Rights of Action, including but not limited to, all claims and causes of action arising under or related to the Bankruptcy Code.

13.    As of the Effective Date, the Reorganized Debtor shall have authority to investigate, administer, monitor, implement, litigate and settle all disputed or unresolved Claims and Administrative Expense Claims. Nothing herein shall

- 9 -

preclude or limit the right or authority of any other party in interest with standing under the Bankruptcy Code to object to any Claim or Administrative Expense Claim.

## Effective Date and Discharge

14.     The Effective Date shall occur on the second business day following the satisfaction of the conditions precedent to the occurrence of the Effective Date as set forth in Section VII of the Plan.  The Debtor shall file a Notice of Effective Date as soon after the Effective Date as practical and shall serve a copy of the Notice of Effective Date on the Master Service List.

15.     The Debtor's discharge under the Bankruptcy Code, the Plan, and this Order shall occur on the Effective Date.  Except as provided in the Plan or this Confirmation Order, as of the Effective Date the rights afforded under the Plan and the treatment of Claims, Administrative Expense Claims and Equity Interests under the Plan will be in exchange for an in complete satisfaction, discharge and release of all Claims, Administrative Expense Claims and Equity Interests, including any interest accrued on claims from the commencement of the Chapter 11 Case.  As of the Effective Date, except as provided in the Plan or this Confirmation Order, Confirmation will discharge the Debtor from all Claims, Administrative Expense Claims or other debts that arose before the Confirmation Date and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code,

- 10 -

Kai Decl. Exhibit P. 89

whether or not (a) a proof of Claim based on such debt is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (b) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (c) the holder of a Claim or Administrative Expense Claim based on such debt has accepted the Plan.

16. As of the Effective Date, except as provided in the Plan or in this Confirmation Order, all persons shall be precluded from asserting against the Reorganized Debtor, any other or further Claims, Administrative Expense Claims, debts, rights, causes of action, liabilities, or equity interests of the Debtor, based on any act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date. In accordance with the foregoing, except as provided in the Plan or herein, this Confirmation Order shall be a judicial determination of discharge of all such Claims, Administrative Expense Claims and other debts and liabilities against the Reorganized Debtor, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtor at any time, to the extent that such judgment relates to a discharged liability, Claim, or Administrative Expense Claim. Notwithstanding the foregoing, federal and state governmental agencies shall not be subject to the foregoing injunction with respect to the exercise and enforcement of any of their respective regulatory or police rights and powers.

**Executory Contracts**

- 11 -

Kai Decl. Exhibit P. 90

17.    The assumption and assignment and, as appropriate, cure of assumed executory contracts, as provided for under the Plan, pursuant to Bankruptcy Court section 365, as of the Effective Date, is hereby approved.

18.    The rejection of executory contracts and unexpired leases as provided for under the Plan is hereby approved pursuant to Bankruptcy Code sections 365 and 1123(b)(2).  Each party to any rejected executory contract or unexpired lease shall file any claim for damages arising from that rejection not later than thirty (30) days after mailing of the Notice of Effective Date.

### Exculpations, Indemnities and Injunctions

19.    The scope of liability, release, exculpation, indemnification, and injunction provisions contained in the Plan (including but not limited to Sections 10.6.1 and 10.6.2) shall be effective and binding upon all persons and entities to the full extent provided in the Plan, except as otherwise provided for herein.

20.    Except as provided in the Plan or herein, as of the Effective Date, all Persons that have held, currently hold or may hold a Claim or other debt or liability against the Debtor, are hereby permanently enjoined from taking any of the following actions on account of any such discharged or satisfied Claims, debts or liabilities, or Equity Interests:  (a) commencing or continuing in any manner any action or other proceeding against the Debtor, the Reorganized Debtor, the Estate,

- 12 -

or their respective property, other than to enforce any right pursuant to the Plan to a distribution; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor, the Estate, or their respective property, other than as permitted pursuant to (a) above; (c) creating, perfecting or enforcing any Lien or encumbrance against the Debtor, the Reorganized Debtor, the Estate, or their respective property; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (e) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan, provided however, that nothing herein shall affect or otherwise impair the existing right of setoff by the United States of mutual pre-petition obligations. Notwithstanding the foregoing, federal and state governmental agencies shall not be subject to the foregoing injunction with respect to the exercise and enforcement of any of their respective regulatory or police rights and powers.

21.    To the maximum extent permitted by law and as of the Effective Date, none of the Debtor, the Estate,  nor any of their employees, officers, directors, agents, members, managers, representatives, or the professionals employed or retained by any of them, whether or not by Bankruptcy Court order (each, an "Exculpated Person"), shall have or incur liability to any Person for an act taken or omission made, in good faith (which shall not include willful or reckless

- 13 -

misconduct) after the Petition Date, in connection with or related to the Chapter 11 Case, formulation of the Plan, the Disclosure Statement, or a contract, instrument, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan contemplated therein; provided, however, nothing herein shall limit or release any liability of any Person from direct liability arising from the operation of the Debtor in the ordinary course of business; provided, further, however, any such liability of the Debtor shall be limited to a claim which if an Allowed Claim shall be treated under the Plan. Each Exculpated Person shall in all respects be entitled to reasonably rely on the advice of counsel with respect to their duties and responsibilities under the Plan. This Confirmation Order constitutes a judicial determination that the exculpation provision contained in this Section is necessary to, _inter alia_, facilitate Confirmation and feasibility and to minimize potential claims arising after the Effective Date for indemnity, reimbursement or contribution from the Debtor or the Estate. This Confirmation Order constitutes a res judicata determination of the matters included in the exculpation provisions of the Plan.

### United States Trustee Fees

22.     All quarterly fees due and payable to the Office of the United States Trustee pursuant to section 1930(a)(6) of title 28 of the United States Code shall be

U.S. Bankruptcy Court - Hawaii  #16-00348  Dkt # 135  Filed  12/23/16  Page 14 of 68

Kai Decl. Exhibit P. 93

duly paid in full on or before the Effective Date, as required by section 1129(a)(12) of the Bankruptcy Code. The Reorganized Debtor shall be responsible for timely payment of such quarterly fees due and payable until the Bankruptcy Case is closed. Until the Chapter 11 Case is closed, the Reorganized Debtor shall file with the Office of the United States Trustee quarterly financial reports specifying all "disbursements" made and shall make all payments based upon such disbursements as required by applicable law.

### Enforceability

23.     Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan and the Plan Supplement shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

24.     Each term and provision of the Plan is hereby deemed to be valid and enforceable pursuant to its terms, except as modified by this Order.

### Other Matters

25.     To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms contained in this Confirmation Order shall govern. The provisions of this Confirmation order are integrated with each other and are nonseverable and mutually dependent unless expressly stated otherwise by further order of this Bankruptcy Court.

- 15 -

**END OF ORDER**

Approved as to form:


/s/ Curtis B. Ching
CURTIS B. CHING
Attorney for the Office of the U.S. Trustee


/s/ Matthew C. Shannon
MATTHEW C. SHANNON
Attorney for Kai Family Trust


/s/ David C. Farmer
DAVID C. FARMER
Attorney for Cory Tereick


Submitted by:

WAGNER CHOI & VERBRUGGE
CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
E-Mail: cchoi@hibklaw.com;
aito@hibklaw.com
Attorneys for Debtor

- 16 -

Kai Decl. Exhibit P. 95

WAGNER CHOI & VERBRUGGE
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com
        aito@hibklaw.com

Attorneys for Debtor
and Debtor-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 16-00348 |
| HAWAIIAN RIVERBEND, LLC, | (Chapter 11) |
| Debtor and Debtor-in-possession. | |

## DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED AS OF OCTOBER 6 2016

HAWAIIAN RIVERBEND, LLC, debtor and debtor-in-possession herein

("Debtor") proposes the following chapter 11 plan pursuant to section 1121(a) of

the Bankruptcy Code.

**EXHIBIT A**

# I.

## DEFINITIONS AND RULES OF CONSTRUCTION

**1.    Defined Terms.**

As used herein, the following terms have the respective meanings specified below (such meanings to be equally applicable to both the singular and plural, and masculine and feminine, forms of the terms defined):

**1.1.    "Administrative Claims Bar Date"** has the meaning set forth in Section I.2.3 below.

**1.2.    "Administrative Expense Claim"** means a claim that is for payment of any cost or expense of administration of the Chapter 11 Case, allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code, including, without limitation, any actual and necessary post-petition expense of preserving the Estate, any actual and necessary post-petition expense of operating the business of the Debtor in Possession, all compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under section 330 or 503 of the Bankruptcy Code, and any fees or charges assessed against the Estate of the Debtor under Section 1930 of chapter 123 of title 28 of the United States Code.

**1.3.    "Allowed Administrative Expense Claim"** means an Administrative Expense Claim: (a) for which a request for payment is Filed on or before the Administrative Claims Bar Date and as to which no objection to such

U.S. Bankruptcy Court - Hawaii   #16-00348   Dkt # 135   Filed  12/23/16   Page 18 of 68

Kai Decl. Exhibit P. 97

Administrative Expense Claim is in the amount set forth in such request; (b) that is allowed pursuant to a Final Order, in the amount set forth therein; or (c) is an Ordinary Course Administrative Expense as to which no objection has been Filed. Unless otherwise specified herein or by Final Order of the Bankruptcy Court, the amount of any Allowed Administrative Expense Claim shall not include interest on such Administrative Expense Claim accruing from and after the Petition Date.

     **1.4.** **"Allowed Claim"** means, except as otherwise provided herein or by Final Order of the Bankruptcy Court, a Claim, proof of which was timely and properly Filed or, if no proof of claim was Filed, which has been or hereafter is listed by the Debtor in his respective Schedules as liquidated in amount and not disputed or contingent, and, in either case, as to which no objection to the allowance thereof, or request for estimation, has been interposed, and that is not otherwise a Disputed Claim.

     **1.5.** **"Allowed General Unsecured Claim"** means a General Unsecured Claim to the extent it is or has become an Allowed Claim.

     **1.6.** **"Allowed Secured Claim"** means a Secured Claim to the extent it is or has become an Allowed Claim.

     **1.7.** **"Amended First Kai Note"** means that alleged First Amendment of Promissory Note dated August 8, 2013 by the Debtor in favor of the Kai Trust in the principal amount of $840,000.00.

**1.8.** "**Amended First Kai Mortgage**" means that certain mortgage recorded against Parcel 21 in the Bureau as Document No. 2010-062606 by the Debtor in favor of the Kai Trust, as amended by that certain instrument recorded in the Bureau on August 8, 2013 as Document No. A-50700518 for the principal amount of $809,504.00.

**1.9.** "**Bankruptcy Code**" means Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as now in effect or hereafter amended, and as applicable to the Chapter 11 Case.

**1.10.** "**Bankruptcy Court**" or "**Court**" means the United States Bankruptcy Court for the District of Hawaii or, in the event such court ceases to exercise jurisdiction over the Chapter 11 Case, such other court that exercises jurisdiction over the Chapter 11 Case.

**1.11.** "**Bankruptcy Rules**" means, collectively, (i) the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to the Chapter 11 Case, and (ii) the Local Bankruptcy Rules applicable to cases pending before the Bankruptcy Court, as now in effect or hereafter amended.

**1.12.** "**Bureau**" means the Bureau of Conveyances for the State of Hawaii.

**1.13.** "**Business**" means the operation of the business by the Debtor.

Kai Decl. Exhibit P. 99

**1.14.** **"Business Day"** means any day which is not a Saturday, a Sunday, or a "legal holiday" as defined in Bankruptcy Rule 9006(a).

**1.15.** **"Cash"** means legal tender of the United States of America and equivalents thereof.

**1.16.** **"Chapter 11 Case"** means the case under chapter 11 of the Bankruptcy Code that was commenced by the filing of a voluntary petition on April 4, 2016, before the Bankruptcy Court, and which case is styled, *In re Hawaiian Riverbend, LLC*, and assigned Bk. No. 16-00348 (Chapter 11).

**1.17.** **"Chen Secured Note"** means that certain promissory note dated on or about October 10, 2013 in the original principal amount of $175,000.00 by the Debtor in favor of Gang Chen.

**1.18.** **"Chen Mortgage"** means that certain mortgage executed by Debtor in favor of the Gang Chen recorded against Parcel 21 as security for the Chen Secured Note recorded on October 15, 2013 in the Bureau as Document No. A-50360170.

**1.19.** **"Claim"** means a "claim," as defined in section 101(5) of the Bankruptcy Code, against the Debtor.

**1.20.** **"Class"** means one of the Classes of Claims or Classes of Equity Interests designated in Article II of the Plan.

Kai Decl. Exhibit P. 100

**1.21.** **"Confirmation"** means the entry of the Confirmation Order on the docket of the Chapter 11 Case.

**1.22.** **"Confirmation Date"** means the date on which the Confirmation Order is entered on the docket for the Chapter 11 Case within the meaning of Bankruptcy Rules 5003 and 9021.

**1.23.** **"Confirmation Hearing"** means the hearing held by the Bankruptcy Court on Confirmation of the Plan as such hearing may be continued from time to time.

**1.24.** **"Confirmation Order"** means the order of the Bankruptcy Court confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

**1.25.** **"Counterclaims"** means the counterclaims asserted by the Debtor against the Kai Trust in that certain lawsuit entitled *Kenneth Y. Kai, Trustee of the Kai Family 1998 Trust, et al. v. Hawaiian Riverbend, LLC*, In the Third Circuit Court of the Circuit Courts of the State of Hawaii, Civil No. 3CC 15-1-0164K.

**1.26.** **"Debtor"** means Hawaiian Riverbend LLC.

**1.27.** **"Disclosure Statement"** means the written disclosure statement that relates to the Plan, as approved by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017 as such

Kai Decl. Exhibit P. 101

disclosure statement may be amended, modified or supplemented from time to time.

**1.28.** **"Disbursing Agent"** means any entity acting in its capacity as a disbursing agent or successor disbursing agent under Section V.1.1. of the Plan. The Disbursing Agent under the Plan shall be the Reorganized Debtor.

**1.29.** **"Disputed Claim"** means, respectively, any Claim: (a) as to which a Proof of Claim has been Filed and the dollar amount of such Claim, respectively, is not specified in a fixed amount; (b) prior to the deadline to object to such Claim, as to which a Proof of Claim has been Filed and the dollar amount of such Claim is specified in a fixed liquidated amount, the extent to which the stated amount of such Claim exceeds the amount of such Claim listed in the Schedules; and (c) with respect to either a Claim that is listed in the Schedules and/or as to which a Proof of Claim has been Filed, as to which the Debtor or any other party in interest has Filed a timely objection or request for estimation in accordance with the Bankruptcy Code, the Bankruptcy Rules, and/or any order of the Bankruptcy Court, which objection or request for estimation has not been withdrawn or determined by a Final Order.

**1.30.** **"Effective Date"** means the first Business Day (a) on which no stay of the Confirmation Order is in effect and (b) that is at least one Business Day after the date on which the conditions specified in Article VII of the Plan have

been satisfied or waived. Notwithstanding anything to the contrary herein, the Effective Date shall occur on or before the six month anniversary of the Confirmation Date.

**1.31.** **"Estate"** means the estate created for Debtor pursuant to section 541 of the Bankruptcy Code, and includes all includes all the property, proceeds, profits and rents resulting or derived therefrom that are acquired by the Estate or by the Debtor from the Petition Date to the Effective Date, and by the Estate on or after the Effective Date.

**1.32.** **"File," "Filed," "Files," or "Filing"** means properly and timely filed with the Bankruptcy Court in the Chapter 11 Case, as reflected on the official docket of the Bankruptcy Court for the Chapter 11 Case, and served on Persons, as such filing and service are required pursuant to the Bankruptcy Code, Bankruptcy Rules and/or order of the Bankruptcy Court.

**1.33.** **"Final Order"** means an order or judgment of the Bankruptcy Court or other applicable court, as entered on the applicable docket, that has not been reversed, stayed, modified or amended, and as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending or as to which any right to appeal, petition for certiorari, reargue, or rehear shall have been waived in writing in form and

substance satisfactory to the Debtor in the event that an appeal, writ of certiorari, or reargument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court or other applicable court shall have been affirmed by the highest court to which such order or judgment was appealed, or certiorari has been denied, or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired.

    **1.34. "First Tereick Note"** means that certain note executed by Debtor in favor of Cory Tereick dated on or about June 24, 2014 in the original principal amount of $65,000.00.

    **1.35. "First Tereick Mortgage"** means that certain mortgage in favor of Cory Tereick securing the First Tereick Note and recorded against Parcel 52 in the Bureau on July 16, 2014 as Document No. A-53100336.

    **1.36. "General Unsecured Claim"** means any Claim that is not a Secured Claim or an Administrative Expense Claim.

    **1.37. "Kai Trust"** or **"Kai Family Trust"** means the Kai Family 1998 Trust dated October 5, 1998.

    **1.38. "Lien"** means any mortgage, pledge, deed of trust, assessment, lien, security interest, lease, adverse claim, levy, constructive trust claim, equitable lien, charge or other encumbrance of any kind, or any other type of preferential

arrangement, easement, right of way, conditional sale contract, title retention contract, limitation, or restriction of any kind on title and ownership of property.

1.39. **"Ordinary Course Administrative Expenses"** means costs or expenses allowable under section 503(b)(1)(A) incurred for goods and services provided to the Debtor in the ordinary course of its business during the Chapter 11 Case from the Petition Date through and including the Effective Date; <u>provided</u>, <u>however</u>, that Ordinary Course Administrative Expenses shall not include Professional Fee Claims

1.40. **"Person"** means any individual, corporation, limited liability company, general partnership, limited partnership, association, joint stock company, joint venture, estate, trust, the United States Trustee, a government or any political subdivision, governmental unit, official committee appointed by the United States Trustee, unofficial committee of creditors, or the executors, administrators or other legal representatives of any of the foregoing.

1.41. **"Petition Date"** means April 4, 2016.

1.42. **"Plan"** means this chapter 11 plan of reorganization for the Debtor, including all exhibits hereto and all documents incorporated by reference to the Plan Supplement, either in their present form or as they may amended, or modified from time to time.

U.S. Bankruptcy Court - Hawaii   #16-00348   Dkt # 135   Filed  12/23/16   Page 26 of 68

Kai Decl. Exhibit P. 105

**1.43.** **"Plan Supplement"** means the compilation of the forms of certain documents referred to herein as specified in the Plan, as amended, modified or supplemented from time to time, which shall be filed with the Court prior to the Confirmation Hearing.

**1.44.** **"Parcel 21"** means that certain approximately 5.95 acre parcel of real property located in Waikoloa, Island of Hawaii, Hawaii and identified with Tax Map Key No. (3) 6-8-002-021.

**1.45.** **"Parcel 52"** means certain approximately 10.75 acre parcel of real property located in Waikoloa, Island of Hawaii, Hawaii and identified with Tax Map Key No. (3) 6-8-002-052.

**1.46.** **"Parcel 53"** means certain approximately 14.622 acre parcel of real property located in Waikoloa, Island of Hawaii, Hawaii and identified with Tax Map Key No. (3) 6-8-002-053.

**1.47.** **"Pro Rata"** means proportionately so that the ratio of (a) cumulative amount of all funds distributed or to be distributed on account of a particular Allowed Claim to (b) the amount of such Allowed Claim is the same as the ration of (x) the cumulative amount of all funds distributed or to be distributed on account of all Allowed Claims in a particular Class to (y) the amount of all Allowed Claims of that Class.

U.S. Bankruptcy Court - Hawaii   #16-00348   Dkt # 135   Filed  12/23/16   Page 27 of 68

Kai Decl. Exhibit P. 106

**1.48.** **"Professional Person"** means for purposes of this Plan, any professional person employed by the Debtor, or the Committee pursuant to sections 327 or 1103 of the Bankruptcy Code, or otherwise pursuant to an order of the Bankruptcy Court, or any professional or other Person seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case under or pursuant to section 503(b)(4) of the Bankruptcy Code.

**1.49.** **"Professional Fee Claim"** means a Claim under sections 330(a), 331, 503 or 1103 of the Bankruptcy Code for compensation of a Professional Person or other Person for services rendered or expenses incurred from the Petition Date in the Chapter 11 Case, through and including the Effective Date.

**1.50.** **"Reorganized Debtor"** means the Debtor on or after the Effective Date.

**1.51.** **"Right Of Action"** means any and all actions, causes of action, suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law,

Kai Decl. Exhibit P. 107

equity or otherwise, and whether commenced or arising before or after the Effective Date.

1.52. **"Schedules"** means the schedules of assets and liabilities, list of equity security holders and statement of financial affairs filed by the Debtor as amended from time to time.

1.53. **"Second Kai Note"** means that certain alleged promissory note by the Debtor in favor of the Kai Trust in the principal amount of $300,000.00 dated August 7, 2013.

1.54. **"Second Kai Mortgage"** means that certain second mortgage executed by Debtor in favor of the Kai Trust against Parcel 53 as security for the Second Kai Note recorded on November 18, 2013 in the Bureau as Document No. A-50700519.

1.55. **"Second Tereick Note"** means that certain promissory note by the Debtor in favor of Cory Tereick in the principal amount of $91,000.00 dated June 25, 2014.

1.56. **"Second Tereick Mortgage"** means that certain second mortgage executed by Debtor in favor of Cory Tereick against Parcel 52 as security for the Second Tereick Note recorded on October 1, 2014 in the Bureau as Document No. A-53870691.

Kai Decl. Exhibit P. 108

**1.57.** **"Secured Claim"** means a Claim against the Debtor to the extent of the value, as determined by the Bankruptcy Court pursuant to section 506(a) of the Bankruptcy Code, of any interest in property of the Estate securing such Claim.

**2.** **Interpretation; Application of Definitions and Rules of Construction.**

Unless otherwise specified, all section, article, schedule or exhibit references in this Plan are to the respective section in, article of, or schedule or exhibit to, this Plan, as the same may be amended, waived or modified from time to time.

The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. A term used herein that is not defined herein shall have the meaning ascribed to that term, if any, in the Bankruptcy Code or Bankruptcy Rules and shall be construed in accordance with the rules of construction applied thereto.

**3.** **Exhibits.**

All exhibits and schedules to the Plan, including, the Plan Supplement, are incorporated into and are a part of the Plan as if set forth in full herein.

Kai Decl. Exhibit P. 109

# II.

## CLASSIFICATION AND TREATMENT OF CLAIMS

1.    **Summary of Classification and Treatment.**

Administrative Expense Claims are not classified in accordance with Section 1123(a)(1) of the Bankruptcy Code and holders of such claims are not entitled to vote to accept or reject the Plan.

2.    **Administrative Expense Claims.**

2.1.    **Administrative Expense Claims.**  Subject to the provisions of sections 330(a), 331 and 503(b) of the Bankruptcy Code, each Allowed Administrative Expense Claim shall be paid by the Debtor or the Reorganized Debtor, as the case may be, in full, in Cash, 30 days after the later of (i) the Effective Date, (ii) the due date thereof in accordance with its terms, (iii) the date upon which such Administrative Claim becomes an Allowed Claim, (iv) for any liability incurred in the ordinary course of business, the date upon which such liability is payable in the ordinary course of such Debtor's business, consistent with past practices or (v) such other date as may be agreed by the parties.

The Administrative Expenses may include compensation claims by Mr. Miroyan and Mr. Smith, which will continue to accrue post-confirmation and be entitled to payment in full before payment to Class 4 General Unsecured Claims.

Kai Decl. Exhibit P. 110

**2.2.** **Compensation and Reimbursement Claims.** On, or as soon as practicable after, the Effective Date, each holder of an Allowed Claim that is based upon awarded compensation or reimbursement of expenses by the Bankruptcy Court in accordance with section 330 or 331 of the Bankruptcy Code or entitled to the priority pursuant to section 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code, shall be paid in full, in Cash, the amounts allowed by the Bankruptcy Court: (a) on or as soon as reasonably practicable following the later to occur of (i) the Effective Date, and (ii) the date on which the Bankruptcy Court order allowing such Claim becomes a Final Order; or (b) upon such other terms as may be mutually agreed upon between such holder of an Allowed Administrative Claim and the Debtor.

**2.3.** **Administrative Claim Bar Date.** Except as otherwise provided herein, unless previously Filed or paid, requests for payment of Administrative Expense Claims (other than Ordinary Course Administrative Claims) must be Filed pursuant to the procedures specified in the Confirmation Order and the notice of entry of the Confirmation Order, no later than 60 days after the Effective Date ("Administrative Claims Bar Date"); provided, however, that the Administrative Claims Bar Date may be extended from time to time upon the mutual agreement of the Debtor and the applicable holder of an Administrative Expense Claim, or pursuant to an order of the Court. Holders of Administrative

U.S. Bankruptcy Court - Hawaii   #16-00348   Dkt # 135   Filed  12/23/16   Page 32 of 68

Kai Decl. Exhibit P. 111

Expense Claims that are required to File a request for payment of such Administrative Expense Claims and that do not File such a request by the applicable Administrative Claims Bar Date will be forever barred from asserting such Administrative Expense Claims against the Debtor, the Estate or their respective property, and such Administrative Expense Claims will be deemed discharged upon completion of the payments provided in the Plan. Unless extended by the Bankruptcy Court or by agreement of the Debtor and the Filing party, objections to such requests must be Filed and served on the requesting party by the later of (A) 120 days after the Effective Date or (B) 60 days after the Filing of the applicable request for payment of Administrative Expense Claims.

       2.4   **Priority Tax Claims**. Except to the extent that the holder of an Allowed Priority Tax Claim agrees to a different treatment, the Debtor shall pay to each holder of an Allowed Priority Tax Claim, on account of and in full satisfaction of such Allowed Priority Tax Claim, Cash in an amount equal to such Allowed Priority Tax Claim on the later of: (i) the Effective Date; and (ii) the date such Priority Tax Claim becomes an Allowed Priority Tax Claim (or as soon thereafter as is practicable).

       3.   **Treatment of Claims and Interests.**

       The categories listed below classify Allowed Claims and Interests for all purposes, including voting, confirmation, and distribution pursuant to the Plan:

76612

U.S. Bankruptcy Court - Hawaii  #16-00348  Dkt # 135  Filed  12/23/16  Page 33 of 68

Kai Decl. Exhibit P. 112

| Class | Treatment |
|---|---|
| Class 1A: Kai Family Trust Amended First Note Claim (first mortgage Parcel 53) | Impaired - entitled to vote |
| Class 1B: Kai Family Trust Second Note Claim (second mortgage Parcel 53) | Impaired - entitled to vote |
| Class 2A: Cory Tereick First Note Claim (first mortgage Parcel 52) | Impaired - entitled to vote |
| Class 2B: Cory Tereick Second Note Claim (second Parcel 52) | Impaired - entitled to vote |
| Class 3: Chen Secured Claim (Parcel 21) | Impaired - entitled to vote |
| Class 4: County of Hawaii Real Property Tax Claim | Impaired - entitled to vote |
| Class 5: General Unsecured Claims | Impaired - entitled to vote |
| Class 6: Equity Interest | Unimpaired - not entitled to vote |

### 3.1. Class 1A: Kai Family Trust Amended First Note Claim (First Mortgage Parcel 53).

**3.1.1 Classification:** Class 1A consists of the Amended First Kai Note which is secured by the Amended First Kai Mortgage on Parcel 53. This Secured Claim is disputed. The asserted balance on the Amended First Kai Note as of July 2016 is approximately $948,739. The Debtor believes that the value of Parcel 53 is approximately $6.5 million. The Debtor intends to list Parcel 52 and 53 jointly for sale until an outside sale date of November 30, 2017. If these properties have not been sold by November 30, 2017, Parcels 52 and 53 the Debtor will auction Parcels 52 and 53 as set forth herein.

**3.1.2 Treatment:** The Debtor will pay the Kai Family Trust an amount equal to the value of its Allowed Secured Claim, provided however that the Kai Family Trust shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court. The payment to the Kai Family Trust will be made promptly after the later of: (a) the date the Kai Family Trust Amended First Note Claim becomes an Allowed Secured Claim; and (b) the sale of Parcel 53 pursuant to the Plan. Within 30 days after the Effective Date, the Debtor will commence an adversary proceeding to liquidate (a) the Allowed amounts owed under the First Kai Mortgage and (b) the Counterclaims. The payment shall be made not later than the date that an order determining the Allowed amount of the First Kai Note Claim becomes a Final Order.

Class 1A is impaired, and is entitled to vote to accept or reject to the Plan.

**3.2. Class 1B:   Kai Family Trust Second Note Claim (Second Mortgage Parcel 53).**

**3.2.1 Classification:** Class 1B consists of the Second Kai Note which is secured by the Second Kai Mortgage on Parcel 53. This Secured Claim is disputed. The asserted balance on the Second Kai Note as of July 2016 is approximately $300,000. The Debtor believes that the value of Parcel 53 is at least $6.5 million. The Debtor intends to list Parcel 52 and 53 jointly for sale until an

outside sale date of November 30, 2017.  If these properties have not been sold by November 30, 2017, Parcels 52 and 53 the Debtor will auction Parcels 52 and 53 as set forth herein.

  **3.2.2  Treatment:**  The Debtor will pay the Kai Family Trust an amount equal to the value of its Allowed Secured Claim, provided however that the Kai Family Trust shall not be paid as part of its Allowed Second Kai Note Claim any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.  The payment to the Kai Family Trust will be made promptly after the later of: (a) the date the Second Kai Note Claim becomes an Allowed Secured Claim; and (b) the sale of Parcel 53 pursuant to the Plan.  Within 30 days after the Effective Date, the Debtor will commence an adversary proceeding to liquidate (a) the Allowed amounts owed under the First Kai Mortgage and (b) the Counterclaims.  The payment shall be made not later than the date that an order determining the Allowed amount of the Second Kai Mortgage becomes a Final Order.

  Class 1B is impaired, and is entitled to vote to accept or reject to the Plan.

  **3.3.** **Class 2A: Cory Tereick First Note Claim (First Mortgage Parcel 52).**

  **3.3.1  Classification:**  Class 2A consists of the First Tereick Note which is secured by the First Tereick Mortgage on Parcel 52.  This Secured

76612
20

Claim is disputed. The asserted balance on the First Tereick Note balance was approximately $65,000 as of June 25, 2014. The Debtor believes that the value of Parcel 52 is approximately $1,500,000. The Debtor intends to list Parcel 52 and 53 jointly for sale until an outside sale date of November 30, 2017. If these properties have not been sold by November 30, 2017, Parcels 52 and 53 the Debtor will auction Parcels 52 and 53 as set forth herein.

      **3.3.2 Treatment:** The Debtor will pay Cory Tereick an amount equal to the value of its Allowed Secured Claim, provided however that Tereick shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court. The payment to Tereick will be made promptly after the later of: (a) the date the First Tereick Note Claim becomes an Allowed Secured Claim; and (b) the sale of Parcel 53 pursuant to the Plan. Within 30 days after the Effective Date, the Debtor will commence an adversary proceeding to liquidate the Allowed amounts owed under the First Tereick Note. The payment shall be made not later than the date that an order determining the Allowed amount of the First Tereick Note becomes a Final Order.

Kai Decl. Exhibit P. 116

Class 2A is impaired, and is entitled to vote to accept or reject to the Plan.

### 3.4. Class 2B: Cory Tereick Second Note Claim (Second Mortgage Parcel 52).

**3.4.1 Classification:** Class 2B consists of the Second Tereick Note which is secured by the Second Tereick Mortgage on Parcel 52. This Secured Claim is undisputed. The asserted balance on the Second Tereick Note balance was approximately $120,000 as of the Petition Date. The Debtor believes that the value of Parcel 52 is approximately $1,500,000. The Debtor intends to list Parcel 52 and 53 jointly for sale until an outside sale date of November 30, 2017. If these properties have not been sold by November 30, 2017, Parcels 52 and 53 the Debtor will auction Parcels 52 and 53 as set forth herein.

**3.4.2 Treatment:** The Debtor will pay Tereick an amount equal to the value of its Allowed Secured Claim, provided however that Tereick shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court. The payment to Tereick will be made promptly from the sale of Parcel 53 pursuant to the Plan.

Class 2B is impaired, and is entitled to vote to accept or reject to the Plan.

Kai Decl. Exhibit P. 117

3.5.   **Class 3:     Allowed Gang Chen Secured Claim (Parcel 21).**

**3.5.1  Classification:**  Class 3 consists of the Chen Secured Note which is secured by the Chen Mortgage on Parcel 21.   This Secured Claim is undisputed.  The balance on the Chen Secured Note balance was approximately $175,000 as of October 10, 2013.  The Debtor believes that the value of Parcel 21 is approximately $500,000.   The Debtor intends to list Parcel 21 for sale until an outside sale date of November 30, 2017.  If by that time these properties have not been sold, Parcels 21 (together with Parcels 52 and 53) will be auctioned as set forth herein.

**3.5.2  Treatment:**  The Debtor will pay Chen an amount equal to the value of its Allowed Secured Claim, provided however that Chen shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.  The payment to Chen will be made promptly from the sale of Parcel 21 pursuant to the Plan.

Class 3 is impaired, and is entitled to vote to accept or reject to the Plan.

3.6.   **Class 4:     Allowed Real Property Tax Claims.**

**3.6.1  Classification:**  Class 4 consists of Allowed secured real property tax claims of the County of Hawaii. The County of Hawaii has filed a proof of claim no. 4 asserting a priority unsecured status in the amount of

Kai Decl. Exhibit P. 118

$42,312.07 allocated as follows: $7,413.62 for Parcel 21, $15,097.74 for Parcel 52, and $19,800.71 for Parcel 53.

**3.6.2 Treatment:** Holders of Allowed secured real property tax Claims shall be paid from the respective sales proceeds of Parcels 21, 52 & 53.

Class 4 is impaired, and the holders of Allowed Claims in Class 4 are entitled to vote to accept or reject the Plan.

3.7.    **Class 5:    Allowed Unsecured Claims.**

**3.7.1 Classification:** Class 5 consists of Allowed unsecured claims. The Debtor estimates that it has approximately $359,000 in General Unsecured Claims.

**3.7.2 Treatment:** Holders of Allowed General Unsecured Claims shall be paid from the sales proceeds of Parcels 52 & 53 only after Allowed secured claims held by the Kai Family Trust, Tereick, and the County of Hawaii are paid in full and shall be paid in full their Allowed Claims with interest at the rate of three percent (3%) per annum in a single lump-sum installment not later than March 31, 2018. Notwithstanding the foregoing, if the remaining sales proceeds of Parcels 52 and 53 are insufficient to pay Allowed General Unsecured Claims in full (after paying the Allowed secured claims of Kai Trust, Tereick, and the County of Hawaii), then Holders of Allowed General Unsecured Claims will be paid their pro rata share of the remaining sales proceeds of Parcels 52 and 53.

Class 5 is impaired, and the holders of Allowed Claims in Class 5 are entitled to vote to accept or reject the Plan.

### 3.8. Class 6: Equity Interest

Class 6 consists of Debtor's legal, equitable, contractual and other rights in the Estate. The Debtor shall retain its equity interest.

Class 6 is unimpaired and is not entitled to vote or reject the Plan.

# III.

# ACCEPTANCE OR REJECTION OF THE PLAN

### 1. Voting Classes.

Each holder of an Allowed Claim in Classes 1A, 1B, 2A, 2B, 3, 4 and 5 shall be entitled to vote to accept or reject the Plan.

### 2. Voting Rights Of Holders Of Disputed Claims.

Except as otherwise provided in the Plan, pursuant to Bankruptcy Rule 3018(a), a Disputed Claim that falls within the provisions of Section 1.23(a) and (c) hereof will not be counted for purposes of voting on the Plan to the extent it is disputed, unless an order of the Bankruptcy Court is entered after notice and a hearing temporarily allowing the Disputed Claim for voting purposes under Bankruptcy Rule 3018(a). A Disputed Claim that falls within the provisions of Section 1.23(b) hereof will be counted for purposes of voting on the Plan unless and until such Claim becomes a Disputed Claim that falls within the provisions of

U.S. Bankruptcy Court - Hawaii   #16-00348   Dkt # 135   Filed  12/23/16   Page 41 of 68

Kai Decl. Exhibit P. 120

Section 1.23(c) hereof. Disallowance of a Disputed Claim for voting purposes is without prejudice to the claimant's right to seek to have its Disputed Claim allowed for purposes of distribution under the Plan.

### 3. Presumed Acceptance And Rejection Of Plan.

Class 6 is unimpaired under the Plan and, therefore, are conclusively presumed by the Bankruptcy Code to accept the Plan.

### 4. Nonconsensual Confirmation.

In the event that any impaired class of Claims or class of Equity Interests shall fail to accept the Plan in accordance with section 1129(a)(8) of the Bankruptcy Code, the Debtor reserves the right to (i) request that the Bankruptcy Court confirm the Plan in accordance with section 1129(b) of the Bankruptcy Code, and/or (ii) modify the Plan in accordance with section 1127(a) of the Bankruptcy Code.

## IV.

## IMPLEMENTATION OF THE PLAN

### 1. GENERAL MEANS OF IMPLEMENTATION

The Plan will be implemented and consummated through various means contemplated by the Bankruptcy Code, including, without limitation, through the actions and transactions summarized as follows:

76612                                          26

Kai Decl. Exhibit P. 121

## 1.1.  **Sale of Property**

The Debtor intends to employ Rick Robinson of Sofos Realty to market Parcel 21 at $550,000.00. To the extent funds are available after the sale of Parcel 21, Debtor intends to use such funds to pay (1) the architect to complete construction drawings of the improvements for Parcel 53 required by the County of Hawaii which would greatly enhance the value of Parcel 53; (2) administrative expenses, and (3) post-petition management fees for Mr. Miroyan and Mr. Smith.

The Debtor will also engage Clark Realty Corporation dba Sperry Van Ness/Clark Commercial Group and Faris Lee Investments, a real estate investment firm (subject to Court approval), to jointly list Parcels 52 and 53 for sale at $7 million.[1]

The sale of Parcels 21, 52, and 53 will be subject to Bankruptcy Court approval. If Parcels 21, 52, and/or 53 remain unsold or not under contract to be sold on November 30, 2017, then the Debtor will auction the unsold parcel(s). Mr. Robinson has also agreed to serve as auctioneer for Parcels 21, 52 and 53 if they are not sold by November 30, 2017 on terms to be negotiated. The Debtor reserves the right to employ another auctioneer but anticipates naming an auctioneer in the Plan Supplement.

The Debtor will follow the timeline below for the auction process:

---

[1] In 2014, the Faris Lee firm marketed and sold the Waikoloa Highlands Shopping Center, located across the street from the Parcels, for approximately $24 million.

| PROPOSED DATE (on or before) | EVENT |
|---|---|
| December 1, 2017 | Due diligence period begins |
| January 8, 2018 (or shortly thereafter) | Auctioneer publishes notice in the Honolulu Star-Advertiser (the "Published Notice") of the auction date, time and place for three consecutive weeks. The Published Notice would include all material information, including: (a) property address; (b) TMK numbers; (c) acreage and description; (d) encumbrances and amounts (based on proofs of claim or Schedules); (e) "bid qualifying requirements" (as set forth below); and (f) time and place for the auction. Furthermore, the Published Notice would specifically provide that the sale is subject to Bankruptcy Court approval, that the sale is "AS IS" and that 10% of the highest bid is payable in cash or cashier's check at close of Auction, with the balance paid in cash within 30 days of entry of an order confirming the sale |
| January 29, 2018 | Expiration of period to conduct due diligence |
| January 31, 2018 | Deadline to submit Qualified Bidder Packet. To participate in the Auction, all interested persons must: (i) submit a written bid; (ii) deliver proof of financial ability and corporate authority (if applicable), and (iii) identify of the bidder (collectively, the "Qualified Bidder Packet"). The Qualified Bidder Packet must be submitted to the Auctioneer. |
| February 2, 2018 | Notification of Qualified Bids - the Auctioneer will notify such potential bidder as to whether such potential bidder shall be considered a Qualified Bidder |
| February 7, 2018 | Auction, if Overbids. If the Auctioneer does not receive at least two Qualified Bids, no Auction will occur. If the Debtor receives only one Qualified Bid, then no Auction will be conducted and the sole Qualified Bid will be the Successful Bid.<br><br>If the Auctioneer receives at least two Qualified Bid by the Initial Bid Deadline, the Auctioneer will conduct the Auction at the place and time set forth in the Published |

| | Notice. Bidding at the Auction will be in accordance with the procedures announced at the inception of the auction and will commence with the highest Qualified Bid and continue in all cash increments of not less than $5,000.00 until all parties have made their final offers; provided however that holders of undisputed secured liens against Parcel(s) may credit bid its secured claims in lieu of providing cash consideration. At the conclusion of the Auction, the Auctioneer shall review and consider each of the Qualified Bids and any increased Qualified Bids and shall determine, which of the Qualified Bid(s) or increased Qualified Bid(s) constitutes the highest and best offer for the Parcel(s) and which of the Qualified Bids or increased Qualified Bids constitutes the second highest and best bid for the Parcel(s). The bidder making the bid that is selected as the highest and best bid by the Auctioneer, or any bid that is ultimately selected by the Auctioneer in accordance with the Bidding Procedures shall be considered the "Successful Bidder," and the bidder that is selected as the second highest and best bid by the Auctioneer shall be considered the "Second Highest Bidder." The Auctioneer shall inform each of the bidders of the decision regarding who are the Successful Bidder and the Second Highest Bidder. The Qualified Bidder Deposit of the Successful Bidder shall be considered the "Successful Bidder Deposit." Notification of Successful Bidder |
|---|---|
| February 28, 2018 | Closing |

### 1.2. Provisions for Treatment of Disputed Claims

Notwithstanding all references in the Plan to Claims that are Allowed, in undertaking the calculations concerning Allowed Claims or Allowed Administrative Expense Claims under the Plan, including the determination of the amount or number of distributions due to the holders of Allowed Claims and

Allowed Administrative Expense Claims, each Disputed Claim shall be treated as if it were an Allowed Claim or Allowed Administrative Expense Claim for purposes of voting on the Plan, except that if the Bankruptcy Court estimates the likely portion of a Disputed Claim to be Allowed or authorized or otherwise determines the amount or number which would constitute a sufficient reserve for a Disputed Claim (which estimates and determinations may be requested by the Reorganized Debtor), such amount or number as determined by the Bankruptcy Court shall be used as to such Claim. Objections to Claims must be filed and served within 180 days of the Effective Date.

### 1.3. Revesting of Assets.

Except as otherwise provided in the Plan, on and after the Effective Date, all property of the Estate of the Debtor, including all rights of action, and any property acquired by the Debtor under or in connection with the Plan will vest in the Reorganized Debtor free and clear of all Claims, Liens, charges, other encumbrances and interests, except as otherwise provided for herein. On and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire and dispose of property and compromise or settle any claims or interests without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than restrictions expressly imposed by the Plan or the Confirmation Order.

Kai Decl. Exhibit P. 125

### 1.4. Exemption from Transfer Taxes.

Pursuant to section 1146 of the Bankruptcy Code, any transfers from the Debtor to the Reorganized Debtor or any other Person pursuant to the Plan including (a) the creation of any mortgage deed or trust, or other security interest, and (b) the making of any agreement or instrument in furtherance of, or in connection with, this Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment.

### 1.5. Issuance and Execution of Plan Related Documents.

On and after the Confirmation Date, all actions contemplated by the Plan shall be taken by the Debtor and such actions shall be deemed authorized and approved in all respects (subject to the provisions of the Plan), including, without limitation, the execution and the delivery of, and the performance under, all other documents and agreements contemplated by or relating to the Plan.

### 1.6. Occurrence of the Effective Date.

The Effective Date shall occur on the first Business Day following the satisfaction (or waiver) of the conditions precedent to the occurrence of the Effective Date as set forth in Article VII hereof.

U.S. Bankruptcy Court - Hawaii   #16-00348   Dkt # 135   Filed  12/23/16   Page 47 of 68

Kai Decl. Exhibit P. 126

### 1.7.  Occurrence of the Debtor's Discharge.

The Debtor's discharge under the Bankruptcy Code, the Plan, and the

Confirmation Order shall occur on the Effective Date.

### 1.8.  Certain Fees and Expenses.

From and after the Effective Date, the expenses incurred in the ordinary

course of the Business, fees and expenses of Professional Persons, amounts

payable to the U.S. Trustee under 28 U.S.C. § 1930(a)(6), and adequate protection

payments, shall be paid by the Debtor, in the ordinary course of business, or

pursuant to a Final Order of the Bankruptcy Court.

### 1.9.  Post Confirmation Reports.

The Reorganized Debtor shall file quarterly post-confirmation reports

regarding distributions and implementation of the Plan until the case is closed.

### 1.10.  Post-Confirmation Management

From and after the Effective Date, Michael Miroyan shall be the manager

and Ryan Smith shall be the CFO of the Reorganized Debtor. Mr. Miroyan's salary

shall be $1,000.00 per month. Mr. Smith's salary shall be $2,000.00 per month.

U.S. Bankruptcy Court - Hawaii  #16-00348  Dkt # 135  Filed  12/23/16  Page 48 of 68

Kai Decl. Exhibit P. 127

# V.

## DISTRIBUTIONS

### 1.    Reorganized Debtor to Serve as Disbursing Agent.

The Reorganized Debtor shall be the disbursing agent to hold and distribute Cash and such other property as may be distributed pursuant to the Plan.

### 2.    Disputed Claims That Do Not Become Allowed Claims.

To the extent that a Disputed Claim is disallowed, subordinated, voided, voided for the benefit of the Debtor's Estate, or recharacterized, the Debtor shall not make any distribution on account of such Disputed Claim.

Notwithstanding all references in the Plan to Claims that are Allowed, in undertaking the calculations concerning Allowed Claims or Allowed Administrative Expense Claims under the Plan, including the determination of the amount or number of distributions due to the Holders of Allowed Claims and Allowed Administrative Expense Claims, each Disputed Claim shall be treated as if it were an Allowed Claim, except that if the Bankruptcy Court estimates the likely portion of a Disputed Claim to be Allowed or authorized or otherwise determines the amount or number which would constitute a sufficient reserve for a Disputed Claim (which estimates and determinations may be requested by the Reorganized Debtor), such amount or number as determined by the Bankruptcy Court shall be used as to such Claim.

Kai Decl. Exhibit P. 128

3. **No Distributions To Non-Filing Parties.**

Pursuant to Bankruptcy Rule 3003(c)(2), (a) no distribution under the Plan shall be made to any party whose claim is listed by the Debtor as disputed, contingent, or unliquidated if such party fails to file a Claim, and (b) any and all Claims of such non-filing parties (described in subsection (a)) shall be disallowed.

4. **De Minimis Distributions.**

No Cash payment of less than ten dollars ($10.00) shall be made by the Reorganized Debtor to any holder of a Claim.

5. **Record Date For Distributions.**

On the Confirmation Date, there shall be no further changes in the holders of record of Claims. The Debtor shall not recognize any transfer of Claims occurring after the Confirmation Date, but shall instead be entitled to recognize and deal for all purposes with only those holders of record stated on the applicable transfer ledgers on the docket of Claims for the Chapter 11 Case as of the Confirmation Date.

6. **Saturday, Sunday, or Legal Holiday.**

If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

U.S. Bankruptcy Court - Hawaii   #16-00348  Dkt # 135   Filed  12/23/16   Page 50 of 68

Kai Decl. Exhibit P. 129

### 7. Delivery Of Distributions, Address Of Holder.

For purposes of all notices and Distributions under this Plan, the Debtor shall be entitled to rely on the name and address of the holder of each Claim as specified by, and Distributions to holders of Claims shall be made by regular U.S. first class mail to, the following addresses: (1) the address set forth on the respective Filed proof of Claim of such holder; (2) the address set forth in any written notice of address change delivered by the holder to the Debtor after the date of any related Filed proof of Claim, or (3) the address reflected on the Schedules if no proof of Claim is Filed and the Debtor has not received a written notice of a change of address.

## VI.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### 1. Rejection Generally

On the Effective Date, all executory contracts or unexpired leases to which the Debtor is a party shall be deemed automatically rejected in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, unless such executory contracts or unexpired leases (i) shall have been previously assumed by the Debtor by Final Order of the Bankruptcy Court, (ii) shall be the subject of a motion to assume pending on or before the Effective Date, (iii) are listed on the schedule of assumed executory contracts or unexpired leases to be

U.S. Bankruptcy Court - Hawaii  #16-00348  Dkt # 135  Filed  12/23/16  Page 51 of 68

Kai Decl. Exhibit P. 130

filed with the Plan Supplement, or (iv) are otherwise assumed pursuant to the terms of this Plan. The Debtor reserves the right to amend the Plan Supplement at any time prior to the Confirmation Date.

Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the rejections and assumptions contemplated hereby pursuant to sections 365(a) and 1123 of the Bankruptcy Code as of the Effective Date, including assumption of those executory contracts listed in Section IV.1.1. above. Each executory contract and unexpired lease assumed pursuant to this Article VI shall revest in and be fully enforceable by the Reorganized Debtor in accordance with its terms, except as modified by the provisions of this Plan, or any order of the Bankruptcy Court authorizing and providing for its assumption or applicable federal law.

## 2. Objections to Assumption

Any party in interest wishing to object to the assumption or assignment of an executory contract or unexpired lease, shall File and serve any objection to such assumption by the same deadline and in the same manner established for filing objections to Confirmation, unless the assumption of such executory contract or unexpired lease is the subject of an amendment to the Plan Supplement in which case the deadline is the date that is the earlier of: (a) twenty (20) days after the date

Kai Decl. Exhibit P. 131

of such amendment; or (b) the day that is five (5) days before the initial

Confirmation Hearing.

### 3.     Payments Related To Assumption

Any defaults under each executory contract and unexpired lease to be

assumed under the Plan, shall be cured, pursuant to Bankruptcy Code

Section 365(b)(1), by payment of the amount ("Cure Amount"), if any, and shall

be paid on or as soon as practicable after the Effective Date by the Debtor or on

such terms as may be agreed upon between the parties.  In the case of a dispute

with respect to such Cure Amount set forth in a timely Filed objection to the

assumption or assignment, the Debtor shall pay such Cure Amount in Cash on or

as soon as practicable after entry of a Final Order resolving the dispute, and

approving the assumption.

### 4.     Bar Date For Rejection Claims

Any Claim by any party to an executory contract or unexpired lease rejected

by the Debtor hereunder shall be classified in Class 15, provided, however, that:

(a) any Claim arising from rejection of an executory contract or unexpired lease

which has not been barred by a prior order of the Bankruptcy Court, shall be

forever barred and shall not be enforceable unless a proof of Claim is Filed within

30 days after the mailing of the Notice of Effective Date; and (b) nothing herein

shall constitute a waiver of the any applicable claims bar date.

76612                          37

# VII.

## EFFECTIVENESS OF THE PLAN

**1.     Conditions Precedent.**

The Plan shall not become effective ("Effective Date") unless and until the following conditions shall have been satisfied, or waived by the Debtor in its sole and absolute discretion:

        **1.1**     The Confirmation Order, in form and substance reasonably satisfactory to the Debtor shall be a Final Order.

**2.     Notice Of Effective Date.**

As soon as practicable after the Effective Date has occurred, the Debtor shall File with the Bankruptcy Court, and serve on the members of the various Classes, an informational notice specifying the Effective Date, as a matter of record.

# VIII.

## CRAMDOWN

The Debtor requests Confirmation under section 1129(b) of the Bankruptcy Code with respect to any impaired Class that does not accept the Plan pursuant to section 1126 of the Bankruptcy Code.  Debtor reserves the right to modify the Plan to the extent, if any, that Confirmation pursuant to section 1129(b) of the Bankruptcy Code requires modification.

U.S. Bankruptcy Court - Hawaii   #16-00348   Dkt # 135   Filed  12/23/16   Page 54 of 68

Kai Decl. Exhibit P. 133

# IX.

## RETENTION OF JURISDICTION AND MISCELLANEOUS MATTERS

### 1.     Retention of Jurisdiction

Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Case and any of the proceedings related to the Chapter 11 Case pursuant to section 1142 of the Bankruptcy Code and 28 U.S.C. § 1334 to the fullest extent permitted by the Bankruptcy Code and other applicable law, including, without limitation, such jurisdiction as is necessary to ensure that the purpose and intent of the Plan are carried out, provided, however, that the Bankruptcy Court shall not have jurisdiction with respect to Tax Claims that arise solely after the Effective Date.  Without limiting the generality of the foregoing, the Bankruptcy Court shall retain jurisdiction for the following purposes:

(a)     establish the priority or secured or unsecured status of, allow, disallow, determine, liquidate, classify, or estimate any Claim or Administrative Expense Claim;

(b)     grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

(c)    resolve any matters related to the assumption, assumption and assignment or rejection of any executory contract or unexpired lease to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear, determine and, if necessary, liquidate any Claims or Administrative Expenses arising therefrom;

(d)    ensure that Distributions to holders of Allowed Claims or Administrative Expense Claims are made pursuant to the provisions of the Plan, and to effectuate performance of the provisions of the Plan;

(e)    decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtor that may be pending before the Effective Date or that may be commenced thereafter;

(f)    except as otherwise provided in the Confirmation Order or in the Plan, enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, indentures and other agreements or documents created in connection with the Plan, the Disclosure Statement, or the Confirmation Order, including, without limitation, any stay orders as may be appropriate in the event that the Confirmation Order is for any reason stayed, revoked, modified or vacated;

U.S. Bankruptcy Court - Hawaii   #16-00348   Dkt # 135   Filed  12/23/16   Page 56 of 68

(g)     resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan, or the Confirmation Order, including the release and injunction provisions set forth in and contemplated by the Plan and the Confirmation Order or any Person's rights arising under or obligations incurred in connection with the Plan, or the Confirmation Order;

(h)     subject to the restrictions on modifications provided in any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, modify the Plan before or after the Effective Date pursuant to section 1127 of the Bankruptcy Code or modify the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Disclosure Statement, or the Confirmation Order; or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, or the Confirmation Order, or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Disclosure Statement, or  the Confirmation Order, in such manner as may be necessary or appropriate to consummate the Plan;

(i)     issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any

76612                                    41

Kai Decl. Exhibit P. 136

Person with the consummation, implementation or enforcement of the Plan or, the Confirmation Order,

(j)     consider and act on the compromise and settlement of any Claim against, or Right of Action of the Debtor;

(k)     enter such orders as may be necessary or appropriate in connection with the recovery of the assets of the Debtor, wherever located;

(l)     determine such other matters as may be provided for in the Confirmation Order or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

(m)     enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings issued or entered in connection with the Chapter 11 Case, or the Plan;

(n)     determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Disclosure Statement, or the Confirmation Order, except as otherwise provided in the Plan;

(o)     determine any other matter not inconsistent with the Bankruptcy Code; and

(p)     enter an order concluding the Chapter 11 Case.

U.S. Bankruptcy Court - Hawaii   #16-00348   Dkt # 135   Filed  12/23/16   Page 58 of 68

Kai Decl. Exhibit P. 137

## 2. Headings

The headings used in the Plan are inserted for convenience only and neither constitute a portion of the Plan nor in any manner affect the construction of the provisions of the Plan.

## 3. Notices

All notices and requests in connection with the Plan shall be in writing and shall be hand delivered or sent by mail addressed to:

| | |
|---|---|
| If to Debtor: | Hawaiian Riverbend LLC<br>P.O. Box 3181<br>Saratoga, California  95070 |
| Copy to: | Wagner Choi & Verbrugge<br>745 Fort Street, Suite 1900<br>Honolulu, Hawaii  96813-3820<br>Attn: Chuck C. Choi<br>Facsimile: (808) 566-6900<br>Phone: (808) 533-1877 |

## 4. Successors and Assigns

The rights, duties and obligations of any Person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Person.

## 5. Severability of Plan Provisions

If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court will

Kai Decl. Exhibit P. 138

have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision will then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order will constitute a judicial determination that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to their terms.

**6.   No Waiver**

Neither the failure to list a Claim in the Schedules filed by the Debtor, the failure of any Person to object to any Claim for purposes of voting, the failure of any Person to object to a Claim or Administrative Expense Claim prior to Confirmation or the Effective Date, the failure of any Person to assert a Right of Action prior to Confirmation or the Effective Date, the absence of a proof of Claim having been Filed with respect to a Claim, nor any action or inaction of any Person with respect to a Claim, Administrative Expense Claim, or Right of Action other than a legally effective express waiver or release shall be deemed a waiver or release of the right of the Debtor or its successors or representatives, before or after

solicitation of votes on the Plan or before or after Confirmation or the Effective Date to (a) object to or examine such Claim or Administrative Expense Claim, in whole or in part or (b) retain and either assign or exclusively assert, pursue, prosecute, utilize, otherwise act or otherwise enforce any Rights of Action.

### 7. Inconsistencies

In the event the terms or provisions of the Plan are inconsistent with the terms and provisions of the exhibits to the Plan or documents executed in connection with the Plan, the terms of such documents shall control; provided, however, in the event of a conflict between either the Plan or such documents or exhibits and the Confirmation Order, the Confirmation Order shall control.

### 8. Payment of Statutory Fees

All quarterly fees due and payable to the Office of the United States Trustee pursuant to section 1930(a)(6) of title 28 of the United States Code shall be duly paid in full as and when due, as required by section 1129(a)(12) of the Bankruptcy Code.

### 9. Governing Law

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the State of Hawaii (without reference to its conflict of law rules) shall govern the construction and implementation of the Plan and any agreements, documents, and instruments

U.S. Bankruptcy Court - Hawaii   #16-00348   Dkt # 135   Filed  12/23/16   Page 61 of 68

Kai Decl. Exhibit P. 140

executed in connection with the Plan, unless otherwise specifically provided in such agreements, documents, or instruments.

### 10. Withholding, Reporting, And Payment Of Taxes

In connection with the Plan and all instruments issued in connection therewith and distributions thereon, the Debtor shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority and all distributions hereunder shall be subject to any such withholding and reporting requirements. The Debtor shall report and pay taxes as may be required by applicable law. In addition, to the extent required by applicable law, reported distributions from such reserves shall include all interest and investment income, if any, attributable to the Cash or property being distributed net of taxes which are, or are estimated to be, due and payable thereon.

### X.

### EFFECT OF CONFIRMATION

### 1. Binding Effect of Confirmation

Confirmation will bind the Debtor, all holders of Equity Interests, Claims or Administrative Expense Claims and other parties in interest to the provisions of the Plan whether or not the Equity Interest, Claim or Administrative Expense Claim of such holder is impaired under the Plan and whether or not the holder of such Claim, Administrative Expense Claim or Equity Interest has accepted the Plan.

2. **Good Faith**

Confirmation of the Plan shall constitute a finding that: (i) this Plan has been proposed by the Debtor in good faith and in compliance with applicable provisions of the Bankruptcy Code; (ii) all Persons' solicitations of acceptances or rejections of this Plan and the offer, issuance, sale, or purchase of a security offered or sold under the Plan have been in good faith and in compliance with applicable provisions of the Bankruptcy Code.

3. **No Limitations on Effect of Confirmation**

Nothing contained in the Plan will limit the effect of Confirmation as described in section 1141 of the Bankruptcy Code.

4. **Discharge of Claims, Administrative Expenses and Interests**

Except as provided in the Plan or the Confirmation Order, the Debtor will be discharged from all Claims, Administrative Expense Claims or other debts that arose before the Confirmation Date and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (a) a proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (b) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (c) the holder of a Claim or Administrative Expense Claim based on such debt has accepted the Plan. As of the Effective Date, except as provided in the Plan or the Confirmation Order, all Persons shall be

precluded from asserting against the Debtor, its respective successors or property, any other or further claims, debts, rights, causes of action, liabilities or equity interests based upon any act, omission, transaction or other activity of any nature that occurred prior to the Effective Date.

**5.  Judicial Determination of Discharge**

Except as provided in the Plan or in the Confirmation Order, all Persons shall be precluded from asserting against the Debtor any other or further Claims, Administrative Expense Claims, debts, rights, causes of action, liabilities, or equity interests based on any act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date.  Except as provided in the Plan or in the Confirmation Order, the Confirmation Order will be a judicial determination of discharge of all such Claims, Administrative Expense Claims and other debts and liabilities against the Debtor, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharges shall void any judgment obtained against the Debtor, at any time, to the extent that such judgment relates to a discharged liability, Claim, or Administrative Expense Claim, effective upon completion of the payments provided in the Plan.  Notwithstanding the foregoing, federal and state governmental agencies shall not be subject to the foregoing injunction with respect to the exercise and enforcement of any of their respective regulatory or police rights and powers.

U.S. Bankruptcy Court - Hawaii  #16-00348  Dkt # 135  Filed  12/23/16  Page 64 of 68

Kai Decl. Exhibit P. 143

## 6. Injunctions

**6.1** Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold or may hold a Claim or other debt or liability, or Equity Interest, that is satisfied or released, as applicable, will be permanently enjoined from taking any of the following actions on account of any such discharged or satisfied Claims, debts or liabilities: (a) commencing or continuing in any manner any action or other proceeding against the Debtor, the Estate, or their respective property, other than to enforce any right pursuant to the Plan to a distribution; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor, the Estate, or their respective property, other than as permitted pursuant to (a) above; (c) creating, perfecting or enforcing any Lien or encumbrance against the Debtor, the Estate, or their respective property; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor or the Estate; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan, provided however, that nothing herein shall affect or otherwise impair the existing right of setoff by the United States of mutual pre-petition obligations. Notwithstanding the foregoing, federal and state governmental agencies shall not be subject to the foregoing injunction with respect

U.S. Bankruptcy Court - Hawaii  #16-00348  Dkt # 135  Filed  12/23/16  Page 65 of 68

Kai Decl. Exhibit P. 144

to the exercise and enforcement of any of their respective regulatory or police rights and powers.

        **6.2** As of the Effective Date, all Persons that have held, currently hold or may hold any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities that are released pursuant to the Plan will be permanently enjoined from taking any of the following actions against any Person or its property on account of such released claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities, including, without limitation: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (c) creating, perfecting or enforcing any Lien; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to any Person; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan. Notwithstanding the foregoing, federal and state governmental agencies shall not be subject to the foregoing injunction with respect to the exercise and enforcement of any of their respective regulatory or police rights and powers.

# XI.

## MODIFICATION OR WITHDRAWAL OF PLAN

1.     The Debtor may seek to amend or modify the Plan at any time prior to its Confirmation in the manner provided by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code, except as the Bankruptcy Court may otherwise order, and the Debtor reserves the right to amend the terms of the Plan or waive any conditions to its Confirmation, effectiveness or consummation if the Debtor determines that such amendments or waivers are necessary or desirable to confirm, effectuate or consummate the Plan.

2.     After confirmation of the Plan, the Debtor may apply to the Bankruptcy Court, pursuant to section 1127 of the Bankruptcy Code, to modify the Plan.  After confirmation of the Plan, the Debtor may apply to remedy defects or omissions in the Plan or to reconcile inconsistencies in the Plan.

# XII.

## CONFIRMATION REQUEST

The Debtor requests that the Court confirm the Plan and that it do so, if applicable, pursuant to section 1129(b) of the Bankruptcy Code notwithstanding the rejection of the Plan by any impaired Class.

U.S. Bankruptcy Court - Hawaii  #16-00348  Dkt # 135  Filed  12/23/16  Page 67 of 68

Kai Decl. Exhibit P. 146

DATED: San Jose, California, October 6, 2016.

HAWAIIAN RIVERBEND LLC


/s/ Michael Miroyan
Michael Miroyan, Its Manager

Submitted by:

/s/ Chuck C. Choi
CHUCK C. CHOI
ALLISON A. ITO
Substitute Attorneys for Debtor and Debtor-in-Possession
HAWAIIAN RIVERBEND LLC