# EXHIBIT 8

# [Order Dismissing Case]

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STA[TES]

DIST[RICT]

| | |
|---|---|
| In re: | Case No. 16-00348 |
| HAWAIIAN RIVERBEND, LLC, | Chapter 11 |
| Debtor. | |

## <u>ORDER DISMISSING CASE</u>

An order to show cause why the court should not (1) direct the appointment of a chapter 11 trustee, (2) convert this case to one under chapter 7, (3) dismiss this case, or (4) grant other appropriate relief was issued on January 10, 2018 ("OSC").[1]

The United States Trustee filed a timely response on January 24, 2018, stating that appointment of a chapter 11 trustee is not authorized by 11 U.S.C. §1104(a) because such trustee can only be appointed prior to the confirmation of a plan and this court confirmed the Debtor's chapter 11 plan (the "Plan") on December 23, 2016.[2]

Secured creditor Cory TerEick filed a timely response on January 23, 2018, explaining that a dismissal with prejudice is his preferred option in order to expedite

---

[1] Dkt. 170.

[2] Dkt. 176. The United States Trustee filed a first response to the OSC on January 23, 2018, reporting that the Debtor is currently delinquent on quarterly fees. Dkt. 174. The United States Trustee received a payment of $325 from the Debtor for quarterly fees on January 25, 2018. Dkt. 184.

Kai Decl. Exhibit P. 149

liquidation of his collateral, which is subject to a pending Third Circuit foreclosure case in Kona.[3]

Creditors Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust "("Kai creditors"), filed a timely response on January 24, 2018, urging the court to dismiss the petition because the Debtor has failed to comply with the Plan and continuation of the bankruptcy case will only serve to delay and prejudice the creditors.[4]

Michael Miroyan ("Mr. Miroyan"), an interested party, filed a response on January 24, 2018, requesting a hearing in this matter and claiming that more time is needed to comply with the Plan.[5] The response attaches declarations of unsecured creditors, stating that: (a) they oppose conversion to chapter 7; and (b) they request that the Debtor receive an additional year to sell or refinance the property.

For the following reasons, I will dismiss the case.

**Request for Further Hearing**

Mr. Miroyan's request for a hearing is denied. Section 1112(b)of the Bankruptcy Code provides that the court may dismiss or convert a chapter 11 case "after notice and a hearing," but section 102(1) authorizes the court to dispense with

---

[3] Dkt. 175.

[4] Dkt. 177.

[5] Dkt. 181.

2

an actual hearing if "appropriate in the particular circumstances."

No further hearing is necessary in this case. The court held a status conference, at which Mr. Miroyan spoke. The order to show cause gave Mr. Miroyan and all other parties in interest an opportunity to state their positions in writing. Mr. Miroyan has availed himself of that opportunity by filing extensive papers,[6] all of which I have carefully reviewed. A hearing is not necessary.[7]

Further, Mr. Miroyan sent an email to counsel for the Kai creditors prior to the status conference that was abusive, profane, and threatening.[8] While the email contains no explicit threats of violence, its tone and content are beyond inappropriate. Mr. Miroyan has forfeited whatever right he might have had to a hearing.

**<u>Cause</u>**

Cause exists to dismiss Debtor's bankruptcy case. Section 1112 of the Bankruptcy Code states:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case

---

[6] Dkt. 181, 183, 185, 188, 189, 190, 192, 192, and 194.

[7] Section 1112 provides that the court shall convert or dismiss a case "on request of a party in interest." Section 105(a) makes clear, however, that the court can act sua sponte where appropriate.

[8] Dkt. 193.

Kai Decl. Exhibit P. 151

under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, <u>for cause</u> unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C.A. § 1112(b)(1) (emphasis added).

Subsection (b)(4) contains a nonexclusive list of factors that constitute "cause." The list includes, among others: gross mismanagement of the estate, failure to comply with an order of the court, inability to effectuate substantial consummation of a confirmed plan, and material default by the debtor with respect to a confirmed plan.

Cause exists to dismiss the case because the Debtor is admittedly in material default of its obligation under the Plan. Debtor failed to conduct a sale of the properties and later failed to submit them for auction. Debtor's counsel made it clear at the status conference on January 8, 2018 , that Debtor does not intend to comply with the Plan.

Additionally, Mr. Miroyan's outrageous email to counsel for Kai creditors and his other inappropriate statements in court filings[9] demonstrate that he should not be administering the estate as a fiduciary for the creditors and other parties in interest.

**<u>Appointment of a Chapter 11 Trustee</u>**

Appointment of a chapter 11 trustee is not authorized here. Section 1004(a) of

---

[9] Dkt. 190.

4

Kai Decl. Exhibit P. 152

the Bankruptcy Code provides that the court may appoint a chapter 11 trustee "at any time after the commencement of the case but before confirmation of a plan . . . ."

Debtor's Plan was confirmed on December 23, 2016, and therefore, the appointment of a chapter 11 trustee is not warranted.

**Dismissal or Conversion**

Dismissal of the case rather than conversion to one under chapter 7 is in the best interest of creditors and the estate.[10]

The largest secured creditors of the Debtor, Kai creditors and Cory TerEick, request dismissal of the bankruptcy case.[11] They have the largest stake in this bankruptcy case. The secured creditors' right to pursue a state court action against the Debtor has been delayed (their foreclosure cases have been stayed pending this bankruptcy case). The Debtor has had more than a year to comply with the Plan, but has chosen not to do so. The Debtor has made no substantial efforts to sell the properties in accordance with the Plan.

The interests of the general unsecured creditors are not better served by converting this case to one under chapter 7. Given the amount of the secured claims and the Debtor's failure to sell the properties, it is highly unlikely that the general

---

[10] When deciding between dismissal and conversion under 11 U.S.C. § 1112(b), the court must consider the interests of *all* of the creditors. *See In re Owens*, 552 F.3d 958, 961 (9th Cir. 2009).

[11] Dkt. 175; Dkt. 177.

5

Kai Decl. Exhibit P. 153

unsecured creditors would receive any payments if the case was converted to one under chapter 7. The unsecured creditors apparently prefer to give the Debtor an additional year to sell the properties. But the confirmed Plan provides for only a one year sales period that has already expired and, because the Plan has apparently been "substantially consummated" within the meaning of section 1101(2), the Plan probably cannot be modified.

Therefore, the court will enter a separate judgment DISMISSING this bankruptcy proceeding .

**END OF ORDER**

U.S. Bankruptcy Court - Hawaii   #16-00348   Dkt # 195   Filed  02/02/18   Page 6 of 6

Kai Decl. Exhibit P. 154

# EXHIBIT 9

[Order Granting Plaintiffs' Renewed Motion for Summary Judgment and for Interlocutory Decree of  Foreclosure, Filed December 17, 2015]

FILED

2018 MAR 21 AM 8: 24

L. KITAOKA, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

Of Counsel:

BAYS LUNG ROSE & HOLMA

MICHAEL C. CARROLL          7583-0
Attorney at Law
A Law Corporation
MATTHEW C. SHANNON          9043-0
Attorney at Law
A Law Corporation
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone: (808) 523-9000

Attorneys for Plaintiffs
KENNETH Y. KAI and TAE K. KAI,
TRUSTEES OF THE KAI FAMILY 1998 TRUST

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> HAWAIIAN RIVERBEND, LLC; COUNTY OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, <br><br> Defendants. | ) CIVIL NO. 15-1-0164K <br> ) (Foreclosure) <br> ) <br> ) ORDER GRANTING PLAINTIFFS' <br> ) RENEWED MOTION FOR SUMMARY <br> ) JUDGMENT AND FOR <br> ) INTERLOCUTORY DECREE OF <br> ) FORECLOSURE, FILED DECEMBER 17, <br> ) 2015 <br> ) <br> ) <br> ) <u>Hearing Date:</u> <br> ) Date: February 28, 2018 <br> ) Time: 8:00 a.m. <br> ) Judge: Hon. Robert D.S. Kim <br> ) <br> ) No Trial Date Set. |

I hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Third Circuit Court, State of Hawaii

539805-2

## ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT AND FOR INTERLOCUTORY DECREE OF FORECLOSURE, FILED DECEMBER 17, 2015

Plaintiffs Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust's ("Plaintiffs") Renewed Motion for Summary Judgment and for Interlocutory Decree of Foreclosure, filed December 17, 2015, came on for hearing at 8:00 a.m. on February 28, 2018, before the Honorable Robert D.S. Kim. Matthew C. Shannon, Esq. appeared on behalf of Plaintiffs, and Paul J. Sulla, Jr., Esq. appeared on behalf of Defendant Hawaiian Riverbend, LLC ("Defendant"). Defendant County of Hawaii did not appear.

After considering the written submissions by the parties and hearing the arguments of the parties, the files herein, and good cause appearing therefore, the Court finds as follows:

### FINDINGS OF FACT

1. On or about May 3, 2010, Defendant executed a Promissory Note in favor of Plaintiffs in the principal amount of FIVE HUNDRED FORTY THOUSAND AND NO/100 DOLLARS ($540,000.00) at 5% per annum ("Note"). The Note was secured by a mortgage ("First Mortgage") on certain property located in Waikoloa, Hawaii, bearing Tax Map Key ("TMK") No. (3) 6-8-002-021 ("Property"). On May 7, 2010, the First Mortgage was recorded in the Bureau of Conveyances of the State of Hawaii ("Bureau") as Document No. 2010-062606. The Property was subsequently subdivided into three lots: Lot 9-A, Lot 9-B, and Lot 9-C.

2. On or about July 15, 2013, the First Mortgage was amended by a Partial Release of Mortgage to cancel, discharge, and release all of Plaintiffs' interest in Lot 9-A, and which was recorded in the Bureau as Document No. A-49680401 on August 8, 2013.

Kai Decl. Exhibit P. 157

3. On or about February 4, 2014, the First Mortgage was again amended by a Partial Release of Mortgage to cancel, discharge, and release all of Plaintiffs' interest in Lot 9-B, and which was recorded in the Bureau as Document No. A-51720204 on February 28, 2014.

4. The First Mortgage retained its security interest in Lot 9-C, bearing TMK No. (3) 6-8-002-053 ("Mortgaged Property").

5. As consideration for the partial releases of the First Mortgage, on August 8, 2013, the Note was amended to increase the principal amount owed to EIGHT HUNDRED NINE THOUSAND FIVE HUNDRED FOUR AND NO/100 DOLLARS ($809,504.00) and extend the maturity date to December 1, 2013 ("Amended Note"), which was recorded in the Bureau as Document No. A-50700518 on November 18, 2013.

6. On or about August 7, 2013, the Debtor executed a second promissory note in favor of the Plaintiff ("Second Note") in the amount of THREE HUNDRED THOUSAND AND NO/100 DOLLARS ($300,000.00). The Second Note was secured by a junior mortgage on the Mortgaged Property ("Second Mortgage"), which was recorded in the Bureau as Document No. A-5700519 on November 18, 2013.

7. Under the terms, covenants, and conditions set forth in the loan documents, Plaintiffs are entitled to accelerate the Amended Note and Second Note and foreclose on the Mortgaged Property in the event of default.

8. The Defendant has defaulted on his obligations and promises under the loan documents, and has failed and refused to make payment as required under the same, despite the Plaintiffs' demands.

Kai Decl. Exhibit P. 158

9. As a result of Defendant's default, on or about June 3, 2015, Plaintiffs filed a First Amended Complaint with this Court seeking to assert their rights under the applicable loan documents.

10. Subject only to real property taxes owed to Defendant County of Hawaii, Plaintiffs have a valid first lien upon the Mortgaged Property for all such amounts due under the applicable loan documents.

<u>CONCLUSIONS OF LAW</u>

1. This Court has jurisdiction over the Parties and the subject matter of this action, and Venue is proper in this Circuit.

2. Having viewed the facts in their best light to the Defendant, and there being no genuine issue as to any material fact, the Plaintiffs are entitled to a judgment as a matter of law pursuant to the Hawaii Rules of Civil Procedure Rule 56(c).

3. Plaintiffs are entitled to have the applicable loan documents enforced and the Mortgaged Property foreclosed, and to have the Mortgaged Property sold in a manner prescribed by law, the First and Second Mortgages being valid first liens on the Mortgaged Property subject only to outstanding real property taxes owed to the Defendant County of Hawaii.

4. Any sums due or claimed by other parties to this action are hereby adjudged to be junior and subordinate to the judgment entered herein in favor of Defendant County of Hawaii and Plaintiffs.

5. Plaintiffs, as Mortgagee, may purchase the Mortgaged Property at any foreclosure sale, without first making a down payment.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      Plaintiffs' Renewed Motion for Summary Judgment and for Interlocutory Decree of Foreclosure, filed December 17, 2015, is hereby GRANTED.

2.      All sums that are due, or will become due to Plaintiffs, are valid first liens on the Mortgaged Property, subject only to real property taxes that may be owed to Defendant County of Hawaii.

3.      The Mortgaged Property subject to this foreclosure action consists of TMK No. (3) 6-8-002-053.

4.      Defendant is due and owing to Plaintiffs for unpaid principal, interest, and other sums, pursuant to the applicable loan documents, in the amount to be determined by the Court once the Mortgaged Property is sold at a foreclosure auction.

5.      The Court hereby appoints the following Commissioner:

Name: _Andrew Kennedy, Esquire_

Telephone: _(808) 987-7275_

Address: _75-167 Kalani Street, Suite 201 Kailua-Kona, HI 96740_

6.      The Commissioner is hereby authorized and directed to take possession of the Mortgaged Property, to rent the Mortgaged Property pending foreclosure, if appropriate, and to sell the Mortgaged Property for cash in lawful money of the United States in the manner provided by law and all orders of this Court, without upset price, and upon confirmation of the sale by this Court, the Commissioner is hereby authorized and directed to make and deliver to the purchaser or purchasers such instruments of conveyance of the Mortgaged Property as may be appropriate.

Kai Decl. Exhibit P. 160

7.      The Commissioner may require that the sale close through an escrow, even if purchaser does not require one.  All costs and expenses of closing, including, without limitation, the costs of conveyance, including preparation of the conveyance document, conveyance tax, escrow and recording fees, any proof of title or title insurance, and notary fees, as well as the costs of securing possession of the Mortgaged Property, shall be the responsibility of, and paid by the purchaser.  Neither the availability of title insurance nor securing possession of the Mortgaged Property shall be a condition of closing.

8.      The Commissioner is hereby authorized and directed to make his report to the Court upon sale of the Mortgaged Property, and the Court shall determine the amounts due to Plaintiffs, including, but not limited to, principal, interest, late charges, advances, costs, expenses, and attorneys' fees.

9.      Plaintiffs and/or their assigns may become a purchaser at the sale without the requirement of a down payment and are authorized to credit bid for the Mortgaged Property up to the amount of the mortgage debt.

10.      Upon foreclosure sale, Defendant, and all persons claiming any interest in the Mortgaged Property, by, through, or under them are forever barred from any and all rights, title, interest and claims at law or in equity in and to the Mortgaged Property.

11.      This Court shall reserve jurisdiction to determine any other matters which may later come before this Court, including, but not limited to, the distribution and disbursement of the proceeds of the foreclosure sale, the amount of fees and costs of the Commissioner and of Plaintiffs' attorneys, and, if the sale proceeds are insufficient to pay amounts claimed by Plaintiffs, to enter a judgment against Defendant for such deficiency.

Kai Decl. Exhibit P. 161

DATED:  Kealakekua, Hawaii, _____MAR 2 0 2018_____.

ROBERT D. S. KIM (SEAL)
_____
Judge of the Above-Entitled Court

APPROVED AS TO FORM:


_____
PAUL J. SULLA, JR.

Attorney for Defendant
HAWAIIAN RIVERBEND, LLC


APPROVED AS TO FORM:


_____
JOSEPH K KAMELAMELA
CRAIG T. MASUDA

Attorneys for Defendant
COUNTY OF HAWAII

_____
*Kenneth Y. Kai, et al. v. Hawaiian Riverbend, LLC, et al.*; Civil No. 15-1-0164K; Order Granting Plaintiffs'
Renewed Motion for Summary Judgment and For Interlocutory Decree of Foreclosure, Filed December 17, 2015

Kai Decl. Exhibit P. 162

# EXHIBIT 10

[County of Hawaii Real Property Tax Office Printout]



### Owner and Parcel Information

| | | | |
|---|---|---|---|
| Owner Name | MIROYAN,MICHAEL  Fee Owner | Today's Date | December 25, 2018 |
| Mailing Address | PO BOX 3181<br>SARATOGA, CA 95070-1181 | Parcel Number | 680020530000 |
| Location Address | | Project Name | |
| Property Class | AGRICULTURAL | Parcel Map | Show Parcel Map    Plat (TMK) Maps |
| Neighborhood Code | 6822-8 | Land Area (acres) | 14.622 |
| Legal Information | FROM: 6802-21 14.622 AC NEW PARCEL | Land Area (approximate sq ft) | 636,934 |

### Assessment Information    Show Historical Assessments

| Year | Property Class | Market Land Value | Dedicated Use Value | Assessed Land | Land Exemption | Market Building Value | Assessed Building Value | Building Exemption | Total Market Value | Total Taxable Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | AGRICULTURAL | $ 658,000 | $ 0 | $ 658,000 | $ 0 | $ 0 | $ 0 | $ 0 | $ 658,000 | $ 658,000 |

### Land Information

| Property Class | Square Footage | Acreage | Agricultural Usage |
|---|---|---|---|
| | 636,934 | 14.622 | |

### Improvement Information

No improvement informat on available for this parcel.

### Other Building and Yard Improvements

| Description | Quantity | Year Built | Area | Gross Building Value |
|---|---|---|---|---|
| | | No informat on associated w th this parcel. | | |

### Permit Information

| Date | Permit Number | Reason | Permit Amount |
|---|---|---|---|
| | | No perm t informat on associated w th this parcel. | |

### Dept of Public Works Bldg Division Permit and Inspections Information

| Permit Date | Permit Type | Permit Number | Permit Reason | Permit Description | Estimated Cost | Inspection Date | Inspection Status |
|---|---|---|---|---|---|---|---|
| | | | No permit and inspections information associated with this parcel. | | | | |

**As a courtesy to the public, we provide building permit data as supplied by the Department of Public Works. As such, no warranties, expressed or implied, are provided for the data herein, its use or its interpretation, and accuracy.**

### Sales Information

| Sale Date | Sale Amount | Instrument # | Instrument Type | Instrument Description | Date of Recording | Land Court Document Number | Cert # | Book/Page | Conveyance Tax | Document Type |
|---|---|---|---|---|---|---|---|---|---|---|
| 08/08/2018 | $ 0 | 67950847 | FEE CONVEYANCE | Warranty Deed | 08/09/2018 | | | | 0 | Warranty Deed |
| 11/29/2012 | $ 0 | | OTHER | Mapping Change | 11/29/2012 | | | | | Mapping Change |

### Current Tax Bill Information    2018 Tax Payments    Show Historical Taxes

| Tax Period | Description | Original Due Date | Taxes Assessment | Tax Credits | Net Tax | Penalty | Interest | Other | Amount Due |
|---|---|---|---|---|---|---|---|---|---|
| PRIOR | Real Property Tax | 08/20/2013 | $ 0.00 | $ 0.00 | $ 10,907.60 | $ 1,090.76 | $ 6,599.10 | $ 650.00 | $ 19,247.46 |
| 2015-1 | Real Property Tax | 08/20/2015 | $ 0.00 | $ 0.00 | $ 2,183.00 | $ 218.30 | $ 960.52 | $ 0.00 | $ 3,361.82 |
| 2015-2 | Real Property Tax | 02/22/2016 | $ 0.00 | $ 0.00 | $ 2,183.00 | $ 218.30 | $ 816.44 | $ 0.00 | $ 3,217.74 |
| 2016-1 | Real Property Tax | 08/22/2016 | $ 0.00 | $ 0.00 | $ 2,183.00 | $ 218.30 | $ 672.36 | $ 0.00 | $ 3,073.66 |
| 2016-2 | Real Property Tax | 02/21/2017 | $ 0.00 | $ 0.00 | $ 2,183.00 | $ 218.30 | $ 528.29 | $ 0.00 | $ 2,929.59 |
| 2017-1 | Real Property Tax | 08/21/2017 | $ 0.00 | $ 0.00 | $ 2,206.60 | $ 220.66 | $ 388.36 | $ 0.00 | $ 2,815.62 |
| 2017-2 | Real Property Tax | 02/20/2018 | $ 0.00 | $ 0.00 | $ 2,206.60 | $ 220.66 | $ 242.73 | $ 0.00 | $ 2,669.99 |
| 2018-1 | Real Property Tax | 08/20/2018 | $ 0.00 | $ 0.00 | $ 3,076.15 | $ 307.62 | $ 135.35 | $ 0.00 | $ 3,519.12 |
| 2018-2 | Real Property Tax | 02/20/2019 | $ 0.00 | $ 0.00 | $ 3,076.15 | $ 0.00 | $ 0.00 | $ 0.00 | $ 3,076.15 |
| | | | | | | | | | $ 43,911.15 |

Tax bill is computed to 12/31/2018   Or pay online at http://payments.ehawaii.gov/propertytax/hawaii   Other Payment Opt ons Click Here

Kai Decl. Exhibit P. 164

| Recent Sales in Area | Previous Parcel | Next Parcel | Return to Main Search Page | Hawaii Home | Real Property Home |

The Hawaii County Tax Assessor's Off ce makes every effort to produce the most accurate information possible. No warranties, expressed or implied, are provided for the data herein, its use or interpretation. Webs te Updated: December 17, 2018

© 2013 by County of Hawai'i Real Property Tax Office | Website design by qPublic.net

Kai Decl. Exhibit P. 165

# EXHIBIT 11

# [Fact Sheet]

# Schlueter, Kwiat & Kennedy LLLP

## FACT SHEET

Pursuant to ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT AND FOR INTERLOCUTORY DECREE OF FORECLOSURE (MARCH 21, 2018), in CIVIL NO. 15-1-0164K (Foreclosure) in the Circuit Court of the Third Circuit ("Order"), the undersigned commissioner has been directed to sell the property as described herein by public auction.

Information contained in Fact Sheet has been obtained from courses believed by Commissioner to be reliable, but may not necessarily be accurate or complete and cannot be guaranteed by Commissioner or relied upon by any prospective bidder on the property. **It is the sole responsible of all prospective bidders to verify the information contained herein through their own independent investigation and to hire their own professionals and/or consultants to obtain information regarding the property prior to bidding on the property.**

I.  Property Description

    A.  Address: N/A

    B.  Tax Map Key: No. (3) 6-8-002-053

    C.  Description: Undeveloped lot located on the northeast corner of Paniolo Ave and Waikoloa Rd.

II.  Real Property Tax Information

    A.  Market Land Value & Net Taxable Land Value: $658,000.00

    B.  Market Building Value & Net Taxable Building Value: $0

    C.  Total Taxable Value: $658,000.00

III.  Encumbrances and Other Information

Commissioner directs interested parties' attention to Order referenced above as to existing encumbrances set forth therein. As allowed by law, there may be encumbrances pursuant to Orders and further amounts and charges as may be approved by the Court, which may include Commissioner's fees and costs and real property taxes (see above). There may be other charges to the purchaser as allowed by law. There may be other encumbrances on this property. Bidders must conduct their own investigation as to any encumbrances that may affect this property. Bidders shall be responsible for their own due diligence as to title for this property.

IV.  Sales Information

Auction Date:  Monday, November 26, 2018, 12:00 PM (noon)
Auction Location: Flagpole at Hale Halawai, 75-5760 Alii Drive, Kailua-Kona, HI

75-167 Kalani St, Suite 201
Kailua-Kona, HI 96740
(808) 987-7275
fax (808) 443-0339
andrew@kona-lawyer.com

# SCHLUETER, KWIAT & KENNEDY LLLP

Property Viewing(s):    Saturday, November 3, 2018 from 10:00 AM to 12:00 PM
Sunday, November 4, 2018 from 10:00 AM to 12:00 PM

V.    <u>Terms</u>

Property is to be sold in its "as in" condition, without any representations or warranties whatsoever as to title or possession and by way of a quitclaim conveyance by public commissioner's sale ("Sale"), without an upset price, in accordance with Order. Sale is subject to Court's confirmation.

Pursuant to Order, Plaintiff and all parties are authorized to purchase the mortgaged property at Sale. the successful bidder at Sale shall make a down payment to the Commissioner in an amount not less than ten percent (10%) of the highest successful bid price. The payment shall be in cash, money order, by cashier's check or by certified check, provided that Plaintiff may satisfy the down payment by way of offset up to the amount of its secured debt ("credit bid"). Prior t bidding, any person not previously authorized to credit bid must show the Commissioner such persons present ability to make teh required down payment immediately upon the close of bidding at Sale. At the Court's discretion, the 10% down payment may be forfeited in whole or in part if the purchaser fails to pay the balance of the purchase price as required and set forth below. The balance of the purchase price shall be paid to the commissioner upon approval and confirmation of the sale.

The Commissioner shall hold the proceeds of Sale subject to the directions of the Court. A hearing shall be held to consider confirmation of Sale. At that hearing, the Court shall hear the proof of claim of any other party and shall determine the priority among the claims of the parties besides Plaintiff. At hearing, the Court may, for good cause, allow further bidding. In the event that such bidding is allowed, the first post auction bid must be at least one hundred five percent (105%) of the highest bid at Sale. The court shall determine the amount of fees of the Commissioner and the amount of the attorneys' fees and costs of Plaintiff and shall direct the final payment of the proceeds of the sale. Upon distribution of the sale proceeds according to the directions of the Court, the Commissioner shall file an accurate accounting of receipts expenses and distributions.

The Commissioner may require that Sale close through an escrow, even if the purchase does not require one. All costs and expenses of the closing of the sale, including without limitation, the costs of conveyance, including preparation of the conveyance document, conveyance tax, escrow and recording fees, any proof of title or title insurance, and notary fees, as well as the costs of securing possession of the property, shall be the responsibility of and paid by the purchaser. Neither the availability of title insurance nor securing possession of the property shall be a condition of closing.

**SALE SHALL NOT BE FINAL UNTIL APPROVED AND CONFIRMED BY THE COURT.**

VI.    <u>Commissioner</u>

Andrew M. Kennedy, Schlueter, Kwiat & Kennedy LLLP, 75-167 Kalani St, Suite 201, Kailua-Kona, HI 96740. Telephone No. 808-987-7275, Fax No. 808-339-1339. Email Andrew@kona-lawyer.com

75-167 Kalani St, Suite 201
Kailua-Kona, HI 96740
(808) 987-7275
fax (808) 443-0339
andrew@kona-lawyer.com

Page 2 of 2

Kai Decl. Exhibit P. 168

PARCEL MAP
PARCEL NUMBER 680020530000



SUBJECT PROPERTY



# COUNTY OF HAWAI'I
## Real Property Tax Office



<u>Recent Sales in Area</u>    <u>Previous Parcel</u>    <u>Next Parcel</u>    <u>Return to Main Search Page</u>    <u>Hawaii Home</u>    <u>Real Property Home</u>

### Owner and Parcel Information

| | | | |
|---|---|---|---|
| Owner Name | HAWAIIAN RIVERBEND LLC Fee Owner, Tenants in Severalty | Today's Date | April 24, 2018 |
| Mailing Address | ATTN:MIROYAN,MICHAEL PO BOX 3181 SARATOGA, CA 95070-1181 | Parcel Number | 680020530000 |
| Location Address | | Project Name | |
| Property Class | AGRICULTURAL | Parcel Map | Show Parcel Map   Plat (TMK) Maps |
| Neighborhood Code | 6822-8 | Land Area (acres) | 14.622 |
| Legal Information | FROM: 6802-21 14.622 AC NEW PARCEL | Land Area (approximate sq ft) | 636,934 |

### Assessment Information   Show Historical Assessments

| Year | Property Class | Market Land Value | Dedicated Use Value | Land Exemption | Net Taxable Land Value | Market Building Value | Assessed Building Value | Building Exemption | Net Taxable Building Value | Total Taxable Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | AGRICULTURAL | $ 658,000 | $ 0 | $ 0 | $ 658,000 | $ 0 | $ 0 | $ 0 | $ 0 | $ 658,000 |

### Appeal Information
No appeal information on parcel.

### Land Information

| Property Class | Square Footage | Acreage | Agricultural Usage |
|---|---|---|---|
| | 636,934 | 14.622 | |

### Improvement Information
No improvement information available for this parcel.

### Other Building and Yard Improvements

| Description | Quantity | Year Built | Area | Gross Building Value |
|---|---|---|---|---|
| | | No information associated with this parcel. | | |

### Permit Information

| Date | Permit Number | Reason | Permit Amount |
|---|---|---|---|
| | | No permit information associated with this parcel. | |

### Dept of Public Works Bldg Division Permit and Inspections Information

| Permit Date | Permit Type | Permit Number | Permit Reason | Permit Description | Estimated Cost | Inspection Date | Inspection Status |
|---|---|---|---|---|---|---|---|
| | | | No permit and inspections information associated with this parcel. | | | | |

**As a courtesy to the public, we provide building permit data as supplied by the Department of Public Works. As such, no warranties, expressed or implied, are provided for the data herein, its use or its interpretation, and accuracy.**

### Sales Information

| Sale Date | Sale Amount | Instrument # | Instrument Type | Instrument Description | Date of Recording | Land Court Document Number | Cert # | Book/Page | Conveyance Tax | Document Type |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/29/2012 | $ 0 | | OTHER | Mapping Change | 11/29/2012 | | | | | Mapping Change |

### Current Tax Bill Information   2018 Tax Payments   Show Historical Taxes

| Tax Period | Description | Original Due Date | Taxes Assessment | Tax Credits | Net Tax | Penalty | Interest | Other | Amount Due |
|---|---|---|---|---|---|---|---|---|---|
| PRIOR | Real Property Tax | 08/20/2013 | $ 0.00 | $ 0.00 | $ 5,453.80 | $ 545.38 | $ 3,179.57 | $ 650.00 | $ 9,828.75 |
| 2014-1 | Real Property Tax | 08/20/2014 | $ 0.00 | $ 0.00 | $ 2,726.90 | $ 272.69 | $ 1,319.82 | $ 0.00 | $ 4,319.41 |
| 2014-2 | Real Property Tax | 02/20/2015 | $ 0.00 | $ 0.00 | $ 2,726.90 | $ 272.69 | $ 1,139.84 | $ 0.00 | $ 4,139.43 |
| 2015-1 | Real Property Tax | 08/20/2015 | $ 0.00 | $ 0.00 | $ 2,183.00 | $ 218.30 | $ 768.42 | $ 0.00 | $ 3,169.72 |
| 2015-2 | Real Property Tax | 02/22/2016 | $ 0.00 | $ 0.00 | $ 2,183.00 | $ 218.30 | $ 624.34 | $ 0.00 | $ 3,025.64 |
| 2016-1 | Real Property Tax | 08/22/2016 | $ 0.00 | $ 0.00 | $ 2,183.00 | $ 218.30 | $ 480.26 | $ 0.00 | $ 2,881.56 |
| 2016-2 | Real Property Tax | 02/21/2017 | $ 0.00 | $ 0.00 | $ 2,183.00 | $ 218.30 | $ 336.18 | $ 0.00 | $ 2,737.48 |
| 2017-1 | Real Property Tax | 08/21/2017 | $ 0.00 | $ 0.00 | $ 2,206.60 | $ 220.66 | $ 194.18 | $ 0.00 | $ 2,621.44 |
| 2017-2 | Real Property Tax | 02/20/2018 | $ 0.00 | $ 0.00 | $ 2,206.60 | $ 220.66 | $ 48.55 | $ 0.00 | $ 2,475.81 |
| | | | | | | | | | $ 35,199.24 |

Kai Decl. Exhibit P. 170

Tax bill is computed to 04/30/2018   Or pay online at http://payments.ehawaii.gov/propertytax/hawaii   Other Payment Options Click Here

| Recent Sales in Area | Previous Parcel | Next Parcel | Return to Main Search Page | Hawaii Home | Real Property Home |
|---|---|---|---|---|---|

The Hawaii County Tax Assessor's Office makes every effort to produce the most accurate information possible. No warranties, expressed or implied, are provided for the data herein, its use or interpretation. Website Updated: April 20, 2018

© 2013 by County of Hawai'i Real Property Tax Office | Website design by qPublic.net

Kai Decl. Exhibit P. 171