**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road,
Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:     (650) 282-5980
Email: ws@waynesilverlaw.com

*Attorney for KENNETH Y. KAI and*
*TAE K. KAI, Trustees of the Kai Family 1998 Trust*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL HAROUTUN MIROYAN,<br><br>Debtor. | Case No.: 18-52601-MEH<br>Chapter 13<br><u>Confirmation Hearing</u><br>   Date:  January 25, 2019<br>   Time:  9:55 a.m.<br>   Court: 3020, Hon. M. Elaine Hammond |

## **OBJECTION TO PLAN**

Kai Family 1998 Trust Dated October 5, 1998 ("Kai Trust"), objects to the Chapter 13 Plan dated December 6, 2018 ("Plan") filed by Michael Haroutun Miroyan ("Miroyan"), the Debtor in the above-captioned Chapter 13 case, on the grounds both this Chapter 13 case, and the Plan, have been filed in bad faith.

The Court is requested to take judicial notice[1] of the Kai Trust's Motion for Relief from Stay and supporting Declaration of Kenneth Y. Kai, together with all exhibits thereto ("Kai Decl.") (filed on December 29, 2018, Docket No. 24)("RST Motion"), as well as Miroyan's bankruptcy schedules (filed on December 10, 2018, Docket No. 13)("Schedules"), filed in this bankruptcy case.

---

[1] Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure.

The RST Motion concerns a judicial foreclosure in Civil Action No. 15-1-0164K in the Circuit Court of the Third Circuit State of Hawaii ("Civil Action") of an undeveloped lot located in Hawaii, identified in Miroyan's bankruptcy schedule A/B, Item 1.4 as: "Empty Land in HI, Lot: 3-6-8-002-053," referred to herein as "Parcel 53." Parcel 53 was previously owned by Hawaiian Riverbend, LLC ("HR LLC"), Miroyan's single member LLC and former Chapter 11 debtor in the U.S. Bankruptcy Court for the District of Hawaii, Case No. 16-00348, until Miroyan caused HR LLC to fraudulently transfer Parcel 53 to himself for no consideration on or about August 9, 2018 (Exhibit "A" to the RST Motion). HR LLC is the obligor on promissory notes secured by Parcel 53 in favor of the Kai Trust, all of which are in default and on which the Kai Trust alleges the balance due is $1,053.453.42.

The Kai Trust contends that by transferring Parcel 53 from HR LLC to himself for no consideration and then filing for Chapter 13 bankruptcy, Miroyan engaged in bad faith conduct designed to hinder, delay and/or defraud the Kai Trust.

The bankruptcy code imposes two independent good faith obligations on a chapter 13 debtor at 11 U.S.C. §§1325(a)(3) and (a)(7).[2] First, Code §1325(a)(3) requires that "the plan has been proposed in good faith and not by any means forbidden by law." And, Code §1325(a)(7) requires that "the action of the debtor in filing the petition was in good faith."

In determining whether a petition or plan is filed in good faith the court must review the "totality of the circumstances." *In re Khan*, 846 F.3d 1058, 1065 (9th Cir. 2017); *Leavitt v. Soto*, 171 F.3d 1219, 1224-25 (9th Cir.1999). The Ninth Circuit did not decide with precision what qualifies as bad faith, but emphasized that the debtor's conduct must in fact be atypical. *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 773 (9th Cir. 2008), quoting *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S.Ct. 1105, 1112, 166 L. Ed. 2d 956 at n. 11 (2007).

In *Leavitt*, 171 F.3d at 1224, the Ninth Circuit held that in determining whether a chapter 13 plan was proposed in good faith, a bankruptcy court should consider (1) whether the debtor misrepresented facts in his or her petition or plan, unfairly manipulated the Code, or otherwise filed his or her petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals;

---

[2] Further references to Title 11 of the U.S. Code are abbreviated as the "Code."

(3) whether the debtor intended to defeat state court litigation; and (4) whether egregious behavior is present. These four factors are not all-inclusive, and the court need not find that every factor is shown by the evidence in order to conclude that bad faith has been shown. See, *In re Ewing*, 583 B.R. 252, 261 (Bankr. D. Mont. 2018)

Analysis of Miroyan's scheme under the *Leavitt* factors supports the Kai Trust's bad faith objection. First, Miroyan appears to have misrepresented material facts in his Schedules. For example, the Statement of Financial Affairs, Item 10., states Parcel 53 was foreclosed in September, 2018 by Cory Tereick, and valued at $17,000,000. But according to HR LLC's Chapter 11 Plan, Cory Tereick did not have a lien on Parcel 53. (See Kai Decl., Exhibit 7, p.113[3]). Bankruptcy Schedule A/B (Item 1.4) shows Miroyan as the current owner of Parcel 53, with a value of $4,500,000. Similarly, Bankruptcy Schedule "D" shows the Kai Trust as fully secured creditors (Items 2.1 and 2.2) in the total amount of $790,000 with respect to Parcel 53.

Second, Miroyan has a history of misusing the Code by filing the Chapter 11 case for HR LLC, confirming a Plan, and then deliberately failing to perform on the Plan. (See Kai Decl., Exhibit 8, p. 152)

Third, Miroyan filed this Chapter 13 for the sole purpose of preventing the foreclosure sale of Parcel 53 (See Kai Decl., Exhibit 11, p. 167), the same way he filed the HR LLC Chapter 11 two days before the hearing on the Kai Trust's motion for summary judgment in the Civil Action.[4]

Finally, Miroyan engineered the fraudulent transfer of Parcel 53 from HR LLC to himself for no consideration (See RST Motion, Exhibit "A"), and then filed this Chapter 13 case to take advantage of the automatic stay, thereby continuing his scheme to use the Bankruptcy Code to frustrate the Kai Trust's efforts to foreclose on Parcel 53, all the while never having made a single payment to the Kai Trust. ("Kai Decl., ¶¶11, 23) By misusing the Bankruptcy Code, Miroyan has managed to delay the Kai Trust's foreclosure on Parcel 53 for more than 3-1/2 years. (RST Mot., p.6:12 – 16, n.3)

While application of the *Leavitt* factors frames the inquiry, "the court is not obligated to count

---

[3] Page numbers refer to "Kai Decl. Exhibit P. xxx."
[4] The hearing on the motion for summary judgment in the Civil Action was set for April 6, 2016.

Page - 3
Objection to Plan

the four *Leavitt* factors as though they present some sort of a box-score, but rather is to consider them all and weigh them in judging the 'totality of the circumstances.'" *In re Lehr*, 479 B.R. 90, 98 (Bank. N.D.Cal. 2012). "The bankruptcy court is not required to find that each [*Leavitt*] factor is satisfied or even to weigh each factor equally." *Khan v. Curry (In re Khan)*, 523 B.R. 175, 185 (9th Cir. BAP 2014). Rather, "[t]he *Leavitt* factors are simply tools that the bankruptcy court employs in considering the totality of the circumstances." *Id.*

Given the totality of the circumstances and undeniable bad faith, this Court should deny confirmation of the Plan and consider dismissal or conversion of Miroyan's bankruptcy case.

Dated: December 31, 2018

*/s/ Wayne A. Silver*
Wayne A. Silver, attorney for *KENNETH Y. KAI and TAE K. KAI, Trustees of the Kai Family 1998 Trust*

**CERTIFICATE OF SERVICE BY CM/ECF AND REGULAR MAIL**

I, Wayne A. Silver, the undersigned, hereby declare:

I am the attorney for KENNETH Y. KAI and TAE K. KAI, Trustees of the Kai Family 1998 Trust, with offices at 643 Bair Island Road, Suite 403, Redwood City, CA 94063. On December 31, 2018 I caused to be served true and correct copies of the OBJECTION TO PLAN by means of this Court's electronic transmission to the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth on the ECF/CMS Mailing List obtained from this Court, as follows:

| Name | Email Address |
| --- | --- |
| Devin Derham-Burk | ctdocs@ch13sj.com |
| Sean Ferry | bkyecf@rasflaw.com, sferry@ecf.courtdrive.com |
| Eddy Hsu | eddyhsu@ehlawgroup.com, HsuER74029@notify.bestcase.com |
| Office of the U.S. Trustee / SJ | USTPRegion17.SJ.ECF@usdoj.gov |
| Wayne A. Silver | w_silver@sbcglobal.net, ws@waynesilverlaw.com |

In addition on this date, I served the foregoing document on Debtor MICHAEL HAROUTUN MIROYAN, by placing a true and correct copy thereof enclosed in a sealed envelope, with first-class postage thereon fully prepaid, addressed to:

Michael Haroutun Miroyan
PO Box 3181
Saratoga, CA 95070-1181

and depositing said envelope for mailing with the U.S. Postal Service at Henderson, Nevada.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 31, 2018 at Henderson, Nevada.

/s/ *Wayne A. Silver*
Wayne A. Silver