EDDY HSU (BAR # 245390)
LAW OFFICE OF EDDY HSU
1900 S NORFOLK ST, SUITE 350
SAN MATEO, CA 94403
(650) 577-5950
Attorneys for Debtor(s),

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:

**Michael Haroutun Miroyan**,

        Debtor(s).

Case No. 18-52601 MEH

Chapter 13

EXPARTE MOTION TO SHORTEN TIME

      Debtor's Counsel, Eddy Hsu, Esq. hereby submits this Exparte Motion to Shorten Time to requests shortening the applicable notice of a hearing period under Bankruptcy Local Rule 9014-1 and 4001-2 of the United States Bankruptcy Court for the Northern District of California **from 28 days to 2 days and set a hearing for Debtor's Counsel's Motion to Withdraw as Counsel to January 10, 2019 at 9:30AM in Courtroom 3020**:

1. Pursuant to local rule 9014-(b)(2), Debtor is requesting an Order Shortening Time for Notice to shorten the notice requirement for a hearing on Debtor's Counsel's Motion to be Withdraw as Counsel.

2. Debtor filed his skeleton bankruptcy petition on November 26, 2018. Since that time, all remaining schedules and a proposed Chapter 13 plan were timely filed.

3. Since that time, (3) objections to confirmations have been filed (docket item 22, 28 and 29). A Motion for Relief from Stay has been filed and scheduled for **January 17, 2019 at 10:00 a.m.**. (docket item 24).

4. Debtor did not appear for the 341 meeting scheduled for January 7, 2019 although Debtor's counsel and Creditor's Counsel both made appearances. The 341 meeting was continued.

5. Since filing, Debtor and his counsel's relationship has broken down to the point where irreconcilable differences exist. Debtor's Counsel cannot effectively represent Debtor in his bankruptcy and wishes to be relieved prior to the Motion for Relief from Stay hearing so that Debtor can request for a continuance to find new counsel or file his own response.

6. If the Motion to Withdraw is held after the Motion for Relief from Stay then Debtor may not get satisfactory representation of his interests which is why Debtor's Counsel needs the withdrawal heard before the Motion for Relief from Stay.

7. Although more fully outlined in the motion to withdraw, as an example of differences: Debtor sent Counsel an email on December 31, 2018 (New Year's Eve) where Debtor proceeded to call counsel "condenscending," " an idiot," " and "a moron." This level of animosity on a non-work day demonstrates how unworkable the relationship has become.

8. Debtor was notified in person on January 7, 2019 of Counsel's intention to file this exparte. Debtor did not agree to allow Counsel to withdraw.

**WHEREFORE**, the Debtor's Counsel prays that this Court enter the following order: "The Court grants Debtor's Counsel's Ex-parte Motion to Shorten Time. For the reasons set forth in the Motion, the court hereby orders as follows:

Notice of Hearing to Debtor's Counsel's Motion to be Relieved as Counsel shall be shorten from **28** days to **2** days. A hearing is set for January 10, 2019 at 9:30AM in Courtroom 3020 for any party to respond.

Debtor's counsel is instructed to provide notice of this Order along with the Motion to Withdraw as Counsel."

**LAW OFFICE OF EDDY HSU**

Dated: January 7, 2019     _/s/ Eddy Hsu_
EDDY HSU
Attorney for Debtor