**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road,
Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:   (650) 282-5980
Email: ws@waynesilverlaw.com

*Attorney for KENNETH Y. KAI and*
*TAE K. KAI, Trustees of the Kai Family 1998 Trust*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL HAROUTUN MIROYAN,<br>    Debtor. | Case No.: 18-52601-MEH<br>Chapter 13<br><br>RS No.: WS110<br><br>Date: January 31, 2019<br>Time: 9:30 a.m.<br>Court: 3020, Hon. M. Elaine Hammond |

### DECLARATION OF ANDREW M. KENNEDY

KENNETH Y. KAI and TAE K. KAI ("Movants"), Trustees of the Kai Family 1998 Trust ("Kai Trust"), submit the attached Declaration of Andrew M. Kennedy in support of their Motion for Relief from Stay.

Dated: January 16, 2019

                                        */s/ Wayne A. Silver*
                                        Wayne A. Silver, attorney for *KENNETH Y.*
                                        *KAI and TAE K. KAI, Trustees of the Kai*
                                        *Family 1998 Trust*

# DECLARATION OF ANDREW M. KENNEDY

1. I am the court appointed commissioner in case CR No. 15-1-0164K, Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust vs. Hawaiian Riverbend, LLC, County of Hawaii; John Does 1-10; Doe Corporations 1-10; Doe Patnerships 1-10; Doe Entities 1-10; and Doe Governmental Entities 1-10.

2. I am competent to testify to the following based on my personal knowledge and belief.

3. I was appointed commissioner pursuant to an order granting plaintiff's renewed motion for summary judgment and for interlocutory decree of foreclosure filed December 17, 2015, which was granted and filed on March 21, 2018.

4. This order directed me to sell at public auction the property listed at TMK No (3) 6-8-002-053.

5. The process for a foreclosure in this jurisdiction generally consists of the following: (a) establish contact with the parties; (b) inspect the property; (c) publish a notice of foreclosure in a newspaper of general circulation three times; (d) hold public viewings of the property if the parties so desire; (e) hold a foreclosure auction; (f) file a commissioner's reports; (g) a confirmation hearing where bidding may be reopened and the plaintiff moves for confirmation of the sale.

6. One of the requirements to bid is that potential buyers bring proper funding of at least 10% to the auction, and make their ability to bid known to commissioner prior to auction

7. The auction does not finalize the transfer of property. A sale is not final until such sale is approved and confirmed by the court, usually at a confirmation hearing.

8. At the confirmation hearing, potential bidders are allowed to appear and re-open the

bidding. The Court also makes a finding of reasonableness as to the sale price.

9. In this instant case, the primary plaintiff was Hawaiian Riverbend LLC.

10. Hawaiian Riverbend was represented by Paul Sulla, Esq.

11. An individual involved with Hawaiian Riverbend was Michael Miroyan.

12. In the State of Hawaii, a corporation is required to have an attorney.

13. As Michael Miroyan was not a party to the action, and Hawaiian Riverbend was represented by an attorney of record, I informed Mr. Miroyan that I was going to communicate through Mr. Sulla, the attorney of record for the case.

14. As a courtesy to Mr. Miroyan, I continued to keep him involved in the process. I forwarded to him the notice of foreclosure auction and fact sheet, I made corrections to each per his request, and I inquired to his desire to hold public viewings of the property

15. Mr. Miroyan was extremely confrontational throughout this process, continuing to call my office after hours and on weekends making threatening remarks on our answering machine, threatening that me and my law partners were all going to jail, saying he would "axe" us all, and other vulgar remarks such as calling us "pussies" and inappropriate comments. He also would send vulgar and threatening emails to our firm email.

16. Twice I made submissions to the Circuit Court in Hawaii to inform them of these communications.

17. The notice of foreclosure were published in West Hawaii Today in October and November, 2018, and two public viewings of the property were held on November 3 and 4, 2018.

18. Auction was set for November 26, 2018 at noon.

19. On the morning of November 26, 2018, I received a phone call from an individual whom I did not know, telling me he was an attorney from California. This individual was Eddie Hsu.

20. Mr. Hsu told me that Michael Miroyan had filed for bankruptcy and asked me not to hold the auction.

21. I informed Mr. Hsu that Mr. Miroyan was not a party to the foreclosure action that I was appointed commissioner on.

22. Mr. Hsu was unaware of the fact that Mr. Miroyan was not a party to the foreclosure action. Mr. Hsu also seemed unsure as to the status of the property. Mr. Hsu also appeared to be confused as to my role as court appointed commissioner and that I was not an attorney for any of the parties.

23. I was not served with any documents relating to any bankruptcy stay.

24. I told Mr. Hsu that it was not my intention to cancel an auction which had been scheduled well in advance on the basis of receiving a phone call the morning of the auction from somebody requesting cancellation due to a non-party to the action filing for bankruptcy without any further information.

25. I did inform Mr. Hsu that the auction was not the final sale, that if there was a problem with the sale they could object to the sale at the confirmation hearing.

26. I also sent a copy of the foreclosure order to Mr. Hsu via email.

27. I did not receive any further communication from Mr. Hsu.

28. I never received any communication from Paul Sulla, the attorney for Hawaiian Riverbend, requesting me to cancel the auction or informing me of any stay in the

proceedings.

29. I went to the location of the auction shortly before the scheduled time for the auction.

30. At auction, two persons were present. (1) Matthew Shannon who informed me he was going to make a credit bid for the plaintiffs; and (2) Roger Wehrsig, who informed me he was involved with the Waikoloa Village community association.

31. Mr. Wehrsig informed me that he did not intend to bid, and did not provide me with an ability to bid prior to auction.

32. The plaintiff submitted a credit bid for the property. This was the only bid made for the property.

33. I filed a commissioner report in this matter on December 20, 2018.

34. Sale for this property is not final until it is confirmed at confirmation hearing.

I declare under penalty of law that the foregoing is true and correct to the best of my knowledge.

DATED: Kailua-Kona, HI, JANUARY 15, 2016

_____
ANDREW M. KENNEDY