**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road,
Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

*Attorney for KENNETH Y. KAI and*
*TAE K. KAI, Trustees of the Kai Family 1998 Trust*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL HAROUTUN MIROYAN,<br><br>    Debtor. | Case No.: 18-52601-MEH<br>Chapter 13<br>RS No. WS110<br><br>Date: January 31, 2019<br>Time: 9:30 a.m.<br>Court: 3020, Hon. M. Elaine Hammond |

### MOTION IN LIMINE TO EXCLUDE EVIDENCE OF COUNTERCLAIMS

Kai Family 1998 Trust Dated October 5, 1998 ("Kai Trust") moves in limine to exclude any and all evidence, references to evidence, testimony or argument relating to alleged claims owned by Hawaiian Riverbend, LLC ("HR LLC") against the Kai Trust, on the grounds (1) all such evidence is irrelevant under Federal Rule of Evidence ("FRE") 402 because Debtor Michael Haroutun Miroyan ("Miroyan") does not have standing to assert the alleged counterclaims, (2) such evidence will necessitate an undue and needless consumption of time, and should therefore be excluded under FRE 403, and (3) the HR LLC counterclaims were deemed waived and extinguished for all purposes in connection with the HR LLC Chapter 11 case.

This motion in limine is brought by the Kai Trust in connection with the evidentiary hearing on their motion for full and complete relief from the automatic stay under 11 U.S.C. §362(d)(1),[1]

---

[1] Further references to Title 11 of the U.S. Code are abbreviated as the "Code."

together with an *in rem* order under Code §362(d)(4) ("RST Motion"). The RST Motion seeks authority to continue the judicial foreclosure[2] of an undeveloped lot located in Hawaii identified in Miroyan's bankruptcy schedule A/B, Item 1.4 as: "Empty Land in HI, Lot: 3-6-8-002-053," ("Parcel 53").

HR LLC raised several counterclaims against the Kai Trust in the Civil Action[3] ("HR LLC Counterclaims"), and the Kai Trust believes Miroyan will attempt to assert the HR LLC Counterclaims at the hearing on the RST Motion.

**1. The HR LLC Counterclaims Are Not Relevant to the RST Motion, Because Miroyan Lacks Standing to Assert Them**

Miroyan cannot individually pursue the HR LLC Counterclaims because they belong to HR LLC. See, e.g., *Gilliam v. Speier (In re KRSM Props.)*, 318 B.R. 712, 718 (9th Cir. BAP 2004) (Noting general proposition that "members of LLCs cannot assert causes of action derived from causes of action owned by the LLC.); *Barker v. Gottlieb*, 23 F. Supp. 3d 1152, 2014 WL 2215920, at 13 (D. Haw. 2014) Under Hawaiian law[4], "[S]tockholders . . . of a corporation do not have the right to pursue an action on their own behalf when the cause of action accrues to the corporation." *Joy A. McElroy, M.D., Inc. v. Maryl Group, Inc.*, 107 Hawai'i 423, 431, 114 P.3d 929, 937 (App. 2005) (internal quotation marks and citation omitted). "Where the basis of the action is a wrong to the corporation, redress must be sought in a derivative action." *Chambrella v. Rutledge*, 69 Haw. 271, 280, 740 P.2d 1008, 1013 (1987) (internal quotation marks and citation omitted).

The HR LLC Counterclaims allege injuries to HR LLC based on transactions and contracts between the Kai Trust and HR LLC. None of the alleged injuries are to Miroyan in his individual capacity. As such, Miroyan lacks standing to assert the HR LLC Counterclaims. See, *York v. Jordan*,

---

[2] Civil Action No. 15-1-0164K against HR LLC in the Circuit Court of the Third Circuit State of Hawaii ("Civil Action").

[3] Kai Trust requests the Court take judicial notice of the Amended Answer To Complaint, Affirmative Defenses, Counterclaims and Third-Party Complaint HR LLC filed in the Civil Action, a copy of which is attached as Exhibit 1 to the Kai Trust's Supplemental Request for Judicial Notice ("Supplemental RJN"), under Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure.

[4] HR LLC is alleged to be a Hawaiian LLC organized in 2005 under Hawaii law. (See HR LLC Counterclaim, Supplemental RJN, Exhibit 1, pp. 13, ¶12)

Motion in Limine To Exclude Evidence of Counterclaims

2014 U.S. Dist. LEXIS 196185, at *42 (D. Haw. 2014)

Under FRE 402, "… [E]vidence which is not relevant is not admissible." FRE 401 defines relevant evidence that has any tendency to make a fact more or less probable than it would be without the evidence, **and** the fact is of consequence in determining the action. The HR LLC Counterclaims allege facts that are of no consequence in determining the RST Motion, and all evidence in support of the HR LLC Counterclaims should therefore be excluded.

**2. The Probative Value of the Evidence in Support of the HR LLC Counterclaims is Substantially Outweighed by the Consumption of Time It Would Take to Adjudicate Them**

Even relevant evidence may be properly excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403. The HR LLC Counterclaims against the Kai Trust are set forth in ten Causes of Action for Breach of Contract(s), Conversion, Unfair Competition/Unfair Trade Practices, Tortious Interference with Prospective Economic Advantage, Fraud, Promissory Estoppel, Unjust Enrichment and Quiet Title. Litigation of these HR LLC Counterclaims would ordinarily require extensive discovery and a trial on the merits. But it is not necessary to resolve the HR LLC Counterclaims to decide the RST Motion, because HR LLC had or has rights to assert the HR LLC Counterclaims in the Civil Action if they are a defense to foreclosure. Moreover, the HR LLC Counterclaims were already raised by HR LLC as defenses to the Kai Trust's renewed motion for summary judgment[5], which was decided

---

[5] See Exhibit 2 to the Kai Trust's Supplemental RJN, Defendant/ Counterclaim Plaintiff Hawaiian Riverbend, LLC's Memorandum In Opposition To "Plaintiffs' Renewed Motion for Summary Judgment and for Interlocutory Decree Of Foreclosure"; Declaration of Ryan Smith; Exhibits "A" - "J"; Certificate of Service. Miroyan is also precluded from raising the HR LLC Counterclaims by the doctrine of issue preclusion (collateral estoppel), established by *Parklane Hosiery Co. v. Shore*, 99 S. Ct. 645, 649 (1979) and applicable to bankruptcy courts. *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 824-25 (9th Cir. BAP 2006) The Kai Trust contends Miroyan had every incentive to vigorously litigate the HR LLC Counterclaims in the Civil Action, and application of issue preclusion in the RST Motion is fair and consistent with sound public policy. See, *Montana v. United States*, 99 S. Ct. 970, 974 (1979) See *Kahoohanohano v. Department of Human Services, State of Hawai'i*, 117 Hawai'i 262, 178 P.3d 538 (2008) (setting forth four requirements for collateral estoppel, including, inter alia, that "'the party against whom [collateral estoppel] is asserted was a party or in privity with a party to the prior adjudication.'" (brackets in original) (quoting *Exotics Hawai'i-Kona, Inc. v. E.I. DuPont De Nemours & Co.*, 104 Hawai'i 358, 365, 90 P.3d 250, 257

Motion in Limine To Exclude Evidence of Counterclaims

in favor of the Kai Trust by virtue of the Order Granting Plaintiffs' Renewed Motion for Summary Judgment and for Interlocutory Decree of Foreclosure (Kai Decl., Exhibit 9).

Allowing evidence on the HR LLC Counterclaims would therefore be a waste of the Court's time, and all such evidence should therefore be excluded under FRE 403.

**3. The HR LLC Counterclaims Were Deemed Waived and Extinguished for All Purposes in Connection with the HR LLC Chapter 11 Case**

The HR LLC confirmed Plan was amended by the Order Confirming Second Amended Plan of Reorganization Dated October 6, 2016, which provided:

> A. Proof of Claim no. 5 in the Claim Register filed by the Kai Family 1998 Trust (the "Kai Trust") on August 22, 2016, in the total amount of $1,248,739.72 (the "Kai Secured Claims"), shall be deemed an Allowed Claim for all purposes in this Chapter 11 Case, and the Counterclaims asserted by the Debtor against the Kai Trust in that certain lawsuit entitled Kenneth Y. Kai, Trustee of the Kai Family 1998 Trust, et al. v. Hawaiian Riverbend, LLC , In the Third Circuit Court of the Circuit Courts of the State of Hawaii, Civil No. 3CC 15-1-0164K, shall be **deemed waived and extinguished for all purposes**. [See Declaration of Kenneth Y. Kai filed concurrently herewith (the "Kai Decl."), Exhibit 7, pp. 2, Emphasis Added]

The Kai Trust contends the dismissal of the HR LLC Chapter 11 did not "unwaive" or otherwise revive the HR LLC Counterclaims, and certainly did not vest them in Miroyan. Allowing evidence on the HR LLC Counterclaims would therefore be a waste of the Court's time, and all such evidence should therefore be excluded under FRE 403.

WHERFORE, the Kai Trust requests an order precluding Miroyan from offering any and all evidence, references to evidence, testimony or argument relating to the HR LLC Counterclaims.

Dated: January 29, 2019

                                          */s/ Wayne A. Silver*
                                          Wayne A. Silver, attorney for *KENNETH Y. KAI and TAE K. KAI, Trustees of the Kai Family 1998 Trust*

---

(2004), cited in *Moyle v. Y & Y Hyup Shin, Corp.*, 2008 Haw. LEXIS 205, at *43 (2008). Miroyan is unquestionably "in privity" with HR LLC.

Motion in Limine To Exclude Evidence of Counterclaims