**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road,
Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

*Attorney for KENNETH Y. KAI and*
*TAE K. KAI, Trustees of the Kai Family 1998 Trust*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL HAROUTUN MIROYAN,<br><br>    Debtor. | Case No.: 18-52601-MEH<br>Chapter 13<br>RS No. WS110<br>Date: March 1, 2019<br>Time: 9:30 a.m.<br>Court: 3020, Hon. M. Elaine Hammond |

### SUPPLEMENTAL BRIEF OF THE KAI FAMILY TRUST
### IN SUPPORT OF MOTION FOR RELIEF FROM STAY

Pursuant to the Court's request after the hearing on January 31, 2019, the Kai Family 1998 Trust Dated October 5, 1998 ("Kai Trust"), submits this Supplemental Brief in support of their motion for full and complete relief from the automatic stay under 11 U.S.C. §362(d)(1),[1] together with an *in rem* order under Code §362(d)(4) ("Motion").

The Motion seeks relief to continue the judicial foreclosure of an undeveloped lot located in Hawaii identified in bankruptcy debtor Michael Haroutun Miroyan's ("Miroyan") bankruptcy schedule[2] A/B, Item 1.4 as: "Empty Land in HI, Lot: 3-6-8-002-053," referred to herein as "Parcel

---

[1] Further references to Title 11 of the U.S. Code are abbreviated as the "Code."

[2] Kai Trust requests the Court take judicial notice of the Miroyan's bankruptcy schedules and Plan in the above captioned Chapter 13 case under Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure.

53." Parcel 53 was previously owned by Hawaiian Riverbend, LLC ("HR LLC"), Miroyan's single member LLC and former Chapter 11 debtor, until Miroyan caused HR LLC to fraudulently transfer Parcel 53 to himself for no consideration on or about August 9, 2018 (See Exhibit "A" to Motion). HR LLC (not Miroyan) is the obligor on long overdue notes secured by Parcel 53 in favor of the Kai Trust, all of which are in default.

The Motion requested the following relief:[3]

    1.    Full and complete relief from the stay under Code §362(d)(1) to proceed under applicable non-bankruptcy law to enforce all rights and remedies to foreclose upon and obtain possession of Parcel 53, including but not limited to amending the complaint in the Civil Action[4] to include Miroyan as an additional defendant, and prosecution of the Civil Action to final judgment.

    2.    An order granting this Motion and providing full and complete relief from the stay under Code §362(d)(4), and that such order be effective *in rem* to be binding and effective in any bankruptcy case commenced by or against any bankruptcy debtor who claims any interest in Parcel 53 for a period of 180 days from the date of the hearing on this Motion, without further notice, or upon recording of a copy of this Court's order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

    3.    Waiver of the 14-day stay prescribed by FRBP 4001(a)(3).

    4.    Such other and further relief as the Court found fair and equitable.

Although the Motion requested relief to continue prosecution of the Civil Action to final judgment, the Court questioned the status of the foreclosure in the Civil Action given the transfer of Parcel 53 prior to the November 26, 2018 auction, which occurred a few hours after this Chapter 13 bankruptcy case was filed.[5]

---

[3] See Motion for Relief from Stay filed on December 29, 2019, Docket No. 24, pp. 6:23 – 7:9.

[4] Civil Action No. 15-1-0164K against HR LLC pending in the Circuit Court of the Third Circuit State of Hawaii seeking to foreclose on Parcel 53, filed on or about May 1, 2015 ("Civil Action").

[5] Miroyan's bankruptcy filing did not stay the Civil Action against HR LLC, because Miroyan wasn't a party to the Civil Action. See, *In In re McCormick*, 381 B.R. 594 (Bankr. S.D.N.Y. 2008); *In re Sun-Ming Sheu*, 2009 Bankr. LEXIS 1703 (Bankr. E.D.N.Y. 2009); *In re Penn*, 2010 Bankr. LEXIS 1546, at *4-5 (Bankr. N.D. Ga. 2010) ("Unless extended by the court in an "unusual situation," the protections afforded by section 362(a)(1) are '"only available to the debtor, not third party defendants or co-defendants."' *Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007) (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986)). A separate legal entity

Supplemental Brief of the Kai Family Trust In Support of Motion for Relief from Stay

**I.  Hawaii Mortgage Law Is Based On the Lien Theory of Mortgages, Therefore HR LLC Retained Legal and Equitable Title to Parcel 53 Notwithstanding the Interlocutory Decree of Foreclosure and Appointment of the Commissioner In the Civil Action**

Hawaii mortgage law is based on the lien theory of mortgages. See *FHLMC v. Transamerica Ins. Co.*, 89 Hawai'i 157, 164, 969 P.2d 1275, 1282 (Haw. 1998); see also *Adair v. Kona Corp.*, 51 Haw. 104, 110, 452 P.2d 449, 453 (Haw. 1969). Under the lien theory of mortgages, "the mortgagee is regarded as owning a security interest only and both legal and equitable title remain in the mortgagor until foreclosure." Restatement (Third) of Property § 4.1(a) at 278 (1999). *Hawai'i Nat'l Bank v. Cook*, 99 Hawai'i 334, 342-43, 55 P.3d 827, 835-36 (Haw. App. 2000), rev'd on other grounds, 100 Hawai'i 2, 58 P.3d 60 (Haw. 2002).

On default, the mortgagee has only a possessory interest, and ownership of the property remains subject to the mortgagor's equity of redemption.  In order to terminate the mortgagor's equity of redemption, the mortgagee must bring an action to foreclose the mortgage, obtain a writ of execution for sale of the mortgaged property, and sell the property through foreclosure. *Fed. Home Loan Mortg. Corp. v. Transamerica Ins. Co.*, 89 Hawai'i 157, 164, 969 P.2d 1275, 1282 (Haw.1998)

Under Hawaii law, it therefore appears HR LLC retained legal and equitable title to Parcel 53, despite the entry of the interlocutory decree of foreclosure and appointment of the Commissioner on March 21, 2018 in the Civil Action. (See Declaration of Kenneth Y. Kai filed concurrently herewith (the "Kai Decl."), Exhibit 9). The effect of this appointment did no more than grant the Commissioner a possessory interest in Parcel 53, because "the commissioner takes possession of the mortgaged property and preserves the property for the benefit of the person or entity subsequently entitled to it." *Hawai'i Nat'l Bank v. Cook*, Id., at 347. The legal and equitable title remained with HR LLC until final resolution of the Civil Action, which means the transfer of Parcel 53 from HR LLC to Miroyan, despite the fact is was fraudulent, rendered the November 26, 2018 auction a nullity.

**II.  The Warranty Deed from HR LLC to Miroyan Was a Fraudulent Transfer**

---

that is established to hold property is considered a separate legal entity for that purpose and, should that legal entity desire bankruptcy protection, it must file its own petition."

Although HR LLC retained legal and equitable title to Parcel 53, the Warranty Deed conveyed by HR LLC to Miroyan is void as to the Kai Trust, because it was a fraudulent conveyance intended to defraud HR LLC's creditors by hindering or delaying the foreclosure proceedings in the Civil Action. As explained by the Hawaii Supreme Court in *Kanamu v. Parke*,

> A fraudulent conveyance is no conveyance as against the interest intended to be defrauded. It is impossible that these deeds can be permitted to stand as a security, if they are to be adjudged bad ab initio.
>
> . . . [A] deed by which the parties convey with the intention to defraud is void as against creditors. . . . The terms "void" and "voidable" are often used without precision. If a deed is absolutely void, it cannot be the source of a title: if voidable only, as between the parties, it may be. The deed . . . if fraudulent, was void between the parties, **but voidable only**, as to subsequent purchasers, or creditors, dependent upon the proof of fraud. 6 Haw. 91, 92-94 (Haw. 1872) (citation omitted) (emphasis added).

Hawaii's Uniform Fraudulent Transfer Act, HRS § 651C-4(a)(1), provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay, or defraud any creditor of the debtor.

To challenge the validity of the transfer of Parcel 53, which is a question of fact, the Kai Trust will have to join Miroyan as an indispensable party to the Civil Action:

> "[W]here a creditor alleges a fraudulent transfer of property from a judgment debtor to a transferee who retains title to the subject property or who claims an interest in the property or its proceeds, the transferee is a necessary party to any action seeking to set aside the transfer. Such an action for relief against a transfer alleged to be fraudulent should be brought pursuant to Hawaii Revised Statutes (HRS) ch. 651C (1985), see supra n.2, and should expressly name the alleged fraudulent transferees as defendants. Our holding is consistent with established Hawaii law regarding the naming of parties in property disputes. Cf. *Rossiter v. Rossiter*, 4 Haw. App. 333, 337, 666 P.2d 617, 620 (1983) (record owner of property was necessary and indispensable party to action affecting her interest in property, and family court had no jurisdiction to adjudicate questions affecting title to property where record owner not named as party). Fundamental principles of due process require that transferees who claim an interest in real property or its proceeds have a full and fair opportunity to contest claims of

Supplemental Brief of the Kai Family Trust In Support of Motion for Relief from Stay

fraudulent transfer." *Tanaka v. Nagata*, 76 Hawai'i 32, 36-37, 868 P.2d 450, 454-55 (Haw. 1994).

Under Hawaii law, the transfer of Parcel 53 from HR LLC to Miroyan is void as to the Kai Trust, but merely voidable as to other creditors. In order to deliver clear and insurable title through foreclosure, the Kai Trust has therefore determined Miroyan must be named as a party to the Civil Action, and the auction conducted again. The Kai Trust has not determined whether or not the fraudulent transfer of Parcel 53 also needs to be avoided, however requests that relief should it become necessary.

**III.     The *Curtis Factors* Weigh Heavily In Favor of Granting the Motion and Allowing the Civil Action to Proceed to Final Judgment against Both HR LLC and Miroyan**

Courts have identified various factors relevant to determining whether the stay should be lifted to allow a creditor to continue pending litigation in a non-bankruptcy forum. The now familiar "twelve factor test" originated in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr.D.Utah 1984)("*Curtis Factors*") has been adopted by most courts in the Ninth Circuit. (See, *Newberry v. City of San Bernardino* (*In re City of San Bernardino*), 558 B.R. 321, 332 (C.D. Cal. 2016); *In re Plumberex Specialty Products, Inc.*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004)).

The Second Circuit first applied the *Curtis Factors* in *In re Sonnax Indus.*, 907 F.2d 1280, 1285 (2d Cir.1990), which has become a leading case at the circuit level. As noted in *Sonnax*, not all of the twelve *Curtis Factors* are relevant in every case. *Id*. at 1286; see *Mazzeo*, 167 F.3d at 143. Nor is a court required to give each of the *Curtis Factors* equal weight in making its determination. *Burger Boys, Inc. v. S. St. Seaport Ltd. Pa. (In re Burger Boys, Inc.)*, 183 B.R. 682, 688 (S.D.N.Y. 1994); *In re N.Y. Med. Group, P.C.*, 265 B.R. 408, 413 (Bankr.S.D.N.Y. 2001).

As discussed below, the *Curtis Factors* as applied to this Motion strongly favor granting the Kai Trust complete relief from stay to add Miroyan as a defendant in the Civil Action, seek avoidance of the fraudulent transfer, and pursue the Civil Action to final judgment.

**1.      Whether the relief will result in a partial or complete resolution of the issues.**

Relief from stay will result in a complete resolution of the Kai Trust's rights to foreclose on Parcel 53. It will permit the Kai Trust to add Miroyan as a defendant in the Civil Action, and, if necessary, seek avoidance of the fraudulent transfer of Parcel 53 from HR LLC to

Miroyan, thereby consolidating all of the necessary parties and claims in the Civil Action. And to the extent HR LLC has alleged claims against the Kai Trust regarding the execution of the secured promissory notes and mortgages,[6] those claims can and should be addressed in the Civil Action, because HR LLC is not a party in this Bankruptcy Case. Relief from stay will allow a complete resolution of the Kai Trust's claim against Parcel 53 in the Civil Action.

**2. The lack of any connection with or interference with the bankruptcy case.**

A bankruptcy court must be cognizant of the entire bankruptcy case and its progress, and adjudicate stay relief issues from this perspective. *Santa Clara Cnty. Fair Ass'n v. Sanders (In re Santa Clara Cnty. Fair Ass'n)*, 180 B.R. 564, 567 (9th Cir. BAP 1995). In that context, Miroyan admitted in open Court[7] he engineered and participated in the fraudulent transfer of Parcel 53 from HR LLC to himself. Miroyan's Chapter 13 bankruptcy case was filed in bad faith, and is eventually going to be dismissed or converted. (See for example, First Amended Trustee's Objection to Confirmation filed on 2/5/2019, Docket No. 54, and the Kai Trust's Objection to Plan filed on 12/21/2018, Docket No. 28). And since the Action by Written Consent states Miroyan "assumed all of the obligations of the Company [HR LLC]," there is no question he is not eligible to be a debtor under Chapter 13, because his debts far exceed the allowed limits of Code §109(e).[8] The Court will also note Miroyan failed to disclose his assumed obligations in either his Chapter 13 Plan (dated 12/6/18), or Bankruptcy Schedules (filed 12/10/18, Docket No. 13, pp.15 – 19), both listing only $1,444.00 in unsecured claims.

The Kai Trust does not believe the requested relief has or will have any connection or interference with Miroyan's bankruptcy case, because Miroyan's bankruptcy case was filed in bad faith and is going to be dismissed or converted. Moreover, it will ultimately be determined Parcel 53

---

[6] The Kai Trust contends any such alleged claims "Counterclaims" have either been adjudicated in the Civil Action, or waived and extinguished in the HR LLC Chapter 11 bankruptcy case. (See Kai Trust's Motion in Limine and Supplemental Request for Judicial Notice, filed on 1/29/2019, Docket Nos. 47 and 48, respectively.)

[7] Miroyan admitted he transferred Parcel 53 from HR LLC to himself. (See, Action by Written Consent filed on 1/31/2019, Docket No. 51, and Exhibit "A" to the Motion)

[8] See Kai Decl., Exhibit 7, Order Confirming Second Amended Plan of Reorganization dated October 6, 2016 and attached Plan, Kai Decl. Exhibit P. 119 ($359,000 in Unsecured Claims). And the Kai Trust filed a secured Proof of Claim on 2/4/19 (Claim No. 10) in the amount of $1,439,688.

was fraudulently transferred to Miroyan, and therefore will no longer be property of the bankruptcy estate.

  **3. Whether the foreign proceeding involves the debtor as a fiduciary.**

  The Civil Action does not involve Miroyan as a fiduciary.

  **4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases.**

  The claims in the Civil Action are strictly a matter of Hawaiian law. The causes of action do not involve unsettled issues, nor do they require a specialized tribunal. The Hawaii court has general jurisdiction to decide all of the state law causes of action in the Civil Action. The Hawaii court has the expertise to hear and decide issues arising under Hawaiian law. The optimal court to decide these state law issues is the Hawaii court, which has dealt with the Civil Action for over 4 – 1/2 years.[9]

  **5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.**

  The Kai Trust is not aware of insurance coverage for any of its claims in the Civil Action.

  **6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.**

  The Civil Action is currently against HR LLC, the obligor on all of the Secured Promissory Notes and Mortgages on Parcel 53 (See Kai Decl., Exhibits 1, 2, 4, 5 and 6). To the extent HR LLC is a necessary party, this Court cannot resolve these issues unless HR LLC is somehow joined.

  **7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.**

  The Kai Trust does not believe resolving these matters in the Civil Action would prejudice other creditors or interested parties.

  **8. Whether the judgment claim arising from the foreign action is subject to**

---

[9] The Civil Action was filed on or about May, 1, 2015 (Kai Decl., ¶15).

Supplemental Brief of the Kai Family Trust In Support of Motion for Relief from Stay

**equitable subordination under Section 510(c).**

The Kai Trust does not believe a judgment in the Civil Action is subject to equitable subordination under §510(c).

**9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).**

A judgment in the Civil Action would not result in an avoidable judicial lien.

**10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties.**

This factor sharply favors granting The Kai Trust's Motion. The Civil Action progressed to the point of appointment of a Commissioner to conduct the auction of Parcel 53 in Hawaii, where Parcel 53 is located. HR LLC is not a party to this action, but ostensibly owns all of the alleged Counterclaims Miroyan now seeks to assert against the Kai Trust. Deciding these issues in this Court could lead to inconsistent results and multiple appeals. The Motion should be granted to continue the Civil Action.

**11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.**

This factor also sharply favors granting the Kai Trust's motion. The Hawaii court has already heard and determined the Kai Trust's Renewed Motion for Summary Judgment and for Interlocutory Decree of Foreclosure in the Civil Action (Kai Decl., Exhibit 9). A Commissioner has been appointed in the Civil Action, acting as a neutral party and an arm of the court. *Hoge v. Kane II*, 4 Haw. App. 533, 539, 670 P.2d 36, 40 (1983). The Commissioner has already gone to great lengths to market Parcel 53. (See Declaration of Andrew M. Kennedy filed on 1/26/19, Docket No. 40, and supplemental Errata Sheet filed on 1/17/19, Docket No. 44).

**12. The impact of the stay on the parties and the "balance of hurt."**

Miroyan claims he was forced to transfer Parcel 53 from HR LLC to himself because HR LLC was prevented from appearing without an attorney in the Civil Action. (See Action by Consent, filed on 1/31/2019, Docket No. 51) By granting the Motion and allowing the Kai Trust to join Miroyan as a defendant in the Civil Action, Miroyan will now be permitted to

appear and defend himself in the Civil Action without the need to retain counsel.

The stay is prejudicial to the Kai Trust, and continues Miroyan's free ride. No payments were ever made by HR LLC under the Note, Amended Note or 2013 Note, and Miroyan never offered to make adequate protection payments either in the HR LLC Bankruptcy Case[10] or this Chapter 13 case. Specifically, HR LLC did not make the balloon payment that was due on December 1, 2013 under the Amended Note. Nor did HR LLC ever cure the default after due notice was made by the Kai Trust, through counsel. [Kai Decl., ¶¶11 – 12]

Instead, HR LLC (through Miroyan), filed the HR LLC Bankruptcy that stayed the Civil Action. HR LLC was then able to buy more time with the empty promise Parcel 53 would be sold on or before February 28, 2018 through the confirmed Second Amended Plan of Reorganization dated October 6, 2016 ("Plan"). [Kai Decl., ¶¶16 – 17, Exhibit 7] But as the Bankruptcy Court found in the Order dismissing the HR LLC Bankruptcy, HR LLC (and Miroyan) not only failed to comply with the Plan, there was no intention to sell Parcel 53. [Kai Decl., ¶¶18 – 19, Exhibit 8, p. 4] Miroyan should not be rewarded with the protection of the automatic stay in this bad faith Chapter 13 case under these circumstances, and the Court should grant the Motion.

Dated: February 7, 2019

*/s/ Wayne A. Silver*
Wayne A. Silver, attorney for *KENNETH Y. KAI and TAE K. KAI, Trustees of the Kai Family 1998 Trust*

---

[10] HR LLC (through Miroyan) filed for Chapter 11 bankruptcy on or about April 4, 2016 in the U.S. Bankruptcy Court for the District of Hawaii, Case No. 16-00348 (the "HR LLC Bankruptcy"). [Kai Decl., ¶¶15 – 16]

Supplemental Brief of the Kai Family Trust In Support of Motion for Relief from Stay

# CERTIFICATE OF SERVICE BY CM/ECF AND REGULAR MAIL

I, Wayne A. Silver, the undersigned, hereby declare:

I am the attorney for KENNETH Y. KAI and TAE K. KAI, Trustees of the Kai Family 1998 Trust, with offices at 643 Bair Island Road, Suite 403, Redwood City, CA 94063. On February 8, 2019, I caused to be served true and correct copies of the SUPPLEMENTAL BRIEF OF THE KAI FAMILY TRUST IN SUPPORT OF MOTION FOR RELIEF FROM STAY, by means of this Court's electronic transmission to the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth on the ECF/CMS Mailing List obtained from this Court on this date, as follows:

| Name | Email Address |
|---|---|
| Devin Derham-Burk | ctdocs@ch13sj.com |
| Sean Ferry | bkyecf@rasflaw.com, sferry@ecf.courtdrive.com |
| Office of the U.S. Trustee / SJ | USTPRegion17.SJ.ECF@usdoj.gov |
| Wayne A. Silver | w_silver@sbcglobal.net, ws@waynesilverlaw.com |

In addition on this date, I served a true and correct copy of the foregoing document on Debtor MICHAEL HAROUTUN MIROYAN, and all creditors requesting notice by mail, by placing true and correct copies thereof enclosed in sealed envelopes, with first-class postage thereon fully prepaid, addressed to:

Michael Haroutun Miroyan
PO Box 3181
Saratoga, CA 95070-1181

Synchrony Bank
c/o PRA Receivables Management, LLC
P.O. Box 41021
Norfolk, VA 23541

and depositing said envelopes for mailing with the U.S. Postal Service at Redwood City, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 8, 2019 at Redwood City, California.

/s/ *Wayne A. Silver*
Wayne A. Silver