DEVIN DERHAM-BURK, ESQ. #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE, ESQ. #256514
NANETTE DUMAS, ESQ. #148261
JANE Z. BOHRER, ESQ. #243692
P.O. BOX 50013
SAN JOSE, CA 95150-0013
TELEPHONE: (408) 354-4413
FACSIMILE: (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| IN RE:<br><br>MICHAEL HAROUTUN MIROYAN,<br><br>Debtor. | CHAPTER 13 CASE NO. 18-52601 MEH<br><br>MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. § 109(e)<br><br>Hearing Date: March 21, 2019<br>Hearing Time: 9:300 a.m.<br>Judge: Hon. M. Elaine Hammond<br>Place: United States Bankruptcy Court<br>280 S. First Street, Courtroom 3020<br>San Jose, CA 95113 |

Devin Derham-Burk, the Standing Chapter 13 Trustee (the "Trustee"), hereby moves the Court for dismissal of this case pursuant to 11 U.S.C. § 109(e). In support of this motion the Trustee requests the Court to take judicial notice of its own files and records in this case. Fed R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed R. Bankr. P. 9017. The declaration of the Trustee (the "Derham-Burk Decl.") is filed concurrently herewith.

FACTUAL BACKGROUND

Debtor Michael Haroutun Miroyan (the "Debtor") filed this case on November 26, 2018.

According to the Debtor's Schedule D, filed on December 10, 2018 [Docket #13], the secured debt in this case totaled $1,190,000. Two deeds of trust in favor of the Kai Family Trust secured by vacant land in Hawaii were scheduled for a total of $790,000 on Schedule D. A deed of trust in favor of Ocwen Loan Servicing secured by a separate parcel of real property in Hawaii was scheduled for $400,000 on Schedule D.

None of the claims on Schedule D were designated as contingent or unliquidated, although two claims were designated as disputed. Therefore, according to the Debtor's own schedules, the Debtor's secured debts exceed the statutory cap of 11 U.S.C. § 109(e) by $6,000, which causes the Debtor to be ineligible for chapter 13 relief.

Further, on January 1, 2019, Ocwen Loan Servicing, LLC filed secured Claim #6-1 in the amount of $1,739,712.99, which included pre-petition arrearages of $1,055,607.35.

On February 4, 2019, Kai Family 1998 Trust Dated October 5, 1998 filed secured claim #10-1 in the amount of $1,439,688.

An executed and filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. See Fed. R. Bankr. P. 3001(f).

Based on Claim ##6-1 and 10-1, the Debtor's secured debts total $3,179,400.99, which substantially exceeds the statutory cap of 11 U.S.C. § 109(e) for secured debts.

On January 14, 2019 the Court entered the Order Granting The Motion To Withdraw As Counsel By Debtor's Counsel Eddy Hsu, Esq. [Docket #39]. Thereafter, the Debtor has been representing himself in this bankruptcy proceeding.

According to the Debtor's Schedule E/F, filed on December 10, 2018 [Docket #13], the Debtor's unsecured debts in this case totaled $1,144, an amount that is substantially below the § 109(e) statutory cap for unsecured debts.

However, at the Debtor's continued § 341 meeting held on February 11, 2019, the Debtor provided the Trustee with a list of unsecured debts totaling $558,000. Derham-Burk Decl., paragraph 3; Exhibit A. Therefore, based on the Debtor's admission at his § 341 meeting, the Debtor's unsecured debts substantially exceed the § 109(e) statutory cap for unsecured debts.

LEGAL ARGUMENT

A. <u>Dismissal Of This Case Is Appropriate Pursuant To 11 U.S.C. § 109(e).</u>

§ 109(e) of the Bankruptcy Code provides in pertinent part:

> Only an individual with regular income that owes, on the date of filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200 . . . may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e) (AWHFY, L.P. 2019).

Eligibility for chapter 13 under § 109(e) is normally determined by the amount of the debts on a debtor's originally filed schedules, checking only to see whether the debtor's schedules have been filed in good faith. See <u>In re Scovis</u>, 249 F.3d 975, 982 (9th Cir. 2001).

Thus, lack of good faith is an exception to the general rule that eligibility for chapter 13 under § 109(e) is normally determined by the amount of the debts on a debtor's originally filed schedules. See <u>In re Scovis</u>, 249 F.3d 975, 981-82 (9th Cir. 2001). Under normal circumstances, a debtor's failure to list a debt would exclude the debt from a § 109(e) eligibility calculation. In this case, however, since the Debtor himself provided the Trustee with a list of unsecured debts at his continued § 341 meeting held on February 11, 2019, it appears that the Debtor grossly underrepresented his unsecured debts on his Schedule E/F filed on December 10, 2018.

In any event, even without considering the filed secured proofs of claim or the Debtor's admission in writing that his unsecured debts total $558,000, the Debtor is ineligible for chapter 13 based on his own filed Schedule D in which his secured debts total $1,190,000.

Dismissal of a chapter 13 case is appropriate if the debts exceed the limits set forth in § 109(e). See In re Glance, 487 F. 3d 317, 323 (6th Cir. 2007) (affirming that the bankruptcy court correctly dismissed a case in which the secured debt exceeded the debt limits of § 109(e)); In re Mazzeo, 131 F. 3d 295, 300 (2nd Cir. 1997) (affirming that the bankruptcy court correctly dismissed a case in which the unsecured debt exceeded the debt limits of § 109(e)).

Because the Debtor's respective secured and unsecured debt totals appears to be well above the respective secured and unsecured debt limits of 11 U.S.C. § 109(e), the Debtor is not eligible to be a chapter 13 debtor.

## CONCLUSION

WHEREFORE, Devin Derham-Burk, the Standing Chapter 13 Trustee, requests the Court to dismiss this case.

Dated:    February 21, 2019          Respectfully submitted,


/s/ Nanette Dumas
Attorney for Chapter 13 Standing Trustee