FILED

FEB 2 2 2019

CLERK
United States Bankruptcy Court
San Jose, California

Declaration of Michael Miroyan
to NOT set aside the stay in
this CH13 BK #18-52601

① I will be converting this CH13 to a
CH11 individual bankruptcy at a cost of
$932 which I have but I don't yet
have the lawyer to help me to do it but
I'm actively looking.

② I have spent the last 3 days working
on companion case Tevick v. Hawaiian
Riverbend LLC and me as Defendants in
the Intermediate Court of Appeals in
Hawaii Case # CAAP-18-0000683 which
was abruptly dismissed recently and I
had to file for an extension of time
in the Hawaii State Supreme Court
a motion for an extension of time to
file my application for certiorari.

③ I am continually overwhelmed and
I have no time to prepare, to read
to write and this fast pace is wholly
unnecessary because in this instant
BK case here the only mortgage holder
is the KAI's representing through fraud
and forgery they are owed $1,247,000°° but

the property they seek to steal is worth $6 million dollars (see BPO by John Miller, Sothebys real estate, exhibit 1) and see Faris Lee $8 million listing exhibit 2)

And therefore there is NO WAY the K's are going to ~~will~~ Lose ANY money or ANY interest.

I, Michael Miroyan will lose tremendously. And that's not right. I earned what I own through years of hard labor by providing a significant public benefit through seven successful subdivisions, 421 residential units and as a result of these gutsy and risky efforts... $200 million in jobs and assorted work for hundreds of people in Silicon Valley.

I do not deserve to be stripped of my 14.66 acres of Commercially zoned land where I have dedicated the last 13 years of my life especially under these despicable circumstances of lying, treachery, greed and deceit as the banners of the flag, under which the untrustworthy K's sit with their attorneys.

To be continued

Exh 1

## DECLARATION OF ROGER E. WEHRSIG

The undersigned, under penalty of law, declares as follows:

1. That I am the General Manager of the Waikoloa Village Association, a Hawaii non-profit corporation, and as part of my duties, am tasked with keeping informed on activities surrounding the Waikoloa Village Community.

2. That I am familiar with the subject matter of this action and am qualified and informed to swear to the statements herein.

3. On Sunday, November 25, 2018 I received a phone call from Mr. Michael Miroyan, inquiring on whether I was planning on attending the published Commissioners Auction of TMK (3) 6-8-002-053 that was scheduled for Monday, November 26, 2018 at 12:00PM (noon) at the Flagpole at Hale Halawai, 75-5760 Alii Drive, Kailua-Kona HI.

4. I informed Mr. Miroyan that I had not decided if I would attend the auction as I needed to check my schedule for the day. He encouraged me to attend as he wanted to know what happened at the auction.

5. On Monday, November 26, 2018 as time allowed me to attend the scheduled auction, I drove to Hale Halawai, 75-5760 Alii Drive, Kailua-Kona and arrived approximately 11:50AM, just prior to the scheduled 12:00PM (noon) auction time.

6. I parked my vehicle in a parking lot a short distance from Hale Halawai and walked to the published flagpole location as noted in the Fact Sheet, noticing the Commissioners Sale.

7.      As I approached the flagpole, the court appointed Commissioner, Mr. Andrew M. Kennedy, from Schlueter, Kwiat & Kennedy LLLP asked if I was there for the auction, to which I responded yes, however as an observer and not a bidder.  I assumed that if I was a bidder, he needed to qualify myself to insure I had the required financial resources to participate in the bidding process.  He requested my name to record my attendance in his records to which I responded, Roger Wehrsig, General Manager for the Waikoloa Village Association.

8.      Introductions took place with the only other individual who was in attendance and introduced as the legal representative for the Plaintiff in the court proceedings (believe that it was Mr. Matthew Shannon).

9.      At approximately 12:00PM (noon), with no other apparent bidders or observers, Commissioner Kennedy read the required information, Court Order and date, Case Number Civil No. 15-1-0164K, Tax Map Key (TMK) (3) 6-8-002-053 and other pertinent information that included the Terms under which the auction was taking place before opening for bids.

10.     On behalf of the Plaintiff, the legal representative for the Plaintiff offered a bid of a little over $1,247,000 which included dollars and cents or the amount currently owed under the Complaint.  He also noted that it was subject to an amended amount that might include additional charges that might be incurred on behalf of the Plaintiff in the Complaint proceedings, which I assumed indicated that the amount could be slightly higher.

11.     The Commissioner asked if there were any further bids and as there were none, closed the bidding process and proceeded to obtain additional information from the Plaintiff's legal representative to complete what appeared to be the necessary paperwork required to complete the bidding process.

12.     Prior to departing I noted that I had heard that Mr. Miroyan had filed for bankruptcy either the day before or that morning and whether his filing would affect the auction. Both Mr. Kennedy and legal representative for the Plaintiff acknowledged that they were aware of the filing and both agreed that it should not affect the Court Order or auction as the Complaint was against Hawaiian Riverbend the legal owner of the parcel, while the bankruptcy filing was a personal filing under Mr. Michael Miroyan.

13.     Upon returning to my office, I check the County of Hawaii Real Property Tax Office site and noted that a change in ownership had been recorded on August 9, 2018 via a Warrant Deed, recorded in the Bureau of Conveyance as Document #A67950847.

14.     After checking the data available on the County of Hawaii Real Property Tax Site, I called Mr. Miroyan and confirmed to him that the auction had taken place at the published location, time and place and that the only individuals present were myself, the commissioner (Mr. Andrew Kennedy) and legal representative for the Plaintiff who I believed to be Mr. Matthew Shannon.

15.     I also informed Mr. Miroyan of the process that was undertaken and that the only bid received by the Commissioner was from the Plaintiff's legal representative in the amount of $1,247,000 plus some dollars and cents and that the Plaintiff's legal representative also noted that it was subject to any additional charges that might be incurred on behalf of the Plaintiff in the Complaint proceedings.

16.     I also informed Mr. Miroyan that it was noted that additional bids may be allowed by the Court at the Confirmation of Sale Hearing, however if allowed by the court, the first post auction bid must be at least one hundred five percent (105%) of the highest bid at the Sale.

I hereby declare under penalty of law that the foregoing is true and correct to the best of my knowledge.

DATED: Kailua-Kona, Hawaii, _FEB. 19_, 2019

ROGER E. WEHRSIG

STATE OF HAWAII          )
                         ss:
COUNTY OF HAWAII         )

On this ___19th___ day of __February 2019__, before me appeared **ROGER E. WEHRSIG,** to me personally known, (or proved to me on the basis of satisfactory evidence) to be the person described in and who executed the forgoing instrument, and acknowledged to me that he executed the same as his free act and deed.

Name:   CHANTELLE VILLALON
Notary Public, State of Hawaii

My Commission No. 16302 Expires: AUG 1 4 2020

Document Date: 2/19/2019 No. of Pages 5

Notary Name:  CHANTELLE VILLALON
Third Circuit, State of Hawaii
Document Description: Declaration of Roger E Wehrsig ~~Release of Lien~~

Notary Signature                    Date 2/19/2019

[ls]

5

## DECLARATION OF ROGER E. WEHRSIG

The undersigned, under penalty of law, declares as follows:

1.      That I am the General Manager of the Waikoloa Village Association, a Hawaii non-profit corporation, and as part of my duties, am tasked with keeping informed on activities surrounding the Waikoloa Village Community.

2.      That I am familiar with the subject matter of this action and am qualified and informed to swear to the statements herein.

3.      On Sunday, November 25, 2018 I received a phone call from Mr. Michael Miroyan, inquiring on whether I was planning on attending the published Commissioners Auction of TMK (3) 6-8-002-053 that was scheduled for Monday, November 26, 2018 at 12:00PM (noon) at the Flagpole at Hale Halawai, 75-5760 Alii Drive, Kailua-Kona HI.

4.      I informed Mr. Miroyan that I had not decided if I would attend the auction as I needed to check my schedule for the day.  He encouraged me to attend as he wanted to know what happened at the auction.

5.      On Monday, November 26, 2018 as time allowed me to attend the scheduled auction, I drove to Hale Halawai, 75-5760 Alii Drive, Kailua-Kona and arrived approximately 11:50AM, just prior to the scheduled 12:00PM (noon) auction time.

6.      I parked my vehicle in a parking lot a short distance from Hale Halawai and walked to the published flagpole location as noted in the Fact Sheet, noticing the Commissioners Sale.

7.     As I approached the flagpole, the court appointed Commissioner, Mr. Andrew M. Kennedy, from Schlueter, Kwiat & Kennedy LLLP asked if I was there for the auction, to which I responded yes, however as an observer and not a bidder. I assumed that if I was a bidder, he needed to qualify myself to insure I had the required financial resources to participate in the bidding process. He requested my name to record my attendance in his records to which I responded, Roger Wehrsig, General Manager for the Waikoloa Village Association.

8.     Introductions took place with the only other individual who was in attendance and introduced as the legal representative for the Plaintiff in the court proceedings (believe that it was Mr. Matthew Shannon).

9.     At approximately 12:00PM (noon), with no other apparent bidders or observers, Commissioner Kennedy read the required information, Court Order and date, Case Number Civil No. 15-1-0164K, Tax Map Key (TMK) (3) 6-8-002-053 and other pertinent information that included the Terms under which the auction was taking place before opening for bids.

10.     On behalf of the Plaintiff, the legal representative for the Plaintiff offered a bid of a little over $1,247,000 which included dollars and cents or the amount currently owed under the Complaint. He also noted that it was subject to an amended amount that might include additional charges that might be incurred on behalf of the Plaintiff in the Complaint proceedings, which I assumed indicated that the amount could be slightly higher.

11.     The Commissioner asked if there were any further bids and as there were none, closed the bidding process and proceeded to obtain additional information from the Plaintiff's legal representative to complete what appeared to be the necessary paperwork required to complete the bidding process.

2

12.    Prior to departing I noted that I had heard that Mr. Miroyan had filed for bankruptcy either the day before or that morning and whether his filing would affect the auction. Both Mr. Kennedy and legal representative for the Plaintiff acknowledged that they were aware of the filing and both agreed that it should not affect the Court Order or auction as the Complaint was against Hawaiian Riverbend the legal owner of the parcel, while the bankruptcy filing was a personal filing under Mr. Michael Miroyan.

13.    Upon returning to my office, I check the County of Hawaii Real Property Tax Office site and noted that a change in ownership had been recorded on August 9, 2018 via a Warrant Deed, recorded in the Bureau of Conveyance as Document #A67950847.

14.    After checking the data available on the County of Hawaii Real Property Tax Site, I called Mr. Miroyan and confirmed to him that the auction had taken place at the published location, time and place and that the only individuals present were myself, the commissioner (Mr. Andrew Kennedy) and legal representative for the Plaintiff who I believed to be Mr. Matthew Shannon.

15.    I also informed Mr. Miroyan of the process that was undertaken and that the only bid received by the Commissioner was from the Plaintiff's legal representative in the amount of $1,247,000 plus some dollars and cents and that the Plaintiff's legal representative also noted that it was subject to any additional charges that might be incurred on behalf of the Plaintiff in the Complaint proceedings.

16.    I also informed Mr. Miroyan that it was noted that additional bids may be allowed by the Court at the Confirmation of Sale Hearing, however if allowed by the court, the first post auction bid must be at least one hundred five percent (105%) of the highest bid at the Sale.

I hereby declare under penalty of law that the foregoing is true and correct to the best of my knowledge.

DATED: Kailua-Kona, Hawaii, ___FEB. 19___, 2019

ROGER E. WEHRSIG

STATE OF HAWAII          )
                         ss:
COUNTY OF HAWAII         )

On this 19th day of February 2019, before me appeared **ROGER E.**
**WEHRSIG**, to me personally known, (or proved to me on the basis of satisfactory evidence) to
be the person described in and who executed the forgoing instrument, and acknowledged to me
that he executed the same as his free act and deed.

Name: CHANTELLE VILLALON
Notary Public, State of Hawaii

My Commission No. 16-302 Expires AUG 1 4 2020

Document Date: 2|19|2019 No. of Pages 5

Notary Name: CHANTELLE VILLALON
Third Circuit, State of Hawaii

Document Description: Declaration of Roger E Wehrsig
Release of Lien

Notary Signature                    2|19|2019
                                    Date

[s]

5

 Gmail                                **Aftab A. Malik <maliklaw@gmail.com>**

## 2019 02 19 Declaration - Roger E. Wehrsig.pdf
1 message

**Michael Miroyan** <mac8881@me.com>                        Fri, Feb 22, 2019 at 3:53 AM
To: "Malik," <maliklaw@gmail.com>

Sent from my #15 iPhone

 **2019 02 19 Declaration - Roger E. Wehrsig.pdf**
        1154K

Exh 2

# Faris Lee Investments
## REPRESENTATION AGREEMENT
### (EXCLUSIVE AUTHORIZATION TO SELL OR EXCHANGE)
### THIS IS INTENDED TO BE A LEGALLY BINDING AGREEMENT.

The undersigned Hawaiian Riverbend LLC ("Seller"), hereby employs Faris Lee Investments, ("Agent") and grants to Agent, for a period of time (the "Term") commencing on August 12, 2016 and ending at midnight 180 days after, the exclusive and irrevocable right and authority to sell that certain real property (the "Property") located in the City of Waikoloa, State of Hawaii, and more particularly described as follows:

Hawaiian Riverbend – Waikoloa, Hawaii, HI 96738
TMK # 3-6-8-002-052
TMK # 3-6-8-002-053

## TERMS AND CONDITIONS

1. **PURCHASE PRICE:** The Purchase Price for the Property shall be $7,000,000 as agreeable to Seller, payable at Close of Escrow pursuant to the terms stated herein, or price acceptable to Seller.

2. Agent is authorized to market the Property for sale at a Price as agreeable to Seller.

3. **BROKER REPRESENTATION**: It is understood that it is illegal for either Seller or Agent to refuse to display or sell the Property to any person because of race, color, religion, national origin, sex, marital status or physical disability. Seller agrees to cooperate with Agent in bringing about a sale of the Property and to immediately refer to Agent all inquiries of anyone interested in the Property. All negotiations are to be through Agent. Agent is authorized to accept and hold a deposit, made out to Escrow Holder, from any Prospective Purchaser. Agent is further authorized to advertise and market the Property and if, in Agent's opinion, such would facilitate the sale of the Property.

4. **FEE (COMMISSION):** Seller agrees to pay compensation to Agent only upon approval of sale by the U.S. Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court") and closing of the approved sale. Brokerage Firm acknowledges that the Bankruptcy Court may determine part of the compensation to Brokerage Firm provided for in the Listing Agreement may be payable to a real estate broker representing the buyer of the property. In consideration of brokerage services provided by Agent, Seller agrees to pay Agent a total commission equal to either (a) six percent (6.00%) of the Purchase Price of the property if buyer of the sale transaction approved by the Bankruptcy Court is represented by a broker; or (b) five percent (5.00%) of the Purchase Price of the property if there is no cooperating broker.

   In the case of any sale (which is approved by the Bankruptcy Court) accomplished through an escrow, this commission shall be paid at Close of Escrow, and Agent shall be entitled to make demand of any Escrow Holder for payment from the proceeds of sale.

5. **CONDITION OF PROPERTY**: It is understood and agreed that the Property is being sold "as is", and that Prospective Purchaser will have, prior to the closing date, inspected the Property and that neither Seller nor Agent makes any representation or warranty as to the physical condition or value of the Property or its suitability for Prospective Purchaser's intended use. However, all plumbing, heating, electrical and air conditioning to be in normal working condition at Close of Escrow.

6. **INSPECTION OF PROPERTY**: Seller agrees that Agent and their representatives shall have the right to enter upon and inspect the interior(s) and exterior of the Property during business hours by appointment.

7. **RECORDS, FINANCIAL DATA AND MARKETING ASSISTANCE**: Seller agrees to furnish, to certify as true and correct, and to make available to Agent and Prospective Purchasers all financial data, rent statements, leases and other operating records of the Property, and to provide Agent with such assistance as Prospective Purchaser may reasonably request in marketing the Property. Seller agrees to refer promptly to Agent, all inquiries of anyone interested in the Property.

8. **INDEMNIFICATION:** Seller agrees to indemnify and hold Agent harmless from any and all liability, damages, losses, causes of action, or other claims (including attorney's fees and other defense costs) arising from or associated in connection with any incomplete or inaccurate information provided by Seller, or any material information concerning the Property which Seller has failed to disclose.

9. **GOVERNING LAW:** This Agreement shall be governed by and construed in accordance with the laws of the State of Hawaii.

10. **SELLER DISCLOSURE:** Seller agrees to disclose to Agent and to Prospective Purchasers any and all information which Seller has regarding the condition of the Property, including but not limited to, the presence and location of asbestos, PCB transformers, other toxic, hazardous or contaminated substances, and underground storage tanks in, on, or about the Property. In addition, Seller agrees to disclose the current status of all tenancies of the Property with regard to tenant solvency and payment history.

11. **FIRPTA DISCLOSURE:** Seller represents that it is the owner of the Property and that, except as may be set forth in an addendum attached hereto, no person or entity who has an ownership interest in the Property is a foreign person as defined in the Foreign Investment in Real Property Tax Act.

12. **DUAL AGENCY:** Seller acknowledges that Agent may represent Prospective Purchasers and consents to such dual representation.

13. **ENTIRE AGREEMENT:** This Agreement constitutes the entire Agreement between Seller and Agent and supersedes all prior discussions, negotiations and agreements whether oral or written. No amendment, alteration or withdrawal of this Agreement shall be valid or binding unless made in writing and signed by both Seller and Agent. Any purported amendment, modification or withdrawal which is oral shall be void and of no effect whatsoever. This Agreement shall be binding upon the heirs, successors and assignees of the parties.

14. **ARBITRATION:** Any controversy or claim arising between Seller and Agent, including, without limitation, any claim or dispute involving this Agreement, or the breach or interpretation thereof, shall be settled by binding arbitration before the Judicial Arbitration and Mediation Service (the "Service") in the county where the Property is located, in accordance with the usual procedures of the Service, subject to the following provisions:
    A. **Notice to Arbitrate and Selection of Arbitrator:** The party seeking binding arbitration shall deliver a written Notice of Demand to Resolve Dispute (the "Demand") to all other parties to this Agreement and to the Service. The demand shall include a brief statement of the party's claim, the amount thereof, and the name of the proposed retired judge from the Service to decide the dispute ("Arbitrator"). Within ten days after receipt of the Demand, the other party or parties against whom a demand is made shall deliver a written Response to the demanding party and the Service. The response shall include a short and plain statement of the party's defenses to the claim and shall also state whether the party agrees to the Arbitrator chosen by the demanding party. In the event the parties cannot agree upon an Arbitrator, the Service shall select and name an Arbitrator to conduct the hearings.
    B. **Discovery:** In the event the claim or dispute equals or exceeds the sum of $50,000, the parties shall be entitled to full rights of discovery as set forth in the Hawaii Rules of Civil Procedure for civil actions tried in the Superior Courts of the State of Hawaii, subject to such orders as may be made by the Service. In the event the dispute between the parties is less than $50,000, there shall be no right to discovery except by stipulation of the parties or pursuant to the discretion of the Service. In the event the parties cannot agree as to the amount in issue, the Services shall hold a preliminary hearing for the purpose of determining whether the amount in issue equals or exceeds $50,000.
    C. **Powers of the Arbitrator:** The Arbitrator's powers shall be limited as follows: The Arbitrator shall follow the substantive laws of the State of Hawaii, including Rules of Evidence. The Arbitrator shall not consider anything outside the record unless notice is given to all parties within the opportunity to response to such matters.
    D. **Alternate Arbitrator:** In the event the Service is no longer in business and there is no comparable successor, then the parties agree to submit such dispute to binding arbitration to be conducted by the American Arbitration Association under and in accordance with the commercial rules of such Association.

15. **ATTORNEY'S FEES:** In any litigation, arbitration or other legal proceedings which may arise between any of the parties hereto, including Agent, the prevailing party shall be entitled to recover its costs, including cost of arbitration, and reasonable attorney's fees in addition to any other relief to which such party may be entitled.

16. **SELLER REPRESENTATION:** Seller represents that they are the legal owner of the property and that Seller has full right, power and authority without the consent and approval of any other person or entity to sell and transfer the property and to perform Sellers obligations. Furthermore, the individual(s) executing this Agreement on behalf of Seller has/have full right, power and authority to do so.

17. **BANKRUPTCY ADDENDUM:** This instrument is subject to the terms of the Bankruptcy Addendum, which is concurrently executed herewith. The sale of the Property, commission, and employment of Agent by Seller is subject to the approval of the Bankruptcy Court.

The undersigned Seller and Agent agree to the terms and conditions set forth in the Representation Agreement, and Seller acknowledges receipt of an executed copy hereof.

**SELLER:**

Seller: ~~HAWAIIAN~~ Riverbend, LLC

By: _Auing_ (sr) HMiROYAN

Its: MANAGER member

Date: Aug. 12, 2016

Address: _____

_____

Telephone: _____

Email: _____

**AGENT:**

Agent: _____

By: Richard Chichester

Its: President & CEO

Date: _____

Address: 18301 Von Karman Avenue, Suite 800

Irvine, CA 92612

Telephone: Patty Chin (949) 221-1819

Email: pchin@farislee.com

HR's Listing pg.3

Exh 3

## Memorandum Re: Assignment of Property Assets

In consideration for the transfer of the assets of Hawaiian Riverbend, LLC (HR, LLC) to the 100% owner of the LLC's membership interests, Mr. Michael Miroyan, and based on the "action by written consent of Sole Member and Manager of Hawaiian Riverbend, LLC" on this same date August 2, 2018 proof of financial consideration for the transfer is offered as follows:

1) It was in November 2009, when Michael Miroyan settled, in his favor, his civil lawsuit brought against Waikoloa Mauka, LLC et al and received as his settlement this Waikoloa property of 31 acres originally TMK # 6-8-002-021.*

   In Nov. 2009, the property's value was $1,500,000 and the escrow closing papers reflect that amount in its Net Sheet. In November 2009 this settlement was 100% Michael Miroyan's. That is irrefutable. Therefore, Miroyan received as his settlement this 31.3 acres valued at $1.5 million which Miroyan conveyed to HR, LLC, without consideration and this $1.5 million dollars is now credited back to Miroyan from HR, LLC through these conveyances.

2) The Salary/management fee of Michael Miroyan, of $3500 per month has gone unpaid even before the July 2012 Kai's breach of the Membership Purchase Agreement (MPA) signed in May 2010. The Kai's, in a flagrant breach of their fudiciary duty to fellow member Michael Miroyan, quit funding the project in a breach of their contractual duty. Unbeknownst to Miroyan, the Kai's had hired two lawyers in an effort to take the asset from Miroyan, the one who had invited the Kai's to join him in the venture for the sole purpose of him being able to pay back to the Kai's some $400,000 in personal notes from 2006. Miroyan's salary owed to this date is in excess of $378,000 and is financial consideration #2 for the transfer of the assets.

3) Miroyan personally borrowed $80,000 in 2016 and 2017 which he loaned to HR LLC for project and to which he is entitled to be reimbursed and is financial consideration #3.

**Conclusion**: Therefore, the total consideration owed to Miroyan by HR LLC is $1,958,000.

*Note: In Hawaii TMK (Tax Map Key) is the equivalent of APN (Assessors Parcel Number). It was on Feb.13, 2013 when Sidney Fuke, Planning Consultant and Miroyan, as its Manager, received County Council approval of the 3 lot subdivision. The original 31 Acre parcel was subdivided into 3 and one of the three, #53 was simultaneously rezoned to Commercial CV-20.

   TMK #6-8-002-021 = 5.95 acres (retained the original TMK)
   TMK #6-8-002-052 = 10.75 acres (subject of separate foreclosure on appeal)
   TMK #6-8-002-053 = 14.66 acres rezoned commercial and the subject of the foreclosure in this BK case #18-52601

It is #53, the 14.66 acres zoned commercial and worth $6 million, that is the subject of the illegal and fraudulent foreclosure action brought by the Kai's who strive to strip this $6 million dollar property from Miroyan for $900,000 owed but which they fraudulently claim as $1,247,000 owed. There was never supposed to be a foreclosure because Miroyan increased the notes by $650,000 without the Kai's putting up 10 cents. Therefore, the Kai's can show no money trail for the increase of their original $540,000 1st mortgage turning into $900,000.

This forged and fraudulent mortgage where the notarization of Miroyan's Aug. 8, 2013 signature was forged was then sent, again surreptitiously, in the Title Guarantee and Trust's overnight pouch to the Bureau of Conveyances, Honolulu Hawaii, on Nov. 18, 2013 to be recorded!! And it was recorded! And all of this was done without Miroyan's knowledge or consent. And get this… when was the $900,000 on the Kai's fraudulent first mortgage all due and payable? Eleven days later!!! On Nov. 30, 2013, the $900,000 was all due and payable! The fraudulent mortgage was secretly recorded only 11 days earlier on November 18, 2013 and is the subject of this foreclosure.

The Kai's, fellow members of the HR, LLC and 1st mortgage holder's simultaneously breached not only the MPA and quit funding but they breached their fudiciary duty to Miroyan, a fellow member of the LLC when they surreptitiously hired two lawyers, Michael Carrol and Matthew Shannon, to advise them on how to steal the property they had not earned from Miroyan, who had earned its ownership.

Date: 8-2-18

Seller

_____
Hawaiian Riverbend, LLC by
its Manager and sole member
Michael H. Miroyan owner
of 100% of the membership
interests of HR, LLC

Date: 8-2-18

Buyer

_____
Michael H. Miroyan

Exh 4

On Nov 26, 2018, at 9:27 AM, Eddy Hsu
<eddyhsu@ehsulaw.com> wrote:

Dear Mr. Carroll and Mr. Shannon:

Debtor Michael Haroutun Miroyan has just filed bankruptcy
in the Northern District of California. The case number is
18-52601. Attached is a copy of the notice of Bankruptcy
filing.

As such, the pending foreclosure of his property TMK
#(3)-6-8-002-053 MUST cease at this time pending
bankruptcy stay.

Any questions, feel free to contact our office.

Best,

**Eddy Hsu, Esquire**
*Principal*

**Law Office of Eddy Hsu**
1900 South Norfolk Street, Suite 350
San Mateo, CA 94403
(650) 577 - 5950
(650) 240 - 0123 fax

On Nov 26, 2018, at 9:27 AM, Eddy Hsu <eddyhsu@ehsulaw.com> wrote:

Dear Mr. Carroll and Mr. Shannon:

Debtor Michael Haroutun Miroyan has just filed bankruptcy in the Northern District of California. The case number is 18-52601. Attached is a copy of the notice of Bankruptcy filing.

As such, the pending foreclosure of his property TMK #(3)-6-8-002-053 MUST cease at this time pending bankruptcy stay.

Any questions, feel free to contact our office.

Best,

Eddy Hsu, Esquire

*Principal*

Law Office of Eddy Hsu

1900 South Norfolk Street, Suite 350

San Mateo, CA 94403

**From:** Matthew C. Shannon [mailto:mshannon@legalhawaii.com]

**Sent:** Monday, November 26, 2018 12:10 PM

**To:** eddyhsu@ehsulaw.com

**Cc:** Michael C. Carroll <mcarroll@legalhawaii.com>; gho@ehsulaw.com; Hazel A. Brown <hbrown@legalhawaii.com>

**Subject:** Re: Debtor/Defendant: Micheal Haroutun Miroyan

Mr. Hsu,

Michael Miroyan is not a party to the foreclosure action.

Hawaiian Riverbend LLC is the defendant in the foreclosure action and is the owner of the subject property.

Therefore, Mr. Miroyan's individual bankruptcy filing does not stay the foreclosure auction.

Thank you,

Matthew Shannon

**From:** Eddy Hsu
<eddyhsu@ehsulaw.com>
**Date:** January 14, 2019 at 10:25:56
AM PST
**To:** 'Michael Miroyan'
<mac8881@me.com>
**Subject: FW: Debtor/Defendant:
Micheal Haroutun Miroyan**
**Reply-To:** eddyhsu@ehsulaw.com

Michael:

Below is the email sent to us by the Kai
Family Trust's attorney regarding
stopping the foreclosure.

**Eddy Hsu, Esquire**
*Principal*

---

**From:** Matthew C. Shannon
[mailto:mshannon@legalhawaii.com]
**Sent:** Monday, November 26, 2018
12:10 PM
**To:** eddyhsu@ehsulaw.com
**Cc:** Michael C. Carroll
<mcarroll@legalhawaii.com>; gho@ehsulaw.com;
Hazel A. Brown
<hbrown@legalhawaii.com>
**Subject:** Re: Debtor/Defendant:
Micheal Haroutun Miroyan

Mr. Hsu,

Michael Miroyan is not a party to the
foreclosure action.

Hawaiian Riverbend LLC is the
defendant in the foreclosure action and
is the owner of the subject property.

Therefore, Mr. Miroyan's individual
bankruptcy filing does not stay the
foreclosure auction.

Thank you,

Matthew Shannon