Michael Miroyan
Box 3181
Saratoga, Ca.
95070-1181

ORIGINAL FILED

FEB 27 2019

CLERK
United States Bankruptcy Court
San Jose, California

2/27/19

The United States Bankruptcy Court

in re:
Debtor Michael Haroutiun Miroyan

case # 18-52601

Motion: for continuance from relief of stay hearing on 3/1/19 to be adequately prepared to bring forth the truth and have the time to do it;

Motion: that the stay be absolutely and unequivocally denied for a period of 12 months to allow Debtor Miroyan to sell the $6 million dollar property where the fraudulent mortgage of $900,000 exists on TMK # 6-8-02-053

Motion: that John Miller of Sotheby's real estate in Kona, Hawaii be approved to list the #53 property for $6 million for sale beginning immediately on a date the Court deems appropriate; if he doesn't do his job Miroyan can submit another realtor at a later date

Motion: that this Bankruptcy Court hear the evidence Miroyan has re: Fraud.

M. MIROYAN  2/27/19

No. _____

In the Supreme Court of the State of Hawaii

MICHAEL MIROYAN - HAWAIIAN RIVERBEND, LLC

Petitioners
Defendants-Appellants

And

JOHN DOES - 1-10; JANE DOES 1-10; and DOE PARTNERSHIPS,
CORPORATIONS, GOVERNMENTAL UNITS OR OTHER ENTITIES 1-10,
Defendants

v.

CORY TEREICK,
Respondent
Plaintiff-Appellee

PAUL SULLA,
Respondent
Intervenor-Appellee

APPELLATE CASE NO: CAAP-18-0000683

Circuit Court of the Third Circuit Case No: Civil No. 14-1-429K

Application for an Extension of Time to File Petition for Writ of Certiorari

PURSUANT TO RULE 40.1 (a)(2) OF THE HAWAII RULES OF APPELLATE PROCEDURE

> Michael Miroyan, individually and
> as sole owner and Managing Member of
> Hawaiian Riverbend, LLC, a Hawaii
> Limited Liability Company
> P.O. Box 3181
> Saratoga, CA 95070
> Tel: (408) 913-3123
> E-mail: mac8881@me.com

-1-

**To the Honorable Justices of the Hawaii Supreme Court:**

Petitioners are Michael Miroyan individually and as sole shareholder and managing member of Hawaiian Riverbend, LLC, a limited liability company in good standing with the State of Hawaii since its'formation in July of 2005. The Petitioners are hereby requesting that this Court grant the mandatory initial 30 day extension of time to file a Petition for Writ of Certiorari, seeking Judicial Review of the Order of the State of Hawaii Intermediate Court of Appeals Order dated 1-23-2019 in Case Number CAAP-18-0000683, attached hereto as Exhibit 1 in dismissing the Appeal for an apparent lack of Appellate Jurisdiction that is not the case here.

**STATUTORY BASIS FOR APPLICATION FOR AN EXTENSION OF TIME**

This Application for an initial 30 day extension of time is being made pursuant to Rule 40.1(a)(2) of the Hawaii Rules of Appellate Procedure that provides:

> **"(2) REQUEST EXTENDING EXTENSION OF TIME TO FILE.**
>
> A party may extend the time to file a request for a writ of certiorari by filing a written request for an extension. The request for an extension of time shall be filed no later than 30 days after the entry of the intermediate court of appeals' judgment on appeal or dismissal order.

Hawaii Rules of Appellate Procedure Rule 40.1(a)(2).

The 30th day after entry of the Order of the Appellate Court is February 22nd

2019 and a petition filed today February 22nd 2019 is timely. A 30 day extension granted by this Court extends the current 2-22-2019 deadline up to and including March 24th 2019. Since March 24th 2019 falls on a Sunday, the deadline is extended to the close of business on Monday March 25th 2019.

Dismissal of this case will result in a manifest injustice. This cancer in the State of Hawaii, whereby the people who are officers of the Court have abdicated their fiduciary duties to the public whom they serve is not something we should be turning a blind eye towards as it will only strengthen it and become worse, as it already has.

Here, a senior citizen, a tourist who loved Hawaii, has been stripped of his rightfully earned property by 3 lawyers and a corrupt real estate broker all of whom have abdicated their duties and the roles entrusted to them by both the Hawaii State Bar and the American public. And they have run amuck and made a mockery of the foreclosure process for their personal gain, no matter who they harm, giving the entire State Bar and judiciary a black eye. When nothing is done to these criminals, masquerading as lawyers, it encourages others to do the same devious and unethical things. "Why shouldn't I do it? He got away with it?" And the next thing you know, everything is crumbling, because dishonesty has been rewarded and dishonesty has been ignored.

Where be the pillars of this great republic? Or have we forgotten the ideals and the great principles upon which this country was founded? You don't cater to

them or turn a blind eye to them, you smack them down right now so that this cancer is ended now.

What has occurred in this case in the foreclosure auction process is a textbook example of everything horrible that could possibly go wrong. Instead of these miscreants laughing it up and enjoying the fruits of their corrupt labor, which was and is stealing from a fellow American senior citizen a property that he had earned, this cancer should be examined and dealt with in the most forceful terms to eradicate it before it continues to harm and grow. It should be met head on and these people should be made examples of to deter this type of conduct, for to do nothing is to sanction it and to promote it.

It should not be among the attributes of the justices of the Court of Appeals and certainly not of the Supreme Court of the State of Hawaii to abdicate their roles and to abdicate their duty to protect the American public from sophisticated and educated criminals who are preying upon the American public from their positions of Trust in the State of Hawaii.

To the contrary, it is to the independent Judiciary, where the average American looks and hopes and prays and believes that justice will prevail and that justice will be done by these stalwarts of honor and integrity who, instead of sweeping it under the rug, become absolutely appalled and outraged that these people performing in violation of their oaths of office are giving the entire Hawaii State Bar and its' profession a huge black eye and completely underscoring the

confidence of the American public in Hawaii, that such things could even occur, let alone occur without being punished. The breakdown in the foreclosure process by the officers of the Court and the huge disparity between the amount owed - $120,000 vs. the value of the property - $1.7 million constitutes a huge disparity of $1.5 million. Where did the $1.5 million go???

How can such a huge disparity be ignored by the Court of Appeals and this Supreme Court? Where does this leave the average citizen if these types of things are happening? Here 3 lawyers and a crooked real estate broker perform fraud upon the Court, rather than do their duty as officers of the Court, they feather their own nests instead which destroys public confidence.

This is not North Korea!!! This is the United States of America! This robbery in broad daylight should not be swept under the rug.

Petitioner therefore respectfully requests that this Court grant this Application for an Extension of Time to file his Petition for a Writ of Certiorari in this matter.

Date: February 22nd 2019.

Respectfully submitted,

Michael Miroyan

# EXHIBIT 1

NO. CAAP-18-0000683

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CORY TEREICK,
Plaintiff-Appellee,
v.
HAWAIIAN RIVERBEND, LLC,
a Hawaii limited liability company,
Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10;
and DOE PARTNERSHIPS, CORPORATIONS,
GOVERNMENTAL UNITS OR OTHER ENTITIES 1-10,
Defendants,
and
PAUL SULLA,
Intervenor-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-429K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Upon review of the records in CAAP-18-0000683, it appears this court lacks appellate jurisdiction over the appeal. On August 29, 2018, Michael Miroyan (**Miroyan**) filed a Notice of Appeal "pro se" on behalf of Defendant-Appellant Hawaiian Riverbend, LLC (**HRL**), as its "owner". Miroyan admits he is not an attorney. HRL is a Hawaii Limited Liability Company subject

-7-



Exhibit 1

to HRS Chapter 428. "A limited liability company is a legal entity distinct from its members." HRS § 428-201 (Supp. 2004).

HRS § 605-2 (Supp. 2016) states:

> §605-2 **Attorneys; license required.** Except as provided by the rules of court, no person shall be allowed to practice in any court of the State unless that person has been duly licensed so to do by the supreme court; provided that nothing in this chapter shall prevent any person, plaintiff, defendant, or accused, from appearing in person before any court, and there prosecuting or defending that person's, plaintiff's, defendant's, or accused's own cause, without the aid of legal counsel; provided further that in the district courts sections 605-13 and 633-28 shall apply.

"The prevailing rule is that a corporation cannot appear and represent itself either in proper person or by its officers, but can do so only by an attorney admitted to practice law." Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 374, 590 P.2d 570, 572 (1979). Although "any person" may appear to prosecute or defend that person's own cause, "[t]he federal courts have consistently construed a federal statute similar to HRS § 605-2 (1976) as applying only to 'natural persons' and not to 'artificial persons' such as corporations." Id. at 376, 590 P.2d at 573 (citations omitted). The Hawai'i Supreme Court further held that "[t]he procedure requiring a corporation to appear through an attorney in no way deprives the [corporation] of its substantive right of due process." Id. at 378, 590 P.2d at 574.

As a limited liability company which is "a legal entity distinct from its members," HRL cannot be represented in this appeal by Miroyan, who is not a licensed attorney. Therefore, the notice of appeal filed by Miroyan did not constitute a timely notice of appeal on behalf of HRL. No other timely notice of appeal on behalf of HRL has been filed herein.

2

-8-

Exhibit I

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction. All pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, January 23, 2019.

Chief Judge

Associate Judge

Associate Judge