2 MICHAEL MIROYAN, in pro per, and on behalf of HAWAIIAN RIVERBEND, LLC  as its
single manager
3
and as owner of 100% of the membership interests of HR LLC
4 P.O. BOX 3181
5 Saratoga, California  95070-1181
Telephone: (408) 913-3123
6

**FILED**

MAR 0 4 2019 KR

CLERK
United States Bankruptcy Court
San Jose, California

8 UNITED STATES BANKRUPTCY COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 SAN JOSE DIVISION

11
In re:                                    Case No.: 18-52601-MEH
12                                         Chapter 13
13 MICHAEL HAROUTUN MIROYAN,               RS No. WS110
14        Debtor.                          Date:  March 1, 2019
15                                         Time:  10:00 a.m.
                                           Court: 3020, Hon. M. Elaine Hammond

Debtor's objection to
form of proposed order
dated 3/4/19 and asks that the order be
lodged for 7 DAYS pursuant
to the BK Local Rules 9021-
1(c)

Comes now Debtor Miroyan who
strenuously rejects this "order" whereby
Atty Silver, who rewarded for his lying
in his pleadings now takes it to new heights
of utter absurdity – not the least of which

is the lie in the order stating the transfer
was w/out consideration. See action by
written consent of sole MGR (Exh. 1)

See Exh #2 Memo re: Assignment of Prop Interest

See Decl. of Roger Wehisig (ex #3) proving
attorney Silver lied in his prior pleadings
to this court. Debtor objects to the lies
and unethical statements w/in the order
and Debtor demands the local rules be
followed: Rule 9021-1(c) states:

"if a formal order is not appvd by
the Judge @ the conclusion of the hearing
the Prev party, or such other party
required to do so by the Judge hearing the
motion shall submit a proposed order
to the Judge promptly thereafter. The order
shall contain the signatures of any other
counsel who appeared at the hearing

§362(d)(4)

approving it as to form
or shall be accompanied
by a certificate of service
evidencing service of the
proposed on all such
counsel. Orders not
approved as to form will
ordinarily be lodged for 7 days
after service.

This Judge Hammond has
rewarded and sanctioned Silvers unethical
and untrue behavior and now look at
the liberties he takes who like anyone
getting away w/ wrong — does more
wrong and laughs at us.
follow local Debtor request the Judge
for seven days rules and lodge order
3/4/19

di CAPROWAN

Pg 3 of 3

Action by written
Consent

Exh. 1

4

### ACTION BY WRITTEN CONSENT OF
### SOLE MEMBER AND MANAGER
### OF HAWAIIAN RIVERBEND, LLC

The undersigned, being the sole member and manager (the "Member") of **HAWAIIAN RIVERBEND, LLC**, a Hawaii limited liability company (the "Company"), hereby consents to the following resolution in accordance with Hawaii Revised Statutes, Section 428-404(d).

WHEREAS, the Member has considered the financial and operational conditions of the Company's business;

WHEREAS, the Company's pending litigation status necessitates having legal representation in Court but that the Company cannot appear for itself in Court without having legal counsel authorized to practice law in the State of Hawaii representing Company;

WHEREAS, the Company lacks the financial means to hire legal counsel at this time;

WHEREAS, the Member desires to appear in Court on behalf of the Company but is unable to represent the Company in Court;

RESOLVED, THEREFORE, that in the business judgment of the Member after consideration of the alternatives available that it is in the best interests of the Company, its creditors, member and other interested parties that Company transfer, assign, and convey to Member its interests in the real property parcel owned by Company in Waikoloa Village, Hawaii described as TMK 6-8-02-53 in consideration of the Member personally assuming all liabilities and obligations of Company, and Member agreeing to hereafter make all necessary appearances in Court relative to said land parcel; and it is

FURTHER RESOLVED, that the Company is hereby authorized to execute and file all grant deeds and other papers and documents, and to take any and all action which it deems necessary or proper to obtain these objectives; and it is

FURTHER RESOLVED, that the Company is authorized, empowered and directed to take any and all further action and to execute and deliver any and all such further instruments and documents, where necessary or appropriate in order to carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is

RESOLVED FURTHER, that any actions taken by Member acting as Manager of Company prior to the date of the foregoing resolutions adopted hereby that are within the authority conferred thereby are hereby ratified, confirmed and approved as the acts and deeds of this Company.

IN WITNESS WHEREOF, the undersigned sole member and manager has executed this written consent this 2nd day of August, 2018.

8/2/18

MICHAEL MIROYAN

Memo re; Assign of
Prop. Interests

2 pgs

Ex # 2

6

## Memorandum Re: Assignment of Property Assets

In consideration for the transfer of the assets of Hawaiian Riverbend, LLC (HR, LLC) to the 100% owner of the LLC's membership interests, Mr. Michael Miroyan, and based on the "action by written consent of Sole Member and Manager of Hawaiian Riverbend, LLC" on this same date August 2, 2018 proof of financial consideration for the transfer is offered as follows:

1) It was in November 2009, when Michael Miroyan settled, in his favor, his civil lawsuit brought against Waikoloa Mauka, LLC et al and received as his settlement this Waikoloa property of 31 acres originally TMK # 6-8-002-021.*

   In Nov. 2009, the property's value was $1,500,000 and the escrow closing papers reflect that amount in its Net Sheet. In November 2009 this settlement was 100% Michael Miroyan's. That is irrefutable. Therefore, Miroyan received as his settlement this 31.3 acres valued at $1.5 million which Miroyan conveyed to HR, LLC, without consideration and this $1.5 million dollars is now credited back to Miroyan from HR, LLC through these conveyances.

2) The Salary/management fee of Michael Miroyan, of $3500 per month has gone unpaid even before the July 2012 Kai's breach of the Membership Purchase Agreement (MPA) signed in May 2010. The Kai's, in a flagrant breach of their fudiciary duty to fellow member Michael Miroyan, quit funding the project in a breach of their contractual duty. Unbeknownst to Miroyan, the Kai's had hired two lawyers in an effort to take the asset from Miroyan, the one who had invited the Kai's to join him in the venture for the sole purpose of him being able to pay back to the Kai's some $400,000 in personal notes from 2006. Miroyan's salary owed to this date is in excess of $378,000 and is financial consideration #2 for the transfer of the assets.

3) Miroyan personally borrowed $80,000 in 2016 and 2017 which he loaned to HR LLC for project and to which he is entitled to be reimbursed and is financial consideration #3.

**Conclusion**: Therefore, the total consideration owed to Miroyan by HR LLC is $1,958,000.

*Note: In Hawaii TMK (Tax Map Key) is the equivalent of APN (Assessors Parcel Number). It was on Feb.13, 2013 when Sidney Fuke, Planning Consultant and Miroyan, as its Manager, received County Council approval of the 3 lot subdivision. The original 31 Acre parcel was subdivided into 3 and one of the three, #53 was simultaneously rezoned to Commercial CV-20.

   TMK #6-8-002-021 = 5.95 acres (retained the original TMK)
   TMK #6-8-002-052 = 10.75 acres (subject of separate foreclosure on appeal)
   TMK #6-8-002-053 = 14.66 acres rezoned commercial and the subject of the foreclosure in this BK case #18-52601

It is #53, the 14.66 acres zoned commercial and worth $6 million, that is the subject of the illegal and fraudulent foreclosure action brought by the Kai's who strive to strip this $6 million dollar property from Miroyan for $900,000 owed but which they fraudulently claim as $1,247,000 owed. There was never supposed to be a foreclosure because Miroyan increased the notes by $650,000 without the Kai's putting up 10 cents. Therefore, the Kai's can show no money trail for the increase of their original $540,000 1st mortgage turning into $900,000.

This forged and fraudulent mortgage where the notarization of Miroyan's Aug. 8, 2013 signature was forged was then sent, again surreptitiously, in the Title Guarantee and Trust's overnight pouch to the Bureau of Conveyances, Honolulu Hawaii, on Nov. 18, 2013 to be recorded!! And it was recorded! And all of this was done without Miroyan's knowledge or consent. And get this… when was the $900,000 on the Kai's fraudulent first mortgage all due and payable? Eleven days later!!! On Nov. 30, 2013, the $900,000 was all due and payable! The fraudulent mortgage was secretly recorded only 11 days earlier on November 18, 2013 and is the subject of this foreclosure.

The Kai's, fellow members of the HR, LLC and 1st mortgage holder's simultaneously breached not only the MPA and quit funding but they breached their fudiciary duty to Miroyan, a fellow member of the LLC when they surreptitiously hired two lawyers, Michael Carrol and Matthew Shannon, to advise them on how to steal the property they had not earned from Miroyan, who had earned its ownership.

Date: 8-2-18

Seller

Hawaiian Riverbend, LLC by
its Manager and sole member
Michael H. Miroyan owner
of 100% of the membership
interests of HR, LLC

Date: 8-2-18

Buyer

Michael H. Miroyan

Page 2 of 2

8

Ex. #3

Declaration of Roger Athisig w/ notary

3pgs                    4pgs

9

*10*

Case: 18-52601   Doc# 64   Filed: 03/04/19   Entered: 03/04/19 16:49:17   Page 10 of 25

## DECLARATION OF ROGER E. WEHRSIG

The undersigned, under penalty of law, declares as follows:

1.     That I am the General Manager of the Waikoloa Village Association, a Hawaii non-profit corporation, and as part of my duties, am tasked with keeping informed on activities surrounding the Waikoloa Village Community.

2.     That I am familiar with the subject matter of this action and am qualified and informed to swear to the statements herein.

3.     On Sunday, November 25, 2018 I received a phone call from Mr. Michael Miroyan, inquiring on whether I was planning on attending the published Commissioners Auction of TMK (3) 6-8-002-053 that was scheduled for Monday, November 26, 2018 at 12:00PM (noon) at the Flagpole at Hale Halawai, 75-5760 Alii Drive, Kailua-Kona HI.

4.     I informed Mr. Miroyan that I had not decided if I would attend the auction as I needed to check my schedule for the day. He encouraged me to attend as he wanted to know what happened at the auction.

5.     On Monday, November 26, 2018 as time allowed me to attend the scheduled auction, I drove to Hale Halawai, 75-5760 Alii Drive, Kailua-Kona and arrived approximately 11:50AM, just prior to the scheduled 12:00PM (noon) auction time.

6.     I parked my vehicle in a parking lot a short distance from Hale Halawai and walked to the published flagpole location as noted in the Fact Sheet, noticing the Commissioners Sale.

1

7.      As I approached the flagpole, the court appointed Commissioner, Mr. Andrew M. Kennedy, from Schlueter, Kwiat & Kennedy LLLP asked if I was there for the auction, to which I responded yes, however as an observer and not a bidder. I assumed that if I was a bidder, he needed to qualify myself to insure I had the required financial resources to participate in the bidding process. He requested my name to record my attendance in his records to which I responded, Roger Wehrsig, General Manager for the Waikoloa Village Association.

8.      Introductions took place with the only other individual who was in attendance and introduced as the legal representative for the Plaintiff in the court proceedings (believe that it was Mr. Matthew Shannon).

9.      At approximately 12:00PM (noon), with no other apparent bidders or observers, Commissioner Kennedy read the required information, Court Order and date, Case Number Civil No. 15-1-0164K, Tax Map Key (TMK) (3) 6-8-002-053 and other pertinent information that included the Terms under which the auction was taking place before opening for bids.

10.     On behalf of the Plaintiff, the legal representative for the Plaintiff offered a bid of a little over $1,247,000 which included dollars and cents or the amount currently owed under the Complaint. He also noted that it was subject to an amended amount that might include additional charges that might be incurred on behalf of the Plaintiff in the Complaint proceedings, which I assumed indicated that the amount could be slightly higher.

11.     The Commissioner asked if there were any further bids and as there were none, closed the bidding process and proceeded to obtain additional information from the Plaintiff's legal representative to complete what appeared to be the necessary paperwork required to complete the bidding process.

2

12.     Prior to departing I noted that I had heard that Mr. Miroyan had filed for bankruptcy either the day before or that morning and whether his filing would affect the auction. Both Mr. Kennedy and legal representative for the Plaintiff acknowledged that they were aware of the filing and both agreed that it should not affect the Court Order or auction as the Complaint was against Hawaiian Riverbend the legal owner of the parcel, while the bankruptcy filing was a personal filing under Mr. Michael Miroyan.

13.     Upon returning to my office, I check the County of Hawaii Real Property Tax Office site and noted that a change in ownership had been recorded on August 9, 2018 via a Warrant Deed, recorded in the Bureau of Conveyance as Document #A67950847.

14.     After checking the data available on the County of Hawaii Real Property Tax Site, I called Mr. Miroyan and confirmed to him that the auction had taken place at the published location, time and place and that the only individuals present were myself, the commissioner (Mr. Andrew Kennedy) and legal representative for the Plaintiff who I believed to be Mr. Matthew Shannon.

15.     I also informed Mr. Miroyan of the process that was undertaken and that the only bid received by the Commissioner was from the Plaintiff's legal representative in the amount of $1,247,000 plus some dollars and cents and that the Plaintiff's legal representative also noted that it was subject to any additional charges that might be incurred on behalf of the Plaintiff in the Complaint proceedings.

16.     I also informed Mr. Miroyan that it was noted that additional bids may be allowed by the Court at the Confirmation of Sale Hearing, however if allowed by the court, the first post auction bid must be at least one hundred five percent (105%) of the highest bid at the Sale.

13

I hereby declare under penalty of law that the foregoing is true and correct to the best of my knowledge.

DATED: Kailua-Kona, Hawaii, ___FEB. 19___, 2019

ROGER E. WEHRSIG

STATE OF HAWAII        )
                       ss:
COUNTY OF HAWAII       )

On this ___19th___ day of __February 2019__, before me appeared **ROGER E.**

**WEHRSIG,** to me personally known, (or proved to me on the basis of satisfactory evidence) to

be the person described in and who executed the forgoing instrument, and acknowledged to me

that he executed the same as his free act and deed.

Name: __CHANTELLE VILLALON__
Notary Public, State of Hawaii

My Commission No. __16302__ Expires: __AUG 1 4 2020__

---

Document Date: __2|19|2019__ No. of Pages __5__

Notary Name: __CHANTELLE VILLALON__
Third Circuit, State of Hawaii

Document Description: ~~Release of Lien~~ Declaration of Roger E Wehrsig

Notary Signature        __2|19|2019__
                        Date

15

Extension of time to file
cert

exh. #4

16

No. _____

In the Supreme Court of the State of Hawaii

MICHAEL MIROYAN - HAWAIIAN RIVERBEND, LLC

Petitioners
Defendants-Appellants

And

JOHN DOES - 1-10; JANE DOES 1-10; and DOE PARTNERSHIPS,
CORPORATIONS, GOVERNMENTAL UNITS OR OTHER ENTITIES 1-10,
Defendants

v.

CORY TEREICK,
Respondent
Plaintiff-Appellee

PAUL SULLA,
Respondent
Intervenor-Appellee

APPELLATE CASE NO: CAAP-18-0000683

Circuit Court of the Third Circuit Case No: Civil No. 14-1-429K

Application for an Extension of Time to File Petition for Writ of Certiorari

PURSUANT TO RULE 40.1 (a)(2) OF THE HAWAII RULES OF APPELLATE PROCEDURE

> Michael Miroyan, individually and
> as sole owner and Managing Member of
> Hawaiian Riverbend, LLC, a Hawaii
> Limited Liability Company
> P.O. Box 3181
> Saratoga, CA 95070
> Tel:         (408) 913-3123
> E-mail:     mac8881@me.com

-1-

**To the Honorable Justices of the Hawaii Supreme Court:**

Petitioners are Michael Miroyan individually and as sole shareholder and managing member of Hawaiian Riverbend, LLC, a limited liability company in good standing with the State of Hawaii since its formation in July of 2005. The Petitioners are hereby requesting that this Court grant the mandatory initial 30 day extension of time to file a Petition for Writ of Certiorari, seeking Judicial Review of the Order of the State of Hawaii Intermediate Court of Appeals Order dated 1-23-2019 in Case Number CAAP-18-0000683, attached hereto as Exhibit 1 in dismissing the Appeal for an apparent lack of Appellate Jurisdiction that is not the case here.

**STATUTORY BASIS FOR APPLICATION FOR AN EXTENSION OF TIME**

This Application for an initial 30 day extension of time is being made pursuant to Rule 40.1(a)(2) of the Hawaii Rules of Appellate Procedure that provides:

> "**(2)    REQUEST EXTENDING EXTENSION OF TIME TO FILE.**
>
> A party may extend the time to file a request for a writ of certiorari by filing a written request for an extension. The request for an extension of time shall be filed no later than 30 days after the entry of the intermediate court of appeals' judgment on appeal or dismissal order.

Hawaii Rules of Appellate Procedure Rule 40.1(a)(2),

The 30th day after entry of the Order of the Appellate Court is February 22nd

-2-

*18*

2019 and a petition filed today February 22nd 2019 is timely. A 30 day extension granted by this Court extends the current 2-22-2019 deadline up to and including March 24th 2019. Since March 24th 2019 falls on a Sunday, the deadline is extended to the close of business on Monday March 25th 2019.

Dismissal of this case will result in a manifest injustice. This cancer in the State of Hawaii, whereby the people who are officers of the Court have abdicated their fiduciary duties to the public whom they serve is not something we should be turning a blind eye towards as it will only strengthen it and become worse, as it already has.

Here, a senior citizen, a tourist who loved Hawaii, has been stripped of his rightfully earned property by 3 lawyers and a corrupt real estate broker all of whom have abdicated their duties and the roles entrusted to them by both the Hawaii State Bar and the American public. And they have run amuck and made a mockery of the foreclosure process for their personal gain, no matter who they harm, giving the entire State Bar and judiciary a black eye. When nothing is done to these criminals, masquerading as lawyers, it encourages others to do the same devious and unethical things. "Why shouldn't I do it? He got away with it?" And the next thing you know, everything is crumbling, because dishonesty has been rewarded and dishonesty has been ignored.

Where be the pillars of this great republic? Or have we forgotten the ideals and the great principles upon which this country was founded? You don't cater to

-3-

them or turn a blind eye to them, you smack them down right now so that this cancer is ended now.

What has occurred in this case in the foreclosure auction process is a textbook example of everything horrible that could possibly go wrong.  Instead of these miscreants laughing it up and enjoying the fruits of their corrupt labor, which was and is stealing from a fellow American senior citizen a property that he had earned, this cancer should be examined and dealt with in the most forceful terms to eradicate it before it continues to harm and grow.  It should be met head on and these people should be made examples of to deter this type of conduct, for to do nothing is to sanction it and to promote it.

It should not be among the attributes of the justices of the Court of Appeals and certainly not of the Supreme Court of the State of Hawaii to abdicate their roles and to abdicate their duty to protect the American public from sophisticated and educated criminals who are preying upon the American public from their positions of Trust  in the State of Hawaii.

To the contrary, it is to the independent Judiciary, where the average American looks and hopes and prays and believes  that  justice will prevail and that justice will be done by these stalwarts of honor and integrity who, instead of sweeping it under the rug, become absolutely appalled and outraged that these people performing in violation of their oaths of office are giving the entire Hawaii State Bar and its' profession a huge black eye and completely underscoring the

-4-

20

confidence of the American public in Hawaii, that such things could even occur, let alone occur without being punished. The breakdown in the foreclosure process by the officers of the Court and the huge disparity between the amount owed - $120,000 vs. the value of the property - $1.7 million constitutes a huge disparity of $1.5 million. Where did the $1.5 million go???

How can such a huge disparity be ignored by the Court of Appeals and this Supreme Court? Where does this leave the average citizen if these types of things are happening? Here 3 lawyers and a crooked real estate broker perform fraud upon the Court, rather than do their duty as officers of the Court, they feather their own nests instead which destroys public confidence.

This is not North Korea!!! This is the United States of America! This robbery in broad daylight should not be swept under the rug.

Petitioner therefore respectfully requests that this Court grant this Application for an Extension of Time to file his Petition for a Writ of Certiorari in this matter.

Respectfully submitted,

Date: February 22nd 2019.

Michael Miroyan

-5-

21

# EXHIBIT 1

-6-

*22*

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. CAAP-18-0000683

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CORY TEREICK,
Plaintiff-Appellee,
v.
HAWAIIAN RIVERBEND, LLC,
a Hawaii limited liability company,
Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10;
and DOE PARTNERSHIPS, CORPORATIONS,
GOVERNMENTAL UNITS OR OTHER ENTITIES 1-10,
Defendants,
and
PAUL SULLA,
Intervenor-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-429K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Upon review of the records in CAAP-18-0000683, it
appears this court lacks appellate jurisdiction over the appeal.
On August 29, 2018, Michael Miroyan (**Miroyan**) filed a Notice of
Appeal "pro se" on behalf of Defendant-Appellant Hawaiian
Riverbend, LLC (**HRL**), as its "owner".  Miroyan admits he is not
an attorney.  HRL is a Hawaii Limited Liability Company subject

-7-

Exhibit 1

23

to HRS Chapter 428.  "A limited liability company is a legal entity distinct from its members."  HRS § 428-201 (Supp. 2004).

HRS § 605-2 (Supp. 2016) states:

> **§605-2 Attorneys; license required.**  Except as provided by the rules of court, no person shall be allowed to practice in any court of the State unless that person has been duly licensed so to do by the supreme court; provided that nothing in this chapter shall prevent any person, plaintiff, defendant, or accused, from appearing in person before any court, and there prosecuting or defending that person's, plaintiff's, defendant's, or accused's own cause, without the aid of legal counsel; provided further that in the district courts sections 605-13 and 633-28 shall apply.

"The prevailing rule is that a corporation cannot appear and represent itself either in proper person or by its officers, but can do so only by an attorney admitted to practice law."  Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 374, 590 P.2d 570, 572 (1979).  Although "any person" may appear to prosecute or defend that person's own cause, "[t]he federal courts have consistently construed a federal statute similar to HRS § 605-2 (1976) as applying only to 'natural persons' and not to 'artificial persons' such as corporations."  Id. at 376, 590 P.2d at 573 (citations omitted).  The Hawai'i Supreme Court further held that "[t]he procedure requiring a corporation to appear through an attorney in no way deprives the [corporation] of its substantive right of due process."  Id. at 378, 590 P.2d at 574.

As a limited liability company which is "a legal entity distinct from its members," HRL cannot be represented in this appeal by Miroyan, who is not a licensed attorney.  Therefore, the notice of appeal filed by Miroyan did not constitute a timely notice of appeal on behalf of HRL.  No other timely notice of appeal on behalf of HRL has been filed herein.

2

-8-

Exhibit 1

24

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction. All pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, January 23, 2019.


Chief Judge


Associate Judge


Associate Judge

3

-9-

Exhibit 1

25