

1 | LAW OFFICE OF WAYNE A. SILVER ~~CHANGES MADE BY COURT~~

**CHANGES MADE BY COURT**

2 | Wayne A. Silver (108135)

**The following constitutes the order of the Court.**
**Signed: March 15, 2019**

3 | 643 Bair Island Road,
Suite 403

4 | Redwood City, CA 94063
Phone: (650) 282-5970

*M. Elaine Hammond*
_____

5 | Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

6 | *Attorney for KENNETH Y. KAI and*

**Modifications by court.  MEH**

7 | *TAE K. KAI, Trustees of the Kai Family 1998 Trust*

8 |

### UNITED STATES BANKRUPTCY COURT

9 |

### NORTHERN DISTRICT OF CALIFORNIA

10 |

### SAN JOSE DIVISION

11 |

12 | In re:

Case No.: 18-52601-MEH
Chapter 13

13 | MICHAEL HAROUTUN MIROYAN,

RS No. WS110

14 |     Debtor.

Date:  March 1, 2019

15 |

Time:  10:00 a.m.
Court:  3020, Hon. M. Elaine Hammond

16 |

17 |

### ORDER GRANTING MOTION FOR RELIEF FROM STAY AND
### AWARDING IN REM RELIEF UNDER 11 U.S.C. §362(d)(4)

18 |     The motion of the Kai Family 1998 Trust Dated October 5, 1998 ("Kai Trust"), for full and

19 | complete relief from the bankruptcy automatic stay under 11 U.S.C. §362(d)(1), together with an *in*

20 | *rem* order under 11 U.S.C. §362(d)(4) ("Motion"), to continue the judicial foreclosure of an

21 | undeveloped lot located in Hawaii identified in bankruptcy debtor Michael Haroutun Miroyan's

22 | ("Michael Miroyan") bankruptcy schedule A/B, Item 1.4 as: "Empty Land in HI, Lot: 3-6-8-002-

23 | 053" and described in the Warranty Deed dated August 9, 2018 attached as Exhibit "A" to the

24 | Motion for Relief from Stay filed on December 29, 2018 (Docket No. 24) (referred to herein as

25 | "Parcel 53"), came on for continued hearing on March 1, 2019 before the Hon. M. Elaine Hammond,

26 | U.S. Bankruptcy Court Judge. Debtor Michael Miroyan appeared in *pro per*. Attorney Wayne A.

27 | Silver appeared on behalf of the Kai Trust.

28 |     The Court having read and reviewed the pleadings, declarations and requests for judicial

notice, having heard the arguments of those appearing, and having stated its findings and conclusions on the record under Federal Rule of Bankruptcy Procedure 7052, with good cause appearing, hereby ORDERS:

    1.    The Kai Trust's Motion is GRANTED.

    2.    The Court having analyzed the twelve factor test originated in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr.D.Utah 1984), and having found those factors weigh heavily in favor of the Kai Trust, ~~and having found Debtor Michael Miroyan engaged in bad faith~~, grants the Kai Trust full and complete relief from the bankruptcy automatic stay for cause under 11 U.S.C. §362(d)(1) to pursue all rights and remedies to foreclose upon and if necessary obtain possession of Parcel 53, as follows:

    (a)    Continue the prosecution of Civil Action No. 15-1-0164K against Hawaiian Riverbend, LLC in the Circuit Court of the Third Circuit State of Hawaii ("Civil Action") to final judgment;

    (b)    Add debtor Michael Miroyan as a defendant in the Civil Action, amend the complaint in the Civil Action as necessary, and pursue the Civil Action against debtor Michael Miroyan to final judgment;

    (c)    Bring a claim against debtor Michael Miroyan in the Civil Action for avoidance and cancellation of the Warranty Deed dated August 9, 2018 attached as Exhibit "A" to the Motion for Relief from Stay filed on December 29, 2018 (Docket No. 24) that transferred Parcel 53 from Hawaiian Riverbend, LLC to himself; and,

    (d)    Execute on any judgment or interlocutory order in the Civil Action with respect to the foreclosure of Parcel 53 against Hawaiian Riverbend, LLC, debtor Michael Miroyan, and any subsequent transferee of Parcel 53, without further order of this Court.

    3.    The Court having found Michael Miroyan <u>transferred</u> ~~engaged in bad faith by transferring~~ Parcel 53 from Hawaiian Riverbend, LLC to himself ~~for no consideration and then~~ <u>without consent of the secured creditor or court approval prior to</u> filing for Chapter 13 bankruptcy, and that such conduct was designed to hinder, delay and possibly defraud the Kai Trust, Kai Trust shall have *in rem* relief under 11 U.S.C. §362(d)(4) such that, if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be

binding in any other case under Title 11 purporting to affect Parcel 53 by any person or entity filed not later than 2 years after the date of the entry of this Order by this Court, except that a debtor in a subsequent case under Title 11 may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing.

4.      Michael Miroyan's Request for Judicial Notice filed on February 28, 2019 (Docket No. 62) is DENIED.

5.      Michael Miroyan's motions filed on February 27, 2019 (Docket No. 61): (1) to continue the hearing on the Motion; (2) <u>to prohibit a grant of stay relief</u> ~~extend the bankruptcy automatic stay~~ for twelve (12) months; and (3) authorize Parcel 53 to be listed for sale with John Miller of Sotheby's Real Estate, are DENIED.

6.      The Kai Trust's objections to the unsworn Declaration of Michael Miroyan and attachments thereto filed on February 22, 2019 (Docket No. 60) are SUSTAINED.

7.      ~~The 14-day stay prescribed by FRBP 4001(a)(3) is waived.~~

***END OF ORDER***

1

<u>Court Service List</u>

2

Michael Haroutun Miroyan
3
PO Box 3181
Saratoga, CA 95070-1181
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28