1  Michael Miroyan
   P.O. Box 3181
2  Saratoga, CA, 95070-1181
   Tel:   (408)-913-3123
3  E-mail:

4  Debtor In Propria Persona

FILED
MAR 29 2019
United States Bankruptcy Court
San Jose, California
CLERK

5              **UNITED STATES BANKRUPTCY COURT**

6            **NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE**

7  IN RE:                          ) Case No.    18-BK-52601-MEH
                                   )
8  MICHAEL HAROUTUN MIROYAN        ) CHAPTER 13
                                   )
9          Debtor.                 ) MOTION FOR RECONSIDERATION OF
                                   ) ORDER OF 3-15-2019 LIFTING THE STAY.
10                                 ) DECLARATION OF MICHAEL MIROYAN
                                   ) [PLACEHOLDER FILING]
11                                 )
                                   ) REQUEST FOR JUDICIAL NOTICE OF LAW &
12                                 ) FACTS [RULE 201]
                                   )
13                                 ) Date:        _____
                                   ) Time:        _____
14                                 ) Dept.        Courtroom 3020
                                   ) Judge:       Hon. M. Elaine Hammond
15 _____)

16         PLEASE TAKE NOTICE that at the Date and Time to be determined by the Court,

17 Debtor Michael Haroutun Miroyan shall move this Court for a Motion for Judicial Notice of Law

18 & Facts in Support of a Motion for Reconsideration of this Court's Order Lifting the Automatic

19 Stay granted on 3-15-2019.  Debtor is also filing a Motion for Judicial Notice of Law & Facts in

20 support of the Motion for Reconsideration and is attaching as an Exhibit and incorporating by

21 reference the Petition for Writ of Certiorari filed by me on 3-27-2019 that is attached as an

22 Exhibit to these pleadings.  This is a placeholder filing to be supplemented forthwith.  The basis

23 of the Motion for Reconsideration is that Miroyan is deprived of his rights to Petition the

24 Government for a redress of grievances as evidenced by the issues raised in the attached

25 Petition for Writ of Certiori filed on 3-27-2019 based upon an appeal of an Order dated 1-29-

26 2019 of the State of Hawaii's Intermediate Court of Appeals Dismissing Debtor's Appeal for

27 Lack of Appellate Jurisdiction.  Furthermore, in light of Debtor's impending adversary complaint,

28 this Court is a better forum to litigate the claims in Hawaii due to the bias and deprivation of

                                    - 1 -

1   rights committed by the Hawaii Courts towards Miroyan. Furthermore, a weighing of the factors

2   in the <u>In re: Curtis</u> case should weigh in favor of reversal of the lifting of the automatic stay and

3   having the claims in the Hawaii State Courts litigated in this forum.

4          Factors in favor under In re: Curtis include the fact that all the major parties in interest

5   reside in this district, the underlying fraudulent mortgage was drafted in this district, and the

6   notary that fraudulently notarized the fraudulent mortgage resides in this district.

7   *I declare under penalty of perjury of the laws of CA & USA that the foregoing is true & correct.*

8   Dated: March 29th 2019.                    Respectfully submitted,

9

10                                              Michael Miroyan
                                                Debtor In Propria Persona

Michael Miroyan, individually[1],
and as sole owner of Petitioner
Hawaiian Riverbend, LLC
P.O. Box 3181
Saratoga, CA 95070
Tel:   (408) 913-3123
E-mail: mac8881@me.com

PETITIONERS

## IN THE SUPREME COURT OF THE STATE OF HAWAII

| | |
|---|---|
| HAWAIIAN RIVERBEND, LLC, MICHAEL MIROYAN | ) INTERMEDIATE COURT OF APPEALS<br>) CASE NO. CAAP-18-0000683<br>) |
| Petitioners-Defendants-Appellants | ) THIRD CIRCUIT COURT<br>) CASE NO. 14-1-429K |
| JOHN DOES - 1-10; JANE DOES 1-10; and DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS OR OTHER ENTITIES 1-10, | ) PETITION FOR A WRIT OF CERTIORARI<br>) AND WRIT OF MANDAMUS AND ANY OTHER<br>) APPROPRIATE RELIEF THE COURT DEEMS<br>) APPROPRIATE |
| Defendants | ) |
| CORY TEREICK, Respondent-Plaintiff-Appellee | ) ) ) |
| PAUL SULLA, Intervenor-Appellee | ) ) |

To the Honorable Justices of the Hawaii Supreme Court:

1.     **ORDER SUBJECT TO APPELLATE REVIEW:**

Petitioners are hereby appealing the ORDER DISMISSING APPEAL FOR LACK

OF APPELLATE JURISDICTION made by the State of Hawaii's Intermediate Court of

---

[1] **Miroyan seeks to be a named party as DOE defendant 1 and as the real party in interest**
as well as the Registered Agent listed on official records of the Hawaii Secretary of State

---

### PETITION FOR WRIT OF CERTIORARI
-1-

Case: 18-52601    Doc# 76    Filed: 03/29/19    Entered: 03/29/19 16:50:40    Page 3 of 38

Appeals ("ICA") dated 1-23-2019[2] and attached hereto as Appendix 1.

The Order can also be accessed via the google scholar website at:

https://scholar.google.com/scholar_case?case=10147263783415849472.

## 2.     STANDARDS OF REVIEW

A Petition for Writ of Certiorari is governed by Hawaii Revised Statutes

("HRS") Section 602-59(b) which states:

> (b)     The application for writ of certiorari shall tersely state its
> grounds, which shall include:
> (1)     Grave errors of law or of fact; or
> (2)     Obvious inconsistencies in the decision of the intermediate
> appellate court with that of the supreme court, federal
> decisions, or its own decision,
> and the magnitude of those errors or inconsistencies dictating the
> need for further appeal.

HRS Section 602-59(b)

## QUESTIONS PRESENTED:

1.     Did the State of Hawaii's Intermediate Court of Appeals (ICA) commit
grave errors of fact and law constituting an illegal deprivation of
fundamental constitutional rights when it ruled that it had no jurisdiction to
hear the appeal filed on 8-29-2018 on behalf of Hawaiian Riverbend, LLC[3],
because it was not signed by an attorney, but rather by Michael Miroyan,
the LLC's sole owner and sole managing member, a non-attorney?

2.     Does the ICA Order dismissing the case constitute an illegal deprivation of
fundamental rights including the right to Equal Protection of the Laws and
the Right to Access the Courts and the First Amendment Constitutional
Right to Petition the Government for a redress of grievances?

3.     Is Hawaiian Riverbend LLC's Attorney Paul Sulla's 3-6-2018 Motion to be

---

[2] TEREICK v. HAWAIIAN RIVERBEND, LLC, No. CAAP-18-0000683 (Haw. Ct. App. Jan. 23, 2019).

[3] A single member Hawaii LLC in good standing since 1985.

Case: 18-52601     Doc# 76     Filed: 03/29/19     Entered: 03/29/19 16:50:40     Page 4 of 38

Relieved as Counsel and subsequent Order of 4-13-2018 and 4-30-2018 void on its' face in violation of Hawaii Rules of Civil Procedure Rule 25.1(b)(5) for failure to contain the consent of Miroyan as well as in violation of Rule 1.16 of the Hawaii Rules of Professional Conduct and case law[4] that do not permit attorney withdrawal at a critical juncture of the litigation proceedings?

## 4.   STATEMENT OF PRIOR PROCEEDINGS

### 1.   Relevant Proceedings in Third Circuit Court Case No. 14-1-429K

**2-12-2018   Sulla files first Motion to Withdraw hearing set for 2-27-2018, not referenced in the Court docket (attached to the Appendix)**

3-6-2018   Miroyan's Atty Sulla files Motion to withdraw as attorney[5]. Miroyan was never notified of the Motion and the Motion papers to withdraw are void on the face of the record for failure to comply with the statutory requirements pursuant to Hawaii Rules of Civil Procedure Rule 25.1 that mandates that any withdrawal and substitution of counsel "shall be subject to the guidelines of Rule 1.16 of the Hawaii Rules of Professional Conduct and other applicable law". Rule 25.1(b)(5) states:

"A withdrawal and substitution of counsel shall:
...
(5)   Include the signature of the represented party indicating the represented party's consent to the withdrawal and substitution"

Hawaii Rules of Civil Procedure Rule 25.1(b)(5)
Miroyan hereby denies ever knowing anything about the hearing on the above-2 hearings. Miroyan was never asked to consent to the substitution in violation of Hawaii Rules of Civil Procedure 25.1(b)(4) rendering the entire substitution void on its' face

4-13-2018   Hearing on Sulla's Motion to Withdraw granted[6]
4-24-2018   Sulla sells his property directly across the street from Miroyan's

---

[4] Including <u>Laskowitz v. Shellenberger</u> (Dist. Court, SD CA 1952)

[5] Attached as Exhibit__ to the Record on Appeal, pp. __-__.

[6] Attached as Exhibit __ to the Record on Appeal, pp. __-___

---

**PETITION FOR WRIT OF CERTIORARI**

-3-

property for $1.5 million sale, and everyone ignores this in support of a BPO.

4-30-2018 - Order of Judge Approving Sulla's

6-19-2018    Court Confirmation Hearing postponed to 7-20-2018 to get BPO in light of serious DISPARITY between $120,000 sales price of property and $600,000 Tax Assessor Value of property.

6-30-2018    Fraudulent BPO obtained

7-17-2018    Miroyan files a declaration showing sale of comparable 11.7 acre property without any utilities sold for $1.5 million, compared to Miroyan's Lot 52 of 10.7 acres with power and utilities sold for only $120,000

7-31-2018    First Order of Judge signed

8-09-2018    Miroyan conveys Lot 52 from LLC for valuable consideration after LLC resolution by Warranty Deed to Michael Miroyan, an individual

8-10-2018    Judge Issues Superseding order to that of 7-31-2018

## 2.    Appellate Case No. CAAP-18-0000683

8-29-2018    Third Circuit Court staff prepares Notice of Appeal. See p.610 of 641 of Record on Appeal. The Notice of Appeal[7] ("NOA") was filed as Docket Entry 1 on 8-29-2018 not by Michael Miroyan but by the Third Circuit Court ("3CC"). Miroyan was told when he called the ICA Clerk's office inquiring about the procedures to file an appeal, the Clerk stated:

> "If you are PRO SE, you don't prepare it, the Third Circuit does it for you. Miroyan stated: "That's odd, I just spoke to them yesterday and today and they never mentioned that[8].

---

[7] Attached as pp.610 of 642 Record on Appeal - Docket Entry ___

[8] VINDICTIVENESS, DISCRIMINATION, & PREJUDICE against Miroyan, are the hallmarks exhibited by the 3CC clerk's office and staff. The 3CC lied by omission and purposely and maliciously did not inform Miroyan of the proper procedure and their duty to fill out the appellate form and obtain a case number for pro se litigants, even though they knew that was exactly what they were supposed to do. Such prejudice and hatred has no place in a proper court of law, yet it is countenanced and encouraged in the State of Hawaii to its bright and beautiful shame, especially in this case when the hatred is generated for no valid reason whatsover. AND THAT IS THE CRUX OF THIS APPEAL. IS THIS COURT GOING TO FINALLY DO SOMETHING ABOUT THESE PEOPLE , MEMBERS OF THEIR OWN LEGAL COMMUNITY, RUNNING AMUCK AND CONSPIRING TO STEAL HOME AND PROPERTY FROM THE RIGHTFUL OWNERS ? Or is this Supreme Court going to do that which the ICA is attempting to do in their erroneous decision, which is to sweep the conspiracy, the perpetrators and their overt acts under the rug, instead of calling them on the carpet!! if the

---

Case: 18-52601   Doc# 76   Filed: 03/29/19   Entered: 03/29/19 16:50:40   Page 6 of 38

9-1-2018    Despite transfer of Lot 52 from Hawaiian Riverbend LLC on 8-9-2018
            to Michael Miroyan, property is transferred into the name of the

cloth of integrity is intact in this Supreme Court, you should be appalled and upset that this is happening to your citizens, that they are prey to the likes of these scandalous usurpers of the public that silence only encourages and protects them in these scandalous vultures. Will this Court let me prove here what I have said and what I represent? Or are you too afraid to do that which is right? The reason being is that it is out of control and it is getting worse. This conduct is but one example of several prejudicial incidents directed against Miroyan in an ongoing pattern of discrimination and bias against him for having the guts to stand up and try to protect his property. Miroyan earned this property. Those listed here who seek to steal it did not earn it. They seek to steal it in broad daylight by FRAUD UPON THE COURT PERPETRATED BY UNSCRUPULOUS AND UNETHICAL ATTORNEYS INVOLVED IN THIS CASE. Specifically, these CRIMINALS MASQUERADING AS ATTORNEYS are:

#1: Stephen Whittaker and #2: Paul Sulla Jr. (the"Dirty Duo") both have priors for ripping people off and they are accused on the Internet of stealing the homes and property of their own clients.These two often work together on opposing sides,making a mockery of the foreclosure process on the big island of Hawaii and that is exactly what they did here in this case before the Supreme Court. They operate with immunity and impunity and then look upon the Court of Appeal to clean up their mess as though they are co-conspirators in the same fraudulent ongoing scheme. It brings this appellant no pleasure to be the victim here and the one bringing these things to your attention. We are losing our independent judiciary. And when that occurs, we lose our Republic! Why? When corruption is ratified through silence or approval all the U.S. Citizens lose, because, money, favoritism, greed & special interests are the dictators of policy destined to fail. And that is exactly what is happening in this State of Hawaii right now. Take for example,this third attorney,also a member of the Hawaii State Bar, the CORRUPT:

#3. COMMISSIONER Michael Schlueter. who recruited Whittaker's pathetic friend, the disgusting parasite and blood-sucking leech who cares not who he damages because he is devoid of conscience, as are all these attorneys involved in this conspiracy to steal a man's land. IF YOU THINK THESE LOW LIFE DEGENERATES are doing this without protection from on-high. The Commissioner is the most corrupt Commissioner west of the Mississippi River and should never ever be allowed to conduct any type of an auction, a foreclosure sale in any capacity whatsoever because he has in a disgustingly cowardly manner abdicated his role as a keeper of the Public Trust and rather than protect the financial interests in both the Creditors and Sellers equity positions, this coward prostituted himself, his honor, his integrity if he even had any of it left in him for the sake of a few silver dollars so he can look at himself and confirm with his own eyes what a despicable leech he has become, bereft of discern living in a body without a conscience, this third member of the Dirty Duo Sulla and Whittaker. These are your State Bar ambassadors running amuck preying upon any weak and vulnerable individual or family they can find. The Japanese who own the Hawaiian islands sitting in their ivory towers laughing at us because they have found a way to win the war they lost, at least in Hawaii it appears sadly to be true. This is what happens when a powerless and careless judiciary choose not to maintain vigilance as it should, but to turn a blind eye to the overt acts and the scandalous moves of their fellow attorneys who destroy the fabric of our country and do it quickly for conspirators just like we have our attorney ambassadors all three of whom should be indicted and belong in federal prison.

This scumbag real estate broker, David Lucas of KOA Realty who steals a man's land one morning strips a Senior Citizen who he doesn't even know of his property with his scandalous moves friend of his and Whittaker's who produced the most disgusting and pathetic of a Broker's Price Opinion ("BPO") with the ulterior motive to strip the Senior Citizen and true property owner M. Miroyan of his land. What kind of person acts like this David Lukas who gets up one morning and goes and looks at himself in the mirror in the bathroom and says to himself: "Today is going to be a good day.I'm going to strip the property away from the owner; a Senior Citizen whom I don't even know . "Today is going to be a good day." he didn't know David Lukas, both of whom sold their souls to the Devil for a few pieces of silver those others listed above who has betrayed their fiduciary duties to the public for ripping people off onwho seek only to feather their own nest through CRIMINAL ACTS and FRAUD UPON THE COURT

Case: 18-52601    Doc# 76    Filed: 03/29/19    Entered: 03/29/19 16:50:40    Page 7 of 38

| | Plaintiff Corey Tereick |
|---|---|
| 1-23-2019 | Intermediate Court of Appeals (ICA) issues Order Dismissing Case for lack of Appellate Jurisdiction[9] |

**ARGUMENT:**

The ruling of the State of Hawaii's Intermediate Court of Appeals , does not hold that there is some constitutional or jurisdictional barrier to hearing an appeal on behalf of an LLC that is unrepresented by a licensed attorney, since the case law is replete with instances of Courts that allow an unrepresented LLC or Corporation time in order to secure legal representation.

In addition, Mr. Miroyan's actions do not run afoul of the plain meaning of the Statute used by the ICA to deprive Mr. Miroyan and his 100% owned by him LLC to access to the Courts for a redress of grievances. The legal and public policy rationales behind the common law's strict bar in many cases to require artificial entities such as corporations to mandatory attorney representation do not apply to single member single management LLC's as is the case here. The Court in

 Austrian, Lance & Stewart, P.C. v. Hastings Properties, Inc., (1986) 385 N.Y.S. 2d 466, 467:

> "The reason corporations are required to act through attorneys is that a corporation is a hydra-headed entity and its shareholders are insulated from personal responsibility. There must therefore be a designated spokesman accountable to the Court."

As such, the rationale prohibiting non-lawyers from appearing on behalf of a single-member LLC do not apply.

---

[9] Attached hereto as Appendix 1

---

Case: 18-52601   Doc# 76   Filed: 03/29/19   Entered: 03/29/19 16:50:40   Page 8 of 38

According to the American Bar Association Journal article:

"it cut the Gordian knot by declaring that a single-member LLC simply does not exist for federal income tax purposes. Put simply, under check the box, unless an SMLLC elects to be classified as a corporation, the SMLLC is a disregarded entity. The sole member of an SMLLC might paraphrase Louis XIV and say, "the entity, it's me."

ABA Law Journal -

**THE COURT ITSELF VIOLATED HAWAII RULES OF CIVIL PROCEDURE RULE 25.1(B)(5) AND Rule 1.16 HAWAII RULES OF PROFESSIONAL CONDUCT AS WELL AS CASE LAW WHEN IT ALLOWED HIS ATTORNEY PAUL SULLA TO WITHDRAW**

The ICA completely ignores the fact that it was not Miroyan who is somehow practicing law without a license or who intentionally sought to file pleadings on behalf of his LLC, but the Third Circuit Court who allowed his previous lawyer Paul Sulla to withdraw in violation of the statutory rules and case law governing attorney withdrawal and substitution as codified at HI Rules of Civil Procedure Rule 25.1 that states that Withdrawal/Substitution of Attorney is subject to Rule 1.16 of the HI Rules of Professional Conduct and other law, that Petitioners contend include Laskowitz v. Schellenberger and other case law. Petitioners Hawaiian Riverbend, LLC[10] - Michael Miroyan, sole owner and managing member of Hawaiian Riverbend, LLC, who although is not specifically named as a party in the pleadings is certainly entitled to appear in this regard as the sole owner and sole managing member of the currently unrepresented LLC due to no fault of his own.

ICA'S CLAIM THAT THE HAWAII INTERMEDIATE HAD NO APPELLATE JURISDICTION BECAUSE THE NOTICE OF APPEAL IS WITHOUT ANY LEGAL FOUNDATION

The dispositive issues under discussion are found in the CLD and incorporated herein by reference. Petitioners wish to direct the Court's attention to the case citations in Footnote 2 to the CLD decision below standing for the proposition that when faced with a circumstance such as presented here with Miroyan signing a Notice of Appeal on behalf of Hawaiian Riverbend, LLC, the curable defect rule discussed above was applied in every one of those cases to

---

[10] currently unrepresented by legal counsel due to the trial court's improperly granting the previous attorney's motion to withdraw as counsel in violation of State Bar ethics rules and established case law precedent such as Laskowitz v. Schellenberger (S.D. Cal. 1952) 107 F. Supp. 397.

---

PETITION FOR WRIT OF CERTIORARI

-7-

permit the unrepresented corporation or LLC time to secure legal counsel, which the Appellate Court should also have permitted in this case. Failure to do so in the instant case constitutes a prima facia deprivation of constitutional due process rendering the Order to be considered under the law to be "void on its'face", also meaning "void on the face of the record" or "void on the face of the judgment roll" which is defined as the Register of Actions/Docket Sheet including all pleadings contained within the Court file.

\* **MIROYAN'S APPEARANCE ON BEHALF OF HAWAIIAN RIVERBEND LLC WAS A CURABLE DEFECT UNDER THE CASE LAW UNDER THE COMPREHENSIVE LEGAL ANALYSIS PROVIDED BY THE CLD COURT:**

"The dispositive issue in this appeal is the consequence of the defect in CLD's complaint. Section 452 mandates that a pleading is to be liberally construed for purposes of determining its effect,

"with a view to substantial justice between the parties."

Where the defect raised by a motion to strike or by demurrer is reasonably capable of cure,

"leave to amend is routinely and liberally granted to give the plaintiff a chance to cure the defect in question."

(Price v. Dames & Moore (2001) 92 Cal.App.4th 355, 360; Grieves v. Superior Court (1984) 157 Cal.App.3d 159, 168.)

A pleading may be stricken only upon terms the court deems proper (§ 436, subd. (b)), that is, terms that are just. (§ 472a, subd. c)

(Vaccaro v. Kaiman (1998) 63 Cal.App.4th 761, 768.)

\* THE COURT IN CLD QUESTIONED THE VALIDITY OF THE PARADISE CASE HOLDING THAT A NOTICE OF APPEAL SIGNED BY A NON-ATTORNEY IS VOID:

We question the present day validity of Paradise's summary conclusion that a notice of appeal (or, impliedly, another document) filed on behalf of a corporation by a nonattorney is automatically void, that is, of no legal effect whatever, an absolute nullity. (Black's Law Dict. (7th ed. 1999), p. 1568, col. 1.) We further question whether Paradise supports the proposition that the admitted defect in CLD's complaint is incurable.

---

**PETITION FOR WRIT OF CERTIORARI**

-8-

*yes*

\*   PETITIONERS RESPECTFULLY REQUEST THAT THIS COURT TAKE
JUDICIAL NOTICE OF AND CONSIDER THE LEGAL CITATIONS FROM
THE FEDERAL COURTS OVER THE PAST 40 YEARS THAT NON-
REPRESENTED CORPORATIONS OR LLS MUST BE GIVEN A
REASONABLE TIME TO SECURE COUNSEL (I.E. CURE THE DEFECT)
BEFORE DISMISSING A CASE AGAINST THEM

Even prior to the Paradise opinion,

Prudential Insurance Co. v. Small Claims Court (1946) 76
Cal.App.2d 379 held that a natural person may appear on behalf of a
corporation in a small claims proceeding, given the statutory
proscription against attorneys appearing for parties in a small claims
action.

Tom Thumb Glove Co. v. Han (1978) 78 Cal.App.3d 1, 7-8 held that
a nonattorney corporate officer or agent may apply for entry of
judgment on a sister state judgment, insofar as entry of the judgment
based on the application is a mandatory ministerial act by the clerk,
not a judicial act of the court.

Caressa Camille, Inc., supra, 99 Cal.App.4th at p. 1103 held that a
corporation need not be represented by an attorney in proceedings
before administrative agencies and their tribunals. This court held
that a nonlawyer agent of a corporation can file a notice of appeal
from an administrative ruling to secure a statutorily permitted de
novo hearing in the trial court.

(Rogers v. Municipal Court (1988) 197 Cal.App.3d 1314, 1318.)

THE COURT IN CLD HELD CONTRARY TO THE LEGAL REASONING
BEHIND THE STATE OF HAWAII'S 1-29-2019 ORDER OF DISMISSAL THAT
REPRESENTATION OF THE CORPORATION BY AN ATTORNEY IS NOT AN
ABSOLUTE PREREQUISITE TO THE COURT'S FUNDAMENTAL POWER TO
HEAR OR DETERMINE A CASE:

"Given the weight of nationwide authority and this state's increasing
acceptance of the view that representation of the corporation by an
attorney is not an absolute prerequisite to the court's fundamental
power to hear or determine a case, we are persuaded it is more
appropriate and just to treat a corporation's failure to be represented
by an attorney as a defect that may be corrected, on such terms as
are just in the sound discretion of the court.

---

**PETITION FOR WRIT OF CERTIORARI**

-9-

THE CLD COURT THEN CONCLUDED THAT BY ALLOWING AN UNREPRESENTED CORPORATION ENOUGH TIME TO SECURE LEGAL COUNSEL INSTEAD OF SUMMARILY DISMISSING THEIR LEGAL CLAIMS THAT LEADS TO SEVERE MISCARRIAGES OF JUSTICE AND A BETRAYAL OF THE DUTY OF COURTS AND JUDGES TO RESOLVE LEGAL DISPUTES ON THEIR MERITS, NOT BE ENGAGED IN THE IMPERMISSIBLE ACTS OF DEPRIVING LITIGANTS OF THEIR CONSTITUTIONAL RIGHTS AS OCCURRED HERE BY THE HAWAII INTERMEDIATE APPELLATE COURT DISMISSING THE PETITIONRS'APPEAL:

> "First and foremost, this approach honors the cornerstone jurisprudential policies that, in furtherance of justice, complaints are to be liberally construed (§ 452) and disputes should be resolved on their merits (Hocharian v. Superior Court (1981) 28 Cal.3d 714, 724).

THE COURT IN CLD RECOGNIZED THAT THE RULE REQUIRING REPRESENTATION BY AN ATTORNEY DOES NOT DEPRIVE A CORPORATION OF THE CAPACITY TO BE A PARTY IN A LAWSUIT

> This conclusion also recognizes the legislative directive that a corporation shall be deemed a "person" with the capacity, or legal authority, to sue, that is, to be a party to a lawsuit.

> (§ 17; Corp. Code, § 207; Parker v. Bowron (1953) 40 Cal.2d 344, 351; Friendly Village Community Assn., Inc. v. Silva & Hill Constr. Co. (1973) 31 Cal.App.3d 220, 224.)

> The rule requiring representation by an attorney does not deprive a corporation of this capacity to be a party to a lawsuit. It is not a fact essential to the corporation's cause of action or an element constituting its right of action.

> (See California Sav. & L. Soc. v. Harris (1896) 111 Cal. 133, 136.)

THE CALIFORNIA COURT IN CLD CONCLUDES THAT THE HAWAII INTERMEDIATE COURT OF APPEALS, BY DISMISSING THE PETITIONER'S COMPLAINT BECAUSE THE NOTICE OF APPEAL WAS NOT SIGNED BY AN ATTORNEY, IMPROPERLY ELEVATES ATTORNEYS TO THE LEVEL OF INDISPENSABLE PARTIES

TO LITIGATION, WHICH THEY OBVIOUSLY ARE NOT; (CF American Arbitration Association rules that allow non-attorneys to represent both corporations and LLC's by non-attorneys, with the arbitration proceedings and judgment having all the attributes of a court proceeding):

---

**PETITION FOR WRIT OF CERTIORARI**

-10-

Secretary of State to transact intrastate business may commence action but action subject to abatement); California Sav. & L. Soc. v. Harris, supra, 111 Cal. at pp. 136-137 (action by corporation that failed, per former Civ. Code, § 299 to file articles of incorporation in county in which it held property subject only to plea of abatement).)

THE COURT IN CLD THUS REVERSED THE MATTER REMANDED WITH DIRECTIONS TO PERMIT CLD LEAVE TO FILE AN AMENDED COMPLAINT

Petitioners Miroyan and Hawaiian Riverbend LLC are respectfully requesting that this Court grant similar relief in remanding the matter back to the Intermediate Court of Appeals or to the Trial Court with instructions to permit Petitioners the free exercise of their rights to access to the Court, and be given the opportunity to cure the curable defect of non-representation.

Miroyan also respectfully requests that this Court provide appropriate relief including declaring void the Withdrawal of Sulla, or directing that the matter be remanded to the ICA for such proceedings.

I Michael Miroyan hereby declare under penalty of perjury of the laws of the State of Hawaii, that the foregoing is true and correct.

Dated:     March 27th 2019.          Respectfully submitted,

                                     HAWAIIAN RIVERBEND, LLC

                                     _/S/_ [signature]

                                     Michael Miroyan Petitioner

Case: 18-52601    Doc# 76    Filed: 03/29/19    Entered: 03/29/19 16:50:40    Page 13 of 38

NO. CAAP-18-0000683

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CORY TEREICK,
Plaintiff-Appellee,
v.
HAWAIIAN RIVERBEND, LLC,
a Hawaii limited liability company,
Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10;
and DOE PARTNERSHIPS, CORPORATIONS,
GOVERNMENTAL UNITS OR OTHER ENTITIES 1-10,
Defendants,
and
PAUL SULLA,
Intervenor-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-429K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Upon review of the records in CAAP-18-0000683, it
appears this court lacks appellate jurisdiction over the appeal.
On August 29, 2018, Michael Miroyan (**Miroyan**) filed a Notice of
Appeal "pro se" on behalf of Defendant-Appellant Hawaiian
Riverbend, LLC (**HRL**), as its "owner". Miroyan admits he is not
an attorney. HRL is a Hawaii Limited Liability Company subject

1

Case: 18-52601    Doc# 76    Filed: 03/29/19    Entered: 03/29/19 16:50:40    Page 14 of 38

to HRS Chapter 428. "A limited liability company is a legal entity distinct from its members." HRS § 428-201 (Supp. 2004).

HRS § 605-2 (Supp. 2016) states:

> **§605-2 Attorneys; license required.** Except as provided by the rules of court, no person shall be allowed to practice in any court of the State unless that person has been duly licensed so to do by the supreme court; provided that nothing in this chapter shall prevent any person, plaintiff, defendant, or accused, from appearing in person before any court, and there prosecuting or defending that person's, plaintiff's, defendant's, or accused's own cause, without the aid of legal counsel; provided further that in the district courts sections 605-13 and 633-28 shall apply.

"The prevailing rule is that a corporation cannot appear and represent itself either in proper person or by its officers, but can do so only by an attorney admitted to practice law." Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 374, 590 P.2d 570, 572 (1979). Although "any person" may appear to prosecute or defend that person's own cause, "[t]he federal courts have consistently construed a federal statute similar to HRS § 605-2 (1976) as applying only to 'natural persons' and not to 'artificial persons' such as corporations." Id. at 376, 590 P.2d at 573 (citations omitted). The Hawai'i Supreme Court further held that "[t]he procedure requiring a corporation to appear through an attorney in no way deprives the [corporation] of its substantive right of due process." Id. at 378, 590 P.2d at 574.

As a limited liability company which is "a legal entity distinct from its members," HRL cannot be represented in this appeal by Miroyan, who is not a licensed attorney. Therefore, the notice of appeal filed by Miroyan did not constitute a timely notice of appeal on behalf of HRL. No other timely notice of appeal on behalf of HRL has been filed herein.

2

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction. All pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, January 23, 2019.


Chief Judge


Associate Judge


Associate Judge

3

Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI  96720
Telephone: 808/933-3600

Attorney for Defendant
HAWAIIAN RIVERBEND, LLC

FILED
CIRCUIT COURT OF
THE THIRD CIRCUIT
STATE OF HAWAII

2016 FEB 12  PM 3:18

CLERK___P. ANTIDA_____

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST, | Civil No. 15-1-0164K (Foreclosure) |
|        Plaintiff/ Counterclaim Defendant, | **NOTICE AND MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANT HAWAIIAN RIVERBEND, LLC; EXHIBIT "A"; NOTICE OF HEARING; CERTIFICATE OF SERVICE** |
|     vs. | |
| HAWAIIAN RIVERBEND, LLC, | |
|        Defendant/ Counterclaim Plaintiff, | |
|     vs. | |
| COUNTY OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL ENTITIES 1-10, | Hearing Date: Feb. 28, 2016 |
|        Defendants, | Hearing Time: 8:00 a.m. |
|     vs. | Judge: Hon. Robert D.S. Kim |
| KENNETH Y. KAI and TAE K. KAI, as individuals; | No Trial Date Set |
|        Third-Party Defendants. | |

1

## NOTICE AND MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANT HAWAIIAN RIVERBEND, LLC

**TO:  All parties and to their attorneys of record:**

Hawaiian Riverbend LLC
PO BOX 3181
SARATOGA, California 95070

Defendant/ Counterclaimant

Michael C. Carroll
Matthew C. Shannon
Christopher J. Kim
Bays Lung Rose & Holma
Attorneys at Law
Topa Financial Center
700 Bishop St., Suite 900
Honolulu, HI  96813

Attorney for Plaintiffs/ Counter-Defendants

Joseph K. Kamelamela, Esq.
Corporation Counsel
Craig T. Masuda, Esq.
Renee N.C. Schoen, Esq.
Belinda Castillo Hall, Esq.
Deputies Corporation Counsel
County of Hawaii
101 Aupuni Street, Suite 325
Hilo, HI  96720

Attorneys for Defendant
County of Hawaii

### NOTICE AND MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANT HAWAIIAN RIVERBEND, LLC

PLEASE TAKE NOTICE that Paul J. Sulla, Jr., attorney of record for the Defendant, HAWAIIAN RIVERBEND, LLC in the above-captioned matter, hereby moves this honorable court to withdraw as Defendants' counsel in this case under the provisions of Rule

2

25.1 of the Hawaii Rules of Civil Procedure and Rule 1.16 of the Hawaii Rules of Professional Conduct for the following reasons:

1.  Due to irreconcilable differences which have arisen between the attorney and his clients, the attorney will be unable to effectively and properly continue representing the Defendants in this matter; and

2.  The representation of the clients by the attorney will result in an unreasonable financial burden on the attorney.

A copy of the Proposed Order Permitting Withdrawal of Attorney is attached hereto as ***Exhibit "A".***

No other counsel for Defendants has yet appeared in this matter. Defendants' last known address and telephone number are as follows:

> HAWAIIAN RIVERBEND, LLC
> PO BOX 3181
> SARATOGA, California 95070
> Ph. 408-913-3123

DEFENDANT IS TO TAKE FURTHER NOTICE that at the withdrawal of attorney Sulla in this matter, Defendant shall then be personally responsible for complying with all court orders and time limitations established by any applicable rules of the Court. Defendant Hawaiian Riverbend, LLC is advised that as an artificial entity it may only appear through counsel and that adverse consequences may result if legal representation is not retained promptly.

3

Wherefore, the undersigned requests that this court enter
an order allowing him to withdraw from this civil action as
attorney of record for the Defendant HAWAIIAN RIVERBEND, LLC.

Dated:  Hilo, Hawaii, February 9 , 2018.


_____
Paul J. Sulla, Jr.
Attorney for Defendant
HAWAIIAN RIVERBEND, LLC

4

Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI 96720
Telephone: 808/933-3600

Attorney for Defendant
HAWAIIAN RIVERBEND, LLC

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST, | Civil No. 15-1-0164K (Foreclosure) |
| Plaintiff/ Counterclaim Defendant, | |
| vs. | **ORDER PERMITTING WITHDRAWAL OF ATTORNEY** |
| HAWAIIAN RIVERBEND, LLC, | |
| Defendant/ Counterclaim Plaintiff, | |
| vs. | |
| COUNTY OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL ENTITIES 1-10, | Hearing Date: Feb. 28, 2016 Hearing Time: 8:00 a.m. Judge: Hon. Robert D.S. Kim No Trial Date Set |
| Defendants, | |
| vs. | |
| KENNETH Y. KAI and TAE K. KAI, as individuals; | |
| Third-Party Defendants. | |

**EXHIBIT A**

## ORDER PERMITTING WITHDRAWAL OF ATTORNEY

Attorney for Defendant/ Counterclaim Plaintiff, having submitted his Motion to Withdraw as attorney of record for Defendant/ Counterclaim Plaintiff HAWAIIAN RIVERBEND, LLC and it appearing that all the requirements of Rule 25.1 of the Hawaii Rules of Civil Procedure having been satisfied, IT IS HEREBY ORDERED that the Motion is granted and attorney Paul J. Sulla is hereby permitted to withdraw as attorney for record for Defendant in this civil action.

The last known name, address and telephone number of Defendant is:

> HAWAIIAN RIVERBEND, LLC
> PO BOX 3181
> Saratoga, California 95070
> Ph. 408-913-3123


APPROVED AND SO ORDERED


Dated: _____        _____
                                  JUDGE OF THE CIRCUIT COURT


*Kai V. Hawaiian Riverbend, LLC*, Civil No. 15-1-0164k –
Order Permitting Withdrawal Of Attorney

Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI 96720
Telephone: 808/933-3600

Attorney for Defendant
HAWAIIAN RIVERBEND, LLC

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

### STATE OF HAWAII

|  |  |
|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST,<br><br>        Plaintiff/<br>        Counterclaim<br>        Defendant,<br><br>    vs.<br><br>HAWAIIAN RIVERBEND, LLC,<br><br>        Defendant/<br>        Counterclaim<br>        Plaintiff,<br><br>    vs.<br><br>COUNTY OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL ENTITIES 1-10,<br><br>        Defendants,<br><br>    vs.<br><br>KENNETH Y. KAI and TAE K. KAI, as individuals;<br><br>        Third-Party<br>        Defendants. | Civil No. 15-1-0164K<br>(Foreclosure)<br><br>**NOTICE OF HEARING**<br><br><br>Hearing Date: Feb. 28, 2018<br><br>Hearing Time: 8:00 a.m.<br><br>Judge: Hon. Robert D.S. Kim<br><br><br>No Trial Date Set |

5

## NOTICE OF HEARING

PLEASE TAKE NOTICE that attorney Sulla's **NOTICE AND MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANT HAWAIIAN RIVERBEND, LLC** is scheduled for a hearing before the Honorable Robert D.S. Kim, Judge of the above-entitled court, located at 79-1020 Haukapila Street, Kealakekua, HI 96750 on February 28, 2018 at 8:00 a. m.

Dated: Hilo, Hawaii, February 9, 2018

Paul J. Sulla, Jr.
Attorney for Defendant
HAWAIIAN RIVERBEND, LLC

6

Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI 96720
Telephone: 808/933-3600
Attorney for Defendant
HAWAIIAN RIVERBEND, LLC

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST, | Civil No. 15-1-0164K (Foreclosure) |
|     Plaintiff/ Counterclaim Defendant, | |
|   vs. | |
| HAWAIIAN RIVERBEND, LLC, | CERTIFICATE OF SERVICE |
|     Defendant/ Counterclaim Plaintiff, | |
|   vs. | |
| COUNTY OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL ENTITIES 1-10, | |
|     Defendants, | |
|   vs. | |
| KENNETH Y. KAI and TAE K. KAI, as individuals; | |
|     Third-Party Defendants. | |

7

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document(s):

**NOTICE AND MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANT HAWAIIAN RIVERBEND, LLC; EXHIBIT "A"; NOTICE OF HEARING; CERTIFICATE OF SERVICE**

were duly served upon the following by Faxing and Mailing a copy of same via U.S. Postal Service, postage prepaid at the U.S. Post Office in Hilo, Hawaii on this __12__ day of February, 2018, to:

Hawaiian Riverbend LLC
PO BOX 3181
Saratoga, California 95070
**Defendant/ Counterclaimant**

Michael C. Carroll
Matthew C. Shannon
Christopher J. Kim
Bays Lung Rose & Holma
Attorneys at Law
Topa Financial Center
700 Bishop St., Suite 900
Honolulu, HI  96813
**Attorneys for Plaintiffs/ Counter-Defendants**
**KENNETH KAI and TAE KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST**

Joseph K. Kamelamela, Esq.
Molly A. Stebbins, Esq.
Corporation Counsel
Craig T. Masuda, Esq.
Renee N.C. Schoen, Esq.
Belinda Castillo Hall, Esq.
Deputies Corporation Counsel
County of Hawaii
101 Aupuni Street, Suite 325
Hilo, HI  96720
**Attorneys for Defendant**
**County of Hawaii**

Lockey E. White

8

Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI 96720
Telephone: 808/933-3600

Attorney for Defendant
HAWAIIAN RIVERBEND, LLC

FILED

2018 APR 30 PM 4: 25

L. KITAOKA, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

CORY TEREICK,

      Plaintiff,

  vs

HAWAIIAN RIVERBEND, LLC, a
Hawaii limited liability
company; JOHN DOES 1-10;
JANE DOES 1-10; DOE
PARTNERSHIPS, CORPORATIONS,
GOVERNMENTAL UNITS or OTHER
ENTITIES 1-10,

      Defendants.

Civil No. 14-1-00429K
(Foreclosure)

ORDER PERMITTING WITHDRAWAL
OF ATTORNEY

Hearing Date: April 12, 2018

Hearing Time: 1:30 p.m.

Judge: Hon. Robert D.S. Kim

No Trial Date Set

## ORDER PERMITTING WITHDRAWAL OF ATTORNEY

    Attorney for Defendant/ Counterclaim Plaintiff, having

submitted his Motion to Withdraw as attorney of record for

Defendant/ Counterclaim Plaintiff **HAWAIIAN RIVERBEND, LLC** and it

appearing that all the requirements of Rule 25.1 of the Hawaii

Rules of Civil Procedure having been satisfied, **IT IS HEREBY**

**ORDERED** that the Motion is granted and attorney Paul J. Sulla is

*TerEick V. Hawaiian Riverbend, LLC,* Civil No. 14-1-0429k -
Order Permitting Withdrawal Of Attorney

hereby permitted to withdraw as attorney for record for Defendant in this civil action.

The last known name, address and telephone number of Defendant is:

> HAWAIIAN RIVERBEND, LLC
> PO BOX 3181
> Saratoga, California 95070
> Ph. 408-913-3123

In granting this Motion to Withdraw as counsel, this entity Hawaiian Riverbend LLC., a Hawaii Limited Liability Company ("HRB") is unable to represent itself in this matter as that representation would be an authorized practice of law and therefore HRB can only be represented by substitute counsel.

APPROVED AND SO ORDERED

Dated: _APR 3 0 2018_     **ROBERT D. S. KIM (SEAL)**

JUDGE OF THE CIRCUIT COURT

*TerEick V. Hawaiian Riverbend, LLC*, Civil No. 14-1-0429k - Order Permitting Withdrawal Of Attorney

DATE: FRIDAY, APRIL 13, 2018
JUDGE: HONORABLE ROBERT D. S. KIM, JUDGE PRESIDING
CLERK:
REPORTER:
BAILIFF/LAW CLERK:

------------------------------------------------------------------PAGE    1

1:30 P.M.

3CC 14-1-00429K CORY TEREICK                    STEPHEN D WHITTAKER
               VS.                              FOR CORY TEREICK
           HAWAIIAN RIVERBEND LLC

NOTICE AND MOTION TO WITHDRAW AS ATTORNEY OF
RECORD FOR DEFENDANT HAWAIIAN RIVERBEND, LLC

CLERK - S. MITCHELL
    APPEARANCES:
    DEFENDANT COUNSEL - P. SULLA (BY PHONE)
    COMMISSIONER - M. SCHLUETER
DIGITAL RECORDING CC3.18-69/ 2018-4-13/1:32-1:35
----------------------------------------------------------

   COURT: IF THE COURT GRANTS THIS MOTION, YOUR
CLIENT IS UNABLE TO PARTICIPATE IN THIS CASE AS IT
WOULD BE AN UNAUTHORIZED PRACTICE OF LAW

   SULLA: UNDERSTOOD

   COURT: MOTION GRANTED; IN THE ORDER, WANT IT
SPECIFIC THAT IN GRANTING THE WITHDRAWAL AS
COUNSEL, THAT THIS ENTITY, HAWAIIAN RIVERBEND LLC
IS UNABLE TO REPRESENT ITSELF, OTHERWISE IT IS
ENGAGED IN AN UNAUTHORIZED PRACTICE OF LAW.
AND THE COURT WILL ONLY RECOGNIZE IT IF THEY HAVE
SUBSTITUTE ATTORNEY.

   SCHLUETER: NOTES FOR THE RECORD, MICHAEL
MIROYAN WAS SERVED AT SARATOGA ADDRESS

   COURT: HE IS NOT A PARTY, THE ENTITY IS; MR.
SULLA TO PREPARE THE ORDER

CIVIL TRIAL CALENDAR
THIRD   CIRCUIT
THIRD DIVISION

```
           DATE:  FRIDAY, APRIL 13, 2018
          JUDGE:  HONORABLE ROBERT D. S. KIM, JUDGE PRESIDING
          CLERK:
       REPORTER:
BAILIFF/LAW CLERK:
```

---

DATE:   04-13-2018 BY ORDER OF THE COURT _Samantha E. Mitchell_ CLERK

PAGE        2

## ACTION BY WRITTEN CONSENT OF
## SOLE MEMBER AND MANAGER
## OF HAWAIIAN RIVERBEND, LLC

The undersigned, being the sole member and manager (the "Member") of **HAWAIIAN RIVERBEND, LLC**, a Hawaii limited liability company (the "Company"), hereby consents to the following resolution in accordance with Hawaii Revised Statutes, Section 428-404(d).

WHEREAS, the Member has considered the financial and operational conditions of the Company's business;

WHEREAS, the Company's pending litigation status necessitates having legal representation in Court but that the Company cannot appear for itself in Court without having legal counsel authorized to practice law in the State of Hawaii representing Company;

WHEREAS, the Company lacks the financial means to hire legal counsel at this time;

WHEREAS, the Member desires to appear in Court on behalf of the Company but is unable to represent the Company in Court;

RESOLVED, THEREFORE, that in the business judgment of the Member after consideration of the alternatives available that it is in the best interests of the Company, its creditors, member and other interested parties that Company transfer, assign, and convey to Member its interests in the real property parcel owned by Company in Waikoloa Village, Hawaii described as TMK 6-8-02-53 in consideration of the Member personally assuming all liabilities and obligations of Company, and Member agreeing to hereafter make all necessary appearances in Court relative to said land parcel; and it is

FURTHER RESOLVED, that the Company is hereby authorized to execute and file all grant deeds and other papers and documents, and to take any and all action which it deems necessary or proper to obtain these objectives; and it is

FURTHER RESOLVED, that the Company is authorized, empowered and directed to take any and all further action and to execute and deliver any and all such further instruments and documents, where necessary or appropriate in order to carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is

RESOLVED FURTHER, that any actions taken by Member acting as Manager of Company prior to the date of the foregoing resolutions adopted hereby that are within the authority conferred thereby are hereby ratified, confirmed and approved as the acts and deeds of this Company.

IN WITNESS WHEREOF, the undersigned sole member and manager has executed this written consent this 2nd day of August, 2018.

8/2/18

MICHAEL MIROYAN

# DCCA State of Hawaii

Downloaded on January 8, 2018.
The information provided below is not a certification of good standing and does not constitute any other certification by the State.
Website URL: http://hbe.ehawaii.gov/documents

## Business Information

| | |
|---|---|
| MASTER NAME | HAWAIIAN RIVERBEND, LLC |
| BUSINESS TYPE | Domestic Limited Liability Company (LLC) |
| FILE NUMBER | 38581 C5 |
| STATUS | Active |
| PLACE INCORPORATED | Hawaii UNITED STATES |
| REGISTRATION DATE | Jul 14, 2005 |
| MAILING ADDRESS | PO BOX 3181 |
| | SARATOGA, California 95070 |
| | UNITED STATES |
| PARTNER TERMS | AT-WILL |
| MANAGED BY | MANAGER(S) |
| AGENT NAME | MICHAEL MIROYAN |
| AGENT ADDRESS | 62-2280 KANEHOA ST |
| | KAMUELA, Hawaii 96740 |
| | UNITED STATES |

## Annual Filings

| FILING YEAR | DATE RECEIVED | STATUS |
|---|---|---|
| 2017 | Jan 5, 2018 | Processed |
| 2016 | Jan 5, 2018 | Processed |
| 2015 | Feb 16, 2016 | Processed |
| 2014 | May 4, 2015 | Processed |
| 2013 | Feb 3, 2014 | Processed |
| 2012 | Dec 28, 2012 | Processed |
| 2011 | Oct 28, 2011 | Processed |
| 2010 | Dec 14, 2010 | Processed |
| 2009 | Nov 9, 2009 | Processed |
| 2008 | Jun 4, 2009 | Processed |
| 2007 | Jun 4, 2009 | Processed |
| 2006 | Jun 4, 2009 | Processed |

## Officers

| NAME | OFFICE | DATE |
|---|---|---|
| MIROYAN,MICHAEL | MGR | Jul 14, 2005 |



## Department of Commerce and Consumer Affairs

### CERTIFICATE OF GOOD STANDING

I, the undersigned Director of Commerce and Consumer Affairs of the State of Hawaii, do hereby certify that according to the records of this Department,

HAWAIIAN RIVERBEND, LLC

was organized under the laws of the State of Hawaii on 07/14/2005 ; that it is an existing limited liability company in good standing and is duly authorized to transact business.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Department of Commerce and Consumer Affairs, at Honolulu, Hawaii.

Dated:   January 08, 2018

*Catherine P. Awakuni Colón*

Director of Commerce and Consumer Affairs

To check the authenticity of this certificate, please visit: http://hbe.ehawaii.gov/documents/authenticate.html
Authentication Code: 294400-COGS_PDF-38581C5

*Huge DISPARITY this BPO ordered by Judge Kim case#14-0429K*

*$240,000 Lie*

*It is FRAUD Property listed at $1.7million*

# KOA REALTY INC.

June 25, 2018

MICHAEL H. SCHLUETER
Schlueter, Kwiat & Kennedy LLLP
75-167 Kalani Street, Suite 201
Kailua-Kona, HI 96740

RE: Broker Price Opinion for TMK 3-6-8-2-52

Parcel 52 is an anomaly in Waikoloa Village. It is a 10.75 acre parcel zoned Ag5-A(agricultural use; 5 acre lot minimum size). Water in the Village is private and billed at $2.50 per 1,000 gallon used plus a power surcharge. This makes the viability of using the subject property for agricultural use very limited. For example, the water company which services the Village, Hawaii Water Service, told me that some 10,000 sq. ft. lots w/home can use as much as 100,000 gal/month with heavy irrigation resulting in a water bill of $300/mo or higher. The subject property is over 40 times the size of a typical Village lot.

There is also a hook up fee that is based on anticipated water usage per month. It is $4.62 per gallon of anticipated usage per month. The hookup fee for a lot in Ainamalu(a new residential subdivision in Waikoloa resort) starts at $10,000.

The nearest comparable lots in proximity to the subject parcel would be Waikii Ranch, a gated community with private water and much more expensive homes that are found in Waikoloa Village. See attached Comparative Market Analysis showing all 10 acre lots sold in Waikii Ranch in the past year. All of these lots are in a superior location compared to the subject lot. Given the excessive water costs, both initial hookup and ongoing, as well as surrounding home values being substantially less than Waikoloa Village, the subject property is worth less than any lot sold in Waikii Ranch(lowest sales price was $265,000 for 10 acres on April 2, 2018).

I value the subject property at $240,000.

Sincerely,

Dave Lucas, Principal Broker
Koa Realty Inc.
76-5905 Mamalahoa hwy.
Holualoa HI 96725

76-5905 Mamalahoa Hwy., Holualoa, Hawaii 96725
PH: 808-334-1562    FAX: 808-334-1567
www.KoaRealty.com

## CERTIFICATE OF FAX FILING OF
## PETITION FOR WRIT OF CERTIORARI

I, Michael Miroyan declare that this is a verbatim transcript of the handwritten version of my sworn declaration regarding fax filing made on 3-27-2018 starting at 11:55 pm HST attached hereto as page 36 and incorporated herein by reference for purposes of legibility:

I, Michael Miroyan sent my Petition for Writ of Certiorari to Fax Number#: (808) 539-4928 given to me by Elizabeth Zack as the # to the Hawaii State Supreme Court Clerk's Offices. I began to fax at 11:55 pm HST and all 34 pages was eventually sent and concluded shortly thereafter. Therefore, this filing is timely.

I swear under penalty of perjury of the laws of Hawai'i all of the above is true. The time listed above showing confirmation as 17:58 pm on 3/28/19 is inaccurate. And that's the way it was on the fax machine I used ph. # 408-280-7313 at a friend's office and I did not adjust the time on his fax machine because it's not my place to do so.

Executed at San Jose, CA.

Dated: 3/28/19

M. Miroyan
MGR & Sole Owner
of 100% of the membership
Interests of Hawaiian Riverbend, LLC

# Fax Confirmation Image

| | | |
|---|---|---|
| Date/Time | : | MAR-28-2019 06:08PM THU |
| Model Name | : | M2070 Series |
| Machine Serial Number | : | 0704B8KHBD000BZ |
| Host Name | : | SEC30CDA7FE6419 |

| No | Name/Number | Start Time | Time | Mode | Page | Result |
|---|---|---|---|---|---|---|
| 037 | 18085394928 | 03-28 17:58PM | 09'39" | ECM | 034/034 | OK |

I, Michael Miroyan sent my Petition for writ of Certiorari to FAX # 808-539-4928 given to me by Elizabeth Zack as the # to the Hawaii State Supreme Court Clerk's office. I began to fax @ 11:55pm HST and all 34 pages was eventually sent and concluded shortly thereafter. Therefore the filing is timely. I swear under penalty of perjury of the laws of Hawaii all of the above is true. The time/date above showing confirmation as 17:58pm on 3/28/19 is inaccurate and that's the way it was on the fax machine I used ph.# 408-280-7313 at a friend's office and I did not adjust the time on his fax machine because it's not my place to do so.

Executed in San Jose, Ca.

3/28/19

[signature]

M MIROYAN
MSR & sole owner of 100% of the membership interests of Hawaiian Riverbend, LLC

Michael Miroyan, Individually,
and as sole owner of Petitioner
Hawaiian Riverbend, LLC
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac6881@me.com
PETITIONERS

IN THE SUPREME COURT OF THE STATE OF HAWAII

| | |
|---|---|
| HAWAIIAN RIVERBEND, LLC, MICHAEL MIROYAN<br>Petitioners-Defendants-Appellants<br>JOHN DOES - 1-10; JANE DOES 1-10; and DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS OR OTHER ENTITIES 1-10,<br>Defendants<br>CORY TERRICK,<br>Respondent-Plaintiff-Appellee<br>PAUL SULLA, Intervenor-Appellee | INTERMEDIATE COURT OF APPEALS<br>CASE NO. CAAP-18-0000683<br>THIRD CIRCUIT COURT<br>CASE NO. 14-1-429K<br>PETITION FOR A WRIT OF CERTIORARI AND WRIT OF MANDAMUS AND ANY OTHER APPROPRIATE RELIEF THE COURT DEEMS APPROPRIATE |

To the Honorable Justices of the Hawaii Supreme Court:

1. **ORDER SUBJECT TO APPELLATE REVIEW:**

Petitioners are hereby appealing the ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION made by the State of Hawaii's Intermediate Court of

Miroyan seeks to be a named party as DOE defendant 1 and as the real party in interest as well as the Registered Agent listed on official records of the Hawaii Secretary of State

PETITION FOR WRIT OF CERTIORARI
-1-

## CERTIFICATE OF SERVICE

I, Anthony Lawrence hereby declare:

1.      I am an adult over the age of 18, and not a party to the within action.  I served the:

## PETITION FOR WRIT OF CERTIORARI

by U.S. Mail, by depositing an envelope postage prepaid in the U.S. mails addressed as follows:

Paul J. Sulla, Jr.
Attorney at Law
P.O. Box 5258
Hilo, Hawaii 96720

on March 28th 2019.

I declare under penalty of perjury of the laws of the State of Hawaii that the foregoing is true and correct.

Executed at San Jose, CA.

Dated: March 28th 2019.

Anthony Lawrence
Tel: (408) 202-8168

-37-

## CERTIFICATE OF SERVICE

I, Anthony Lawrence hereby declare:

1.    I am an adult over the age of 18, and not a party to the within action.  I

served the:

**PETITION FOR WRIT OF CERTIORARI**

by U.S. Mail, by depositing an envelope postage prepaid in the U.S. mails

addressed as follows:

Stephen D. Whittaker
P.O. Box 964
Kailua-Kona Hawaii
96745

on March 28th 2019.

I declare under penalty of perjury of the laws of the State of Hawaii that

the foregoing is true and correct.

Executed at San Jose, CA.

Dated March 28th 2019.

_____
Anthony Lawrence
Tel: (408) 202-8168