MIROYAN, Mike

CASE# 18-52601
18-52601

My 97 page Hawaii Recusal motion to be heard on 5-4-22 and made an exhibit to the motion for violation of the automatic stay to show & take judicial notice of the ongoing pattern of abuse and bias and prejudice towards Michael Miroyan for 7 years since 2015 and whereby Miroyan has <u>not</u> once been allowed in court to present my evidence of forgery and fraud against the KAIS and their legal counsel, et al.

MIROYAN

Date 4/11/22

**FILED**

APR 11 2022

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac8881@me.com

In Propria Persona

**Electronically Filed**
**THIRD CIRCUIT**
**3CC16100043K**
**07-FEB-2022**
**09:17 AM**
Dkt. 69 MOT

# IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## OF THE STATE OF HAWAII

GANG CHEN,

    Plaintiff,

    v.

HAWAIIAN RIVERBEND, LLC,

    Defendant.

| |
|---|
| **CIV. NO. 3CC-16-1-00043K** |
| MOTION TO DISQUALIFY AND RECUSE JUDGE ROBERT D.S. KIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AFFIDAVIT OF BIAS OF MICHAEL MIROYAN; CERTIFICATE OF GOOD FAITH BY COUNSEL; [PROPOSED] ORDER; CERTIFICATE OF SERVICE |
| Hearing Date: ~~2-24-2022~~ at 10:30 am 5-4-2022 |

This Motion to disqualify and recuse Judge Robert D.S. Kim is brought pursuant to Rule 7 of the Hawaii Rules of Civil Procedure and pursuant to Hawaii Revised Statutes (HRS) § 601-7 as well as Rule 2.11 of the Hawaii Canons of Judicial Conduct (CJC). This Motion is supported by this Memorandum of Points and Authorities in Support of the Motion, the supporting Affidavit of Judicial Bias of Michael Miroyan with supporting Exhibits as well as a [Proposed] Order for the Court. Defendant Miroyan was unable to obtain a Certificate of Good Faith from existing counsel Margaret Wille who has calendared a hearing on her Motion to Withdraw as Counsel, a Motion that Defendants are vigorously opposing, set for hearing today at 1:30 pm. Miroyan requests that he be allowed to file the Certificate of Good faith by Margaret Wille as soon as he is able to do so.

    Defendant Miroyan respectfully requests that this Motion be heard by another Judge of this Court other than Judge Robert D.S. Kim

//

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

## 1. HAWAII LAW GOVERNING DISQUALIFICATION/RECUSAL

Hawaii Law governing the disqualification/recusal of Judges for bias is codified at Haw. Rev. Stat.§ 601-7 and Rule 2.11 of the Hawaii Revised Code of Judicial Conduct (CJC). Under the law, once an Affidavit of Judicial Bias is filed in this case, Judge Robert D.S. Kim must recuse himself from all cases in the Third Circuit Court involving Hawaiian Riverbend, LLC and/or Michael Miroyan.

## 2. EXAMPLES OF JUDGE ROBERT D.S. KIM'S ACTUAL BIAS AND PREJUDICE AGAINST MIROYAN AND BIAS IN FAVOR OF PLAINTIFFS

There are numerous examples of both Judge Kim's actual bias and prejudice against Miroyan as well as his bias and prejudice in favor of the plaintiffs.

There are 3 cases before Judge Kim. Those three of these cases are:

1. Tereick v. Hawaiian Riverbend, LLC Case #: 3CC-14-0429K

2. Kai v. Hawaiian Riverbend, LLC Case #:3CC-15-0164K.

3. Chen v. Hawaiian Riverbend, LLC Case #: 3CC-16-0043K.

Both the Tereick and Kai cases were appealed to Hawaii's Intermediate Court of Appeals. The Kai appeal currently still pending. That appellate case is:

4. Kai v. Hawaiian Riverbend, LLC Case #: CAAP-19-0000742.

This Motion for Recusal is brought in the Chen civil case in light of the upcoming 1-31-2022 at 1 pm hearing date before this Court regarding Attorney Margaret Wille's Improper Motion[1] to Withdraw as counsel for both

---

[1] No withdrawal is allowed without substitution pursuant to Laskowitz v. Shellenberger . The Court in Laskowitz stated:
"In any event a withdrawal of attorneys is not the proper course. A substitution of attorneys approved by the Court is the method of changing representation. The purported withdrawal of attorneys is disallowed."

Laskowitz v. Shellenberger (1952) 107 F.Supp. 397.

- 2 -

Michael Miroyan individually as well as Miroyan's wholly owned single manager single member HR LLC[2].

This Motion is vehemently opposed by both HR LLC and Miroyan for very good reasons including the most important, the most crucial and the most critical reason being is at this time there is no substitution of counsel, so that Wille's withdrawal of HR LLC will leave the LLC naked, unrepresented, and without a voice in all future court proceedings. This is manifest injustice or will certainly result in manifest injustice. Miroyan believes that Judge Kim will illegally allow Wille to withdraw. This belief is based on Judge Kim's prior action in companion case Tereick v. Hawaiian Riverbend, LLC.

In that case on April13,2018 in a clandestine and secret hearing, between Judge Kim and Paul Sulla Jr., the attorney representing HR LLC, a hearing held without Miroyan's knowledge or consent

Judge Kim was working in collusion with Paul Sulla. Both of these experienced lawyers knew exactly what they were doing. They were killing the entity by design and premeditation, knowing full well that the entity would not be able to hire an attorney between 4-13-2018 and 6-19-2018 when the all important Court Confirmation hearing was already scheduled. Both Sulla and Judge Kim knew this to be true because Miroyan had been "blacklisted" by Federal Bankruptcy Judge in Hawaii Judge Robert Faris, from whom Judge Kim takes his marching orders.

In that hearing where Miroyan was never notified nor was served with pleadings, Judge Kim allowed Sulla to withdraw in violation of Rule 25.1 of the Hawaii Rules of Civil Procedure as well as Rule 1.16 of the Hawaii Rules

---

[2] Michael Miroyan owns 100% of the membership interests in HR LLC

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

1 of Professional Conduct..

2 Judge Kim according to the rules, should never have signed the order
3 allowing Sulla's withdrawal without first having Miroyan's signature, as is
4 mandated by the rule whereby the manager has to sign the order before the
5 judge stating that he is okay and approves of the substitution and the
6 transition from one attorney to the next.

7 Yet Judge Kim could care less. Judge Kim was not concerned with
8 these rules, he was concerned with one thing, making sure that Miroyan
9 could not say a word. (See Exhibit 1). Did Judge Kim ask if there substitute
10 counsel? Is Miroyan aware of this hearing? What Judge Kim did state on
11 the record: "IF THE COURT GRANTS THIS MOTION, YOUR CLIENT IS
12 UNABLE TO PARTICIPATE AS IT WOULD BE AN UNAUTHORIZED
13 PRACTICE OF LAW"

14 Judge Kim's prior history whereby he obliterated the Due Process
15 rights of HR, LLC in the sneaky, underhanded clandestine "hearing" on
16 Sulla's Motion to Withdraw. This Motion was brought without the knowledge
17 or consent of the LLC's managing member, who had no knowledge of this
18 hearing, nor was he served with pleadings.

19 Now, to be in compliance with HRCP Rule 25.1, a good Judge, one
20 who is familiar with the law, would be asking the following questions as
21 delineated by the rule: "Mr. Sulla, the entity which you are currently
22 representing, HR, LLC, is it's managing member aware of your withdrawal
23 without any substitution attorney in place? You are aware Mr. Sulla, that in
24 order to withdraw and to be in compliance with our Rule 25.1, that the
25 substituting attorney has to sign the Order prior to the Judge signing the
26 Order and, in addition to that, besides citing relevant case law allowing you
27 to do what you are requesting, which I do not see in your pleadings, the
28 managing member's signature of the LLC has to be on the Order also,

- 4 -

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

stating that he is in agreement and consents to this substitution of counsel, which appears to not exist in this case, does it Mr. Sulla? Because if it does not, I am not going to be the Judge that removes the attorney for the LLC because that will leave the entity unrepresented without any voice in all future Court hearings. That would not just be detrimental, Mr. Sulla, that would be disastrous and could easily result in manifest injustice."

In the preceding hypothetical colloquy is between a Judge following Rule 25.1 and an attorney who wishes to withdraw in a hurry without proper notice to the client, without substitution of counsel, without any case law and without the signatures of both the substitute counsel and the managing member of the entity he represents. In other words, Sulla's conduct and requests to withdraw was without any legal basis and followed none of the benchmark protocols in place based on Rule 25.1. His request should have been flat out denied. Sulla's conduct and his deceitful, sneaky and unannounced way that he conducted himself, particularly egregious was his non-notification to his client about his intention to withdraw immediately and the disastrous consequences that withdrawal would cause is malpractice. Sulla's unconsionable actions makes him guilty of malpractice. Judge Kim's sanctioning of Sulla's conduct is criminal. Observe how these two men, both of whom knew exactly what they were doing, and in collusion, the both of them, perfected the demise of the entity, or in other words, intentionally killed the entity themselves with their knives, all done in darkness all done in secrecy without telling the managing member anything about it, making sure that the entity had no legal counsel for the Court confirmation hearing.

This type of conduct shocks the conscience of any decent human being. The consequences when conduct like this is sanctioned, as it was in this case where Judge Kim who in collusion with Sulla created manifest injustice, the rensult of which 60-90 days later was an unconscionable loss

- 5 -

of $1.5 million dollars in equity by the entity Sulla represented, HR, LLC, all because Judge Kim did not do a proper inquiry, did not comply with Rule 25.1 at all and in a premeditated plan, in collusion with, Attorney Sulla, guaranteed the demise of the entity Sulla represented as we shall see, doing maximum damage with adverse consequences to his client.

Judge Kim did not ask any questions about the entity HR, LLC. Judge Kim also neglected to ask any questions regarding who is the substitute attorney and why isn't he here? Is the managing member Mr. Miroyan okay with this motion for withdrawal without substitution, because his LLC will be left without a voice. Judge Kim did not ask any of these pertinent and relevant questions while allowing counsel to withdraw in the Tereick civil case leaving HR LLC without a voice at upcoming court confirmation hearings resulted in disaster for the LLC wherein a $1.7 million piece of property owned by the LLC is taken for a $120,000 credit bid, and the missing $1.5 million is treated as though it never existed, and is what all parties on the plaintiff's side along with their attorneys cherish and covet and strive mightily to steal.

Judge Kim. Is the sword of the plaintiffs creating and establishing by this, manifest injustice. Judge Kim's treachery Is obvious and it knows no bounds. Judge Kim has proven he is completely reckless and will do anything and break any law to facilitate his master's requests, and achieve the final goal which is to steal the equity of the assets of Hawaiian Riverbend, LLC

Here are but a few of the examples of bias and prejudice exhibited by Judge Kim as well as examples of his willingness to not follow any case law precedent, and his willingness to break the law which establishes manifest injustice, the very thing he's supposed to be interested with eliminating. His ongoing pattern of conduct in holding court without proper notice to

- 6 -

Case: 18-52601   Doc# 105   Filed: 04/11/22   Entered: 04/11/22 15:06:54   Page 7 of 124

defendants. Judge Kim's holding of Court without proper service of pleadings without knowledge or notification and by issuing bogus one sided rulings based on the total and his utter disregard of the law governing such motions as was granted by Judge Kim in both the Kai case and the Chen case. In the Chen case Judge Kim granted summary judgment while the Bankruptcy Court's automatic stay was in force, thereby rendering Judge Kim's grant of summary judgment in favor of Chen to be a Void Order.

Judge Kim's distinctly punitive and criminal way of dealing with any pro se litigant including his threats of intimidation constitutes oppression. Additionally Judge Kim allows attorneys to withdraw when they should not. He holds secret clandestine unannounced hearings without the parties being properly represented or even notified.

Judge Kim refuses to follow protocols in place when motions for recusal are filed against him. Judge Kim ignored federal or state civil rights lawsuits naming him as a defendant knowing full well that it is mandatory for federal judges to recuse themselves under these circumstances and that state actors like Judge Kim if named as a defendant in an action must recuse him because failure to do so would result in an onlooker reasonably questioning his impartiality.

What laws, or rules are left for Judge Kim to further violate? Well he would deny pro se litigants access to the courts. He will deny the right of free speech in his courtroom. He will threaten and oppress the litigants who dare to believe what Judge Kim does not want to hear. Judge Kim will violate the automatic stay in federal bankruptcy cases so long as the rights of the defendant are being trampled upon and he will not hesitate to hold Ex Parte communications illegally. And he likes attorneys who set hearings without opposing parties knowledge and in general this renegade judge is impervious, above any law and does whatever he wants and openly

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

Case: 18-52601   Doc# 105   Filed: 04/11/22   Entered: 04/11/22 15:06:54   Page 8 of 124

challenges anyone to do anything about it. The results of Kim's bias and prejudice results in denial of free speech, results in the inability to access the courts to petition for redress of grievances, no equal protection under the law resulting in no due process resulting in manifest injustice. Now we will take actual examples.

1) Threats and Intimidation by Judge Kim

2) Secret Sulla withdrawal hearing with no notice given to Miroyan nor was Miroyan served with Sulla's pleadings re: Motion to Withdraw

3) No recusal by Judge Kim after Federal lawsuit was filed against him

4) Judge Kim's grant of Summary Judgment in favor of Kais despite 3-11-2016 filing of Affirmative Defenses, Counterclaims and Third-Party Claims

5) Summary Judgment granted in favor of Chen***

*** More Egregious in the Chen case for two reasons

6) Secret and clandestine Court hearings without Miroyan being notified and without Miroyan being served pleadings

7) Summary Judgment granted in the Chen case on 2-4-2019... in the middle of an automatic BK stay that began on 11-26-18 case #52-601

8) Michael Miroyan receiving no pleadings in large numbers in Chen case

9) Judge Kim stripped HR LLC from its attorney Paul Sulla In April 2018 right before June 19, 2018 court confirmation hearing ... Leaving the LLC without a voice

10) Karyn Doi never provided Michael Miroyan /Hawaiian Riverbend, LLC with copies of the pleadings .... pretend she didn't know where Miroyan was  Doi holding court without Miroyan while his back is turned during a Bankruptcy Automatic stay

11) Margaret Wille attorney for HR was paid to void that judgment and paid to bring to the attention of the court the fact that they never should've done this while a BK automatic stay was in place.  Attorney Wille's done nothing but she shouldn't be relieved she has to do her job and she shouldn't be relieved so that Kim can do his dirty work like he did in the last Tereick matter where $1.5 million in equity was stolen from Miroyan.

**3. JUDGE KIM'S THREATS TO REPORT MIROYAN TO THE HAWAII ATTORNEY GENERAL'S OFFICE CONSTITUTE BIAS OPPRESSION AND INTIMIDATION AND CONSTITUTE ACTS OF HOSTILITY AND QUESTION JUDGE KIM'S IMPARTIALITY**

- 8 -

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 9 of 124

An objective reasonable onlooker considering Judge Kim's multiple threats to report Miroyan to the Hawaii Attorney General's Office for engaging in the unauthorized practice of law because Miroyan sent all parties an e-mail re: sale of a comparable property of 11 acres for $1.5 million dollars in cash, after Judge Kim illegally permitted HR, LLC's counsel Paul Sulla Jr. to withdraw as attorney of record, rather than requiring that a Motion for Substitution of Counsel be filed so as to be following the legal precedent from the U.S. District Court in Laskowitz v. Shellenberger (1952).

The threats by Judge Kim to have Miroyan arrested and charged with the unauthorized practice of law is but one instance of conduct that brings his conduct as a Judge and the Judiciary itself into disrepute in the eyes of the public and raises serious questions that are based on judicial threats, intimidation and the quashing of free speech, the free exercise of which is one of the bedrock principles of this American Republic, a right that is enshrined in the First Amendment of the Constitution of the United States, a basic civil right that Judge Kim is openly conspiring against with his threats to criminalize Miroyan's ability to speak in Court and defend his land. Judge Kim's actions in warring against the Constitution are facts that are corroborated by the 4-13-2018 Minute Order confirming Judge Kim's threat attached as Exhibit 1 to Miroyan's Affidavit of Bias is clear evidence of bias and denial of Miroyan's Due Process, Free Speech and right to petition the Government for a redress of grievances are but a few of the Constitutional rights of an American citizen that Judge Kim is openly and notoriously trampling upon and are actions that the decisional case law defines as acts of hostility against Miroyan. The law mandates Judge Kim recuse himself.

But Judge Kim will not recuse himself !. Judge Kim won't recuse himself when he's sued as a lead defendant in a civil lawsuit by Miroyan

Judge Kim will not follow the Canons of Judicial Conduct.

**4.    LAW GOVERNING JUDICIAL DISQUALIFICATION AND RECUSAL**

This Motion for Recusal of Judge Robert D.S. Kim is made pursuant to HRS Section 601-7(b) which states:

> "Whenever a party to any suit, action, or proceeding, civil or criminal, makes and files an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against the party or in favor of any opposite party to the suit, the judge shall be disqualified from proceeding therein. Every such affidavit shall state the facts and the reasons for the belief that bias or prejudice exists...

This Court applies a two-part analysis when addressing a disqualification or recusal case.  State v. Ross (1999) 89 Haw. 371, 377. First, the Court asks whether  HRS  §  601-7 covers the disqualifying  bias or conflict  of interest.  If HRS § 601-7 does not cover the particular allegation the Court may then turn to notions of due process in conducting the

> "broader inquiry of whether 'circumstances  ... fairly give rise to an appearance of impropriety and ... reasonably cast suspicion on the [the judge's] impartiality.'"

Id. (quoting State v. Brown (1989) 70 Haw. 459, 467 n. 3.

**5.    RECUSAL IS MANDATORY IN ANY PROCEEDING IN WHICH THE JUDGE'S IMPARTIALITY MIGHT REASONABLY BE QUESTIONED**

Part two of the disqualification or recusal analysis looks to notions of due process applying the principles of the Canons of Judicial Conduct CJC. State  v. Ross (1999) 89 Haw. 371  at 378.

The Court in Ross recognized that:

> "aside from the technical  absence of bias or conflict  of interest, certain   situations may give rise to such uncertainty concerning the ability of the judge to rule  impartially that disqualification becomes necessary."

Id.  at 379.

Rule  2.11 (a) of the Revised Code of Judicial Conduct states that

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 11 of 124

"subject to the rule of necessity, a judge shall disqualify or recuse himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances."

(1)     The judge has a personal bias or prejudice for or against a party or a party's lawyer, or personal knowledge* of facts that are in dispute in the proceeding.

Rev. Code of Jud. Conduct, Rule 2.11 (a).

## 6. DEFINITION OF IMPARTIALITY

Impartiality is defined as:

"an absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that come or may come before a judge."

CJC, Terminology.

CJC, Rule 1.2 further states that

"a judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and shall avoid impropriety and the appearance of impropriety."

CJC, Rule 1.2.

## 7. DEFINITION OF "APPEARANCE OF IMPROPRIETY"

The CJC defines "appearance of impropriety" as:

"conduct that reasonable minds, with knowledge of all the relevant circumstances, would perceive as materially impairing the judges independence, integrity, impartiality, temperament, or fitness to fulfill the duties of judicial office."

The Court in Ross stated that:

"the test for disqualification due to the 'appearance of impropriety' is an objective one, based not on the beliefs of the petitioner or the judge, but on the assessment of a reasonable impartial onlooker apprised of all the facts."

Ross, at 380, 974 P.2d 11, 20.

"The test assumes the viewpoint of a reasonable onlooker, rather than the subjective belief of the judge."

Ross at 378, 974 P.2d 11, 17.

## 8. DISQUALIFICATION OF JUDGE BASED UPON THE RECORD

The Hawaii Court in Peters discussed Motions to Disqualify/Recuse based upon filing an Affidavit of Bias. The Peters Court then addressed situations where evidence of judicial bias is to be found on the record:

> "Disqualification for bias or prejudice does not necessarily rest on the filing of an affidavit of bias or prejudice. It may appear from the record itself. Knapp v. Kinsey, supra; Whitaker v. McLean, 73 App.D.C. 259, 118 F.2d 596. Indeed, any motion to disqualify based on matters of record must find its support in the record. Revised Laws of Hawaii 1955, section 213-3(b) was never intended to permit a party to file an affidavit setting out as incontrovertible facts matters which appear from the record itself. Peterson v. McKinley, supra, 45 Haw. 44, 47, 361 P.2d 60, 62. Hence, in the present case, whether grounds of disqualification have been established must be gleaned from the record. We hold that in a proper case a writ of prohibition will lie to compel a trial judge to recuse himself because of bias or prejudice which appears from the record, where as here the case is one in which the question of disqualification cannot otherwise be reviewed. Hence, we have deemed it necessary to review the record and to depict the pertinent portions of the proceedings."

Peters v. Jamieson (1964) 48 Haw. 247

## 9. RELEVANT FACTS

In July of 2005 Miroyan successfully acquired 13,767 acres for $60,000,000 a deal that closed on 9-4-2005. The very same day, the same property appraised for $164 million. Attached as Exhibit 2 to Michael Miroyan's Affidavit of Bias is a true and correct copy of a detailed list regarding the above referenced 13,767 acres.

In a letter dated 7-17-2005 from Hawaii Real Estate Broker Lee Pappernow to Miroyan's partner of Vitoil Corporation highlights Miroyan's brilliance in the acquisition of the 13,767 acres:

> "Mike has an innate ability to read people and business situations and his strategy on this deal was brilliant. As a result it appears that we have won the day and what Mike has delivered to you as majority partners is nothing less than miraculous. In my 30 years as a real estate broker I have never seen anything even close to the profit opportunity Arch now enjoys..."

From 1-1-2006 to 4-20-2006, while Miroyan was in Hawaii, Miroyan

- 12 -

Case: 18-52601   Doc# 105   Filed: 04/11/22   Entered: 04/11/22 15:06:54   Page 13 of 124

1  borrowed money from the Kai's (referenced in another Third Circuit Court
2  case.
3          In November 2008, Miroyan sued his Ukrainian Armenian partners
4  Arch, Vitoil, and related entities in Hawaii's 3rd Circuit Court, alleging that
5  Arch and Vitoil "have orchestrated the transfer of portions of the [Waikoloa
6  property] worth approximately $35 million" and that they were "engaged in a
7  pattern of selling and mortgaging (at very high interest rates and points) and
8  cross-collateralizing the properties for less than reasonable equivalent
9  consideration and with the intent to hinder, delay, or defraud" Miroyan.
10         In November of 2009 Miroyan settled with his former partners and
11 Waikaloa Mauka. The agreement transferred to Miroyan's company
12 Hawaiian Riverbend 31.3 acres at the mauka entry to Waikoloa Village, at
13 the corner of Paniolo Drive and Waikoloa Road.  This parcel is identified as
14 Taxpayer Map Key (TMK) Number 6-8-002-021.
15         In spring of 2010, Waikoloa Mauka and Miroyan entered into a joint
16 development agreement, calling for them to work together and split the
17 costs of subdividing and rezoning a portion of the parcel and the building of
18 the entrance road to the park with utilities stubbed on site and making
19 certain other improvements  The subdivision would divide Miroyan's parcel
20 into three lots: one of six acres fronting Paniolo Drive (Taxpayer Map Key
21 (TMK) number 6-8-002-021), one of 14.6 acres (rezoned as commercial CV-
22 20), and one of 10.7 acres, which would be designated as a park donation
23 parcel on behalf of Waikaloa Mauka, LLC, Michael Miroyan's partners and
24 donated to the county, to satisfy the Waikoloa Highlands per subdivision
25 condition requiring park fees across the streets a per-lot contribution of more
26 than $6,000 for their 400 lots – totaling more than $2.45 million – to support
27 county park and recreational facilities.
28         In return for donating 10.7 acres of Miroyan's land, the development

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

1  agreement provided for Waikoloa Mauka to transfer to Hawaiian Riverbend
2  the triangular 10.8-acre parcel on the corner across the street at Waikoloa
3  Road and Pua Melia Street  The agreement, if fulfilled, would replace
4  Miroyan's land with a lesser valued piece across the street but the cost of he
5  entrance road would be split 50/50.

6      Before the development agreement was signed, Miroyan had
7  transferred a 50 percent interest in Hawaiian Riverbend LLC to Tae Kai and
8  Kenneth Kai, trustees of the Kai Family Trust governed by the terms of the
9  LLC's Membership Purchase Agreement. They were to put up $360,000 and
10 receive $180,000 in prepaid interest, a 50% return on principal over a three
11 year term of the Note (approx 16.5% per year).  $300,000 was owed to
12 Waikoloa Mauka under terms of the settlement.

13      Miroyan claims he was paid only $360,000, In fact, the $360,000 that
14 the Kai's did provide was secured by a Mortgage for $540,000 that included
15 50% usurious interest built in (i.e. $180,000 in interest) plus $360,000
16 totalling $540,000 over 3 years, from May 2010 to May 2013.

17      Miroyan then turned to other parties for loans, Gang Chen and Cory
18 Tereick, securing them with additional mortgages on his Waikoloa property.

19      In September of 2014, the First Mortgage holder Cory Tereick who put
20 up $90,000 initiated foreclosure proceedings in the Third Circuit Court by
21 filing a foreclosure civil action in the Third Circuit Court case number 14-1-
22 00429K.

23      In May of 2015, a new civil case for foreclosure was filed in the Kai v.
24 Hawaiian Riverbend, LLC case number.  On 2-12-2016, Hawaiian
25 Riverbend LLC filed an Answer to the Kai's civil complaint that included
26 Affirmative Defenses as well as a significant number of counterclaims and
27 Third-Party claims against the Kai's.  This was followed by an Amended
28 pleading including Affirmative Defenses Counterclaims and Third-Party

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 15 of
124

Claims filed on 3-11-2016 which raise significant disputed material facts that go to the heart of the dispute that clearly establish triable issues of material facts in dispute that necessarily preclude the granting of Summary Judgment in favor of the Kai's by Judge Kim, clearly showing a significant level of bias exhibited by Judge Kim who failed to acknowledge any of Hawaiian Riverbend LLC's Affirmative Defenses or Counterclaims in any Judgments or Orders made by Judge Kim in his rulings granting Summary Judgment in favor of the Kai's, including his Findings of Fact and Conclusions of Law that makes absolutely no reference at all to any of the facts that emerge from HRB LLC's Answer, Affirmative Defenses and claims made in HRB's Counterclaims and Third-Party Claims made by HRB in either the LLC's 2-12-2016 filing, nor those made in the 3-11-2016 filing.

## 10.   JUDGE KIM THREATENS MIROYAN FOR THE UNAUTHORIZED PRACTICE OF LAW

Attached to Miroyan's Affidavit of Bias as Exhibit 1 is a true and correct copy of the Minute Order from the **Tereick v. Hawaiian Riverbend, LLC Third Circuit Court Civil Case #: 14-1-00429K** from 4-13-2018 at the illegal and secret[3] hearing on Hawaiian Riverbend LLC's Attorney Sulla's move to Withdraw as Attorney.

Judge Kim, in granting Sulla's Motion to Withdraw, made in violation of Rule 25.1 of Hawaii's Code of Civil Procedure for failure to include Hawaiian Riverbend LLC's consent to the attorney withdrawal is one of 3 examples cited by Miroyan where Judge Kim openly threatened Miroyan that he would personally call the Hawaii Attorney General's Office and report him for engaging in the unauthorized practice of law for simply the judge opposing an email pointing out a comparable property that they missed and

---

[3] The illegality of the hearing is due to the fact that Miroyan was never notified of the hearing nor was he served with Sulla's moving papers

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

it was the best one.. The 4-13-2018 Minute Order states:

COURT: IF THE COURT GRANTS THIS MOTION, YOUR CLIENT IS UNABLE TO PARTICIPATE IN THIS CASE AS IT WOULD BE AN UNAUTHORIZED PRACTICE OF LAW.

SULLA: UNDERSTOOD

COURT: MOTION GRANTED; **IN THE ORDER, WANT IT SPECIFIC THAT IN GRANTING THE WITHDRAWAL AS COUNSEL, THAT THIS ENTITY, HAWAIIAN RIVERBEND LLC IS UNABLE TO REPRESENT ITSELF, OTHERWISE IT IS ENGAGED IN THE UNAUTHORIZED PRACTICE OF LAW AND THE COURT WILL ONLY RECOGNIZE IT IF THEY HAVE SUBSTITUTE ATTORNEY**

SCHLUETER: NOTES FOR THE RECORD, MICHAEL MIROYAN WAS SERVED AT SARATOGA ADDRESS.

COURT: HE IS NOT A PARTY, THE ENTITY IS; MR. SULLA TO PREPARE THE ORDER

Tereick v. Hawaiian Riverbend, LLC Third District Court Civil Case Number 3CC-14-1-00429K Minute Order dated 4-13-2018

## 11. **JUDGE KIM STATES ON THE RECORD THAT MIROYAN HAS NO STANDING BEFORE THE CIRCUIT COURT**

The above excerpt taken from the 4-13-2018 Third Circuit Minute Order explicitly demonstrates Judge Kim's belief that Miroyan has no standing to speak, appear or file any documents before him in the Tereick civil case. Judge Kim explicitly states in response to Attorney Schlueter's statement that Miroyan was served court documents at his Saratoga, CA address: COURT: HE IS NOT A PARTY

See Miroyan's Affidavit of Bias for further details on this issue.

Judge Kim's impartiality can reasonably be questioned by an objective onlooker because he has openly threatened to have Miroyan arrested and prosecuted for engaging in the unlicensed practice of law for merely attempting to speak on behalf of his 100% owned single member managed Hawaiian Riverbend LLC.

- 16 -

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 17 of 124

Only after Judge Kim illegally stripped Miroyan's LLC of its' legal counsel in the companion case Tereick 3CC-14--0429K on 4-13-2018, leaving it with no voice whatsoever at the all important Court Confirmation hearing did Miroyan sent an e-mail to all parties regarding the most recent comparable sale in Waikaloa Village, another 11 acre parcel with the exact same zoning, directly across the street and in a flood zone with less amenities that sold for $1.5 million all cash on 4-24-2018.

Because of Judge Kim allowing Miroyan's LLC to be without representation, in clear violation of HRCP Rule 25.1, Miroyan stood up on the date of the Court Confirmation, July 19th 2018, to attempt to address the Court and to object on the record to the bogus BPO (Broker's Price Opinion) by David Lucas, Broker of KOA Realty who brought in the fraudulent BPO at $240,000... $300,000 less than the Tax Assessor's Office had valued the property; and nowhere near the true value of the property based on that $1.5 million dollar comparable, Judge Kim's response was to interrupt Miroyan to stop him from speaking and then he uttered these words:

**"Mr. Miroyan, you have no standing in this Court. If you say one more word, I will have the bailiff remove you from the Courtroom."**

Then Judge Kim motioned to the bailiff, who with his right hand on his holstered gun, came over behind Miroyan as he was sitting down. Judge Kim then adopted the $240,000 fraudulent BPO of David Lucas and gave away the property for a mere $120,000 credit bid to lender Tereick. This constitutes a legally sanctioned theft of at least $1.3 million dollars based upon the actions of Judge Robert D.S. Kim, founded upon actual bias and prejudice. The result is manifest injustice.

Judge Kim ignored and super ignored an actual and factual recorded comparable sale at the Court Confirmation hearing. Judge Kim not only does not care about manifest injustice, he promotes it and he establishes it.

1   Judge Kim's actions promotes and establishes manifest injustice, the very
2   thing he should be looking for to eradicate as a jurist. Any onlooker's
3   conscience would be shocked at what they hear and what they see,. Any
4   neutral observer would be shocked and flabbergasted. Such bias and
5   prejudice as this exhibited by Judge Kim cannot be sanctioned by the
6   Intermediate Court of Appeals, the U.S. Constitution or any American Court,
7   State or Federal. Judge Kim needs to be immediately disqualified as a
8   Judge and having nothing further to do with both Hawaiian Riverbend, LLC
9   and Michael Miroyan. Judge Kim has no immunity for such actions where
10  he knowingly breaks the law.

11       Based on these actions by this Judge Kim which any reasonable
12  person with a grasp of the facts would conclude are criminal in nature and
13  illegal, and when one has been so threatened as Miroyan has by this Judge,
14  action is necessary to protect the assets of the LLC and to give it a voice in
15  the Court proceedings to defend one's land from this street mugging and
16  bludgeoning by this renegade Jurist.

17       Therefore, Michael Miroyan on 8-2-2018 called a meeting of the
18  members of Hawaiian Riverbend, LLC in accordance with HRS Section 428-
19  404(d) and being the sole member and manager of Hawaiian Riverbend
20  (HRB) LLC passed a resolution acknowledging that HRB, LLC owed
21  Miroyan $1,958,000 and authorized the LLC to convey its' real estate to
22  Miroyan so the interests of the LLC in Court could be represented by
23  Miroyan In Propria Person.

24       The Action By Written Consent of Sole Member and Manager of
25  Hawaiian Riverbend, LLC dated 8-2-2018 attached to Miroyan's Affidavit as
26  Exhibit 3 states:

27       "WHEREAS the pending litigation necessitates having legal
         representation in Court but that the Company cannot appear for
28       itself in Court without having legal counsel,,, authorized to

- 18 -

practice law in the State of Hawaii...

WHEREAS the Company lacks the financial means to hire legal counsel at this time;

WHEREAS the Member desires to appear in Court on behalf of the Company but is unable to represent the Company in Court;

RESOLVED, THEREFORE that in the business judgment of the Member after consideration of the alternatives available that it is in the best interests of the Company, its creditors, Member and other interested parties that the Company transfer assign and convey to Member its interest in the real property parcel owned by the Company TMK 6-8-002-053 in consideration of the Member assuming all liabilities and obligations of the Company and making all future court appearances."

The next thing that Miroyan did was to prepare a Memorandum Re: Assignment of Property Assets, also dated 8-2-2018 regarding conveyance from HRB, LLC to Mr. Michael Miroyan, 100% owner of the LLC's membership interests, attached to Miroyan's Affidavit as Exhibit 4. In that 2 page document it states the reasons why Miroyan is owed $1,958,000 by the LLC and In consideration of those moneys owed, the LLC would transfer assign and convey its' interests to Miroyan.

Miroyan has a vested interest in this property greater than 3X the amount of any mortgage held by the Kai's. This 2 page memorandum is a brief history of the property from November of 2009 until August of 2018.

This proof of financial consideration for the transfer is explained in this 2 page document. Essentially, it involves and incorporates three financial factors:

1.  The property's valuation of $1.5 million dollars at the time of the settlement in November of 2009. Miroyan conveyed the property into the LLC,. An individual could logically argue that Miroyan is owed at least $3 million after 9 years; but Miroyan conservatively states he is owed $1.5 million dollars by the LLC for sure.

2.  The amount of Miroyan's salary owed accruing at $3,500 per month gone unpaid from July of 2010 is $378,000

3.  Miroyan paid $80,000 into the project in 2016.

- 19 -

Miroyan now includes a full verbatim paragraph from pg1 par2 of this document because this paragraph illuminates what is really going on, and that is this...

"(2)    The Salary/management fee of Michael Miroyan, of $3500 per month has gone unpaid even before the July 2012 Kai's breach of the Membership Purchase Agreement (MPA) signed in May 2010. The Kai's, in a flagrant breach of their fiduciary duty to fellow member Michael Miroyan, quit funding the project in a breach of their contractual duty. Unbeknownst to Miroyan, the Kai's had hired two lawyers in an effort to take the asset from Miroyan, the one who had invited the Kai's to join him in the venture for the sole purpose of him being able to pay back to the Kai's some $400,000 in personal notes from 2006. Miroyan's salary owed to this date is in excess of $378,000 and is financial consideration #2 for the transfer of the assets."

The Kai's BREACH OF THE MEMBERSHIP PURCHASE AGREEMENT (MPA) is stated above. The main reason that Miroyan invited the Kai's into this venture, as opposed to offering it to anyone else, was because of Miroyan's desire to pay the Kai's back the money that he owed them. These obligations $400,000 in unsecured personal notes, and the $125,000 loss of their Bond money, totalling $525,000 were unsecured debts that Miroyan felt obligated to repay. Miroyan's honorable intention and desire led to the formation of the MPA and the Operating Agreement by which the LLC was to be governed.

**The goal of the LLC** was to be accomplished within 3 years, from May 2010 to May of 2013. The stated goal in the LLC Operating Agreement, and that which was agreed to amongst the members, the Kai's and Miroyan, each representing 50% membership interests was to subdivide the 31 acres into 3 parcels, to change the zoning on the 14.66 acre largest parcel from agricultural to commercial, thereby greatly increasing the property value.

Miroyan, as Managing Member was responsible for the processing of the sub-division, as well as the entitlement change on the 14.66 acre parcel while working in conjunction with Mr. Sidney Fuke, the LLC's hired Planning Consultant.

If Miroyan and Fuke could accomplish this dual task within 3 years and

- 20 -

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 21 of 124

within budget, the increase in property value should hopefully be enough to repay the Kai's approximately $525,000[4], and simultaneously with that payment the Kai's 50% membership interest in the LLC would revert back to Miroyan.

**The question was when would that repayment take place?** It is hard to predict 3 years in advance of where the market would be. The best guestimate was it may be possible to do a cash out refinance to the full amount of the existing First Mortgage held by the Kai's in the amount of $540,000 and add it in a new First Mortgage in an additional $525,000, which would allow for a new mortgage balance of approximately $1 million.

If that was not possible at that time, it may be possible to increase the First Mortgage to $700,000 or $800,000, and thus getting ½ of the $540,000 paid back. Also when and if the Bank loaned the LLC money for on and off site improvements, it was quite possible from that source, monies could be used to pay back the Kai's the remainder of the obligation. Both parties being astute real estate investors, knew it's too hard to predict, these kinds of things, that we'd just have to wait till we got there.

Miroyan was responsible for repayment of the monies borrowed from the Kai's, irrespective of how many tens of millions of dollars the Kai's had. Miroyan agreed the Kai's were to be both First Mortgage holders and 50% owners of the LLC Membership interests simultaneously.

Ever heard of the adage "No good deed goes unpunished?" Here is a stunning and shocking example of it. Eighteen months into this 3 year deal, the Kai's changed course without telling Miroyan anything. Instead of being a fellow member working together with a common goal, they chose the path of

---

[4]1    that being $400,000 in notes, and $125,000 in lost bond money posted by the Kai's on Miroyan's behalf on his Altadena Lane LLC development project...a project in which, when the Real Estate market imploded in 2007, he was unable to hold on to.

Case: 18-52601   Doc# 105   Filed: 04/11/22   Entered: 04/11/22 15:06:54   Page 22 of 124

1 antagonism, destruction and self-serving behavior aka pure greed.

2 In violation of their fiduciary duty to Miroyan as a fellow member of the
3 LLC, they chose a path to breach the membership purchase agreement and to
4 renege on their financial obligations and promises therein, the result of which
5 would be to destroy the deal and the agreed upon goal of the LLC for lack of
6 funding. Unbeknownst to Miroyan was the fact was that the Kai's had
7 surreptitiously hired lawyers in Honolulu. The lawyer they hired was Matthew
8 Shannon from the firm of Bays Lung a large real estate firm from Honolulu.
9 From this day forward, Miroyan was fighting two lawyers that he didn't even
10 know existed. Miroyan was being lied to very well by the Kai's. Instead of
11 pursuing a path of conduct consistent with their operating agreement and other
12 contracts, they chose a path of engaging in conduct constituting Unfair and
13 Deceptive Business Acts and practices, and violating one of the bedrock
14 principles that is the foundation of every contract, a breach of the covenant of
15 good faith and fair dealing. And as such, for this extreme greedy error in their
16 judgment, and for their arrogance in believing they can pull it off, they must be
17 punished with the same amount of non-existent mercy which they chose to
18 adopt in this desisting course of conduct. The Kai's with all their monies,
19 estimated net worth of $80 million dollars, when faced with a man who was
20 actively working to make things financially right, chose to destroy him, instead
21 of honoring their MPA and their Operating Agreement, despite the fact that
22 Miroyan successfully completed his end of the agreement in early 2013. The
23 Kai's chose a path of avoiding Miroyan while still in breach of their capital calls.

24 For whatever reason the Kai's chose to try to financially kill the person
25 who was trying to pay back his obligations. The Kai's chose a path to kill
26 Miroyan financially and take his land

27 By December of 2012, Miroyan was without any funds, lost his wife and
28 daughter and became homeless, a state that lasted for 4 ½ years.

- 22 -

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 23 of
124

In January of 2015, Miroyan received a phone call from an attorney he had never heard of, Matthew Shannon in Honolulu. Shannon stated he was attorney for the Kai's and that my obligations under the Mortgage were due and how was I to repay the alleged $1.2 million dollar debt. Miroyan's response was that he did not owe $1.2 million, Attorney Shannon said if you don't pay we are going to foreclose on the property.

Instead of honoring the promises made in this deal, 18 months into it, Their new attorneys advised the Kai's in how to successfully steal Miroyan's property by explaining how it was to be done, then providing the legal services to make it all happen.

## 12. SUMMARY OF JUDGE KIM'S BIAS AND PREJUDICE GIVING RISE TO MANIFEST INJUSTICE

In this motion to recuse we are going to prove beyond a shadow of a doubt any reasonable onlooker would have to conclude that the judge is completely prejudiced against Miroyan while he is equally biased and prejudice in favor of the plaintiff.

If he is not prejudiced for the plaintiff, Why does he not allow Miroyan's claims of fraud etc. be heard in court... They were filed in Feb. 2016 six years ago !

Why does this judge not allow the fraud Miroyan can prove to be able to come in to court if he is not protecting the plaintiff and the crimes they have done in this case...???

OK how can this judge Kim grant summary judgment for the plaintiff and completely ignore the claims of fraud and crimes Miroyan alleges against the plaintiff???

This prejudice in favor of the plaintiff... this protection of the plaintiff and the crimes and forgery they have committed is not to be among the attributes of a neutral part and impartial referee .....

- 23 -

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 24 of 124

No reasonable onlooker no person who looks at the facts, can say :
"oh that was judicial error or that was just a mistake that the judge made"
Viewing these actions of this judge Kim in the totality of the circumstances it is
impossible to say that these were simply judicial errors in the course of his
duty....

No neutral , impartial referee would openly and continually threaten a
defendant for doing nothing but communicating w/emails .....

Especially in light of the fact that it was Judge Kim who stripped Miroyan
of his LLCs representation in allowing an attorney to withdraw in one of Kim's
numerous secret clandestine hearings of which Miroyan was not even aware.

Name me any other judge says Miroyan , who, after being sued as the
lead defendant in a federal civil rights lawsuit ignores it , remains on the case
and continues to rule against the defendant ...name me that judge .

And then if that's not enough this judge not only ruled against decedent
but after that federal lawsuit was filed He took two separate pieces of property
legally owned by Michael Miroyan and ordered his Clerk and the Bureau of
Conveyances to convey them back into the name of Hawaiian Riverbend LLC
without Miroyan even knowing about it in this the Chen Case and also in the
Kai case...

This outrageous and illegal conduct was orchestrated by this Judge Kim
without due process of law; without the defendant being notified or given an
opportunity to defend his transfer from the LLC into his own name ....which he
did only after a written consent of the member/Manager and with a
compensation explanation agreement and acceptance for responsibility
including all liabilities for both properties on August 9, 2018 .

Miroyan submits that this Judge Kim has no authority to legally reverse
ownership after it has been conveyed nor does he have the right to order his
clerk to sign my name and transfer the vesting back into an LLC which is his

- 24 -

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 25 of
124

desire so the LLC will have no voice at the court confirmation hearings.

This is Kim's handiwork....and the result of this ....is what befell the first piece of property #52 Tereick versus Hawaiian Riverbend, LLC for $120,000 a $1.7 million piece of property was taken.... illegally... The order Kim signed wasn't signed until August 10, 2018 And Miroyan had transferred the property from Riverbend into his own name the day before on August 9, 2018.

This case smacks of favoritism; this case smacks of conspiracy ; this case is an abomination in front of anybody's eyes who looks at it ....

This Judge has granted summary judgment in favor of the plaintiffs ,,, to ignore and not adjudicate all the counter claims filed by Miroyan in February and in March of 2016; this Judge has made sure Miroyan and his evidence are not allowed into court ; and to deny him any possible legal representation by allowing his attorney for the LLC to withdraw prior to the court confirmation hearings .... then this crooked Judge Kim, will grant the credit bids no matter how low they are for the 2 remaining properties ....

As previously stated, in the Tereick case, Judge Kim completely ignored the best and most recent comparable sale at $1.5 million all cash directly across the street from Miroyan's/HR, LLC's property.

In the Tereick Case, Court confirmation hearing was held on July 19, 2018 .... Two days before that court confirmation hearing on July 17, 2018, Miroyan sent an email to commissioner Schlueter , to the Judge Kim and to opposing counsel directly from Tax Assessor's office showing the recorded sale of this Property #57 same size of land 11 acres same zoning and five most recent sale less than 60 days old for $1.5 million all cash and what did they do...? Nothing. Judge Kim had a fiduciary duty to look into that sold and recorded sale....

Judge Kim did nothing. Nothing.

Judge Kim knew about the sale ...but he would not acknowledge it ....

Case: 18-52601   Doc# 105   Filed: 04/11/22   Entered: 04/11/22 15:06:54   Page 26 of 124

1  Instead, this Judge created and sustained manifest injustice !

2  Judge Kim participated in the stealing ....and in the fraud and conspired to
3  steal an elderly senior citizens land in the United States of America.

4  What a reasonable onlooker would expect the judge to do is to verify the
5  sale. Verify it with the lady who sent the email from the Tax Assessor's office,
6  Raynette.

7  Once that verification is done, the multi million dollar question is how can
8  lawyers Stephen Whittaker, Tereick's lawyer, lawyer Michael Schlueter, the
9  crooked Commissioner,  and of course the Judge Robert D.S. Kim, how can
10  they all ignore this fact? How can they ignore the factual sale? It was pointed
11  out to them ....they received the email 48 hours before the mockery of a court
12  confirmation hearing ...and all they did was ignore it and super ignore it ....
13  Is a judge supposed to ignore a factual recorded sale ???  and then adopt a
14  fraudulent BPO, Koa realty Broker David Lucas'  BPO that falsely stated there
15  were no fair and accurate comparable sales in the entire village of  Waikoloa
16  Village ! See BPO of David Lucas      who is a friend of attorney Stephen
17  Whittaker's and who is also a friend of commissioner and attorney Michael
18  Schlueter...

19  Look at these facts and then ask yourself why then is Judge Kim
20  continually threatening Miroyan not to send an email ..... not to send  the
21  information to the judge or he's going to report him for practicing law without a
22  license?

23  The simple answer is the Judge wanted to scare Miroyan, threaten
24  Miroyan, intimidate Miroyan so that he would not have to answer how he could
25  ignore a factual sale directly across the street from the property and
26  simultaneously adopt a BPO by Lucas of $240,000 , a ridiculously and
27  absurdly low amount of money for that property !

28  The result of this conspiracy to defraud Miroyan was the stealing of $1.5

- 26 -

million in equity by granting the credit bid of $120,000 for a $1.7 million piece of property.... and Now it's time for Judge Robert D.S, Kim to justify himself or get the off the bench in all cases involving Miroyan and Hawaiian Riverbend, LLC.

Third Circuit chief Judge Robert D.S. Kim is guilty of elderl abuse in conspiring to steal a senior citizens land in the great state of Hawaii.

Attorneys Stephen Whittaker, The crooked Commissioner Schlueter, and their friend, the crooked, pathetic, dishonorable and disgusting real estate broker David Lucas, all 3 are guilty of elder abuse in the flagrant stealing of a senior citizens land .... That senior citizen is Mr. Michael Miroyan and his wholly owned LLC Hawaiian Riverbend and there is no immunity for such fraud in the great state of Hawaii.

To add insult to injury, the seller of that 11 acre piece of property across the street #57 on April 24, 2018, was none other than attorney Mr. Paul Sulla Jr, the lawyer Miroyan and Ryan Smith had hired to represent Hawaiian Riverbend LLC.

As you recall it was a secret clandestine hearing allowing Sulla, to withdraw in front of Judge Kim on April 13, 2018, without Miroyan's knowledge or consent as the manager of Hawaiian Riverbend LLC, in violation of rule 25.1 of the Hawaii rules of civil procedure, in which case Miroyan signature was never on the order signed by judge Kim on April 30, 2018,

From these facts anyone knows the following to be true:

1) The withdrawal motion was purposely made in secrecy.

2) The hearing itself was also held in secrecy and in the LLCs manager who was supposed to be part of this process was left outside in the cold in the dark this thing being done without his knowledge or consent.

3) Sulla was in a hurry to withdraw because he knew he had a sale coming up (sale of #57 that would put him in a huge conflict of interest and which would have to be disclosed as a sale to Miroyan to the Bureau of Conveyances to the Tax Assessors Office showing the true value of HR's #52 if at least $1.7 million and that sale would seriously and completely. derail all the effort put into place in conspiring to steal Miroyan/HR's#52 . But the best plans of miscreants and thieves do go awry , don't they....

Case: 18-52601   Doc# 105   Filed: 04/11/22   Entered: 04/11/22 15:06:54   Page 28 of 124

1  They have certainly gone awry here, haven't they? Sulla sold the property
2  #57 while he represented Hawaiian Riverbend, LLC, on April 24, 2018.

3

4  Judge Kim didn't sign the order allowing Sulla, to withdraw until April 30,
5  2018.

6  The timing of that which they wanted to do, allow Sulla to withdraw as
7  attorney so that he could sell the property without having to disclose it without
8  any fiduciary duty to HR, LLC, is highly questionable but it's certainly not
9  questionable while he was still the attorney of record!

10  Does anybody want to call this judicial error or inadvertence???

11  Oh, after reading these facts, and understanding the sequence of that
12  which occurred here, who can say that Judge Kim was right in threatening and
13  continually intimidating and scaring Miroyan from the bench and that it was
14  reasonable that he do so?

15  There is only one thing to be done by this Intermediate court of appeals, or
16  by the Hawaii state Supreme Court or by the ninth circuit court of appeals or by
17  the Supreme Court of United States of America and that is to have Judge Kim
18  removed from this case ; and have an investigation launched by the
19  white-collar crime unit of the FBI and the United States attorneys office and
20  indictments to follow for all five of these lawyers/Bad state actors to try to set
21  an example that the great state of Hawaii is not proud of being the second
22  most crooked state in the United States but rather is doing something about it
23  to protect American citizens from lawyers and piranhas who conspire like this.

24  **13. MIROYAN ADDRESSES JUDGE KIM'S BIAS AGAINST HIM BY
     FILING A CIVIL RIGHTS LAWSUIT UNDER 42 USC § 1983 LAWSUIT
25  AGAINST JUDGE KIM**

26  As a result of Judge Kim's bias against him and the multiple instances of
27  Judge Kim denying Miroyan access to the Courts and preventing him from
28  speaking on behalf of himself or his 100% managed and owned Hawaiian

Riverbend, LLC, and the multiple violations of his Constitutional Rights, Miroyan filed a Civil Rights lawsuit on 6-21-2019 against Judge Kim in the United States District Court for the Northern District of California Case #: C-19-03626-NC.

Attached as Exhibit 5 to the Affidavit of Bias of Michael Miroyan is a true and correct copy of an e-mail dated 6-24-2019 sent from Miroyan to Judge Kim confirming Miroyan's filing of his Civil Rights lawsuit against him.

The e-mail states:

"Dear Judge Kim:

You're being sued by Michael Miroyan and enclosed here with his lawsuit and the summons will follow in the next email. I would appreciate you accepting service but it doesn't matter the Attorney General for the State of Hawaii has already received these documents. And there are protocols in place for you to accept service via US mail. And because of the filing of this adversarial complaint against you for your illegal acts civil rights violations and fraud just to name a few and because it is an ongoing litigation it would be wholly inappropriate for you to lash out and do me anymore damage...from your bench as you have no right to rule in this case any longer. The good Lord and his angels know what damage you have done and so do I, it is 3:21 PM Hawaii Standard Time on June 24 and you cannot make any ruling on this matter until after 4:00 PM and you've been notified. That you've been you're being sued by me so any ruling that you do detrimental to me will be void and will be reviewed by somebody else. As if you haven't done enough damage already by ignoring actual and factual sales data when it is put right under your nose. That which you stole was not yours nor did you earn it. It's going to have to be returned hopefully otherwise there is no justice whatsoever in Hawaii and that will be plain for all to see.

Michael Miroyan.

The remainder of the Exhibit includes the Summons issued by the Clerk, the handwritten endorsed file stamped first page of the lawsuit, followed by a typewritten version of the lawsuit

## 14. CODE OF CONDUCT FOR UNITED STATES JUDGES CANON 3C(1) MANDATES RECUSAL WHEN A JUDGE IS SUED

Since Hawaii's Judicial disqualification/recusal law is identical to the Federal statute regarding a litigant filing an affidavit of bias as well as requiring disqualification or recusal of a Judge when his impartiality may be questioned,

it is appropriate to refer to Federal recusal law for guidance as to when Hawaii Judges are required to recuse themselves mandatorily or not, and if not, what are the relevant factors to consider before disqualification or recusal. A Judge being sued by a litigant is one of those instances where Federal law mandates recusal of a judge.

Canon 3C(1) of the Code of Conduct of United States Judges provides:

"(1) A judge shall disqualify himself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

(a)    the judge has a personal bias or prejudice concerning a party...
(d)    the judge..... is
  (i)    a party to the proceeding
  (iii)   known... to have an interest that could be substantially affected by the outcome of the proceeding,
  (iv)   ..... likely to be a material witness in the proceeding"

All 3 of the above enumerated situations were likely outcomes as a direct consequence of Miroyan's filing of his Civil Rights Lawsuit naming Judge Kim as the named lead Defendant in the case, facts that the law as cited above mandate recusal, and result in the integrity of the judge and the judicial system to be called into question if it is not.

**15.  JUDGE KIM'S PERMITTING FILING OF PLEADINGS AND ISSUING RULINGS IN CHEN CASE DESPITE THE U.S. BANKRUPTCY COURT'S AUTOMATIC STAY ARISING FROM MIROYAN'S 11-26-2018 U.S. BANKRUPTCY COURT FILING**

On 11-26-2018, Miroyan filed for Bankruptcy in the U.S. Bankruptcy Court for the Northern District of California in Case Number 18-52601-MEH-13. In the Kai civil case on 12-20-2018, Opposing Counsel filed a Notice of Bankruptcy Filing, notifying all parties and the Court of the BK Filing and the corresponding imposition of the Automatic Stay on the Court proceedings by law. The filing of this Notice is conclusive evidence of Judge Kim being officially aware and on notice of Miroyan's Bankruptcy filing, however, in the Chen civil case, a review of the Docket clearly demonstrates that Opposing

- 30 -

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 31 of 124

Counsel Karyn Doi did in fact file a Motion for Summary Judgment while the automatic stay was in full force and effect, and that Judge Kim signed off on an Order granting Summary Judgment done illegally while the Bankruptcy Court stay was in force.

A review of the Chen civil case docket reveals the following to have taken place after Miroyan's 11-26-2018 Bankruptcy Court filing:

| DE | Date of Filing | Description of Document |
|----|----------------|-------------------------|
| 16 | 12/20/2018 | NOTICE OF HEARING AND CERTIFICATE OF SERVICE (HRG: 2/14/19 AT 8:00 A.M. BEFORE JUDGE KIM) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND FOR INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF INDEBTEDNESS; EXHIBITS "1"-"4"; |
| 28 | 02/14/2019 | Minutes |
| | | DIGITAL RECORDING CC3.19-28/ 2019-2-14/0811-0812 FO CLERK - L. FURUTO APPEARANCES: PLAINTIFF COUNSEL - D. KIKAWA (BY PHONE) COURT: DEFENDANT HAS BEEN DEFAULTED. KIKAWA: YES COURT: DEFAULT HAS BEEN ENTERED IN NOVEMBER RESPONSE BY KIKAWA . ***RULING*** COURT WILL GRANT THE MOTION FOR SUMMARY JUDGMENT |
| 17 | 03/08/2019 | Findings/Fact Concl of Law-Ord |
| | | (COMMISSIONER: ANDREW M. KENNEDY) FINDINGS OF FACT; CONCLUSIONS OF LAW; AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES FILED DECEMBER 20, 2018; EXHIBIT "A" |
| 18 | 03/08/2019 | Document  JUDGMENT |
| 19 | 03/08/2019 | Document  NOTICE OF ENTRY OF JUDGMENT |
| 20 | 03/08/2019 | Document *MAILED/DELIVERED COPIES OF NOTICE OF ENTRY OF JUDGMENT TO PARTIES THEREIN |

**16. JUDGE KIM'S IMPROPER GRANT OF SUMMARY JUDGMENT**

Miroyan's submits as further proof of Judge Kim's bias against him are the facts and circumstances surrounding Judge Kim's clearly erroneous and

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 32 of 124

biased grant of Summary Judgment granted to the Kai's despite Hawaiian Riverbend's having filed Affirmative defenses along with Counterclaims and Third-Party claims that simply do not permit the granting of Summary Judgment in this case.

The fact that Judge Kim did so despite all of the evidence raising multiple triable issues of fact is further evidence of judicial bias. Judge Kim's conduct mandates his recusal. It is clearly evident that Judge Kim both exhibits extreme bias and hostility against both Miroyan and Hawaiian Riverbend LLC while at the same time Judge Kim favors the other side and their Honolulu attorneys, and its' obvious to any onlooker who cares to notice.

Furthermore, the fact is that on 3-11-2016 Hawaiian Riverbend LLC filed its' Amended Answer to the Chen Complaint that includes counterclaims as well as Third-Party Claims as a follow up to Hawaiian Riverbend LLC's initial Answer Affirmative Defenses, Counterclaims and Third-Party claims filed on 2-12-2016. These pleadings filed on behalf of Hawaiian Riverbend LLC clearly establish that there are significant material issues of triable fact that are in dispute in this case. The law is clear that under these circumstances, it is not permissible to grant a Summary Judgment Motion as was done here by Judge Kim, who could only do so by completely ignoring the existence of Hawaiian Riverbend LLC's having filed Affirmative Defenses, Counterclaims and Third-Party claims in two separate document filings in the Kai civil case.

Nowhere in Judge Kim's Orders on Summary Judgment is any reference made whatsoever to either the Affirmative Defenses made by Miroyan through his LLC nor the counterclaims and Third-Party claims made by Hawaiian Riverbend, LLC in both the 2-12-2016 filing, nor the 3-11-2016 filings made in the Kai civil case.

The law does permit reference to facts on the record to support a claim of judicial bias, especially as is the case here where the facts clearly show actual

- 32 -

bias exhibited by the Judge. There is no doubt that any onlooker would question the impartiality and integrity of Judge Kim and the clear bias that such actions demonstrate from the granting of a Summary Judgment Motion in clear violation of the decisional case law that governs the granting or denial of Summary Judgment motions.

The law that governs a Judge's grant of summary judgment is found in GECC v. Jaffarian as follows:

> "Summary judgment is a drastic remedy. To avoid improperly depriving a party to a lawsuit of the right to a trial on disputed factual issues, summary judgment must be "cautiously invoked." Miller v. Manuel, 9 Haw.App. 56, 65-66, (1991), cert. denied, 72 Haw. 618, (1992).
>
> Summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any (hereinafter "relevant materials"), show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Hawai`i Rules of Civil Procedure (HRCP) Rule 56 ( c).
>
> The moving party's burden of proof is a stringent one, since the inferences to be drawn from the underlying facts alleged in the relevant materials considered by the court in deciding the motion must be viewed in the light most favorable to the non-moving party, Fernandes v. Tenbruggencate (1982) 65 Haw. 226, 228, and any doubt concerning the propriety of granting the motion should be resolved in favor of the non-moving party. Wright v. Fireman's Fund Ins. Cos. (1992) 11 Cal.App.4th 998, 1011; 10 Wright's Federal Practice § 2716, at 643-46.

### 17. LAW REQUIRING MOVING PARTY TO DISPROVE EVERY AFFIRMATIVE DEFENSE ASSERTED AGAINST IT

The Court in GECC v. Jaffarian discussed the legal ramifications of how a Court must rule when affirmative defenses are plead as is the case here as follows:

> "Where the moving party is the plaintiff, who will ultimately bear the burden of proving plaintiff's claim at trial, the plaintiff must:
>
> (1)     establish, by the quantum of evidence required by the substantive law, each element of its claim for relief, Beamer v. Nishiki (1983) 66 Haw. 572, 578; and
>
> **(2)     disprove every affirmative defense asserted against it. Wright, 11 Cal.App.4th at 1011-12; SAC Constr. Co. v.**

- 33 -

Case: 18-52601     Doc# 105     Filed: 04/11/22     Entered: 04/11/22 15:06:54     Page 34 of 124

Eagle Nat'l Bank, 449 So.2d 301 (Fla.App.1984).

In disproving an affirmative defense for summary judgment purposes, the plaintiff's evidentiary standard is similar to the evidentiary standard of a defendant moving for summary judgment on the plaintiff's claims.

Therefore, the plaintiff is required to either:

(1) produce relevant materials that negate an element essential to the affirmative defense,

Weeks, 70 Haw. at 396-97; 6 Moore's Federal Practice ¶ 56.15[3] at 56-268; or

(2) demonstrate that if the case went to trial, there would be no competent evidence to support a judgment for the defendant on the affirmative defense.

Weeks, 70 Haw. at 396-97, 772. (Emphasis Added)"

GECC Financial Corp. v. Jaffarian (1995) 904 P.2d 530 @ 535-536.

The facts clearly show that Judge Kim granting Summary Judgment in the Kai case despite Hawaiian Riverbend LLC's having filed Affirmative Defenses and Counterclaims/Third Party Claims both on 2-12-2016 and 3-11-2016. These facts were completely ignored by Judge Kim in his rulings on this issue including his findings of fact and conclusions of law. These facts clearly demonstrate bias on the part of Judge Kim against Miroyan and Hawaiian Riverbend, LLC and bias in favor of the Kai's in this matter.

Specifically, in the 3-11-2016 Amended Answer, Counterclaims and Third-party claims the following affirmative defenses were pleaded:

**AFFIRMATIVE DEFENSES**

| | |
|---|---|
| **FIRST DEFENSE:** | **Failure to state a claim** |
| **SECOND DEFENSE:** | **Defenses of release and waiver.** |
| **THIRD DEFENSE:** | **Defenses of accord and satisfaction.** |
| **FOURTH DEFENSE:** | **Defenses of estoppel.** |
| **FIFTH DEFENSE:** | **Defense of failure of consideration.** |
| **SIXTH DEFENSE:** | **Statute of frauds.** |
| **SEVENTH DEFENSE:** | **Defense of impossibility and related defenses.** |
| **EIGHTH DEFENSE:** | **Complaint and any recovery thereunder is barred by Plaintiffs' actions, which constitute unfair dealings, misrepresentations,** |
| **NINTH DEFENSE** | |

- 34 -

|   |   |
|---|---|
| | retaliatory action, detrimental reliance, fraud, unclean hands, pari delicto, lack of good faith, unconscionability, and unavoidable consequences. |
| **TENTH DEFENSE:** | Defense of failure to mitigate damages caused solely by Plaintiff or others over whom Defendants had no control. |
| **ELEVENTH DEFENSE:** | Defense of set-off. |
| **TWELFTH DEFENSE:** | Defense of ambiguity. |
| **THIRTEENTH DEFENSE:** | Defense of the lack of proper notice. |
| **FOURTEENTH DEFENSE:** | Defense that acts or omissions of which Plaintiffs complains were caused by Plaintiffs and/or its agents or representatives. |
| **FIFTEENTH DEFENSE:** | Any other matter constituting an avoidance or affirmative defense as set forth in Rule 8 of the Hawaii Rules of Civil Procedure. |

## 19. FRAUD UPON THE COURT WAS COMMITTED IN THE KAI CASE WHEN FORGED DOCUMENTS BASED ON FRAUDULENT NOTARIZATIONS WERE FILED

San Jose California Notary Quang Hang Hung fraudulently notarized 2 documents, the first document fraudulently notarized is the Second $300,000 Mortgage that was filed on 2-4-2019 as the Kai's Proof of Claim made in the U.S. Bankruptcy Court, an 81 page document. The forged document is found on pages 46-50 of the 81 page document and was fraudulently notarized on 8-8-2013 by California Notary Quang Hang Hung. Just like the fraudulently notarized First Amendment of Promissory Note, a discrepancy exists between the document DB numbers in the main document versus a different document number on Notary Quang Hang Hung's notarization page, evidencing this further Fraud Upon the Court.

San Jose, California Notary Quang Hang Hung has fraudulently notarized Miroyan's signature on the First Amendment of Promissory Note executed by Miroyan on 8-7-2013, yet wasn't notarized by Notary Quang Hang Hung until 8-10-2013. This is preposterous and outrageous due to the fact that Miroyan never has his signature notarized except on the date he signs it and the Notary witnessees his signature. Furthermore, Miroyan does not notarize Promissory Notes in the State of Hawaii. Evidence of forgery in this matter is found in the

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

discrepancy between the DB document numbers noted on the bottom right hand corner of the document **whereas a different DB number is found on the Notary's page.** The fact that this document is a forgery is corroborated by the fact that so much time elapsed from the date of signing 8-8-2013, and the date it was recorded with the Hawaii Bureau of Conveyances on 11-13-2013, and the fact that the First Amendment of Promissory Note, was due just 18 days later on 12-1-2013, something that Miroyan would never sign or agree to.

## 20. EX PARTE COMMUNICATIONS WITH JUDGE KIM AND OPPOSING COUNSEL REQUIRE DISQUALIFICATION/RECUSAL OF JUDGE KIM

In the Chen case, the docket contains clear evidence that neither Miroyan nor Hawaiian Riverbend LLC were served with a large number of documents on the Court docket. This includes documents filed and Court Orders rendered by Judge Kim when all legal proceedings against Miroyan must have been stopped as a result of the imposition of the US Bankruptcy Court's Automatic Stay Provisions arising as of 11-26-2019, when Miroyan filed his BK Petition in the US Bankruptcy Court for the Northen District of California. This necessarily means that Judge Kim's grant of Summary Judgment in the Chen case is Void on its' Face, subject to collateral attack by Miroyan, and gives rise to both civil and criminal consequences for Violating the Automatic Stay provisions of the U.S. Bankruptcy Law.

Miroyan was never served with a large number of the pleadings, nor informed of the corresponding hearings in the Chen case despite Judge Kim's knowledge of Miroyan and HRB's involvement and participation in the Kai v. Hawaiian Riverbend LLC in both the Third Circuit before him, as well as in the Intermediate Court of Appeals case. These facts provide clear evidence of Judge Kim's illegal Ex Parte communications with Chen's counsel Karyn Doi in the Chen case.

Engaging in such Ex Parte communications raises serious issues for

- 36 -

Judge Kim's conduct. These legal issues were discussed in a case before Hawaii's Intermediate Court of Appeals - <u>Moran v. Guerrero</u> where the Court stated:

> "Canon 3(B)(7) of the Hawai`i Code of Judicial Conduct, which is identical to Canon 3(B)(7) of the American Bar Association Model Code of Judicial Conduct (2000 ed.), states, with respect to ex parte communications, in relevant part, as follows:

> (7) **A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications**, or consider other communications made to the judge outside the presence of the parties...

> The reason that ex parte communications are barred is to insure that "every person who is legally interested in a proceeding is given the full right to be heard according to law."

> Ex parte communications deprive the absent party of the right to respond and be heard. They suggest bias or partiality on the part of the judge. Ex parte conversations or correspondence can be misleading; the information given to the judge "may be incomplete or inaccurate, the problem can be incorrectly stated." At the very least, participation in ex parte communications will expose the judge to one-sided argumentation, which carries the attendant risk of an erroneous ruling on the law or facts. At worst, ex parte communication is an invitation to improper influence if not outright corruption.

> J. Shaman, S. Lubet & J. Alfini, <u>Judicial Conduct and Ethics</u> § 5.01, at 159-60 (3d ed.2000) (footnotes and brackets omitted). <u>Moran v. Guerrero</u> (2001) 37 P.3d 603 at 622.

## 19. ACTUAL BIAS OF JUDGE IS CONSTITUTIONALLY IMPERMISSIBLE

> "If Judge Garippo exhibited some actual bias in conducting the trial, Del Vecchio would have had a valid Fourteenth Amendment claim. "Fairness of course requires the absence of actual bias in the trial of a case." Murchison, 349 U.S. at 136.

> <u>Del Vecchio v. Illinois Dept. of Corrections</u> (1994) 31 F. 3d 1363 at 1379.

## 20. CONCLUSION

This Court stated that:

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 38 of 124

1  "in the administration of justice by a court of law, no principle is better
2  recognized as absolutely essential than that in every case, be it
   criminal or civil, and the parties involved therein are entitled to the
   'cold neutrality of an impartial judge.'"

3  Peters v. Jamieson (1964) 48 Haw. 247, 262.,

4
5      Based upon the foregoing arguments and authority, and the promise
6  made in Jamieson, Judge Kim should be disqualified or should recuse
7  himself from all litigation involving Michael Miroyan and/or Hawaiian
8  Riverbend LLC due to his clear bias as evidenced from his biased
9  statements and conduct.

10 Dated: 1/31/22                          Respectfully submitted,
11
12                                         Michael Miroyan
13                                         In Propria Persona
                                           Manager/Member of
14                                         Hawaiian Riverbend, LLC
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 38 -

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 39 of 124

**STATE OF HAWAII REVISED CODE OF JUDICIAL CONDUCT**
**Rule 2.11.  DISQUALIFICATION OR RECUSAL**

(a) Subject to the rule of necessity, a judge shall disqualify or recuse himself or herself in any proceeding in which the judge's impartiality* might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice for or against a party or a party's lawyer, or personal knowledge* of facts that are in dispute in the proceeding.
...

**Code Comparison**

The Hawai'I Revised Code of Judicial Conduct modifies ABA Model Code Rule 2.11 by adding "recusal" consistent with Hawai'i's distinction between disqualification and recusal,

**COMMENT:**

[1]     Under Rule 2.11(a), a judge is disqualified or recused whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of Rules 2.11(a)(1) through (6) apply.

[2]     A judge's obligation to disqualify or recuse himself or herself under these Rules applies regardless of whether a motion to disqualify or recuse is filed.

[3]     As provided for in Rule 2.11(a), the rule of necessity may override the rule of disqualification or recusal. For example, a judge might be required to participate in judicial review of a judicial salary statute, or might be the only judge available in a matter requiring immediate judicial action, such as a hearing on probable cause or a temporary restraining order. In matters that require immediate action, the judge must disclose on the record the basis for possible disqualification or recusal and make reasonable efforts to transfer the matter to another judge as soon as practicable.

[7]     Rule 2.11(d) is intended to ensure that a judge may exercise his or her informed discretion without consideration of a potential challenge to the recusal decision at a later point in the proceeding...

(Amended June 17, 2014, effective July 1, 2014.)

- 39 -

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 40 of 124

Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac8881@me.com

Petitioner in Propria Persona

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## OF THE STATE OF HAWAII

GANG CHEN,

    Plaintiff,

    v.

HAWAIIAN RIVERBEND, LLC,

    Defendant.

CIV. NO. 3CC-16-1-00043K

MICHAEL MIROYAN'S AFFIDAVIT
OF JUDICIAL BIAS IN SUPPORT
OF MOTION TO DISQUALIFY
OR RECUSE JUDGE ROBERT
D.S. KIM

[HRS 601-7(b)]

I, Michael Miroyan being of sound mind and body do hereby declare every word of the following to be true and made in good faith:

1.    My life for the last seven and a half years has been one of intense misery and frustration. Due to three foreclosure actions brought against me and my wholly owned Hawaiian limited liability company Hawaiian Riverbend, LLC. The misery comes not from the filings because the three properties all have plenty of equity no the misery comes from being denied access to the courts in Hawaii by Judge Robert D.S. Kim of Hawaii's Third Circuit Court located in Kona.

2.    Judge Kim is biased and prejudiced against me and simultaneously he is biased in favor of the plaintiff and their Honolulu attorneys specifically Michael Carroll "rising star in 2013-2015" in Super Lawyers magazine and his protégé Matthew Shannon both of whom are guilty of fraud upon the court and fraud against me a senior citizen 69 years old, constituting Elder Abuse.

3.    In this declaration sworn under penalty of perjury and duly notarized

- 40 -

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

I shall unequivocally prove that both of these lawyers have broken state and federal laws in Hawaii, California and as such in my opinion should be disbarred. No onlooker to the events that will be described here will be able to say that judge Kim does not harbor animosity toward Michael Miroyan and his LLC, and any onlooker will definitely say that Kim's actions are simultaneously biased in favor of the plaintiffs the Kai's and their Honolulu attorneys.

4.     There comes a time when the truth must be told no matter who it may offend and no matter who it may hurt because the truth is the truth and it speaks for itself - it reveals liars; It reveals fraud; It reveals motives and illuminates that which is necessary for a reader to grasp the totality of the circumstances and get a firm understanding of all events so as to make all matters clear.

5.     This affidavit of judicial bias is made pursuant to HRS Section 601-7(b) which states:

"Whenever a party to any suit, action, or proceeding, civil or criminal, makes and files an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against the party or in favor of any opposite party to the suit, the judge shall be disqualified from proceeding therein. Every such affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed before the trial or hearing of the action or proceeding, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one affidavit; and no affidavit shall be filed unless accompanied by a certificate of counsel of record that the affidavit is made in good faith..."

6.     Attorney Paul Sulla Jr. was hired by Ryan Smith, CFO of Hawaiian Riverbend LLC while Miroyan was incarcerated in January of 2016.  Mr. Sulla entered appearances in 2 civil cases before the Third Circuit Court.  These cases were Tereick v. Hawaiian Riverbend, LLC - civil case number 14-1-00429K as well as Kai v. Hawaiian Riverbend, LLC - civil case number 15-2-0164K.  Subsequent to Attorney Sulla's withdrawal from both cases, done in clear violation of Hawaii Rules of Civil Procedure Rule 25.1, that render's

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

Case: 18-52601   Doc# 105   Filed: 04/11/22   Entered: 04/11/22 15:06:54   Page 42 of 124

Judge Kim's Order granting Sulla's Motion to withdraw as counsel to be void on it's face, subject to collateral attack as a Void Order. Specifically Rule 25.1 (b)(5) clearly states:

"A withdrawal and substitution of counsel shall:

(5)     Include the signature of the represented party, indicating the represented party's consent to the withdrawal and substitution"

7.     Since I never signed any document that consented to the withdrawal and substitution, and since this provision is a necessary pre-requisite that the law requires before allowing an attorney's withdrawal from the case, it necessarily follows that failure of Attorney Sulla to obtain my signature to his withdrawal render's the Order granting Attorney Sulla's Motion to be void on its' face subject to a HRCP Rule 60 Motion to vacate a Void Order. Furthermore, allowing Sulla to Withdraw without securing licensed counsel to replace Sulla results in tne LLC to be without legal counsel which is simply illegal. This act by Judge Robert D.S. Kim was done in clear violation of the law and the decisional case law governing the procedure that the law requires under the circumstances. Ninth Circuit precedent from the U.S. District Court in Laskowitz v. Shellenberger (1952) 107 F.Supp. 397 disallowed a Motion for Attorney withdrawal noting that withdrawal of counsel was not the proper procedure, rather substitution of counsel was the proper means that the law permitted. The Court in Laskowitz stated:

"In any event a withdrawal of attorneys is not the proper course. A substitution of attorneys approved by the Court is the method of changing representation. The purported withdrawal of attorneys is disallowed."

Laskowitz v. Shellenberger (1952) 107 F.Supp. 397.

8.     Attached to this Affidavit of Bias as Exhibit 1 is a true and correct copy of the Minute Order relating to Attorney Paul Sulla's Motion to Withdraw as counsel. This is written evidence supporting my claim that Judge Kim has

Case: 18-52601   Doc# 105   Filed: 04/11/22   Entered: 04/11/22 15:06:54   Page 43 of 124

threatened to report me to the Hawaii Attorney General's Office for the unauthorized practice of law when I have attempted to speak personally regarding my 100 per cent interest in Hawaiian Riverbend LLC and my status as sole Managing Member of the LLC. The 4-13-2018 Minute Order corroborates this Affidavit of Judicial Bias where I maintain that I have been threatened by Judge Kim at least twice to have the Hawaii Attorney General file criminal charges against me for the unauthorized practice of law for attempting to speak as the 100% owner of the single member single manager Hawaii Limited Liability Company (LLC). The 4-13-2018 Minute Order states:

COURT: IF THE COURT GRANTS THIS MOTION, YOUR CLIENT IS UNABLE TO PARTICIPATE IN THIS CASE AS IT WOULD BE AN UNAUTHORIZED PRACTICE OF LAW.

SULLA: UNDERSTOOD

COURT: MOTION GRANTED; **IN THE ORDER, WANT IT SPECIFIC THAT IN GRANTING THE WITHDRAWAL AS COUNSEL, THAT THIS ENTITY, HAWAIIAN RIVERBEND LLC IS UNABLE TO REPRESENT ITSELF, OTHERWISE IT IS ENGAGED IN THE UNAUTHORIZED PRACTICE OF LAW AND THE COURT WILL ONLY RECOGNIZE IT IF THEY HAVE SUBSTITUTE ATTORNEY**

SCHLUETER: NOTES FOR THE RECORD, MICHAEL MIROYAN WAS SERVED AT SARATOGA ADDRESS.

COURT: HE IS NOT A PARTY, THE ENTITY IS; MR. SULLA TO PREPARE THE ORDER

(Emphasis Added.)

Tereick v. Hawaiian Riverbend, LLC 4-13-2018 Minutes of Court

9. In 2013, I successfully had the 31 acres of land subdivided into 3 new lots, including 14 acres rezoned from Agricultural to Commercial. According to the Fact Sheet prepared by Commissioner Andrew kennedy advertising a 1-18-2022 Foreclosure Auction date, a document showing that the property was assessed by the Tax Assessor's office to be valued close to

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

$3.5 million, almost 3 times the amounts claimed to be owed on the property. I wish to point out that the real amount of cash that the Kai's did in fact pay to Hawaiian Riverbend LLC is in the vicinity of $360,000, and at least $180,000 in 50% usurious interest was added to the face value of the initial $540,000 Promissory Note, secured by a First Mortgage for $540,000 recorded with Hawaii's Bureau of Conveyances.

10. The allegations regarding this usurious transaction were made by Hawaiian Riverbend LLC's 3-16-2016 Amendment to its' first Answer, Affirmative Defenses, Counterclaims and Third Party Claims made on 2-12-2016. As detailed more fully in this Declaration, all of these significant responsive pleadings give rise to many disputed facts, thereby resulting in Judge Kim's Order granting Summary Judgment to the Kai's while deliberately ignoring Hawaiian Riverbend's pleadings as further evidence of Judge Kim's bias against Hawaiian Riverbend, LLC and it's 100% owner and Managing Member Michael Miroyan who Judge Kim continues to deny the most basic rights to speak and be heard in the Hawaii's Third Circuit Court, a denial of Miroyan's Constitutional Due Process Rights as well as his foundational and fundamental First Amendment Right to Petition the Government for a redress of grievances.

11. I am worried about a repeat of circumstances as to what occurred with respect to the Tereick Civil Foreclosure Lawsuit regarding land identified as Tax Map Key Number (TMK) 6-8-002-052 - Tereick - 11 acres - Ag5 zoning = Agricultural 5 acre minimum zoning. Loan amount due = $120,000. First mortgage due to Tereick. Value $1.7 million. Equity of $1.5 million was stolen from me due to the bias exhibited, first in allowing my Attorney Sulla to withdraw without substitute counsel in violation of the law governing such Motions including Judge Kim's permitting Sulla to withdraw without complying with the law's requirement as codified in Hawaii Rules of Civil Procedure Rule

- 44 -

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 45 of 124

25.1 requiring the signature and approval of the attorney withdrawal, something that was never done. As such, Judge Kim's Order permitting my Attorney Sulla's withdrawal was done in excess of this Court's Jurisdiction, thereby rendering Judge Kim's Order permitting Sulla to withdraw without complying with the law's mandate results in Judge Kim's 4-13-2018 Order to be Void on its' face, that is it merely requires an inspection of the judgment roll including the pleadings on file to determine its' invalidity. This Void Order of Judge Kim is subject to collateral attack in any Court at any time.

12. The Kai civil case before the Third Circuit also presided over by Judge Kim involves Tax Map Key (Tax Map Key) Number 6-8-002-053. The Kai civil case for foreclosure was filed in June of 2015 while Miroyan was incarcerated at Elmwood facility due to 2 ½ ounces of marijuana. Kai property is worth $6 million. Debt of $1.2 million that is usurious under the law and constitutes fraud upon the Court for having filed a First Amendment of Promissory Note that was fraudulently notarized that forms an essential document that the Court based its' Order Granting Foreclosure. Miroyan has sent a request to the Notary that he send Miroyan by 2-13-2022 a photocopy of the Notarial log book that was made that includes Miroyan's Right Thumbprint under California law. Since Miroyan has never met the Notary Quang Hang Hung, the existence of Miroyan's thumbprint in the Notary log book is a legal and factual impossibility. It only requires a short period of time for this fact to become manifest, thereby exposing the Notary and the Kai's for baving filed in the Recorder's Office and chain of title a forged document that constitutes a felony and thus establishes that the documents supporting foreclosure are subject to cancellation and a Court Order ordering that the First Amendment of Promissory Note be cancelled, stricken from public records and declared to be a forgery thereby rendering any Deed conveying Title to the Kai's to be Void resulting in a Void Foreclosure that necessitates criminal prosecution for

- 45 -

Case: 18-52601   Doc# 105   Filed: 04/11/22   Entered: 04/11/22 15:06:54   Page 46 of 124

forgery and related crimes.  Contrary to the $540,000 Mortgage, the actual cash disbursed by the Kai's was $360,000.  Another $20,000 was disbursed after the Kai's were in breach.

## 12. DENIAL OF DUE PROCESS AND FAILURE OF CHEN'S OPPOSING COUNSEL AND THE COURT TO SERVE Miroyan OF ANY DOCUMENTS IN THE CHEN CIVIL CASE, ALSO PRESIDED OVER BY JUDGE KIM

A third civil case was filed in 2016 in Hawaii's Third Circuit Court bearing civil case number 3CC-16-1-00043K.  Neither Miroyan nor Hawaiian Riverbed LLC were ever served with any of the pleadings, motions or Orders from the Court.  Even though Judge Kim presided over the two other civil matters in the very same Court, namely the Tereick case and the Kai case, Judge Kim failed to intervene or inquire as to whether Miroyan or Hawaiian Riverbed LLC were even aware of the existence of any pleadings in this new civil case, nor did Judge Kim inquire as to why neither Miroyan or Hawaiian Riverbed LLC were participating in any of the Chen case's civil proceedings.  This means that the Judge both on the record and off the record was essentially engaging in Ex Parte communications with Chen's counsel outside the presence of either Miroyan or Hawaiian Riverbed LLC that case law mandates Judicial recusal due to the perception of impropriety engaged in by the Judge.  Please see the Memorandum of Points and Authorities in Support of Motion to Recuse for a discussion of the relevant case law on this very important issue of the law requiring disqualification and/or Recusal of a Judge that has engaged in illegal Ex Parte Communications mandating Judicial disqualification and/or recusal.

## 13. CONCLUSION

For the foregoing reasons and for the facts brought forth in this Declaration and supporting Exhibits, Defendant Michael Miroyan respectfully requests that this Court issue an Order disqualifying Judge Robert D.S. Kim from sitting as a judge in all cases involving Miroyan and/or Hawaiian Riverbend LLC.

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

1    I declare under penalty of perjury of the laws of the State of Hawaii that
2    the foregoing is true and correct.

3

4    Dated: January 30, 2022.        Respectfully submitted,

5    _____

6    Michael Miroyan
     In Propria Persona

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

# Exhibit List

1.  4-13-2018 Minutes of Court hearing in Tereick civil case

2.  Detailed List of Miroyan's successful acquisition of 13,767 acres for $60,000,000 a deal that closed on 9-4-2005.

3.  Action By Written Consent of Sole Member and Manager of Hawaiian Riverbend, LLC dated 8-2-2018

4.  Memorandum Re: Assignment of Property Assets, also dated 8-2-2018 regarding conveyance from HRB, LLC to Mr. Michael Miroyan, 100% owner of the LLC's membership interests

5.  1.  E-mail dated 6-24-2019 sent from Miroyan to Judge Kim confirming Miroyan's filing of his Civil Rights lawsuit against him;
    2.  Summons issued by Clerk of Court;
    3.  Endorsed filed copy of first page of handwritten lawsuit;
    4.  Typewritten copy of Civil Rights lawsuit filed in U.S. District Court for the Northern District of California - San Jose

6.  Promissory Note for $300,000 dated 8-7-2013 with forged notarization submitted as page 45 of 81 page Kai Proof of Claim filed with U.S. Bankruptcy Court Northern District of California Case Number: 18-52001 filed on 2-4-2019

7.  First Amended Promissory Note dated 8-7-2013 with forged notarization recorded with Hawaii Bureau of Conveyances on 11-18-2013

8.  12-7-2021 Judge Kim's Order Denying Defendant's Motion to add Miroyan as a Named Defendant

9.  Chen v. Hawaiian Riverbend Docket Entries 15 dated 12-18-2018 showing filing of Motion for Summary Judgment after U.S. Bankruptcy Court Automatic Stay imposed upon Miroyan's 11-26-2018 Bankruptcy Filing

**Exhibit 1**

**Exhibit 1**

CIVIL TRIAL CALENDAR
THIRD CIRCUIT
THIRD DIVISION

DATE:     FRIDAY, APRIL 13, 2018
JUDGE:    HONORABLE ROBERT D. S. KIM, JUDGE PRESIDING
CLERK:
REPORTER:
BAILIFF/LAW CLERK:

1:30 P.M.

3CC 14-1-00429K CORY TEREICK                    STEPHEN D WHITTAKER
              VS.                               FOR CORY TEREICK
       HAWAIIAN RIVERBEND LLC

NOTICE AND MOTION TO WITHDRAW AS ATTORNEY OF
RECORD FOR DEFENDANT HAWAIIAN RIVERBEND, LLC

CLERK - S. MITCHELL
     APPEARANCES:
     DEFENDANT COUNSEL - P. SULLA (BY PHONE)
     COMMISSIONER - M. SCHLUETER
DIGITAL RECORDING CC3.18-69/ 2018-4-13/1:32-1:35
-------------------------------------------------------------

     COURT: IF THE COURT GRANTS THIS MOTION, YOUR
CLIENT IS UNABLE TO PARTICIPATE IN THIS CASE AS IT
WOULD BE AN UNAUTHORIZED PRACTICE OF LAW

     SULLA: UNDERSTOOD

     COURT: MOTION GRANTED; IN THE ORDER, WANT IT
SPECIFIC THAT IN GRANTING THE WITHDRAWAL AS
COUNSEL, THAT THIS ENTITY, HAWAIIAN RIVERBEND LLC
IS UNABLE TO REPRESENT ITSELF, OTHERWISE IT IS
ENGAGED IN AN UNAUTHORIZED PRACTICE OF LAW.
AND THE COURT WILL ONLY RECOGNIZE IT IF THEY HAVE
SUBSTITUTE ATTORNEY.

     SCHLUETER: NOTES FOR THE RECORD, MICHAEL
MIROYAN WAS SERVED AT SARATOGA ADDRESS

     COURT: HE IS NOT A PARTY, THE ENTITY IS; MR.
SULLA TO PREPARE THE ORDER

```
                    CIVIL TRIAL CALENDAR
                       THIRD  CIRCUIT
                      THIRD DIVISION

            DATE:   FRIDAY, APRIL 13, 2018
            JUDGE:  HONORABLE ROBERT D. S. KIM, JUDGE PRESIDING
            CLERK:
         REPORTER:
 BAILIFF/LAW CLERK:
```

---------------------------------------------------------PAGE    2

DATE:   04-13-2018 BY ORDER OF THE COURT _Samantha Smith_ CLERK

**Exhibit 1**

**Exhibit 2**

**Exhibit 2**

| USE PLAN | LOT | TMK | CNTY ZONING | DESCRIPTION | ACRES | TOTAL UNITS | LES 15 |
|---|---|---|---|---|---|---|---|
| **Unplanned - Above Queen K Highway** | | | | | | | |
| 1653 | 3B | 6-8-001-005 | A-5 | Parcel 4 Subd #2- Open Area- Makai Quarry | 3049.99 | 610. | 91.1 |
| 1435 | 1 | 8-8-001-027 | A-5 | Walk. Pcl 4 Subdv- Kohala side of Waikoloa Rd Mauka of Hwy | 733.94 | 147 | 22.1 |
| | | | | Subtotal | 3783.93 | 757 | -113. |
| **Village Multifamily** | | | | | | | |
| 1376 | 5 | 6-8-003-032 | RM 1.5 | Walk. MF Unit II- Camp. Off. DayCare Ctr, por Palmer GC | 27.75 | 808 | 120. |
| 1376 | 2 | 6-8-003-026 | RM 1.5 | Walk. MF Unit III-Kona side of loop rd-Multi Family. | 4.60 | 134 | 20. |
| 1376 | 4 | 6-8-003-031 | RM 1.5 | Walk. MF Unit III-Kona side of loop rd-Multi Family | 3.71 | 109 | 16. |
| 1186 | 109 | 6-8-003-036 | RM 1.5 | Walk. Vlg. 1A-Along WVGC 9th Fairway-Schuler Opt. 3rd loor | 3.28 | 95 | 14. |
| 1376 | 3B | 6-8-003-037 | RM 1.5 | Walk. MF Unit III-Kona side of loop rd-Multi Family | 2.30 | 67 | 10. |
| | | 5/5/c | | Subtotal | 41.83 | 1209 | 181 |
| **Village Commercial** | | | | | | | |
| 2242 | 5 | 6-8-003-040 | CV-10 | Waikoloa Comm'l Unit II- Below Waikoloa Highlands Office | 23.21 | | |
| 2242 | 4 | 6-8-003-015 | CV-10 | Waikoloa Comm'l Unit II- Below New Post Office | 16.95 | | |
| 2242 | 6 | 6-8-003-014 | CV-10 | Waikoloa Comm'l Unit II- Btwn Waikoloa Rd. & Puu Maile St | 4.91 | | |
| 2242 | 3 | 6-8-003-016 | CV-10 | Waikoloa Comm'l Unit II- Kona Side of New Post Office | 1.02 | | |
| | | | | Subtotal | 46.09 | | |
| **Highlands Golf Estates** | | | | | | | |
| 1172 | 2 | 6-8-002-016 | RA-1A | Below Ranch Pd & Above Pcl 4 (Portion) Highlands/ Residential | 532.61 | 533 | 71 |
| 1172 | 2 | 6-8-002-016 | O | Below Ranch Pd & Above Pcl 4 (Portion) Highlands/ Palmer G.C. | 198.97 | N/A | |
| 1376 | 5 | 6-8-003-032 | O | Walk. MF Unit II- Camp, Off, Day Care Ctr, por Palmer G.C. | 29.61 | N/A | |
| | | | | Subtotal | 761.19 | 533 | |
| **Unplanned Highlands** | | | | | | | |
| 1172 | 7 | 6-8-002-017 | A-5 | Below Ranch Pd & Above Pcl 4 (Portion) Urb. Resv Equestn Ranch Est. | 2153.44 | 431 | 6 |
| 1172 | 2 | 6-8-002-016 | A-5 | Below Ranch Pd & Above Pcl 4 (Portion) | 1701.28 | 340 | 5 |
| 1172 | 2 | 6-8-002-016 | A-5 | Below Ranch Pd & Above Pcl 4 (Portion) Highlands/ Palmer | 10.87 | 2 | |
| 1172 | 9 | 6-8-002-021 | A-5 | Below Ranch Pd & Above Pcl 4 & Village-Civic Center | 31.32 | 6 | |
| | | | | Subtotal | 3896.92 | 779 | |
| **Ranchlands** | | | | | | | |
| 1139 | 10 | 6-8-002-001 | A-20 | Ranch Parcel | 1169.66 | 56 | |
| 1139 | 2 | 6-8-002-012 | A-20 | Ranch Parcel | 1076.27 | 53 | |
| 1139 | 1 | 6-8-002-013 | A-20 | Ranch Parcel | 802.83 | 40 | |
| 1139 | 4 | 6-8-002-010 | A-20 | Ranch Parcel | 740.87 | 37 | |
| 1280 | 1 | 6-8-002-002 | A-20 | Ranch Parcel | 651.93 | 33 | |
| 1139 | 6A | 6-8-002-007 | A-20 | Ranch Parcel | 400.04 | 20 | |
| 1139 | 5A | 6-8-002-015 | A-20 | Ranch Parcel | 542.63 | 17 | |
| 1139 | 5 | 6-8-002-016 | A-5 | Around Hawaii Belt Rd: Remnant | 84.07 | 16 | |
| | | | | Subtotal | 5289.33 | 275 | 4 |

ZONING KEY:

| | | | | |
|---|---|---|---|---|
| U | Urban | | **TOTAL** | 13,755  2,345 |
| A | Agriculture (X Acres/ Unit) | | | |
| CONSV | Conservation | | | |
| RS | Residential - Single Family | | | |
| UE | Urban Expansion | | | |
| LD | Low Density IND Industrial | | | |
| O | Open | | | |
| UN | Unplanned | | | |
| CV | Village Commercial | | | |
| RA-1A | Residential - 1 Acre | | | |
| RM | Multifamily (X,000 SF Lot) | | | |

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:  Page 54 of
124

**Exhibit 2**

**Exhibit 3**

**Exhibit 3**

## ACTION BY WRITTEN CONSENT OF
## SOLE MEMBER AND MANAGER
## OF HAWAIIAN RIVERBEND, LLC

The undersigned, being the sole member and manager (the "Member") of HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company (the "Company"), hereby consents to the following resolution in accordance with Hawaii Revised Statutes, Section 428-404(d).

WHEREAS, the Member has considered the financial and operational conditions of the Company's business;

WHEREAS, the Company's pending litigation status necessitates having legal representation in Court but that the Company cannot appear for itself in Court without having legal counsel authorized to practice law in the State of Hawaii representing Company;

WHEREAS, the Company lacks the financial means to hire legal counsel at this time;

WHEREAS, the Member desires to appear in Court on behalf of the Company but is unable to represent the Company in Court;

RESOLVED, THEREFORE, that in the business judgment of the Member after consideration of the alternatives available that it is in the best interests of the Company, its creditors, member and other interested parties that Company transfer, assign, and convey to Member its interests in the real property parcel owned by Company in Waikoloa Village, Hawaii described as TMK 6-8-02-53 in consideration of the Member personally assuming all liabilities and obligations of Company, and Member agreeing to hereafter make all necessary appearances in Court relative to said land parcel; and it is

FURTHER RESOLVED, that the Company is hereby authorized to execute and file all grant deeds and other papers and documents, and to take any and all action which it deems necessary or proper to obtain these objectives; and it is

FURTHER RESOLVED, that the Company is authorized, empowered and directed to take any and all further action and to execute and deliver any and all such further instruments and documents, where necessary or appropriate in order to carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is

RESOLVED FURTHER, that any actions taken by Member acting as Manager of Company prior to the date of the foregoing resolutions adopted hereby that are within the authority conferred thereby are hereby ratified, confirmed and approved as the acts and deeds of this Company.

IN WITNESS WHEREOF, the undersigned sole member and manager has executed this written consent this 2nd day of August, 2018.

8/2/18

_____
MICHAEL MIROYAN

**Exhibit 4**

**Exhibit 4**

## Memorandum Re: Assignment of Property Assets

In consideration for the transfer of the assets of Hawaiian Riverbend, LLC (HR, LLC) to the 100% owner of the LLC's membership interests, Mr. Michael Miroyan, and based on the "action by written consent of Sole Member and Manager of Hawaiian Riverbend, LLC" on this same date August 2, 2018 proof of financial consideration for the transfer is offered as follows:

1) It was in November 2009, when Michael Miroyan settled, in his favor, his civil lawsuit brought against Waikoloa Mauka, LLC et al and received as his settlement this Waikoloa property of 31 acres originally TMK # 6-8-002-021.*

   In Nov. 2009, the property's value was $1,500,000 and the escrow closing papers reflect that amount in its Net Sheet. In November 2009 this settlement was 100% Michael Miroyan's. That is irrefutable. Therefore, Miroyan received as his settlement this 31.3 acres valued at $1.5 million which Miroyan conveyed to HR, LLC, without consideration and this $1.5 million dollars is now credited back to Miroyan from HR, LLC through these conveyances.

2) The Salary/management fee of Michael Miroyan, of $3500 per month has gone unpaid even before the July 2012 Kai's breach of the Membership Purchase Agreement (MPA) signed in May 2010. The Kai's, in a flagrant breach of their fudiciary duty to fellow member Michael Miroyan, quit funding the project in a breach of their contractual duty. Unbeknownst to Miroyan, the Kai's had hired two lawyers in an effort to take the asset from Miroyan, the one who had invited the Kai's to join him in the venture for the sole purpose of him being able to pay back to the Kai's some $400,000 in personal notes from 2006. Miroyan's salary owed to this date is in excess of $378,000 and is financial consideration #2 for the transfer of the assets.

3) Miroyan personally borrowed $80,000 in 2016 and 2017 which he loaned to HR LLC for project and to which he is entitled to be reimbursed and is financial consideration #3.

**Conclusion:** Therefore, the total consideration owed to Miroyan by HR LLC is $1,958,000.

*Note: In Hawaii TMK (Tax Map Key) is the equivalent of APN (Assessors Parcel Number). It was on Feb. 13, 2013 when Sidney Fuke, Planning Consultant and Miroyan, as its Manager, received County Council approval of the 3 lot subdivision. The original 31 Acre parcel was subdivided into 3 and one of the three, #53 was simultaneously rezoned to Commercial CV-20.

TMK #6-8-002-021 = 5.95 acres (retained the original TMK)
TMK #6-8-002-052 = 10.75 acres (subject of separate foreclosure on appeal)
TMK #6-8-002-053 = 14.66 acres rezoned commercial and the subject of the foreclosure in this BK case #18-52601

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:5    Exhibit 54 of 124

It is #53, the 14.66 acres zoned commercial and worth $6 million, that is the subject of the illegal and fraudulent foreclosure action brought by the Kai's who strive to strip this $6 million dollar property from Miroyan for $900,000 owed but which they fraudulently claim as $1,247,000 owed. There was never supposed to be a foreclosure because Miroyan increased the notes by $650,000 without the Kai's putting up 10 cents. Therefore, the Kai's can show no money trail for the increase of their original $540,000 1st mortgage turning into $900,000.

This forged and fraudulent mortgage where the notarization of Miroyan's Aug. 8, 2013 signature was forged was then sent, again surreptitiously, in the Title Guarantee and Trust's overnight pouch to the Bureau of Conveyances, Honolulu Hawaii, on Nov. 18, 2013 to be recorded!! And it was recorded! And all of this was done without Miroyan's knowledge or consent. And get this... when was the $900,000 on the Kai's fraudulent first mortgage all due and payable? Eleven days later!!! On Nov. 30, 2013, the $900,000 was all due and payable! The fraudulent mortgage was secretly recorded only 11 days earlier on November 18, 2013 and is the subject of this foreclosure.

The Kai's, fellow members of the HR, LLC and 1st mortgage holder's simultaneously breached not only the MPA and quit funding but they breached their fudiciary duty to Miroyan, a fellow member of the LLC when they surreptitiously hired two lawyers, Michael Carrol and Matthew Shannon, to advise them on how to steal the property they had not earned from Miroyan, who had earned its ownership.

Date: 8-2-18

Seller

Hawaiian Riverbend, LLC by
its Manager and sole member
Michael H. Miroyan owner
of 100% of the membership
interests of HR, LLC

Date: 8-2-18

Buyer

Michael H. Miroyan

Case# 52601    Doc# 54    Filed: 03/04/19    Entered: 03/04/19 15:17    Page

8

**Exhibit 4**

**Exhibit 5**

**Exhibit 5**

June 24 , 2019

Dear Judge Kim ....

    you're being sued by Michael Miroyan. Enclosed
herewith is the lawsuit and The summons will follow in
the next email . I would appreciate you accepting
service...But it doesn't matter the attorney general for the
state of Hawaii has already received these
documents....And there are protocols in place for you to
accept service via US mail.

And Because of the filing of this adversarial complaint
against you for your illegal acts, civil rights violations and
fraud , Just to name a few, and because it is an ongoing
litigation it would be wholly inappropriate for you to lash
out and do me anymore damage from your bench as you
have no right to rule in this case any longer.

The good Lord and His angels know what damage you
have done and so do I ....It is 3:21 PM Hawaii standard
time on June 24 and you cannot make any ruling on this
matter until after 4:00 PM and you've been notified that
you're being sued by me so any ruling that you do
detrimental to me , will be void and will be reviewed by
somebody else....as if you haven't done enough damage
already by ignoring Actual and factual sales data when is
put it right under your nose.

That which you stole ...was not yours;  nor did you earn it. its going to have to be returned hopefully otherwise there is no justice whatsoever in Hawaii and that will be plain for all to see.

Michael Miroyan

# UNITED STATES DISTRICT COURT
### for the

Michael MIROYAN
/Plaintiff(s) *in propria persona*

v.

Civil Action No. *19 cv 03626 NC*

Robert D.S. Kim *et al*
Defendant(s)

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Robert DS Kim
c/o 3 Circuit Court
79-1020 Haukapila St.
Kealakekua, Hawaii  96750-7922

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Michael Miroyan
P.O. Box 3181
Saratoga, Ca. 95070-1181

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  JUN 21 2019

CLERK OF COURT
SUSAN Y. SOONG

_____
Signature of Clerk or Deputy Clerk

E-FILING

ORIGINAL FILED

JUN 21 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

1  Michael Miroyan
2  P.O. Box 3181
3  Saratoga, CA. 95070-1181 ADR
4  Tel: (408) 913-3123
   E-mail: mac8881@me.com
5  Plantiff in propia persona

C 19 03626 NC

6
7  United States District Court
8  Northern District of California - San Jose

9
10 Michael Miroyan, Individually,     } CASE No:
11 and as Manager and owner of
12 100% of the membership interests  } Complaint in Law & Equit
   of Hawaiian Riverbend, LLC and       for Damages Declatory
13 on behalf of the General Public   } and Injunctive Relief
14 Acting as a Private Attorney General, } FOR:
                                          1) Violation and Depriv
15            Plantiff                     ation of civil and
16                                         Constitutional Rights
       vs.                                 (Bivens Action)
17 Robert D.S. Kim, Theresa Kenneth Kai } 2) Violation of Elder Adult
18                  Matthew Shannon        Abuse California Law
   Wayne Silver, Michael Carroll, Quang Hong } 3) Violation of Calif. & Hawaii
19,20 Hang, David Lucas, Michael           Constitutional Law
21 Schuster, Andrew Kennedy,            } 4) Denial of Access to
22 Paul Sulla Jr., and Title Guarantee     the Courts
   and Trust Title Co., and Does 1-100  } 5) Deprivation of due
23                                          Process Rights
24 inclusive.                           } 6) Conspiracy to Deprive
              Defendants                   civil Rights
25                                        7.1) Denial of Equal prot-
26 7.2) Tortuous Interference w/bona fide business   ection under the Law
27 7.3) Breach of contract; breach of fudiciary } 8) Fraud, Conspiracy to
   duty                                     Commit Fraud; 9) Tort claims
28 for violation of Rights; 10) Declatory  Relief 11) Stay of Proceed./TRO/Prelim &
   Permanent Injunction; 12) request for Counsel   Jury Trial Request

1    FROM THE DESK OF MICHAEL MIROYAN

2    Michael Miroyan
     P.O. Box 3181

3    Saratoga, CA. 95070 – 1181
     Tel: (408) 913-3123

4    E-mail: mac8881@me.com

5    *Plaintiff in Propia Persona*

6

7              **United States District Court**

8         **Northern District of California – San Jose**

9    MICHAEL MIROYAN, individually, and as     Case No. 19-03626-NC
     manager and owner of 100% of the membership

10   interests of Hawaiian Riverbend, LLC and on behalf    COMPLAINT IN LAW & EQUITY
     of the general public acting as a Private Attorney    FOR DAMAGES DECLARATORY

11   General,                           AND INJUNCTIVE RELIEF:

12

13             Plaintiff,                (1) Violation and deprivation of civil
                                        and constitutional rights (Bivens Action

14       vs.                           and 42 U.S.C. 1983)
                                        (2) Violation of Elder Adult Abuse

15    ROBERT D.S. KIM, TAE KAI, KENNETH KAI,     California Law
     MATTHEW SHANNON, MICHAEL CARROLL,     (3) Violation of Calif. and Hawaii

16   WAYNE SILVER, QUANG HUNG HANG,         Constitutional Law
     DAVID LUCAS, MICHAEL SCHLUETER,         (4) Denial of Access to the Courts

17   ANDREW KENNEDY, PAUL SULLA JR., and      (5) Deprivation of Due Process Rights
     TITLE GUARANTEE AND TRUST TITLE CO.,    (6) Conspiracy to Deprive Civil Rights

18   and DOES 1 through 100, inclusive,           (7) Denial of Equal Protection under the
                                        law

19            Defendants.               (8) Tortuous Interference with bona fide
                                        business practices

20                                (9) Breach of contract; breach of

21                                fudiciary duty
                               (10) Fraud; conspiracy to commit fraud

22                                (11) Tort Claims for violation of rights

23                                (12) Declaratory Relief

24                                (13) Stay of Proceedings/ TRO/

25                                preliminary and permanent injunction
                               (12) Request for Counsel

26

27                                [Jury Trial Requested]

28

       CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF
                                 Pg. 1

**Exhibit 5**

1    Plaintiff Michael Miroyan, individually and on behalf of the General Public, acting as a
2    Private Attorney General alleges:
3    (1) Plaintiff Michael Miroyan is an individual, 67 years of age and currently resides in Santa
4    Clara County, Ca where he has lived since 1957. He was raised in Saratoga, Ca. As the first of 3
5    boys raised by Bernita and Vartkes Miroyan, a Calif. licensed attorney for over 30 years.  Michael
6    did well in school, was a likeable fellow and was elected student body president of the 1,200
7    students at Saratoga High School 1969-1970. He also achieved the Rank of Eagle Scout, was
8    President of the Key Club, Varsity Letters in soccer, tennis, wrestling, and went to college at
9    Univ. of California at Santa Barbara for 1 year and then transferred to Stanford University for his
10   undergraduate education in 1971, majoring in Political Science. Michael Miroyan made some
11   good choices and some poor choices and then in 1998 at the age of 46 and after being a realtor
12   associate off and on for 24 years, he started his career as a real estate developer. (See exhibit 'A'
13   Resume of Michael Miroyan)
14        Between 1998 – 2007 when the real estate market took a violent turn for the worse... the
15   worst recession in 40 years...in those 9 years, Michael Miroyan completed 11 (eleven)
16   subdivisions, 421 residential units and over $200 million dollars in constructions loans and jobs
17   for the community – all based on and because of his guts, his saavy, his initiative, persistence,
18   and skills in real estate. Quite an accomplishment by a man who began at age 46 and finished at
19   age 55. Michael Miroyan has always concentrated on providing a significant public benefit and
20   has earned all his properties and income.
21        In July 2005, Miroyan landed his biggest acquisition of his life when he bought 13,767
22   acres from Waikoloa Cattle Co. & Waikoloa Development Co. for $60 million dollars. Michael
23   Miroyan handled all the negotiations with the seller himself and at the end of the day he was the
24   first and only one on the contract and overnight that purchase made Michael Miroyan and his
25   Ukranian partners the 5th largest property owner in the state of Hawaii.
26        In September 2005, MAI appraiser Hallstrom appraised the 13,767 acres conservatively at
27   $164 million.  $104 million more than what he paid for the property and Michael Miroyans skills
28   at land acquisition and his business acumen were in plain sight for all to see.  He had made his

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF
Pg. 2

Exhibit 5

1    partners and himself $104 million in Sept. 2005 on a $60 million purchase.

2         Miroyan then sold the Waikoloa Village properties in 2006 on behalf of the partnership and he

3    raised $252 million in offers for the 800 acres in the Village...one offer of $100 million from Pacific

4    Century Group is attached here (Exhibit 'B').

5         For anyone to portray Michael Miroyan other than an astute, saavy, and honorable businessman,

6    is an absolute lie. None of the people involved in this case - No One - has done what Miroyan has

7    done. They have not brought $60 million cash to the Big Island; nor received $100 million dollar

8    offers – none of them have Miroyan's land acquisition skills nor his vision or his guts and all they

9    can do is make or take the money off of his creations. Miroyan is a river to his associates and even

10   his enemies – greedy, pathetic enemies who make money off his efforts!

11        "When you drink from the well, remember the man who built it!" Chinese proverb.

12        This case is about greed and the extent to which people will go to get their hands on money, lots

13   of money, Michael Miroyan's money – his LAND – that he earned and that which they conspire to

14   steal.

15        Miroyan had to sue his business partners in 2008 because they weren't honoring their

16   agreements. In 2009, Miroyan settled and received 31.3 acres in Waikoloa Village as the majority of

17   his settlement TMK# 6-8-02-21.

18        The property in November 2009 went into the name of his wholly owned Hawaiian Riverbend,

19   LLC, formed by his California attorney, Terry Root.

20        Miroyan needed $300,000 to pay his ex-partners as part of the settlement and invited the

21   KAI's, TAE & KENNETH to participate with the hope and belief Miroyan could pay back some

22   $400,000 in personal unsecured notes that Miroyan owed the Kai's and because of the drastic market

23   change in 2007, was heretofore unable to do.

24        A deal was struck! Miroyan gave the Kai's 50% membership interests to go with his now 50%

25   of HR, LLC. and he gave them the 1st lien position of lender also. Kai's put up $360,000 and Miroyan

26   gave them a $540,000 mortgage 50% return ($180,000) all due in 3 years, May 2013. As part of the

27   contractual agreement, a membership purchase agreement (MPA) was prepared and duly signed

28   along with the operating agreement, etc.

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF
Pg. 3

**Exhibit 5**

Case: 18-52601     Doc# 105     Filed: 04/11/22     Entered: 04/11/22 15:06:54     Page 67 of 124

1        Miroyan was to be Manager with a $3,500/month salary. He & planning consultant, Sidney

2   Fuke, were to change the zoning to commercial on 14.66 acres and subdivide the 31.3 acres into 3

3   parcels.

4        The Kai's were to pay bills when asked by the MGR for the accounting, salaries, property taxes,

5   subcontractors etc. upon the MGR's issuing of a "capital call." Escrow closed in May 2010. The

6   Kai's learned of this transaction thru Michael Miroyan only and they thanked him by stabbing him in

7   the back and little did he know because they lied so good.

8        By the Spring of 2012 the Kai's had surreptitiously hired attorneys MICHAEL CARROLL and

9   MATTHEW SHANNON to assist them in the stealing of the commercial property about to be

10  rezoned.

11       "No good deed goes unpunished." The adage finds particular relevance here as the greedy

12  KAI's breached their fudiciary duty to Miroyan their fellow member of the LLC with a clear and

13  agreed upon goal in sight by hiring lawyers without disclosing it to Miroyan and then the four of

14  them conspiring to steal the property which was set to go to the Planning Commission for approval

15  in November 2012.

16       Observe the tortuous interference by the Kai's and their hidden snake attorney as the Kai's quit

17  all funding in July 2012 and go into a flagrant breach of the MPA. This breach of contract is

18  designed to sour and greatly slow down the project. They will kill it slowly, Miroyan has little

19  savings and without his salary will soon be financially strapped as he went all in on the project to be

20  able to pay back Kai's rather than getting more money from his settlement with his ex-partners.

21  Never in his wildest dreams could he conceive the Kai's would backstab him when he is paying back

22  $400,000 in unsecured notes that most others would have walked away from…

23       Miroyan issues cap calls in July and in September 2012 but the Kai's don't fund, they want to

24  be "lender only" because , Miroyan later found out – they couldn't foreclose on themselves, so they

25  had to come out of the LLC and to this end with lies and fraud and breaches and obfuscated trickery

26  they hoodwinked Miroyan into letting them become "Lender only." Miroyan raised their mortgage by

27  $650,000 without the Kai's putting 10 cents!!

28       There is no money trail for the increase in mortgage. This is lender fraud and conspiracy to

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF
Pg. 4

**Exhibit 5**

1  defraud and interference of Miroyan's business advantage and these lawyers are coaching and
2  breaking the law from Spring 2012 until January 2015 when they finally surface.
3      QUANG HUNG HANG is a California notary who the Kai's and/or their attorneys paid to
4  fraudulently notarize Miroyan's signature on the $900,000 note he signed when he believed on August
5  7th, 2013 that they were finally in agreement. Quang Hung's forgery of the notarization of Miroyan's
6  signature is fraud; it's illegal and renders the amended mortgage and note as an illegal instrument and
7  it is therefore void. With the purchase of Quang's loyalties to the fraud scheme there are now 5 co-
8  conspirators.
9      Miroyan didn't realize any of this at the time- he knew nothing. When he signed on August 7th,
10  2013 he specifically did not notarize because the pay back date had not been agreed upon. The second
11  mortgage he did notarize and sign because it was due in 3 years with 2 subordination clauses in it (see
12  exhibit 'C'). But the $900,000 he did not notarize.
13  (2) The main Causes of action in this lawsuit is two-pronged. It is against the Kai Family Trust and
14  the 2 trustees Ken and Tae for fraud, for breach of contract, breach of fudiciary duty, for interference
15  of Miroyan's bona fide business practices, for taking advantage of Miroyan's business advantage, for
16  not releasing the mortgages after subdivision approval which caused Miroyan irreparable damage and
17  to lose the lawsuit which Miroyan went to trial on where he lost 88 acres and $1.5 million dollars and
18  the second prong is against the Hon. Robert D.S. Kim for 1983 Civil Rights violations and 42 USC
19  1983 civil rights violations.
20  (3) Defendant Tae Kai and Defendant Ken Kai are both living here in Santa Clara County and have
21  done so for the last 30 years just like Plaintiff Miroyan. All deals were discussed and agreed upon in
22  Santa Clara County. All contracts were signed in Santa Clara County, all monies changed hand in
23  Santa Clara County and all parties live in Santa Clara County including the notary Quang Hung Hang.
24  (4) Therefore Venue is proper in Santa Clara County.
25  (5) At all times. Matthew Shannon and Michael Carroll worked together for the Kai's since 2012 and
26  both work in Honolulu and their conduct is violative of the oaths to the Hawaii & U.S. Constitution.
27  Both have joined the conspiracy to defraud Miroyan and both have committed overt acts in
28  furtherance of their dirty goal, the theft of an elderly man's land, which is elder abuse.

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF
Pg: 5

1    (6) Both Dr. Ken and Tae Kai as well as both of their miscreant attorneys Shannon and Carroll are

2 being sued in their individual capacity also, for all of them knowingly and willingly breaking the law

3 and more all for their love of someone else's money.

4    (7) Notary Quang has yet to perjure himself but Miroyan is sure he will and for his forgery on the

5 notarization of Miroyan's signature he should pay dearly for the note, amended mortgage

6 would not have been recorded without it.

7    (8) Title Guarantee and Trust is complicit in this fraud because one of their employees took over

8 Miroyan's escrow and gave it to the Kai's side and put the amended mortgage in their overnight pouch

9 all without Miroyan's consent or knowledge and while his back was turned embroiled in the lawsuit

10 over his SJ ranch. The amended mortgage was signed on August 7th, 2013. It was recorded November

11 18, 2013…it was recorded 101 days after Miroyan signed!! Why? Why wait so long? Because that's

12 when Miroyan was embroiled in trial. Sneaky, Sneaky and dirty – are the Kai's and their greaseball

13 attorneys. The amended Mortgage is void – it's an illegal instrument.

14    (8) Yet Judge Robert Kim has done everything he can to prevent Miroyan from even having access to

15 the Courts, let alone a fair say in court. The litany of allegations against Robert Kim, whom Miroyan is

16 suing in his individual as well as official capacity cannot all be delineated here but will be in the first

17 amended complaint. But here are a few of the standout Civil Rights violations by this Judge who under

18 the color of law and authority denies Miroyan even the most miniscule of due process rights nor equal

19 protection under the Bill of Rights. Kim doesn't curtail free speech – Judge Kim obliterates it!! And

20 does not allow Miroyan access to petition the Court for his grievances. Judge Kim has joined the

21 conspiracy to defraud Miroyan of the property he earned and he must now be removed from case#15-

22 0164K due to this federal lawsuit against him.

23 (9) Defendant Robert D.S. Kim has purposely denied Miroyan access to the court. Defendant Kim

24 knows that Miroyan has been "blacklisted" which is tantamount to being a "leper" and such Miroyan

25 has been banished; ex-communicated and no one will touch him or his case. This coupled with

26 Miroyan's financial woes makes it impossible to hire an attorney and yet that is exactly what Defendant

27 Kim demands!! It's so much easier to win when the opposing side has no voice! These are bedrock

28 Constitutional rights all Americans enjoy. It's what makes out country great and Defendant Kim will

Case: 18-52601   Doc# 105   Filed: 04/11/22   Entered: 04/11/22 15:06:54   **Exhibit 5**
124

1 have none of it.

2 (10) Who has blacklisted Miroyan? That scary word from the witch hunt McCarthy Hearings 70 years

3 ago from the 1950's. Even then McCarthy stood and said it was he who was doing the enquiring re:

4 Russian Spies. But here it is but a shadow – no one is talking to Miroyan but Miroyan believes he

5 knows who is doing it – this banishment and exile because it has to be one of the group that covets the

6 14 acres of commercial that is the subject of the Hawaii foreclosure case#15-0164K, Kai vs. HR, LLC

7 (Miroyan). The Kai's are trying to steal 14 acres of CV-20 Commercial zoning worth $6 million for the

8 $1 million they are owed supposedly and that is their goal. The Kai's are in no danger of losing their

9 secured 1st mortgage plus interest, but they want more… bring on the forgery by the notary – observe

10 his date where he lies and says Miroyan appeared before him on August 10th, 2013! Miroyan was

11 negotiating with the Kai's for 90 days after that until November 2013 NOT KNOWING the Kai's had

12 fraudulently had his signature notarized and had no intent of making a deal with Miroyan – they waited

13 and waited and strung Miroyan out and then bam! Let the guillotine fall when Miroyan was

14 preoccupied with his trial.

15 (11) Note: the amended mortgage for $900,000 filed via TG & T overnighted pouch to the Bureau of

16 Conveyances on November 18th, 2013 was all due and payable, $900,00 all due in eleven (11) days on

17 December 1, 2013. Now do really expect anyone to believe Miroyan recorded and agreed to $900,00

18 payoff in 11 days??

19 These are the obstacles when you cheat and lie and swindle… there's always glitches (See exhibit

20 'D' re: First amendment of Promissory Note)

21 (12) Miroyan has filed a police report with San Jose Police Fraud Department re: Notary Q, Hung Hang

22 and also with the Secretary of State's office. (See Exhibit 'D' Police Report)

23 (13) Judge and Defendant Robert Kim allowed HR's attorney Paul Sulla Jr. to withdraw in April

24 2018 at a hearing Miroyan knew nothing about, Kim likes to hold Court without Miroyan, the true

25 owner being there or even being aware of their crooked shenanigans. Defendant Kim allowed Sulla to

26 withdraw knowing the LLC would have no voice, less than 60 days before the Court confirmation

27 hearing on companion case Tereick v. HR, LLC #14-0429K and the result was, of course, devastating.

28 Miroyan lost a $1.9 million eleven (11) acre parcel for $120,000 and got not a dime out of it.

**Exhibit 5**
Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 71 of
124

(14) Defendant Kim should not let the LLC get defenseless like this and the order he signed drawn up by Sulla says in compliance with Rule 25. That's false. It's a lie. Rule 25 calls for the LLC's manager Miroyan to have signed the order also saying he is ok with it (See exhibit 'E' order)

Miroyan never knew it was going on because Sulla was working against his own client HR & Miroyan. Defendant Kim was leading the lopsided street mugging of Miroyan and his hard-earned assets.

(15) Faced with this thievery in broad daylight and the ignoring of a $1.5 million sale directly across the street from Miroyan's HR property was outrageous, because Defendant Judge Kim should not have ignored the facts of this sale. But Defendant Kim did and Defendant Kim adopted the fraudulent BPO of crooked real estate Broker DAVID LUCAS for $240,000 and ignored the fact of the April 24th, 2018 all cash sale of $1.5 million which showed a huge disparity on the theft of Miroyan's land for an inferior property than HR/mine.

(16) Andrew Kennedy & Michael Schlueter are crooked commissioners in on the scam.

(17) Wayne Silver has lied several times in federal BK Court while advancing the crooked agenda of Kai, Shannon, Carroll, Hang, et. al.

(19) I reserve the right to amend this complaint as the evidence unfolds or as I care to amend.

Respectfully Submitted,

6/21/19 San Jose, Ca. _____

M. Miroyan

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF
Pg. 8

**Exhibit 6**

**Exhibit 6**

[Promissory Note dated August 7, 2013]

# PROMISSORY NOTE

US $300,000.00

San Jose, California
August 7, 2013

FOR VALUE RECEIVED, the undersigned, HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company ("Maker"), promises to pay to the order of KENNETH Y. KAI and TAE K. KAI, Trustees, of the Kai Family 1998 Trust dated October 5, 1998 ("Holder"), the principal sum of THREE HUNDRED THOUSAND AND NO/100 DOLLARS ($300,000.00) with interest thereon from August 7, 2013, computed on the principal balance from time to time outstanding at the applicable interest rate determined as set forth below.

**Interest.** The interest payable under this Note shall be at the rate of **FIVE PERCENT (5.00%)** per annum. Interest shall be calculated on the basis of a three hundred sixty-five (365) day year for actual days elapsed.

**Balloon Payment; Maturity Date.** Maker is not required to make payments of principal or interest until the Maturity Date. All principal outstanding under this Note, any accrued unpaid interest, and all fees, charges and other sums payable to the Holder shall be due and payable on August 6, 2016 (the "Maturity Date"), unless sooner due as provided in this Note. A single payment, called a "balloon payment", equal to the unpaid part of the principal plus any interest and other charges then due, must be paid by Maker on the Maturity Date.

**Application of Payments.** All payments on this Note shall be made at P.O. Box 3136, San Jose, California 95156, or to such other place as the holder of this Note may designate from time to time. All payments on this Note shall be payable only in lawful money of the United States of America. Except in the case of an election to the contrary by Holder in the event of a default, and to the extent permitted by law, all payments will be applied first to charges, then to interest, and then to principal.

**Prepayments.** The Maker shall have the privilege of making prepayments on the accrued interest and/or the principal balance outstanding under this Note, on any date without a prepayment penalty. Notwithstanding anything to the contrary herein, if Maker prepays all or a portion of the principal balance outstanding under this Note, the principal balance outstanding under this Note shall be reduced by the pro rata portion of the prepaid interest that was prepaid but not yet accrued as of the date of such principal prepayment.

**Default; Acceleration.** If the Maker shall default in the payment of principal, interest or other fees or charges when due under this Note, or if the Maker shall default in the performance of or compliance with any term, covenant, condition or provision required to be performed or complied with by the Maker under that certain Real Property Mortgage executed by Maker and Holder concurrently herewith or security instrument referred to therein (such other agreements or instruments being hereinafter called the "Loan Documents") and such default shall not have been remedied during the period the Maker is required to remedy such default, then, and in any such event, the Holder shall have the option to declare the unpaid principal sum of this Note

Promissory Note
Page 1 of 3

ImanageDB:23466334.4

together with all charges and interest accrued thereon to be immediately due and payable, and such principal sum, charges, and interest shall thereupon become and be due and payable without presentment, demand, protest or notice of any kind, all of which are hereby expressly waived. Notwithstanding anything to the contrary herein, upon any default by Maker, Holder shall provide to Maker a notice of such default and Maker shall have sixty (60) days from such notice to cure such default.

**Attorneys' Fees.** The Maker promises to pay the Holder's reasonable attorneys' fees and such expenses as are incurred to induce or compel the payment of this Note or any portion of the indebtedness evidenced hereby, whether suit is brought hereon or not.

**Waiver.** Except as otherwise provided herein, the Maker, endorsers and guarantors hereof and all others who may become liable for any part of this obligation severally waive presentment, protest, demand and notice of protest, demand, dishonor and nonpayment of this Note and consent to any number of renewals or extensions of the time of payment hereof and to any release of parties obligated hereunder or forbearance in the enforcement hereof.

**No Oral Waiver, Modification or Cancellation.** No provision in this Note may be waived, modified or cancelled orally, but only by an agreement in writing and signed by the party against whom enforcement of any waiver, modification, discharge or cancellation is sought.

**Governing Law.** This Note shall be governed by and construed according to the laws of the State of Hawaii.

**Limitations on Interest.** Notwithstanding any provision to the contrary contained in the Loan Documents, the rate and amount of interest which the Maker shall be required to pay to the Holder shall in no event, contingency or circumstance exceed the maximum rate or amount limitation, if any, imposed by applicable law. If, from any circumstance whatsoever, performance by the Maker of any obligation under the Loan Documents at the time performance shall be due (including, without limiting the generality of the foregoing, the payment of any fee, charge or expense paid or incurred by the Maker which shall be held to be interest), shall involve transcending the limits of validity prescribed by law, if any, then, automatically, such obligation to be performed shall be reduced to the limit of such validity prescribed by applicable law. If, notwithstanding the foregoing limitations, any excess interest shall at the maturity of the Note be determined to have been received, the same shall be deemed to have been held as additional security. The foregoing provisions shall never be superseded or waived and shall control every other provision of all agreements between the Holder and the Maker.

**Notices.** Any notice which a party is required or may desire to give the other under this Note or the Loan Documents shall be in writing and shall be sent by (a) personal delivery, (b) mail (either (i) by United States registered or certified mail, return receipt requested, postage prepaid, or (ii) by Federal Express or similar generally recognized overnight carrier regularly providing proof of delivery), (c) facsimile transmission with telephonic confirmation of receipt, or (d) e-mail with telephonic confirmation of receipt, addressed in the applicable manner as

described below (subject to the right of a party to designate a different address for itself by notice similarly given).

| | |
|---|---|
| To Holder: | Kenneth Y. Kai and Tae K. Kai, Trustees<br>P.O. Box 3136<br>San Jose, CA 95156 |
| To Maker: | Hawaiian Riverbend, LLC<br>Attn: Michael Miroyan<br>P.O. Box 3181<br>Saratoga, CA 95070 |

Any notice so given by mail, facsimile transmission, or e-mail shall be deemed to have been given as of the date of delivery (whether accepted or refused) established by U.S. Post Office return receipt, the overnight carrier's proof of delivery, or telephonic confirmation of receipt as the case may be. Any such notice given in any other manner shall be deemed given upon actual receipt of the same by the party to whom the same is to be given. Any party may give notice by more than one method described in this section.

**Parties in Interest.** The Holder shall have the right to assign the Holder's interest in this Note to any subsequent Holder or Holders of this Note. The Maker shall not assign the Maker's interest in this Note without the prior written consent of the Holder. All of the terms and provisions of this Note shall be binding upon and inure to the benefit of and be enforceable by the parties hereto and their respective personal representatives, heirs, successors and assigns, whether or not hereinabove so expressed. The use of any gender shall include all genders.

**Severability.** If any provision of this Note shall be held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision hereof.

**Paragraph Headings.** The headings of the paragraphs herein are for convenience and reference only and shall not be considered as defining or limiting in any way the scope or intent of any provision of this Note.

[Signature appears on next page.]

Promissory Note
Page 3 of 3

IN WITNESS WHEREOF, Maker has caused this Note to be duly executed.

MAKER:                    HAWAIIAN RIVERBEND, LLC, a Hawaii limited
                          liability company

8/8/13

8/7/13          By

                          Michael Miroyan
                          Its Manager

Promissory Note
Page 4 of 3

STATE OF CALIFORNIA

COUNTY OF Santa Clara

On August 8, 2013 before me, Quang Hung Hoang, Notary Public
(insert name and title of the officer)

personally appeared **MICHAEL MIROYAN**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____                    (Seal)

DESCRIPTION OF THE ATTACHED DOCUMENT

Promissory Note
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages: 4

Document Date: August 7, 2013

_____
(Additional Information)

QUANG HUNG HOANG
Commission # 2029006
Notary Public - California
Santa Clara County
My Comm. Expires May 3, 2017

CAPACITY CLAIMED BY SIGNER
  Trustee(s)
  Attorney-in-Fact
  Other _____

Official Records State of Hawaii Bureau of Conveyances

# Exhibit 7

**Date of Record:** 11 - 18 - 2013
**Document #:** A - 507 00518
**Description:** First Amendment of
Promissory Note
dated 8-8-2013 Re:
Note dated 5-3-2010
* Forged Notarization *

**Cross-Ref Docs:** _____



STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED
November 18, 2013 8:01 AM
Doc No(s) A-50700518

/s/ NICKI ANN THOMPSON
REGISTRAR



1      1 / 2      CGG
B-32373220

Land Court System          Regular System

After Recordation Return By: (✓) Mail  (  ) Deliver

MR. & MRS. KENNETH KAI
P.O. BOX 3136
SAN JOSE, CA 95156

TG ACCOM 466616@  ①

RLS

CAC  15 pgs.

TITLE GUARANTY OF HAWAII HAS FILED THIS DOCUMENT FOR RECORD AS AN ACCOMMODATION ONLY. THIS DOCUMENT HAS NOT BEEN REVIEWED OR IN ANY WAY EXAMINED AS TO ITS EFFECT ON REAL PROPERTY.

## FIRST AMENDMENT OF PROMISSORY NOTE

## FIRST AMENDMENT OF PROMISSORY NOTE

THIS **FIRST AMENDMENT OF PROMISSORY NOTE** ("Agreement") is made on ~~Aug 8, 2013~~, 2013, but is effective as of March 1, 2013 ("**Effective Date**"), by and among **HAWAIIAN RIVERBEND, LLC**, a Hawaii limited liability company, whose post office address is P.O. Box 3181, Saratoga, California 95070 ("**Borrower**"), and **KENNETH Y. KAI** and **TAE K. KAI**, Trustees, of the Kai Family 1998 Trust dated October 5, 1998, whose mailing address is P.O. Box 3136, San Jose, California 95156 (singularly and collectively, "**Lender**").

I.   **BACKGROUND.**

A.   The Lender made a term loan (the "**Loan**") to the Borrower in the original principal amount of **FIVE HUNDRED FORTY THOUSAND AND NO/100 DOLLARS** (US $540,000.00), as evidenced by that certain Promissory Note dated May 3, 2010 (the "**Original Note**") executed by the Borrower in favor of the Lender. Capitalized but undefined terms in this Agreement shall have the meanings ascribed to them in the Original Note.

B.   The Loan is secured by that certain Real Property Mortgage dated April 28, 2010 and recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2010-062606 (the "**Mortgage**") covering that certain parcel of land being Lot 9 of the Waikoloa Development as shown on File Plan Number 1172, containing an area of 31.322 acres, more or less, and identified by Tax Map Key No. (3) 6-8-002-021 (the "**Mortgaged Property**"). The Mortgaged Property was subsequently subdivided into three lots.

C.   Borrower has requested the Lender to amend the Mortgage to release a material portion of the mortgaged security by changing and replacing the legal description of the Mortgaged Property with a subdivided portion of the Mortgaged Property known as Lot 9-C, containing an area of approximately 14,622 acres.

D.   In consideration of the foregoing release of security, The Borrower has requested the Lender to amend the Note to increase the principal amount of the Loan from $540,000.00 to $809,504.00 and extend the Maturity Date of the Loan to December 1, 2013.

E.   The Lender is willing to so amend the Original Note and Mortgage, in accordance with the terms and conditions of this Agreement, the Note, and the Mortgage.

II.   **AGREEMENTS.** In consideration of the mutual covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

A.   **First Amendment of Promissory Note.**

1.   The principal amount of the Original Note is hereby amended to be EIGHT HUNDRED NINE THOUSAND FIVE HUNDRED FOUR AND 00/100 DOLLARS ($809,504.00). Notwithstanding anything to the contrary in this Agreement or the Original Note, the Borrower and Lender hereby acknowledge and agree that the "balloon payment" due to Lender from Borrower on the Maturity Date shall be equal to EIGHT HUNDRED FORTY THOUSAND AND NO/100 DOLLARS ($840,000.00).

2.   The paragraph bearing the heading "**Interest Rate**" on page 1 of the Original Note is hereby deleted in its entirety and replaced with the following:

ImanageDB:2329349.9

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 82 of 124

"The interest payable under this Note shall be at the rate of **FIVE PERCENT (5.00%) per annum**. Interest shall be calculated on the basis of a three hundred sixty-five (365) day year for actual days elapsed."

3.     The "Maturity Date", as described in the paragraph bearing the heading **"Payments; Maturity Date"** on page 1 of the Original Note, is hereby amended to be December 1, 2013.

4.     The final sentence of the paragraph bearing the heading **"Default; Acceleration"** on page 2 of the Original Note is hereby deleted in its entirety and replaced with the following:

> "Notwithstanding anything to the contrary herein, upon any default by Maker, Holder shall provide to Maker a notice of such default and Maker shall have forty-five (45) days from such notice (the "Cure Period") to cure such default. Such forty-five (45) day Cure Period shall run concurrently with, and shall not be in addition to the Cure Period provided in the First Amendment to Real Property Mortgage executed concurrently with this Agreement."

5.     Except as amended herein, the Original Note shall remain unaffected and shall continue in full force and effect.

**B.     Full Force and Effect.**  The provisions of the Original Note and any other documents evidencing or securing the Loan (the "**Loan Documents**") are hereby amended to conform with this Agreement, and in the event of any conflict between the provisions of this Agreement and the provisions of the Loan Documents, the provisions of this Agreement shall control; but in all other respects, the provisions of the Loan Documents shall continue in full force and effect.  This Agreement constitutes an amendment only and not a novation or an accord and satisfaction

**C.     Bind and Inure.**  This Agreement shall be binding upon and inure to the benefit of the Borrower and the Lender and their respective heirs, personal representatives, successors, successors in trust and assigns.

**D.     Applicable Law; Severability.**  This Agreement and each of the Loan Documents shall be governed by and interpreted in accordance with the laws of the State of Hawaii.  If any provision of this Agreement is held to be invalid or unenforceable, the validity or enforceability of the other provisions shall remain unaffected.

**E.     Paragraph Headings.**  The heading of paragraphs in this Agreement are inserted only for convenience and shall in no way define, describe or limit the scope or intent of any provision of this Agreement.

**F.     Incorporation of Agreements.**  This Agreement incorporates all agreements between the parties relating to the subject matter hereof, and supersedes all other prior oral or written letters, agreements or understandings relating to the subject matter hereof.  This Agreement may not be modified or amended, nor any of the provisions hereof waived, except by an instrument in writing signed by the parties hereto.

**G.     Counterparts.**  The parties hereto agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, and said counterparts shall together constitute one and the same agreement, binding all of the parties hereto, notwithstanding all of the parties are not signatory to the original or the same counterparts.  In making proof of this Agreement, it shall not be necessary to produce or account for more than one such counterpart. For all purposes, including, without

Case: 18-52601     Doc# 105     Filed: 04/11/22     Entered: 04/11/22 15:06:54     Page 83 of 124

limitation, delivery of this Agreement, duplicate unexecuted and unacknowledged pages of the counterparts may be discarded and the remaining pages assembled as one document.

Imanage DB:2329349.9

3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date written above.

BORROWER:

HAWAIIAN RIVERBEND, LLC,
a Hawaii limited liability company

8/7/13
8/8/13

By _____
Michael Miroyan
Its Manager

LENDER:

_____ TRUSTEE
KENNETH V. KAI, Trustee as aforesaid

_____ TRUSTEE
TAE K. KAI, Trustee as aforesaid

ImanageDB:2329349.9

4

STATE OF CALIFORNIA

COUNTY OF _Santa Clara_

On _August 10, 2013_ before me, _Quang Hung Hoang , Notary Public_
(insert name and title of the officer)

personally appeared **MICHAEL MIROYAN**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____                                    (Seal)

---

DESCRIPTION OF THE ATTACHED DOCUMENT

_First Amendment of Promissory_
(Title or description of attached document)

_Note_
(Title or description of attached document continued)

Number of Pages: _4 + 7_

Document Date: _____

_____
(Additional Information)

---

CAPACITY CLAIMED BY SIGNER
  Trustee(s)
  Attorney-in-Fact
  Other _____

5

ImanageDB:2329797.7

STATE OF CALIFORNIA

COUNTY OF _Santa Clara_

On _October 11, 2013_ before me, _Sharon la fountain Evans, Notary Public_
(insert name and title of the officer)

personally appeared **TAE K. KAI**, Trustee as aforesaid, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____          (Seal)

---

**DESCRIPTION OF THE ATTACHED DOCUMENT**

_First Amendment of Promissory Note_
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages: _4 + 7_

Document Date: _____

_____
(Additional Information)

SHARON LA FOUNTAIN EVANS
Commission # 1927519
Notary Public - California
Santa Clara County
My Comm. Expires Mar 31, 2015

---

**CAPACITY CLAIMED BY SIGNER**

Trustee(s)
Attorney-in-Fact
Other _____

ImanageDB:2329797.9

7

**Exhibit 8**

**Exhibit 8**

Electronically Filed
THIRD CIRCUIT
3CC16100043K
07-DEC-2021
10:48 AM
Dkt. 60 ORDD

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAI'I

|  |  |
|---|---|
| GANG CHEN,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN RIVERBEND, LLC.,<br><br>Defendant. | Civ. No. 3CC-16-1-00043K<br><br>~~DENYING~~ *DENYING* ~~ptd~~<br>ORDER ~~GRANTING~~ DEFENDANT'S<br>MOTION TO JOIN MICHAEL MIROYAN<br>AS A NAMED DEFENDANT.<br><br>Non-Hearing Motion<br><br>Judge: Honorable Robert D. S. Kim<br><br>No Trial Date Set |

*DENYING* *WK*

## ORDER ~~GRANTING~~ DEFENDANT'S MOTION TO JOIN
## MICHAEL MIROYAN AS A NAMED DEFENDANT

Defendant HAWAIIAN RIVERBEND, LLC's Motion to Join Michael Miroyan as a Named Defendant in the above-captioned case came before the Court as a non-hearing motion filed October 13, 2021.

THE COURT, having considered the filed submissions by both parties and after having considered the record as a whole, determined that Defendant HAWAIIAN RIVERBEND, LLC's motion to join Michael Miroyan as a named defendant in this case is ~~GRANTED.~~

*DENIED* *PL*

Dated: Kailua-Kona, HI ~~October~~ *December 6*, 2021

Signed: _____
Judge of the Above-Entitled Court

*Gang Chen v. Hawaiian Riverbend, LLC.*, Civ. No. 3CC-16-1-00043K. *Order Granting Defendant's Motion Join Michael Miroyan as a Named Defendant.*

**Exhibit 9**

**Exhibit 9**

| 15 | 12/11/2018 Document Converted DOC ID: , Comments: OF TIME TO FILE PRETRIAL STATEMENT | PLAINTIFF'S EX PARTE MOTION FOR FIRST EXTENSION OFTIME TO FILE PRETRIAL STATEMENT; DECLARATION OF COUNSEL; ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION FOR FIRST EXTENSION | All Case Parties | Leu, Lansen Hon Gong |
|----|----|----|----|----|
| 16 | 12/20/2018 Document Converted DOC ID: , Comments: NOTICE OF HEARING AND CERTIFICATE OF SERVICE (HRG: 2/14/19 AT 8:00 A.M. BEFORE JUDGE KIM) | PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND FOR INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF INDEBTEDNESS; EXHIBITS "1"-"4"; | All Case Parties | Doi, Karyn A. |

| 28 | 02/14/2019 | Minutes DIGITAL RECORDING CC3.19-28/ 2019-2-14/0811-0812FOCLERK - L. FURUTO APPEARANCES: PLAINTIFF COUNSEL - D. KIKAWA (BY PHONE) COURT: DEFENDANT HAS BEEN DEFAULTED. KIKAWA: YES COURT: DEFAULT HAS BEEN ENTERED IN NOVEMBER RESPONSE BY KIKAWA . ***RULING*** COURT WILL GRANT THE MOTION FOR SUMMARY JUDGMENT | | All Case Parties | |
|----|------------|----------|----------|----------|
| 17 | 03/08/2019 | Findings/Fact Concl of Law-Ord Converted DOC ID: FOF, Comments: (COMMISSIONER: ANDREW M. KENNEDY) | FINDINGS OF FACT; CONCLUSIONS OF LAW; AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES FILED DECEMBER 20, 2018; EXHIBIT "A" | All Case Parties | Doi, Karyn A. |
| 18 | 03/08/2019 | Document Converted DOC ID: JUDG, Comments: | JUDGMENT | All Case Parties | Doi, Karyn A. |
| 19 | 03/08/2019 | Document Converted DOC ID: NOJ, Comments: | NOTICE OF ENTRY OF JUDGMENT | All Case Parties | Doi, Karyn A. |

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 93 of 124

| 20 | 03/08/2019 | Document Converted DOC ID: , Comments: | MAILED/DELIVERED COPIES OF NOTICE OF ENTRY OF JUDGMENT TO PARTIES THEREIN | All Case Parties | |
|----|-----------|-----------|-----------|-----------|-----------|
| 21 | 07/11/2019 | Document Converted DOC ID: , Comments: | NOTICE OF BANKRUPTCY DISMISSAL; EXHIBIT "1"; CERTIFICATE OF SERVICE | All Case Parties | Doi, Karyn A. |
| 22 | 09/03/2019 | Document Converted DOC ID: , Comments: | MOTION FOR INSTRUCTIONS FOR SALE WITHOUT OPEN HOUSES; DECLARATION OF ANDREW M. KENNEDY; NOTICE OF HEARING; CERTIFICATE OF SERVICE (HRG: 9/23/19 AT 8:30 A.M. BEFORE JUDGE KIM) | All Case Parties | Kennedy, Andrew |
| 23 | 09/06/2019 | Document Converted DOC ID: , Comments: | PLAINTIFF'S STATEMENT OF NO OPPOSITION TO MOTION FOR INSTRUCTIONS FOR SALE WITHOUT OPEN HOUSES; CERTIFICATE OF SERVICE (HRG 9/23/19 AT 8:30 A.M. JUDGE KIM) | All Case Parties | Doi, Karyn A. |
| 24 | 09/26/2019 | Document Converted DOC ID: , Comments: | NOTICE OF CINTINUED HEARING ON COMMISSIONER'S MOTION FOR INSTRUCTIONS (HRG 10/2/19 AT 8:00 A.M.) | All Case Parties | Kennedy, Andrew |

1  Michael Miroyan
   P.O. Box 3181
2  Saratoga, CA 95070
   Tel: (408) 913-3123
3  E-mail: mac8881@me.com

4  Petitioner in Propria Persona

5          **IN THE CIRCUIT COURT OF THE THIRD CIRCUIT**

6                  **OF THE STATE OF HAWAII**

7

8  GANG CHEN,                          ) **CIV. NO. 3CC-16-1-00043K**
                                        )
9        Plaintiff,                     ) CERTIFICATE OF COUNSEL
                                        ) AFFIRMING GOOD FAITH IN
10       v.                             ) FILING MOTION TO RECUSE
                                        ) JUDGE ROBERT D.S. KIM
11 HAWAIIAN RIVERBEND, LLC,             )
                                        )
12       Defendant.                     )

13 _____

14     I, Margaret Willie declare:

15     1.     I am the attorney of record, representing both Defendant Hawaiian

16 Riverbend, LLC in this case, as well as representing Defendant Michael

17 Miroyan individually in this case as well.

18     2.     I have read Mr. Miroyan's Motion for Recusal of Judge Robert D.S.

19 Kim, Miroyan's supporting affidavit along with supporting Exhibits as well as his

20 supporting Memorandum of Points and Authorities filed in support of his

21 recusal motion.

22     3.     Upon reviewing all of Mr. Miroyan's pleadings in this matter, I hereby

23 certify that the filing is being made in good faith pursuant to HRS Section 601-

24 7.

25 //

26 //

27 //

28 //

<u>MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]</u>

1    I declare under penalty of perjury of the laws of the State of Hawaii

2    that the foregoing is true and correct.

3

4    Date:_____          _____

5                                 Margaret Wille
                                  Margaret Wille & Associates LLLC
6                                 Attorney for Defendants
                                  Hawaiian Riverbend LLC and
7                                 Michael Miroyan individually

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac8881@me.com

Petitioner in Propria Persona

# IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## OF THE STATE OF HAWAII

| | |
|---|---|
| GANG CHEN, | CIV. NO. 3CC-16-1-00043K |
| Plaintiff, | [PROPOSED] ORDER |
| v. | ? |
| HAWAIIAN RIVERBEND, LLC, | |
| Defendant. | |

Upon review of Michael Miroyan's Affidavit of Judicial Bias and the Exhibits filed in support thereof, the Court hereby Orders:

1.     Michael Miroyan's Motion to recuse Judge Robert D.S. Kim is GRANTED.

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

1  Michael Miroyan
   P.O. Box 3181
2  Saratoga, CA 95070
   Tel: (408) 913-3123
3  E-mail: mac8881@me.com

4  Petitioner in Propria Persona

5
              IN THE CIRCUIT COURT OF THE THIRD CIRCUIT
6
                       OF THE STATE OF HAWAII
7

8  GANG CHEN,                          CIV. NO. 3CC-16-1-00043K

9      Plaintiff,                      CERTIFICATE OF SERVICE RE:
                                       MOTION TO DISQUALIFY/RECUSE
10     v.                              JUDGE ROBERT D.S. KIM FOR BIAS
                                       AND PREJUDICE
11 HAWAIIAN RIVERBEND, LLC,
                                       Date: Thursday February 22nd 2022
12     Defendant.                      Time: 10:30 a.m.

13

14 Leu Okuda & Doi, Attorneys at Law        CM/ECF - efiling
   Karyn A. Doi, Esq.
15 The Merchant House
   222 Merchant St.
16 Honolulu, HI 96813

17 Attorney for Plaintiff Gang Chen

18 Andrew M. Kennedy, Esq                   CM/ECF - efiling
   75-167 Kalani Street #1201
19 Kailua-Kona HI 96740

20 Appointed Commissioner

21

22 Dated: 2-3-2022

23                                     _____
                                       Michael Miroyan
24

25

26

27

28

   MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

 Gmail

Comfort Suites <comfortsuiteshotel1@gmail.com>

## Fwd: 3CC16100043K GANG CHEN VS HAWAIIAN RIVERBEND LLC

1 message

**Michael Miroyan** <michaelmiroyan99@gmail.com>                    Mon, Apr 11, 2022 at 6:37 AM
To: "Comfort Suites 1St St., San Jose" <comfortsuiteshotel1@gmail.com>

Please print for room 201

Sent from mm iPhone

Begin forwarded message:

> **From:** Michael Miroyan <michaelmiroyan99@gmail.com>
> **Date:** February 9, 2022 at 1:50:17 AM PST
> **To:** "Malik," <maliklaw@gmail.com>
> **Subject: Fwd: 3CC16100043K GANG CHEN VS HAWAIIAN RIVERBEND LLC**


> Sent from mm iPhone
>
> Begin forwarded message:

>> **From:** KonaLegalDocs 3CC <KonaLegalDocs.3CC@courts.hawaii.gov>
>> **Date:** February 7, 2022 at 11:43:15 AM PST
>> **To:** michaelmiroyan99@gmail.com
>> **Subject: RE: 3CC16100043K GANG CHEN VS HAWAIIAN RIVERBEND LLC**


>> Please see attached Motion to Disqualify, etc. that was submitted by courts document drop box on 2-4-22 at 1:05 p.m.
>>
>> Thank-you,
>>
>> Legal Documents-Kona Division
>> Circuit Court of the Third Circuit
>> 74-5451 Kamaka'eha Avenue
>> Kailua-Kona, HI 96740
>> (808)-322-8750
>>
>> <3cc16100043k chen vs hawaiian riverbend, llc - mtn to disqualify, etc.pdf>

 Gmail                                    Comfort Suites <comfortsuiteshotel1@gmail.com>

---

# Fwd: 3CC16100043K GANG CHEN vs. HAWAIIAN RIVERBEND, LLC
1 message

**Michael Miroyan** <michaelmiroyan99@gmail.com>                    Mon, Apr 11, 2022 at 6:38 AM
To: "Comfort Suites 1St St., San Jose" <comfortsuiteshotel1@gmail.com>

Print for #201

Sent from mm iPhone

Begin forwarded message:

> **From:** Michael Miroyan <michaelmiroyan99@gmail.com>
> **Date:** February 6, 2022 at 12:38:13 AM PST
> **To:** "Malik," <maliklaw@gmail.com>
> **Subject: Fwd: 3CC16100043K GANG CHEN vs. HAWAIIAN RIVERBEND, LLC**

Are you answering these emails to me?

Sent from mm iPhone

Begin forwarded message:

> **From:** KonaLegalDocs 3CC <KonaLegalDocs.3CC@courts.hawaii.gov>
> **Date:** February 2, 2022 at 5:00:55 PM PST
> **To:** michaelmiroyan99@gmail.com
> **Subject: Re: 3CC16100043K GANG CHEN vs. HAWAIIAN RIVERBEND, LLC**

Thank-you,

Legal Documents-Kona Division
Circuit Court of the Third Circuit
74-5451 Kamaka'eha Avenue
Kailua-Kona, HI 96740
(808)-322-8750

---

**From:** KonaLegalDocs 3CC
**Sent:** Wednesday, February 2, 2022 3:00 PM
**To:** michaelmiroyan99@gmail.com <michaelmiroyan99@gmail.com>
**Subject:** RE: 3CC16100043K GANG CHEN vs. HAWAIIAN RIVERBEND, LLC

Good Afternoon Mr. Miroyan,

Your document that was uploaded into the court's document drop box on
1/31/22 has been filed & is attached for the above referenced case.

Thank-you,

Legal Documents-Kona Division
Circuit Court of the Third Circuit
74-5451 Kamaka'eha Avenue
Kailua-Kona, HI 96740
(808)-322-8750

1  Michael Miroyan
   P.O. Box 3181
2  Saratoga, CA 95070
   Tel: (408) 913-3123
3  E-mail: mac8881@me.com

4  In Propria Persona

5

6           **IN THE CIRCUIT COURT OF THE THIRD CIRCUIT**

7                   **OF THE STATE OF HAWAII**

8  GANG CHEN,                        ) **CIV. NO. 3CC-16-1-00043K**
                                     )
9      Plaintiff,                    ) MEMORANDUM OF POINTS
                                     ) & AUTHORITIES IN SUPPORT
10     v.                            ) OF OPPOSITION TO WILLE
                                     ) MOTION TO WITHDRAW
11  HAWAIIAN RIVERBEND, LLC,         )
                                     ) [HRCP RULE 25.1]
12     Defendant.                    ) [HRPR RULE 1.16]
   _____ )

13

14         Defendant Michael Miroyan, individually and Managing Member of

15  Hawaiian Riverbend LLC hereby opposes the Motion of Attorney Margaret

16  Wille as follows:

17  **1.     MIROYAN HAS NOT SIGNED THE CONSENT TO ATTORNEY
           WITHDRAWAL MANDATED BY RULE 25.1 OF HAWAII'S CODE
18         OF CIVIL PROCEDURE**

19         Motions to Withdraw must comply with HRCP Rule 25.1 and Rule

20  1.16 of the Hawaii Rules of Professional Conduct.

21  Rule 25.1 states:

22         **Rule 25.1 - Withdrawal, Substitution, and Appearance of
               Counsel**
23

24         (a)    Except as provided in Rule 10(c) of the Rules of the Circuit
                  Courts, withdrawal and substitution of counsel in cases
25                pending before the circuit courts shall be effective only
                  upon the approval of the court and shall be subject to the
26                guidelines of Rule 1.16 of the Hawai'i Rules of
                  Professional Conduct and other applicable law.
27
           **(b)    A withdrawal and substitution of counsel shall:**
28                (1)    Cite the relevant authority for the withdrawal and

                                    - 1 -

Case: 18-52601   Doc# 105   Filed: 04/11/22   Entered: 04/11/22 15:06:54   Page 102
                                    of 124

substitution;

(2) **Include the signatures of the withdrawing attorney and the substituting attorney;**

(3) Include the words "APPROVED AND SO ORDERED" and a line below such words for the signature of the judge;

(4) Indicate the trial date, if any; and

(5) Include the signature of the represented party indicating the represented party's consent to the withdrawal and substitution.

Haw. R. Civ. P. 25.1

The above Code of Civil Procedure references Rule 1.16 of Hawaii's Rules of Professional Conduct which states in pertinent part:

**Rule 1.16. DECLINING OR TERMINATING REPRESENTATION.**

(b) Except as stated in paragraph (c), **a lawyer may withdraw from representing a client if:**

(1) **withdrawal can be accomplished without material adverse effect on the interests of the client;**

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, refunding any advance payment of fee or expense that has not been earned or incurred, and, upon request, providing an accounting of such funds.

COMMENTS:

[1] A lawyer should not accept representation in a matter unless it can be performed competently, promptly, without improper conflict of interest and to completion. Ordinarily, a representation in a matter is completed when the agreed-upon assistance has been concluded. See Rules 1.1, 1.2(c), and 6.5 of these Rules. See also Comment [4] to Rule 1.3 of these Rules.

Mandatory Withdrawal

[3] When a lawyer has been appointed to represent a client, withdrawal ordinarily requires approval of the appointing authority. See also Rule 6.2 of these Rules. Similarly, court approval or notice to the court is often required by applicable law before a lawyer withdraws from pending litigation.

- 2 -

Optional Withdrawal

[7]     A lawyer may withdraw from representation in some circumstances. The lawyer has the option to withdraw if it can be accomplished without material adverse effect on the client's interests...

Assisting the Client Upon Withdrawal

[9]     Even if the lawyer has been unfairly discharged by the client, a lawyer must take all reasonable steps to mitigate the consequences to the client.

## 2.     ALLOWING ATTORNEY MARGARET WILLE TO WITHDRAW WITHOUT SECURING SUBSTITUTE COUNSEL WILL RESULT IN THE LLC NAKED WITHOUT REPRESENTATION WITH NO VOICE

The reason for allowing Attorney Margaret Wille to withdraw is very simple reason for this is so that the LLC will be left without a voice, the  LLC will be naked in front of the judge and not able to communicate, defend or protect itself and this seems to be exactly what judge Kim wants.  Why have somebody defending themselves when you can have them bludgeoned to death??

Such viewpoints and attitudes as this should not be among the attributes of the statesmen who are our state judges.  This is not a neutral referee that we are talking about. Margaret Willie is not in compliance with Rule 25.1 at all she cites no case law to support her withdrawal position, she has no substitute counsel coming in to take over the job that she is abdicating, she has not received the signature of managing member Miroyan and of the LLC he represents, who is vehemently opposed to her cutting and running.

Besides the fact that she's been paid to do a job that she has not done, the fact is is that Ms. Wille the fact is that Miss Wille is playing right into Judge Kim's hands who wants the LLC without representation.

//

//

//

- 3 -

### 3. MIROYAN FEARS THAT THE WILLE MOTION TO WITHDRAW IS A REPEAT OF JUDGE KIM'S GRANT OF ATTORNEY SULLA'S MOTION TO WITHDRAW IN THE TEREICK CASE

Miroyan on the other hand, has a duty to protect the assets of the LLC but he cannot address the court and if you cannot address the court then Judge Kim will have his bludgeoning way just like he did in the Tereick case where he on April 13 2018, in a secret and clandestine meeting misnamed as a hearing, allowed attorney Paul Sulla Jr. to withdraw from his representation of HR LLC, in the Tereick case.. Miroyan, the managing member of HR, LLC had no knowledge that this hearing was even taking place nor that the motion had been made for Attorney Sulla to withdraw because it was purposely hidden from him and that this was actually taking place. The net result of this travesty of justice upon which the book is not yet closed is that Miroyan had no voice at the Court Confirmation hearing where Judge Kim adopted a crooked BPO by broker David Lucas from KOA Realty of $240,000 for the valuation of the 11 acre property. That same acreage of 11 acres with the same zoning Ag5 zoning sold across the street from HR LLC's property and the same size lot and with the same zoning directly across the street sold for $1.5 million all cash on April 24th, 2018. The seller was none other than Miroyan's Attorney of record, Mr. Paul Sulla Jr. No wonder Mr. Sulla wanted to withdraw so quickly on the 13th of April. No wonder Mr. Sulla kept it hidden from the managing member of the LLC he represented.

Mr. Sulla's sale of that property across the street from HR, LLC's created a huge conflict of interest and Sulla did not disclose the sales price to Judge Kim or anyone else and kept the sale secret for over 2 months until he could do so no longer. Miroyan read about this sale in the newspaper three days before the court confirmation hearing. Three days before the court confirmation hearing on July 19 2018, Miroyan sent emails to the judge

- 4 -

pointing out the factual sale that took place directly from the tax assessors office.  Judge Kim in his impartial role as a neutral referee completely ignored it completely ignored it completely ignored a factual sale that was the best comparable property and was the most recent sale in Waikaloa Village.  Compare that to compare that to David Lucas's BPO which stated there are no comparable properties which stated there are no comparable properties that were sold in Waikaloa Village, a flat out lie and one that was self serving as he joined the conspiracy of elderly abuse do you understand conspiracy of elder abuse by assisting Steven Whittaker attorney for Tereick and Michael Schluter attorney commissioner along with Judge Kim in their conspiracy to defraud Miroyan of his property and steal his equity.

Now here come Margaret Willie in the next case just like companion case Tereick, here come Margaret Willie in the Chen case like what occurred in the companion case Tereick where Miroyan was witnessing his LLC lose $1.5 million in equity so far witnessing his LLC lose $1.5 million in equity by two people who did not deserve it two people who conspired together to steal it from him from.  Miroyan was not about to let that happen a second time

4.    **ATTORNEY WILLE FALSELY CLAIMS COMPLIANCE WITH HRCP RULE 25.1 IN HER PROPOSED ORDER FOR THE JUDGE TO SIGN**

In the case at bar Margaret Willie falsely states on her order that she's asking the judge to sign, she falsely stays on the order that she is asking the judge to sign that Margaret Will  states:

"it is appearing that all the requirements are the Hawaii rules of Civil Procedure rule 25.1 has been satisfied."

There is no other way to comment upon such a statement but to state that this is a bold faced lie.  Margaret Wille has not complied with all the requirements of rule 25.1 nor have they all been satisfied, as a matter of

- 5 -

fact, none of them have been satisfied. There are five main requirements provided in Hawaii Rules of Civil Procedure rule 25.1 and they are:

1. Cite the relevant authority for the withdrawal and substitution. Margaret Willey cannot do so and has not done so Margaret Willie cannot do so and has not done so there is no relevant authority for her withdrawal because there is no substitution there is no relevant authority for her withdrawal because there is no substitution she cites no relevant authorities she cites no case law she has not complied with this requirement.

2. Include both the signatures of the withdrawing attorney and the substituting attorney. There is no substitution of counsel and that is why Miroyan as managing member opposes this withdrawal.

3. Include the words approved and so ordered include the words below such words for the signature of the judge and a line below such words for the signature of the judge Willie had to only type these four words above judge Kim signature in order to be in compliance.

4. Include the signature of the represented party in this case Hawaiian Riverbend's manager Michael Miroyan indicating that the represented party consents to withdrawal and substitution.

This condition obviously has not been met. Miroyan is not going to sign any such documents more like Miroyan does not consent to the withdrawal and there is no substitution.

Margaret Willey Margaret Willie completely failed in all aspects of this rule 25.1 she is not in compliance with any of the five requirements imposed by that rule and yet she writes in the order for the judge to sign those words:

"all the required for all the requirements of Hawaii rules of Civil Procedure rule 25.1 have been satisfied"

Miroyan insists that this perjury be prosecuted that the district attorneys office look into how a licensed officer of the court tell such a bold faced lie and have no repercussions for doing it. Miroyan insists that the right office investigate this matter and determine why is it that our licensed attorney can make such a statement under oath and get away with it without repercussion when it's a bold faced lie. Miroyan is not happy with the

- 6 -

representation or lack thereof by Margaret Willie. Miroyan is wondering if they lack of effort and lack of work done by miss Wille is not legal malpractice??

But one thing for sure having one attorney is better than having no attorney perhaps in the future Ms. Wille will not go on the record with such flagrant lies causing to her consternation such embarrassment and humiliation. Perhaps she would treat Miroyan and his LLC with more respect perhaps she will admit she made a mistake by doing absolutely nothing in the Chen case for 20 months.

This motion to withdraw by Margaret Willie fails on all four corners and all four points of rule 25.1 and will not stand and it shall not stand it cannot stand. The misrepresentation and the lie by Margaret Willie in the order she expects the judge to sign is flabbergasting to entertain the thought that Judge Kim would even sign it. Margaret Wille should be admonished by the court for trying to perpetrate fraud upon the court and upon the LLC she represents Margaret Willey should be admonished for attempting to commit for committing a fraud upon the court and upon her client that she represents and so doing her efforts point to the fact she does not know enough what adverse effects will result from her withdrawao but she cares not about what adverse effects may befall HR LLC because she just wants to cut and run like a coward who lies and tells falsities who lives until they never should bolster her untenable position and when faced with a fully informed person the embarrassment the humiliation and the mockery she makes of this motion all comes back on her to roost and makes her look horrible.

For the foregoing reasons Michael Miroyan respectfully requests that Attorney Wille's Motion to Withdraw be denied until such time as substitute //

counsel is found and is able to enter an appearance in this case.

Dated: 1-30-2022

Respectfully submitted,

Michael Miroyan
In Propria Persona

- 8 -

Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac8881@me.com

Petitioner in Propria Persona

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## OF THE STATE OF HAWAII

| | |
|---|---|
| GANG CHEN, | ) **CIV. NO. 3CC-16-1-00043K** |
| Plaintiff, | ) MICHAEL MIROYAN'S<br>) DECLARATION IN OPPOSITION |
| v. | ) TO MARGARET WILLE'S<br>) MOTION TO WITHDRAW |
| HAWAIIAN RIVERBEND, LLC, | ) AS ATTORNEY |
| Defendant. | ) [HRCP RULE 25.1]<br>) [HRPC RULE 1.16] |

I, Michael Miroyan under penalty of perjury of law do hereby state and declare as follows:

1.     I am a resident of the State of California and County of Santa Clara and I am the managing member and the sole member of Hawaiian Riverbend (HR), LLC, a Hawaiian LLC in good standing since 2005.

2.     I own 100% of the membership interests in HR, LLC and it is a single member LLC.

3.     In December of 2019, I hired Margaret Wille as attorney to represent me in the Chen v. HR, LLC Case #16-0043.

4.     In December of 2019, I hired Margaret Wille to represent me and my LLC. in Kona in the Kai v. HR LLC Case #15-0164K.

5.     Ms. Wille was hired in the Chen case, from which she now seeks to withdraw to do 3 things and she was paid to do all 3 of the following on behalf of LLC:

1)     set aside the bogus judgment because HR, LLC was never

- 9 -

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 110
of 124

informed of the Court dates and HR. LLC never received any of the pleadings for those Court dates, because Karyn Doi, counsel for the Plaintiff never served my LLC with those pleadings.

2)  Bring this fact to the Court's attention even though the Court Judge Robert Kim has many prior instances of holding Court without the defendant HR, LLC or myself, as in the Kai case, where I am a party not being properly notified nor served.

3)  To get me Michael Miroyan, added to the case as John Doe #1 just like Judge Kim was ordered to do so by Federal Judge Hammond in companion case Kai v. HR, LLC, so Miroyan would have a voice in Court, a voice that Judge Kim has denied in the Chen case see Judge Kim's December 6 2021 order Exhibit 1.

6.      The Chen mortgage is secured by 6 acres of land with TMK #: 6-8-002-021.  That property has been in the name of Michael Miroyan since 8-9-2018, when HR LLC transferred all of it's properties to Michael Miroyan.

7.      When Attorney Margaret Willie began her representation in December 2019, she knew full well what occurred in the Chen case from 2016-2019 and she did nothing throughout the entire year of 2020 and she did nothing throughout the first nine months of 2021. She was paid to do the above and she did nothing.

8.      Margaret Willie has submitted fraudulent and unauthorized invoices to me for work not done. And they've been put into dispute by me and rejected.

9.      Margaret Willie was aware that I filed for BK protection on 11/26/2018 case number 18-52601. And she was further aware that during the automatic stay from 11/26/2018 to June 25th 2019 that Judge Kim and opposing counsel Karyn Doi were holding secret and clandestine, highly illegal court proceedings in this Chen case without my knowledge or consent and I was never informed of any of the hearing dates nor was I ever served any pleadings. To the contrary, I was embroiled in a BK in another state California when Judge Kim and his co-conspirator Doi were trampling on my

- 10 -

rights in Hawaii in a flagrant violation of federal law and common decency. Both Judge Kim and attorney Doi knew all about the BK and they both knew my addresses and my phone number. Doi had California lawyers submit pleadings in the Bankruptcy case, proving her knowledge of Miroyan's BK filing and the automatic stay. When faced with Judge Kim's prejudicial bias against Miroyan and HR, LLC, and his willingness to ignore the automatic stay and proceed with and entertain a Motion for Summary Judgment, well why should Ms. Doi say to the Judge: "I don't think that would be proper or legal?" Why should she do that when her constitutional makeup is against it. Why should she follow the rules when she lacks the makeup to do so. She decided to openly work with Judge Kim to violate the Automatic Stay and to file and set for hearing a Motion for Summary Judgment. Karen Doi was more than willing to go along with not providing Miroyan with any documents she was filing, she went to bed with Judge Kim in violating the rights of the LLC, despite being in BK. This reeks of corruption and favoritism. The State Bar complaint to be filed against Karen Doi will expose the actions of Attorney Doi and Judge Kim in conspiring against HR, LLC in securing Summary Judgment despite it being forbidden to do by virtue of the Automatic Stay.

      10.    Judge Kim was notified formally of my BK by opposing counsel Michael Carroll on December 20, 2018 24 days after we informed him and his office of the BK on 11-26-2018. See Exhibit 2.

      11.    Margaret Willie should not be allowed to withdraw. She's been paid to do a job she hasn't done. Summary judgment was granted in this case by judge Kim on 2-4-2019 smack dab in the middle of the automatic federal bankruptcy stay. His ruling is void. The following notice was contained on form 309I of my chapter 13 bankruptcy filing:

      "Official Form 309I

Notice of Chapter 13 Bankruptcy Case

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information how about the case for creditors debtors and trustees including information about the meeting of the creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtor's property, and certain codebtors. For example, while the state is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, this stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay."

12. Margaret Willie has been paid to bring that motion. Karyn Doi and Judge Kim and their incestuous relationship make a mockery of court when it is really a flagrant illegal ex parte communication.

13. The judgment was sent to me after it was illegally granted by Judge Kim and it's $100,000 or more too high and it is also void. But note how quickly Doi sent me that Judgment once she procured it through her dishonest and knowingly treacherous actions in conjunction with Judge Kim. Doi figures that no one will call her on her disgusting conduct while Karyn Doi figured wrong. She is not worried about me, she enjoys protection from Judge. Miroyan says this to the wicked witch Karyn Doi: "Thou art a fool who has only discredited thyself" Your blatant participation in conspiring to steal without due process of law the land from an elderly senior citizen by law constitutes elder abuse, and you shall be held accountable in a court of law one for your humiliating disgression.

14. My LLC will be adversely affected if Margaret Willey is allowed to

- 12 -

withdraw.

15. Judge Kim could care less how adversely my LLC is affected by the withdrawal of Ms. Wille. His bias and prejudice is more than obvious. He's personally done everything to hurt me and my LLC and has never in seven years allowed me to speak in court. Judge Kim had denied me personally on his own from access to the courts creating the result of manifest injustice. Judge Kim should be eradicating manifest injustice when he sees it not creating it from his bench a bench from which he for sure is not fit to serve.

16. Judge Kim wants to deny me and my LLC access to the courts. Judge Kim and his co-conspirator Doi have broken federal and state laws and made a mockery of the Hawaiian legal system by bringing unparalleled shame through their incestuous conduct and tactics.

17. Margaret Wille, for fear or camaraderie seeks to withdraw without substitution and it should be denied

18. I am bringing a motion to recuse Judge Kim for bias and prejudice against me and my LLC and I demand he step down from this case and all others involving me and my LLC immediately for his impartiality is nonexistent. However his bias and prejudice certainly is not!. They are clear for all to see.

19. Margaret Wille manufactures in her affidavit falsities to seek to withdraw when in reality she doesn't want to do what she's been paid to do and her conduct warrants closer examination.

20 I have had no time to hire other counsel and until my motion to recuse Judge Kim is adjudicated and heard, it is premature to entertain and rule upon this Motion. This motion to withdraw is premature and unwarranted. It also must be denied because it squarely fails on all four corners of Rule 25.1. Wille is in compliance with none of them. The

- 13 -

audacity that she exhibits is ridiculous in light of the requirements mandated by Rule 25.1

1.    Wille cites no law for her position.

2.    Wille has no substitution attorney, and therefore no substittue attorney can not sign the order.

3.    Wille does not have the managing member Miroyan signing off on his agreement to that which is occurring, because Miroyan does not his LLC left without a voice.

Margaret Wille is not in compliance with any of the four aspects of Rule 25.1 delineated above.  See paragraph (b)(1) through (b)(5) on page __.

21.    In the Proposed Order Granting Motion to Withdraw as Counsel On Behalf of Hawaiian Riverbend, LLC and on behalf of Michael Miroyan it falsely states in paragraph 1, line 4 (See Exhibit 4):

"it appearing that the requirements of the Hawai'i Rules of Civil Procedure Rule 25.1 have been satisfied,"

That is a flat out lie...

Rule 25.1 states in relevant part:

**Rule 25.1 - Withdrawal, Substitution, and Appearance of Counsel (See Exhibit 5)**

(a)    Except as provided in Rule 10(c) of the Rules of the Circuit Courts, withdrawal and substitution of counsel in cases pending before the circuit courts shall be effective only upon the approval of the court and shall be subject to the guidelines of Rule 1.16 of the Hawai'i Rules of Professional Conduct and other applicable law.

(b)    **A withdrawal and substitution of counsel shall:**

    (1)    Cite the relevant authority for the withdrawal and substitution;

    **(2)    Include the signatures of the withdrawing attorney and the substituting attorney;**

    (3)    Include the words "APPROVED AND SO ORDERED" and a line below such words for the signature of the judge;

    (4)    Indicate the trial date, if any; and

- 14 -

**(5)     Include the signature of the represented party indicating the represented party's consent to the withdrawal and substitution.**

Haw. R. Civ. P. 25.1

_____Wille's Motion does not comply with HRCP Rule 25.1(b)(2) and Rule 25.1(b)(5) which state:

**(2)     Include the signatures of the withdrawing attorney and the substituting attorney;**

**(5)     Include the signature of the represented party indicating the represented party's consent to the withdrawal and substitution.**

22.     The fact is there is no signature of any substituting attorney signing on to this document before the judge signs it.  Since there is no substituting attorney's signature, nor the signature of the represented party's consent to the withdrawal and substitution, it demonstrates Wille has lied to this Court in her moving papers.

23.     Miroyan is vehemently opposed to this withdrawal and therefore these valid reasons coupled with the fact that Ms. Wille is lying in her moving papers are satisfactory reasons enough to deny her motion

24.     This Motion should not even be ruled on by Judge Kim because Judge Kim has before him my recusal motion, and therefore he should not rule on this motion.  If Judge Kim decides to rule on this Motion, it shall establish manifest injustice since the provisions of Rule 25.1 have been not complied with.  Judge Kim must recuse himself and hand over this Motion to a different Judge.

25.     If Judge Kim were to grant this Motion, it will be in violation of the state law also especially in light of this sworn declaration by Michael Miroyan pointing out the facts that the Motion papers are far from satisfying all the requirements of Civil Procedure 25.1 as a matter of fact it satisfies none of them.

- 15 -

26. If this Court rules in Attorney Wille's favor Miroyan will have no choice but to appeal the decision to the ICA and seek Mandamus. When the Mandamus is issued, and it will, this malicious ruling with no basis for it wll be vacated and sent to another Judge in the Third Circuit Court, thus beginning the long overdue humiliation of Judge Kim.

Further declarant sayeth naught.

This declaration is based upon my personal knowledge and I am competent to testify as to the truth of the statements contained herein.

Dated: January 27, 2022 signed:
San Jose, CA

Michael Miroyan
Manager/Member
Hawaiian Riverbend, LLC

- 16 -

Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac8881@me.com

Petitioner in Propria Persona

# IN THE CIRCUIT COURT OF THE THIRD CIRCUIT
# OF THE STATE OF HAWAII

GANG CHEN,

    Plaintiff,

        v.

HAWAIIAN RIVERBEND, LLC,

    Defendant.

_____

**CIV. NO. 3CC-16-1-00043K**

[PROPOSED] ORDER

    Upon review of the moving papers of Attorney Margaret Wille, and the opposing papers submitted by Michael Miroyan individually and as managing member of HR, LLC the Court hereby Orders:

    1.    Margaret Wille's Motion to Withdraw as counsel is DENIED.

- 17 -

Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac8881@me.com

In Propria Persona

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## OF THE STATE OF HAWAII

| | |
|---|---|
| GANG CHEN,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN RIVERBEND, LLC,<br><br>Defendant. | ) CIV. NO. 3CC-16-1-00043K<br>)<br>) MOTION TO DISQUALIFY AND<br>) RECUSE JUDGE ROBERT D.S. KIM;<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES IN SUPPORT;<br>) AFFIDAVIT OF BIAS OF MICHAEL<br>) MIROYAN; CERTIFICATE OF GOOD<br>) FAITH BY COUNSEL; [PROPOSED]<br>) ORDER |

This Motion to disqualify and recuse Judge Robert D.S. Kim is brought pursuant to Rule 7 of the Hawaii Rules of Civil Procedure and pursuant to Hawaii Revised Statutes (HRS) § 601-7 as well as Rule 2.11 of the Hawaii Canons of Judicial Conduct (CJC). This Motion is supported by this Memorandum of Points and Authorities in Support of the Motion, the supporting Affidavit of Judicial Bias of Michael Miroyan with supporting Exhibits as well as a [Proposed] Order for the Court. Defendant Miroyan was unable to obtain a Certificate of Good Faith from existing counsel Margaret Wille who has calendared a hearing on her Motion to Withdraw as Counsel, a Motion that Defendants are vigorously opposing, set for hearing today at 1:30 pm. Miroyan requests that he be allowed to file the Certificate of Good faith by Margaret Wille as soon as he is able to do so.

Defendant Miroyan respectfully requests that this Motion be heard by another Judge of this Court other than Judge Robert D.S. Kim

//

MOTION TO DISQUALIFY/RECUSE JUDGE ROBERT D.S. KIM [HRS § 601-7]

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 119
of 124

 Gmail

**Comfort Suites <comfortsuiteshotel1@gmail.com>**

---

## Fwd: JEFS Access Registration Confirmation
1 message

---

**Michael Miroyan** <michaelmiroyan99@gmail.com>                    Mon, Apr 11, 2022 at 6:41 AM
To: "Comfort Suites 1St St., San Jose" <comfortsuiteshotel1@gmail.com>

Print for rm #201

Sent from mm iPhone

Begin forwarded message:

> **From:** efiling@courts.hawaii.gov
> **Date:** January 31, 2022 at 7:48:29 AM PST
> **To:** michaelmiroyan99@gmail.com
> **Subject: JEFS Access Registration Confirmation**
>
> Please use the following to access the Judiciary Electronic Filing and Service System:
>
> UserID:   WEBU223234
> Password:  7KGN75T1
>
> You will be prompted to change your password immediately upon logging in to JEFS.
> Please note: This e-mail message was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message

 Gmail                                    **Comfort Suites <comfortsuiteshotel1@gmail.com>**

---

## Fwd: Congratulations! You successfully installed Save Emails to PDF
1 message

---

**Michael Miroyan** <michaelmiroyan99@gmail.com>                    Mon, Apr 11, 2022 at 6:43 AM
To: "Comfort Suites 1St St., San Jose" <comfortsuiteshotel1@gmail.com>

Print it ...last one for rm 201

Sent from mm iPhone

Begin forwarded message:

> **From:** cloudHQ <support@cloudhq.net>
> **Date:** January 31, 2022 at 2:15:00 PM PST
> **To:** michaelmiroyan99@gmail.com
> **Subject: Congratulations! You successfully installed Save Emails to PDF**

# cloudHQ®

Hi there,

This is Naomi, co-founder at cloudHQ. I noticed that you just downloaded our service: Save Emails to PDF.

Hopefully you've had the chance to try it out, but if not, the video below explains how it works with just 1 click:



**We're here to help!**

If you run into any problems, please contact us and our support team will help you get everything you need. Our support page is here.

And here some hints:

1. To save set of emails to PDF, select email messages, and then click on ⬇ in your Gmail toolbar:



The support note is here

2. You can also save the entire label to PDF. To do that select the **Save label to PDF** option in the menu:

Case: 18-52601    Doc# 105    Filed: 04/11/22    Entered: 04/11/22 15:06:54    Page 122 of 124



The support note is here

3. You can also attach your emails in PDF format to your emails by drag and drop:



The support note is here

Keep backing up your emails in pdf!

Cheers,

Naomi



*You've received this mandatory service announcement email to update you on important changes related to your cloudHQ account and installation of our extension on your Chrome browser.*

*If you installed this extension by mistake you can remove it by following the instructions here.*

*Copyright © 2021 cloudHQ LLC, All rights reserved.*

**Our mailing address is:**

cloudHQ LLC

2127 30th Ave

San Francisco, CA 94116

<u>unsubscribe from this list</u>