Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac8881@me.com

Debtor

FILED

APR 11 2022

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORIA
### SAN JOSE DIVISION

In re:

MICHAEL HAROUTUN MIROYAN

Debtor.

Case Number: 18-52801-MEH
Chapter 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DAMAGES FOR VIOLATIONS OF THE AUTOMATIC STAY

The United States BK Court in Nevada discussed the history and rationale behind the automatic stay law as follows:

"A. Applicable Legal Standards.

1. Automatic Stay Violations.

The automatic stay under Section 362(a) generally arises as soon as a bankruptcy petition is filed. Congress has stated:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his [or her] creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), reprinted in 1978 U.S.Code. Cong. & Admin.News 5787, 5963, 6296-97, quoted in Schwartz v. United States (9th Cir. 1992), 954 F.2d 569, 571 (emphasis added). See also 3 COLLIER ON BANKRUPTCY, ¶362.03 (Richard Levin and Henry J. Sommer, eds., 16th ed. 2019) ("The stay provides the debtor with relief from the pressure and harassment of creditors seeking to collect their claims. It protects property that may be necessary

- 6 -

for the debtor's fresh start and, in terms of a debtor in a chapter 11, 12 or 13 case, provides breathing space to 340*340 permit the debtor to focus on rehabilitation or reorganization.").

The automatic stay precludes all entities from committing "any act to ... enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). It also applies to "any act to ... enforce against property of the debtor any lien to the extent such a lien secures a claim that arose before the commencement" of the bankruptcy case. 11 U.S.C. § 362(a)(5). Additionally, the automatic stay bars "any act to collect, assess, or recover a claim against the debtor that arose before the commencement" of the bankruptcy case. 11 U.S.C. § 362(a)(3). **Because the stay arises "automatically" upon the filing of a bankruptcy petition, it applies regardless of whether a party has actual knowledge or even notice that the bankruptcy petition was filed.** See generally 3 COLLIER ON BANKRUPTCY, supra, ¶362.02.

Section 362(k) provides that an individual debtor injured by a willful violation of the automatic stay shall recover actual damages, including costs and attorneys' fees, and, may recover, in appropriate circumstances, punitive damages. 11 U.S.C. § 362(k)(1). A violation is willful if a movant shows by a preponderance of the evidence that a party knew of the automatic stay, and its actions in violation of the stay were intentional. See Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1215 (9th Cir. 2002); In re Paxton, 596 B.R. 686, 694 (Bankr. N.D. Cal. 2019), amended in part on reconsideration, 2019 WL 2462797 (Bankr. N.D. Cal. June 12, 2019). "Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay." Ozenne v. Bendon (In re Ozenne), 337 B.R. 214, 220 (9th Cir. BAP 2006). "No specific intent is necessary, and a creditor's good faith belief that it was not violating the stay is irrelevant to the issue of willfulness." Paxton, 596 B.R. at 694, citing Morris v. Peralta (In re Peralta), 317 B.R. 381, 389 (9th Cir. BAP 2004).[33] Upon a determination that a willful violation has caused injury to an individual, Section 362(k)(1) expressly provides that the individual "shall recover" the types of damages and attorney's fees specified in the statute.

"Once the creditor learns that a bankruptcy petition has been filed, the creditor has an affirmative duty to return the property to the debtor and to restore the status quo. See In re Smith, 876 F.2d 524, 526 (6th Cir. 1989) (creditor had not known of debtor's filing at the time of repossession but was, nonetheless, required to return vehicle); Dawson v. J & B Detail, LLC (In re Dawson), Adv. No. 05-1463, 2006 WL 2372821 at *8 (Bankr. N.D. Ohio July 28, 2006) ("While the Court does not expect instantaneous compliance with section 362 upon receipt of notice [of the bankruptcy], the Court does expect those acts which violate the automatic stay to be stopped and/or corrected within a reasonable time"). Accordingly, having been notified of the debtor's bankruptcy around 10:00 A.M. on July 22, 2015, it was incumbent upon the creditors to return the vehicle within a

- 7 -

short period of time. Yet they retained the vehicle for 17 days after receiving notice of the bankruptcy and the debtor's request to have the vehicle returned. There is no dispute that the creditors could have taken affirmative steps to return the debtor's vehicle promptly. Accordingly, the Court concludes that the creditors' failure to return the vehicle to the debtor shortly after receiving notice of the bankruptcy and the debtor's request to have the vehicle returned was a willful violation of the automatic stay."

PUNITIVE DAMAGES

A party injured by a willful violation of the stay may recover punitive damages in appropriate circumstances; the debtor must show that the

"creditor's conduct was `egregious, vindictive, or intentionally malicious.'"

In re Bilfield, 494 B.R. 292, 304 (Bankr. N.D. Ohio 2013), quoting In re Bivens, 324 B.R. 39, 42 (Bankr. N.D. Ohio 2004). See also Weary v. Poteat, No. 15-5159, 2015 WL 5712191, at *2 (6th Cir. Sept. 30, 2015) ("[t]his, frankly, is the most egregious automatic stay case that I've heard since I've been on the bench and I've been on the bench a long time") (quoting the bankruptcy court transcript at page 16). "While proof of an overt wrongful intent is not required, it must be shown that the creditor acted in bad faith or otherwise undertook its actions in reckless disregard of the law." Bivens, 324 B.R. at 42. An award of punitive damages is within the bankruptcy court's discretion where actual damages are an insufficient deterrent to further violations. See Archer, 853 F.2d at 500.

In re Hunsaker, Adv. No. 14-6218, Case No. 12-64782-fra13 (January 13, 2016)

Violation of automatic stay, emotional distress damages

Debtors notified the IRS of their bankruptcy filing but the IRS continued collection efforts, even after debtors' lawyer wrote and advised the IRS of the bankruptcy and the automatic stay. In this adversary proceeding brought by the debtors, the court awarded them $4000 in emotional distress damages under §362(k) and In re Dawson, 390 F.3d 1139, 1148 (9th Cir. 2004), plus reasonable attorney fees.

In re: Smith stated:

"Under section 362(a) of the Bankruptcy Code, the filing of a petition creates a broad automatic stay protecting the property of the debtor. This provision "has been described as `one of the fundamental debtor protections provided by the bankruptcy laws.'" Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection (1986) 474 U.S. 494, 503. (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 54 (1978); H.R.Rep. No. 595, 95th Cong.,

- 8 -

1st Sess. 340 (1977)). The automatic stay extends to virtually all formal and informal actions against property of the bankruptcy estate. It is intended to "stop[ ] all collection efforts, all harassment, and all foreclosure actions." S.Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5840. The automatic stay "is effective upon the date of the filing of the petition ... and formal service of process will not be required." 2 Collier on Bankruptcy ¶ 362.03 (15th ed. 1988) (footnotes omitted). Actions taken in violation of the automatic stay generally are void, even if the creditor had no notice of the stay. See, e.g., In re Clark, 60 B.R. 13, 14 (Bankr.N.D.Ohio 1986) (Creditor "had not known of Debtor's filing at the time of repossession but ... it was, nonetheless, required to return the vehicle to Debtor."); In re Advent Corp., 24 B.R. 612 (Bankr. 1st Cir.1982) (acts in violation of automatic stay are void regardless of lack of knowledge); Collier, supra, ¶ 362.03 ("In general, actions taken in violation of the stay will be void even where there was no actual notice of the existence of the stay.").

In re: Smith (6th Cir. 1989) 876 F.2d. 524 at 525-526.

~~Even though~~ the facts demonstrate that both Attorney Karyn Doi, Esq. and both counsel for the Kai's in companion case (Intermediate Court of Appeals CAAP-19-0000742) both knew exactly what was going on w/ the filing of Miroyan's BK Ch. 13 on 11-26-18.

That's because the Kai's, looking to steal Miroyan's $6 million 14.66 acres of commercial property for only the $360,000 they put into it were going to have their credit bid accepted at the fraudulent auction set for that same day 11-26-18. The sale was set for 12:00 Noon. Miroyan filed at 9:21 am and his lawyer Ed Hsu notified and provided documentation to ~~crooked~~ Commissioner Kennedy & to Matt Shannon's crooked their boss

- 9 -
MOTION FOR VIOLATIONS OF BK AUTOMATIC STAY & DECLARATORY RELIEF

Case: 18-52601   Doc# 107   Filed: 04/11/22   Entered: 04/11/22 15:21:07   Page 4 of 4

lead counsel for Kai, Michael Carroll Esq. Everybody knew!