1 UZZI O. RAANAN (State Bar No. 162747)
  *uraanan@DanningGill.com*
2 AARON E. DE LEEST (State Bar No. 216832)
  *adeleest@DanningGill.com*
3 DANIELLE R. GABAI (State Bar No. 339242)
  *DGabai@DanningGill.com*
4 DANNING, GILL, ISRAEL & KRASNOFF, LLP
  1901 Avenue of the Stars, Suite 450
5 Los Angeles, California 90067-6006
  Telephone: (310) 277-0077
6 Facsimile: (310) 277-5735

7 Attorneys for Gang "Patrick" Chen,
  Secured Creditor

8

9 **UNITED STATES BANKRUPTCY COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11 **SAN JOSE DIVISION**

| 12 In re | Case No. 18-52601-MEH |
|---|---|
| 13 MICHAEL HAROUTUN MIROYAN, | Chapter 13 |
| 14      Debtor. | **DECLARATION OF GANG "PATRICK" CHEN IN SUPPORT OF MOTION FOR RELIEF FROM STAY** |
| 15 | |
| 16 | Date:   July 29, 2022 |
| 17 | Time:  10:00 a.m.<br>Ctrm:  Courtroom "11"<br>      280 South First Street |
| 18 |       San Jose, California |

19       I, Gang "Patrick" Chen, declare the following:

20       1.     I am a creditor in the within case and am personally familiar with the following

21 facts.

22       2.     On October 10, 2013, I entered into a promissory note with Hawaiian Riverbend,

23 LLC (the "Promissory Note"), which documented a loan in the amount of $175,000 (the "Loan")

24 that I made to Hawaiian Riverbend. The Promissory Note required repayment of the Loan

25 principal in full by January 10, 2014, with interest of 14% per annum calculated from October 10,

26 2013. The Promissory Note required the borrower to pay three month's interest at the time the note

27 was executed. As of June 22, 2022, interest accrued on the Loan amount is $212,333.00, for a total

28 balance owed on the Promissory Note of **$387,333.00** (the "Loan Balance"). The interest continues

to accrue at the daily rate of $68.05. Attached hereto as Exhibit "A" is a true and correct copy of the Promissory Note executed by Michael Miroyan on behalf of Hawaiian Riverbend on October 10, 2013.

3. The Promissory Note is secured by a mortgage dated October 8, 2013, recorded against a Hawaiian real property (the "Property") identified as "Empty Lot in Hawaii, Lot 3-6-8-002-021, in the Bureau of Conveyances of the State of Hawaii as document number A-50360170 (the "Mortgage"). Attached hereto as Exhibit "B" is a true and correct copy of the Mortgage executed by Michael Miroyan, on behalf of Hawaiian Riverbend, on October 8, 2013.

4. On January 10, 2014, the Promissory Note matured, with no amount paid towards it. In fact, no payments were ever made with regard to the Promissory Note by either Hawaiian Riverbend or its owner Michael Miroyan.

5. On August 9, 2018, shortly after Hawaiian Riverbend's bankruptcy case in Hawaii was dismissed for failure to perform the terms of a confirmed Chapter 11 Plan of Reorganization, Mr. Miroyan, as the sole member of Hawaiian Riverbend, caused Hawaiian Riverbend to transfer ownership of the Property to himself through a warranty deed ("Warranty Deed"). Attached herein as Exhibit "C" is a true and correct copy of the Warranty Deed executed by Michael Miroyan.

6. On March 25, 2019, four months after filing the above-entitled bankruptcy case in this Court, Mr. Miroyan called Leu Okuda & Doi, the law firm representing me in a Hawaii state

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

court foreclosure action against the Property, and notified them for the first time that he filed the present bankruptcy case. I was not notified about and was not aware of this bankruptcy case until March 25, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and corrected.

Executed this 22 day of June 2022, at San Francisco, California.

_____
Gang "Patrick" Chen

1685790.1   27033

3

EXHIBIT A

# PROMISSORY NOTE

$175,000.00                                          _Oct 10,_ , 2013

      FOR VALUE RECEIVED, the undersigned promises to pay to **GANG CHEN, a married man**, whose mailing address is **555 4th Street, #822, San Francisco, CA 94107, as his sole and separate property**, his heirs, personal representatives and assigns, or order, the sum of **ONE HUNDRED SEVENTY FIVE THOUSAND AND NO/100 DOLLARS ($175,000.00),** with interest thereon from the _10th_ day of _October_ , 2013, at the rate of **fourteen percent (14%)** per annum, until fully paid as follows:

      The entire principal balance, together with any and all accrued interest, shall be due and owing in full on January _10_, 2014. Notwithstanding anything else here to the contrary, the Maker shall pay three (3) month's interest, in advance, at the time of the execution of this Note. No other payments of interest or principal will be due and owing until January _11_, 2014.

      Notwithstanding anything else herein to the contrary the Holder shall provide Maker thirty (30) days prior to commencing any enforcement action as a result of any default under the Note, or the Mortgage securing the Note.

      There shall be no premium charged to the Maker hereof for prepayment at any time of all or a portion of the principal balance of this Promissory Note.

      If this Note is placed in the hands of an attorney for collection, or if suit is brought hereon, the undersigned promises to pay the costs of collection, including reasonable attorneys' fees.

      The makers, endorsers and guarantors hereof, each jointly and severally, waive diligence, presentment, demand of payment, notice of non-payment, protest and notice of protest.

      This Promissory Note is secured by a Mortgage of even date herewith.


**HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company**

By:    Michael Miroyan

Its:    Manager/Member

EXHIBIT B

| LAND COURT | | REGULAR SYSTEM |
|---|---|---|

Return By Mail ☐  Pick-Up ☐  To:

**HAWAIIAN RIVERBEND, LLC**
**P. O. Box 3181**
Saratoga, CA ~~95070~~ *he*
*95070*

TOTAL NUMBER OF PAGES: _____

TITLE OF DOCUMENT:

## MORTGAGE

PARTIES TO DOCUMENT:

**LENDER:**  **GANG CHEN, a married man,** whose mailing address is **555 4th Street, #822, San Francisco, CA 94107**

**BORROWER:**  **HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company,** whose mailing address is **P. O. Box 3181, Saratoga, CA  95070**

TAX MAP KEY (3) **6-8-002-02**1

4844-3478-8374.2/2013-160/10-9-13

EXHIBIT B

5

# MORTGAGE

WORDS USED OFTEN IN THIS DOCUMENT AND PARTIES AND THEIR ADDRESSES

(A)    "Mortgage." This document, which is dated _____ $\mathcal{Oct.8}$ _____, 2013, will be called the "Mortgage."

(B)    "Borrower." **HAWAIIAN RIVERBEND, LLC, a limited liability company**, whose mailing address is **P. O. Box 3181, Saratoga, CA  95070**, will sometimes be called "Borrower" and sometimes simply "I" or "me."

(C)    "Lender". **GANG CHEN, a married man**, whose mailing address is **555 4th Street, #822, San Francisco, CA 94107, as his sole and separate property**, his heirs, personal representatives and assigns, will sometimes be called "Lender" or sometimes simply "you" or "your."

(D)    "Note." The Promissory Note, signed by Borrower and dated _____ $\mathcal{Oct. 10}$ _____, 2013, will be called the "Note." Under the Note, Lender agrees to loan Borrower the principal sum of **ONE HUNDRED SEVENTY FIVE THOUSAND AND NO/100 DOLLARS ($175,000.00)**.

(E)    "Property." The property that is described below in the section titled "Description of the Property," will be called the "Property."

## BORROWER'S MORTGAGE AND TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant a security interest in and convey the Property to you subject to the terms of this Mortgage. This means that, by signing this Mortgage, I am giving you those rights that are stated in this Mortgage and also those rights that the law gives to lenders who hold mortgages on real property and security interests in personal property. I am giving you these rights to protect you from possible losses that might result if I fail to:

(A)    Pay all the amounts that I owe you as stated in the Note;

(B)    Pay, with interest, any amounts that you spend under this Mortgage, to protect the value of the Property and your rights in the Property;

(C)    Keep all of my other promises and agreements under the Note or this Mortgage.

## DESCRIPTION OF THE PROPERTY

I give Lender rights in the Property described in (A) through (J) below:

(A)    The property is that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent 5671, Land Commission Award 8521-B, Apana 1 to

2

G. D. Hueu of Waikoloa Development) situate, lying and being at Waikoloa, District of South Kohala, Island of Hawaii, State of Hawaii, being LOT 9-A, being a portion of Lot 9, Waikoloa Development, File Plan 1172. The full legal description of this property is contained in Exhibit A which is attached at the end of this Mortgage;

(B) All buildings and other improvements that are located on the property described in Paragraph (A) of this section;

(C) All rights in other property that I have as owner of the property described in Paragraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the property;"

(D) All rents or royalties from the property described in Paragraph (A) of this section;

(E) All mineral, oil and gas rights and profits, water, water rights and water stock that are part of the property described in Paragraph (A) of this section;

(F) All rights that I have in the land which lies in the streets or roads in front of, or next to, the property described in Paragraph (A) of this section;

(G) All fixtures that are now or in the future will be on the property described in Paragraphs (A) and (B) of this section, and all replacements of and additions to those fixtures; except for those fixtures, replacements or additions that under the law are "consumer goods" and that I acquire more than ten (10) days after the date of the Note. Usually, fixtures are items that are physically attached to buildings, such as hot water heaters;

(H) All of the rights and property described in Paragraphs (B) through (F) of this section that I acquire in the future;

(I) All replacements of or additions to the property described in Paragraphs (B) through (F) and Paragraph (H) of this section;

(J) Any voting rights I have as owner of the Property.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; (C) there are no outstanding claims or charges against the Property except for the claims and charges against the Property listed in Exhibit A attached to the end of this Mortgage; and (D) any lease included in the Property is in good standing.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which you suffer because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of those rights.

3

## PROMISES

I promise and I agree with you as follows:

1.    **BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST UNDER THE NOTE AND TO FULFILL OTHER PAYMENT OBLIGATIONS.** I will promptly pay you or anyone you name, principal, interest and any late charges as stated in the Note.

2.    **BORROWER'S OBLIGATION TO PAY CHARGES AND ASSESSMENTS AND TO SATISFY CLAIMS AGAINST THE PROPERTY.** I will pay when they are due all taxes, assessments, and any other charges and fines that may be imposed on the Property. I will also make payments due under my lease if I am a tenant on the Property and I will pay lease rents (if any) due on the Property. I will do this by making the payments directly to the persons entitled to them. (In this Mortgage, the word "person" means any person, organization, governmental authority, or other party.) If I make direct payments and the Lender requests, then promptly after making any of those payments I will give Lender a receipt which shows that I have done so.

Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a "lien." I will promptly pay or satisfy all liens against the Property. However, this Mortgage does not require me to satisfy a lien if I agree, in writing, to pay the obligation which gave rise to the lien and Lender approves the way in which I agree to pay that obligation.

3.    **BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY**

(A)    **Agreements about Maintaining the Property.** I will keep the Property in good repair. I will not destroy, damage or change the Property, and I will not allow the Property to deteriorate. I will not make additions or major improvements to the Property without Lender's written consent. Lender also will have the right to inspect plans and specifications and may condition Lender's consent on my obtaining required building permit, consents of Condominium Owner's Association, lenders, or lessors, if any, plus evidence of my adequate financing and/or bonding to pay for the improvements.

4.    **LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY.** If: (a) I do not keep my promises and agreements made in this Mortgage, or (b) someone, including me, begins a legal proceeding that may affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever Lender believes is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender need not give me notice before taking any of these actions.

I will pay to Lender any amounts which Lender spends under this Paragraph. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

4

I will pay those amounts to Lender within twenty-one (21) days after Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. However, if payment of interest at that rate would violate the law, I will pay interest on the amounts spent by Lender under this Paragraph at the highest rate that the law allows. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph, Lender does not have to do so.

5. **LENDER'S RIGHT TO INSPECT THE PROPERTY.** Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times.

6. **AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY.** A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (a) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (b) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender and will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the fourth day after the postmark on the envelope of the when the notice is mailed or, if it is not mailed, on the date the notice is actually delivered.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any of my monthly payments under the Note and this Mortgage. However, Lender and I may agree in writing to those delays or changes.

Condemnation of Common Areas of PUD. If the Property includes a unit in a PUD, the promises and agreements in this Paragraph will apply to a condemnation, or sale to avoid condemnation, of the PUD's common areas and facilities as well as of the Property.

7. **CONTINUATION OF BORROWER'S OBLIGATIONS.** Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

5

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

8.    CONTINUATION OF LENDER'S RIGHTS.   Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, pays lease rents or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 19 below, to demand that I make Immediate Payment In Full (see Paragraph 19 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.  Notwithstanding anything else herein to the contrary, the Borrower will have thirty days after receipt of notice to cure any alleged default hereunder.

9.    LENDER'S ABILITY TO ENFORCE MORE THAN ONE OF LENDER'S RIGHTS.  Each of Lender's rights under this Mortgage is separate.  Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once, after providing thirty (30) days' notice of any alleged default and a chance for Borrower to cure the default.

10.    OBLIGATIONS OF BORROWER.   If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then:  (a) that person is signing this Mortgage only to give that person's right in the Property to Lender under the terms of this Mortgage; and (b) that person is not personally obligated to make payments or to act under the Note.

11.    OBLIGATIONS OF BORROWER AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS; AGREEMENTS CONCERNING CAPTIONS. Any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage.

The captions and titles of this Mortgage are for convenience only. They may not be used to interpret or to define the terms of this Mortgage.

12.    AGREEMENTS ABOUT GIVING NOTICES REQUIRED UNDER THIS MORTGAGE.  Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it addressed to me at the address stated in Paragraph (B) of the section above titled "Words Used Often In This Document and Parties and their Addresses." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under

6

this Mortgage will be given by mailing it to Lender's address stated in Paragraph (C) of the section above titled "Words Used Often In This Document and Parties and Their Addresses." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is deemed to be given after the fourth (4th) day after it is postmarked or when it is actually delivered in person according to the requirements of this Paragraph.

13. LAW THAT GOVERNS THIS MORTGAGE. The law of the State of Hawaii will govern this Mortgage. If any term of this Mortgage or of the Note conflicts with that law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and of the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

14. CONVEYANCE OR ASSIGNMENT. I will not convey, assign or transfer (whether by way of Deed, Assignment of Lease, Agreement of Sale or other conveyance) any of my interest in the Property during the term of this Mortgage unless I pay the Lender the total amount of indebtedness.

15. BORROWER'S COPY OF THE NOTE AND OF THIS MORTGAGE. I will be given a copy of the Note and of this Mortgage. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

16. DEFAULT. I will be in default under this Mortgage if:

(A) I fail to make any installment or principal payment within thirty (30) days after the date it is due under the Note or am otherwise in default under the Note.

(B) I fail to keep any promise or agreement made in this Mortgage and do not correct the failure within thirty (30) days after Lender gives me notice requesting correction.

(C) I convey, assign or transfer any of my interest in the Property without first making arrangement to pay Lender in full.

17. LENDER'S RIGHTS IF BORROWER IS IN DEFAULT.

(A) "Immediate Payment in Full". If there is a default under this Mortgage, then with thirty (30) days prior notice to me you can demand that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. You may do this without making any further demand for payment. This demand will be called "Immediate Payment in Full".

(B) "Foreclosure and Sale". If I default under this Mortgage, you can also start a "Foreclosure and Sale" of the Property, after providing me with thirty (30) days' prior notice.

7

A "Foreclosure and Sale" of the Property will take away, forever, all of my rights in the Property. You can do this without having to give a bond to a court. The Property can be sold in "whole" (as one property) or in "part" (as several pieces of property) at a private sale or public auction. The buyer, who may be you or another person, will acquire the Property free and clear of any of my claims to the Property. The buyer would then own the Property. If I have not moved out before then, the buyer can remove me (and other persons, including my family, allowed by me to be on the Property) from the Property. This is known as "Foreclosure and Sale".

Chapter 667 of the Hawaii Revised Statutes of the State of Hawaii provides for a Foreclosure and Sale of property under a "Power of Sale". This "Power of Sale" will let you foreclose the Mortgage, after proper notice to me, and sell the Property without having to start a lawsuit, if I should default under the Mortgage. I give you that "Power of Sale" under Chapter 667 and under any successor statute, as such law may be amended.

If you exercise your right to get a Foreclosure and Sale of the Property, you will follow the procedures that are required of you by the laws of the State of Hawaii, including all notice provisions.

The proceeds from the sale of the Property by Foreclosure and Sale will be applied to pay for any liens on the Property which are superior to this Mortgage, all amounts I owe you under the Note and this Mortgage including "Future Advances" as well as all of your costs and expenses including "Commissioner's" (auctioneer's) fees and attorneys' fees, in bringing a Foreclosure and Sale, plus interest, as allowed by this Mortgage and law. If the proceeds are not sufficient to pay all of the amounts that I owe you, then you will have the right to get a "personal judgment" (a court order) against me for the difference, or you can get any other remedy available to you under the law and this Mortgage. If there are any "surplus" (remaining) proceeds after you pay for all of the above, then those surplus proceeds will belong to me.

In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs allowed by law, including reasonable attorneys' fees.

Lender shall also have an immediate right to a receivership without any requirement for prior notice to me or a hearing. The receiver shall serve without a bond.

In addition to having a foreclosure and sale, Lender may take any other actions allowed by law. This includes, for example, setting off (deducting) amounts that I owe Lender from any funds that Lender may owe to me. For example, if I have money on deposit in an account with Lender, Lender may take the money in that account to pay what I owe under the Note and this Mortgage.

18. **LENDER'S OBLIGATION TO DISCHARGE THIS MORTGAGE WHEN THE NOTE AND THIS MORTGAGE ARE PAID IN FULL.** When Borrower has paid all amounts due under the Note and this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will pay all costs of recording the discharge in the proper official records.

8

19.    CHANGING THIS MORTGAGE. This Mortgage can be changed only if Lender and I sign a writing agreeing to the change.

20.    BORROWER'S FREEDOM TO CHOOSE INSURANCE COMPANY. I understand that I can get any insurance required by this Mortgage from any insurance company licensed to sell that insurance in Hawaii, subject to Lender's right to refuse an insurer for cause or reasonable excuse.

21.    FINANCING STATEMENT. This Mortgage also serves as a financing statement to perfect the Lender's security interest in the Property.

By signing this Mortgage I agree to all of the above.

HAWAIIAN RIVERBEND, LLC, a Hawaii
limited liability company

Oct 8, 2013

By:    Michael Miroyan
Its:    Manager/Member

9

STATE OF CALIFORNIA )
COUNTY OF _Santa Clara_ ) SS.

On __10-08-2013__ , before me, _NGUYET HOANG THI TRAN_ , a
Notary Public, personally appeared **MICHAEL MIROYAN**, manager/member of **HAWAIIAN
RIVERBEND, LLC, a Hawaii limited liability company**, who proved to me on the basis of
satisfactory evidence to be the person whose name is subscribed to the within instrument and
acknowledged to me that he executed the same in his authorized capacity, and that by his
signature on the instrument the person, or the entity upon behalf of which the person acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.



NGUYET HOANG THI TRAN
Commission # 1905231
Notary Public - California
Santa Clara County
My Comm. Expires Oct 20, 2014

WITNESS my hand and official seal.

Signature: _____ (seal)

# EXHIBIT "A"

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent 5671, Land Commission Award 8521-B, Apana 1 to G. D. Hueu of Waikoloa Development) situate, lying and being at Waikoloa, District of South Kohala, Island of Hawaii, State of Hawaii, being LOT 9-A, being a portion of Lot 9, Waikoloa Development, File Plan 1172, and thus bounded and described:

Beginning at the northeast corner of this parcel of land, being also the northwest corner of Lot 9-B, the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUU HINAI" being 10,073.89 feet north and 2,246.46 feet west and running by azimuths measured clockwise from true South:

| | | | | | |
|---|---|---|---|---|---|
| 1. | 21° | 44' | 07" | 513.89 | feet along Lot 9-B; |
| 2. | 111° | 44' | 07" | 80.70 | feet along the same; |

Thence, along the same on a curve to the left with a radius of 251.00 feet, the chord azimuth and distance being:

| | | | | | |
|---|---|---|---|---|---|
| 3. | 87° | 37' | 40" | 205.04 | feet; |
| 4. | 63° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 205.00 feet, the chord azimuth and distance being;

| | | | | | |
|---|---|---|---|---|---|
| 5. | 74° | 55' | 34" | 81.08 | feet; |
| 6. | 86° | 19' | 57" | 20.83 | feet along same; |

Thence, along Paniolo Avenue on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being;

| | | | | | |
|---|---|---|---|---|---|
| 7. | 175° | 32' | 12" | 15.00 | feet; |
| 8. | 198° | 03' | 09" | 688.99 | feet along Lot 121, Waikoloa Village Unit 1-A, File Plan 1188; |
| 9. | 288° | 03' | 09" | 471.49 | feet along Lot 6, Waikoloa Development, File Plan 1172 to the point of beginning and containing an area of 5.9175 acres, more or less. |

EXHIBIT "A"
Page 1 of 5

Together with Easement AE-1 for access purposes, more particularly described as follows:

All of that certain easement parcel of land being a portion of Lot 9-B, Waikoloa Development, Waikoloa, District of South Kohala, Island of Hawaii, Hawaii.

Beginning at the northeast corner of this easement parcel of land, the coordinates of said point of beginning referred to Government Survey Triangulation Station "PUU HINAI" being 9,596.53 feet north and 2,436.77 feet west and running by azimuths measured clockwise from true South:

| 1. | 21° | 44' | 07" | 60.00 | feet; |
|----|-----|-----|-----|-------|-------|
| 2. | 111° | 44' | 07" | 80.70 | feet along Lot 9-C; |

Thence, along the same on a curve to the left with a radius of 191.00 feet, the chord azimuth and distance being;

| 3. | 87° | 37' | 40" | 156.03 | feet; |
|----|-----|-----|-----|--------|-------|
| 4. | 63° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 265.00 feet, the chord azimuth and distance being:

| 5. | 74° | 55' | 34" | 104.81 | feet; |
|----|-----|-----|-----|--------|-------|
| 6. | 86° | 19' | 57" | 24.17 | feet along the same; |

Thence, along Paniolo Avenue on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being;

| 7. | 179° | 31' | 19" | 60.09 | feet; |
|----|------|-----|-----|-------|-------|
| 8. | 266° | 19' | 57" | 20.83 | feet along Lot 9-A; |

Thence, along the same on a curve to the left with a radius of 205.00 feet, the chord azimuth and distance being;

| 9. | 254° | 55' | 34" | 81.08 | feet; |
|----|------|-----|-----|-------|-------|
| 10. | 243° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 251.00 feet, the chord azimuth and distance being;

**EXHIBIT "A"**
**Page 2 of 5**

11.   267° 37'   40"   205.04      feet;

12. 291° 44' 07"   80.70   feet along the same to the point of beginning and containing an area
of 0.667 acres, more or less.

BEING THE PREMISES ACQUIRED BY WARRANTY DEED

GRANTOR:          WAIKOLOA MAUKA, LLC, a Delaware limited liability
                  company

GRANTEE:          HAWAIIAN RIVERBEND, LLC, a Hawaii limited
                  liability company

DATED:            November 23, 2009
RECORDED:         Document No. 2009-179060

**SUBJECT, HOWEVER TO:**

1.   Mineral and water rights of any nature in favor of the State of Hawaii.

2.   DESIGNATION OF EASEMENT "E-W-1" (175 feet wide)

PURPOSE:          electrical, telephone and water line
SHOWN:            on File Plan No. 1172

3.   GRANT to WAIKOLOA WATER CO., INC., dated December 20, 1978, recorded in
Liber 13374 at Page 441, as amended by instrument dated February 4, 1981, recorded in
Liber 15498 at Page 103; granting an easement over said Easement "E-W-1".

4.   GRANT

TO:               WAIKOLOA RESORT UTILITIES, INC. doing business as
                  WEST HAWAII UTILITY COMPANY

DATED:            February 19, 1998
RECORDED:         Document No. 98-028918
GRANTING:         an easement over only that portion of said Easement "E-W-1"
                  affecting Lot 9 of File Plan No. 1172

5.   The terms and provisions contained in the following:

(A)   DEED WITH COVENANTS AND RESERVATION OF EASEMENTS
      AND OTHER RIGHTS

**EXHIBIT "A"**
**Page 3 of 5**

DATED: September 20, 2005
RECORDED: Document No. 2005-188909

Certain water rights reserved in said Deed have been assigned pursuant to that certain WATER RIGHTS QUITCLAIM dated September 20, 2005, recorded as Document No. 2005-188913, by and between WAIKOLOA LAND & CATTLE CO., "Grantor", and WAIKOLOA WATER CO., INC., and WAIKOLOA RESORT UTILITIES, INC., "Grantee".

(B) GRANT OF RIGHT TO DESIGNATE AND GRANT EASEMENTS

DATED: September 20, 2005
RECORDED: Document No. 2005-188911
PARTIES: WAIKOLOA MAUKA, LLC, "Owner", and WAIKOLOA LAND & CATTLE CO., "WDC"

Said Grant was amended by instrument dated November 29, 2006, recorded as Document No. 2006-220312.

6. The terms and provisions contained in the following:

INSTRUMENT: DECLARATION OF RESTRICTIVE COVENANTS

DATED: December 29, 2008
RECORDED: Document No. 2008-193975

7. The terms and provisions contained in the following:

INSTRUMENT: DISCLOSURE AGREEMENT

DATED: December 29, 2008
RECORDED: Document No. 2008-193976
PARTIES: WAIKOLOA MAUKA, LLC, a Delaware limited liability company, "WML", WQJ2008 INVESTMENT, LLC, a Washington limited liability company, "WQJ2008", UKUMEHAME QUARRY COMPANY LIMITED PARTNERSHIP, a Hawaii limited partnership, "Ukumehame", and collectively with WQJ2008, "Buyer"

8. Historic ceremonial and burial sites and similar matters which an archaeological study and archaeological inspection of the land would disclose.

9. The terms and provisions contained in the following:

INSTRUMENT: JOINT VENTURE AGREEMENT

DATED: April 29, 2010

**EXHIBIT "A"**
**Page 4 of 5**

RECORDED: Document No. 2010-062607
PARTIES: WAIKALOA MAUKA, LC, a Delaware limited liability company ("WM") and HAWAIIAN RIVERBEND, LLC, a Hawaii limited liability company, ("HR")

10. No vehicular access and planting screen, as shown on Subdivision map 11-001060, approved November 29, 2012.

**EXHIBIT "A"**
**Page 5 of 5**

EXHIBIT C



**STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED**

**August 09, 2018 3:29 PM**

Doc No(s) A — 67950848

/s/ LESLIE T. KOBATA
REGISTRAR

```
1      3/3     CGG
B - 33205881
```

LAND COURT

AFTER RECORDDATION, RETURN BY:    MAIL (   )          PICKUP (   )

**Michael Miroyan**
**P.O. Box 3181**
**Saratoga California 95070**

---

S:\CLERICAL\LJN\PW\DSA  FORMS MASTERS\Warranty deed (rev 6-11) .wpd

TMK No.  (3) 6-8-002-021                              Total No. of Pages: 4
Subdivision File No.

### WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS:

This Deed, made on **August 08, 2018**, by **Hawaiian Riverbend, LLC, a Hawaii limited
liability company**, whose address is **P.O. Box 3181 Saratoga California 95070**, with full power
to sell, convey, transfer, mortgage, lease, or otherwise deal with real property, hereinafter
called the "Grantor", and **Michael Miroyan, a single man**, whose address is **P.O. Box 3181
Saratoga California 95070** hereinafter called the "Grantee".

### W I T N E S S E T H:

For TEN DOLLARS ($10.00) and other good and valuable consideration paid to the
Grantor by the Grantee, the receipt of which is herby acknowledged, the Grantor does hereby
grant, bargain, sell and convey unto the Grantee, in fee simple, forever, the property more
particularly described in **EXHIBIT "A"**, which is attached to and expressly made a part
hereof.

And the revisions, remainders, rents, issues and profits thereof and all of the estate,
right, title and interest of the Grantor, both at law and in equity, therein and thereto;

TO HAVE AND TO HOLD the same, together with all buildings, improvements,
tenements, rights, easements, hereditaments, privileges and appurtenances thereto belonging or
appertaining, or held and enjoyed in connection therewith unto the Grantee according to the
tenancy hereinabove set forth, absolutely and in fee simple, forever.

AND the Grantor herby covenants with the Grantee that the Grantor is lawfully seized
in fee simple of the described real and personal property and that the Grantor has good right to
convey the same as aforesaid; that the property in free and clear of all encumbrances, except as

may be described in **EXHIBIT "A"**; and the Grantor will WARRANT AND DEFEND the same unto Grantee, forever, against the lawful claims and demands of all persons.

It is understood and agreed that the term "property" shall be deemed to mean and include the property specifically described in **EXHIBIT "A"**, all buildings and improvements thereon (including any personal property described in **EXHIBIT "A"** ) and all rights, easements, privileges and appurtenances in connection therewith, that the terms "Grantor" and "Grantee", as and when used herein, or any pronouns used in place thereof, shall mean and include the masculine and/or feminine, the singular or plural number, individuals, firms or corporations, that the rights and obligations of the Grantor and Grantee shall be binding upon ant inure to the benefit of their respective estates, heirs, personal representatives, successors in trust and assigns and that where there is more than one Grantor or Grantee, any covenants of the respective party shall be and for all purposes deemed to be joint and several.

**IN WITNESS WHEREOF**, the undersigned executed these presents and of the day and year first above written.

_____
**Michael Miroyan, Sole Member of
Hawaiian Riverbend, LLC,**

"Grantor"

_____
**Michael Miroyan**

"Grantee"

STATE OF HAWAII            )
                                     ) SS.
CITY AND COUNTY OF HONOLULU    )

On this _9th_ day of _August_ , 2018, before me personally

appeared ___Michael Miroyan___ , to me personally known, who, being

by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the

free act and deed of such person, and if applicable in the capacity shown, having been duly

authorized to execute such instrument in such capacity.

Signature: _____

Name: ___Sharon Julian___

Notary Public, State of Hawaii

My commission expires: ___02/05/2020___

[*Official Seal/Stamp*]

---

**NOTARY CERTIFICATION**

Document Description: ___Warranty Deed___

☑ Doc. Date: ___08|08|2018___    or ☐ Undated

No. of Pages: ___4 8 4___

                                 ___08|09|2018___

Signature of Notary Public      Date of Notarization

___Sharon Julian___

Printed Name of Notary Public            [*official Seal/Stamp*]

## EXHIBIT A

On Feb 13 2013 the HI county Council apprved the this Lot into 3 newly created parcels: TMK # (3)-6-8-002-021 was
reduced to 5.95 acres; TMK # (3)-6-8-002-052 created 10.75 acres; TMK # (3)-6-8-002-053 created 14.6 acres

All of that certain parcel of land situate at Waikoloa, District of South Kohala, Island and
County of Hawaii, State of Hawaii, being LOT 9 of the "WAIKOLOA DEVELOPMENT", as
shown on File Plan Number 1172, filed in the Bureau of Conveyances of the State of Hawaii,
and containing an area of 31.322 acres, more or less.

BEING THE PREMISES ACQUIRED BY DEED WITH COVENANTS AND
RESERVATION OF EASEMENTS AND OTHER RIGHTS

GRANTOR: **Waikoloa Mauka, LLC, a Delaware limited liability company**

GRANTEE: **Hawaiian Riverbend, a Hawaii limited liability company**

DATED: **November 12, 2009**
RECORDED: **November 23, 2009 as Document No. 2009-179060**

SUBJECT, HOWEVER, to the following:

1.  Any lien for real property taxes not yet delinquent (Tax Map Key No. (3) 6-8-002-021).

2.  Reservation in favor of the State of Hawaii of all mineral and metallic mines.

3.  DESIGNATION OF EASEMENT "E-W-1" (50 feet wide)

    PURPOSE: electrical, telephone and water line
    SHOWN: on File Plan No. 1172

4.  GRANT to WAIKOLOA WATER CO., INC., dated December 20, 1978, recorded in
    Liber 13374 at Page 441, as amended by instrument dated February 4, 1981, recorded in
    Liber 15498 at Page 103; granting an easement over said Easement "E-W-1".

5.  DESIGNATION OF EASEMENT "E-4" (75 feet wide)

    PURPOSE: electrical and telephone
    SHOWN: on File Plan No. 1172

6.  GRANT

    TO: HAWAII ELECTRIC LIGHT COMPANY, INC.

    DATED: April 27, 1976
    RECORDED: Liber 11411 Page 135
    GRANTING: an easement for utility purposes over Easement "6" described therein

WarrantyDeed (WaikoloaMauka-HawnRiverbend)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): DECLARATION OF GANG "PATRICK" CHEN IN SUPPORT OF MOTION FOR RELIEF FROM STAY  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  June 22, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*)  June 22, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 22, 2022 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                F 9013-3.1.PROOF.SERVICE

Case: 18-52601    Doc# 115    Filed: 06/22/22    Entered: 06/22/23 16:04:37    Page 27 of 28

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Devin Derham-Burk**   ctdocs@ch13sj.com
- **Nanette Dumas**   ctdocs@ch13sj.com
- **Reno F.R. Fernandez**   reno.fernandez@calapplaw.com, ecf@macfern.com
- **Sean C. Ferry**   sferry@rasflaw.com
- **Office of the U.S. Trustee / SJ**   USTPRegion17.SJ.ECF@usdoj.gov
- **Wayne A. Silver**   w_silver@sbcglobal.net, ws@waynesilverlaw.com

## 2. SERVED BY U.S. MAIL

Michael Haroutun Miroyan
PO Box 3181
Saratoga, CA 95070-1181

REQUEST FOR SPECIAL NOTICE

HSBC Bank USA, National Association,
as Indenture Trustee for People's
Choice Home Loan Securities Trust
Series 2005-3
c/o Robertson, Anschutz & Schneid,
P.L.
Bankruptcy Department
6409 Congress Avenue, Suite 100
Boca Raton, FL  33487

Kenneth Y. Kai and Tae K. Kai,
Trustees of the Kai Family 1998 Trust
c/o Law Office of Wayne A. Silver
Attn:  Wayne A. Silver
643 Bair Island Road, Suite 403
Redwood City, CA  94063

Synchrony Bank
c/o PRA Receivables Management,
LLC
P.O. Box 41021
Norfolk, VA 23541

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*   Case: 18-52601   Doc# 115   Filed: 06/22/22   Entered: 06/22/22 16:04:37   Page 28 of
28   **F 9013-3.1.PROOF.SERVICE**