Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac8881@me.com

Debtor

FILED

SEP 13 2022

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORIA

### SAN JOSE DIVISION

In re:

MICHAEL HAROUTUN MIROYAN

Debtor.

) **Case Number: 18-52801-MEH**
) Chapter 13
)
) MEMORANDUM OF POINTS
) AND AUTHORITIES IN
) SUPPORT OF MOTION FOR
) DAMAGES FOR VIOLATIONS
) OF THE AUTOMATIC STAY
)
) Date: Thursday October 27th 2022
) Time: 1:30 p.m.
) Location: Courtroom 9
) Judge: Hon. Elaine Hammond

The United States Bankruptcy Court in Nevada discussed the history and rationale behind the automatic stay law as follows:

"A. Applicable Legal Standards.

1. Automatic Stay Violations.

The automatic stay under Section 362(a) generally arises as soon as a bankruptcy petition is filed. Congress has stated:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his [or her] creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), reprinted in 1978 U.S.Code. Cong. & Admin.News 5787, 5963, 6296-97, quoted in Schwartz v. United States (9th Cir. 1992), 954 F.2d 569, 571 (emphasis added). See also 3 COLLIER ON BANKRUPTCY, ¶362.03 (Richard Levin and Henry J. Sommer, eds., 16th ed. 2019) ("The stay provides the debtor with relief

MOTION FOR VIOLATIONS OF BANKRUPTCY AUTOMATIC STAY LAW

Case: 18-52601    Doc# 122-1    Filed: 09/13/22    Entered: 09/14/22 14:57:06    Page 1 of 7

from the pressure and harassment of creditors seeking to collect their claims. It protects property that may be necessary for the debtor's fresh start and, in terms of a debtor in a chapter 11, 12 or 13 case, provides breathing space to 340*340 permit the debtor to focus on rehabilitation or reorganization.").

The automatic stay precludes all entities from committing "any act to ... enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). It also applies to "any act to ... enforce against property of the debtor any lien to the extent such a lien secures a claim that arose before the commencement" of the bankruptcy case. 11 U.S.C. § 362(a)(5). Additionally, the automatic stay bars "any act to collect, assess, or recover a claim against the debtor that arose before the commencement" of the bankruptcy case. 11 U.S.C. § 362(a)(3). **Because the stay arises "automatically" upon the filing of a bankruptcy petition, it applies regardless of whether a party has actual knowledge or even notice that the bankruptcy petition was filed.** See generally 3 COLLIER ON BANKRUPTCY, supra, ¶362.02.

Section 362(k) provides that an individual debtor injured by a willful violation of the automatic stay shall recover actual damages, including costs and attorneys' fees, and, may recover, in appropriate circumstances, punitive damages. 11 U.S.C. § 362(k)(1). A violation is willful if a movant shows by a preponderance of the evidence that a party knew of the automatic stay, and its actions in violation of the stay were intentional. See Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1215 (9th Cir. 2002); In re Paxton, 596 B.R. 686, 694 (Bankr. N.D. Cal. 2019), amended in part on reconsideration, 2019 WL 2462797 (Bankr. N.D. Cal. June 12, 2019). "Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay." Ozenne v. Bendon (In re Ozenne), 337 B.R. 214, 220 (9th Cir. BAP 2006). "No specific intent is necessary, and a creditor's good faith belief that it was not violating the stay is irrelevant to the issue of willfulness." Paxton, 596 B.R. at 694, citing Morris v. Peralta (In re Peralta), 317 B.R. 381, 389 (9th Cir. BAP 2004).[33] Upon a determination that a willful violation has caused injury to an individual, Section 362(k)(1) expressly provides that the individual "shall recover" the types of damages and attorney's fees specified in the statute.

"Once the creditor learns that a bankruptcy petition has been filed, the creditor has an affirmative duty to return the property to the debtor and to restore the status quo. See In re Smith, 876 F.2d 524, 526 (6th Cir. 1989) (creditor had not known of debtor's filing at the time of repossession but was, nonetheless, required to return vehicle); Dawson v. J & B Detail, LLC (In re Dawson), Adv. No. 05-1463, 2006 WL 2372821 at *8 (Bankr. N.D. Ohio July 28, 2006) ("While the Court does not expect instantaneous compliance with section 362 upon receipt of notice [of the bankruptcy], **the Court does expect those acts which violate the automatic stay to be stopped and/or corrected within a reasonable time**"). Accordingly, having

been notified of the debtor's bankruptcy around 10:00 A.M. on July 22, 2015, it was incumbent upon the creditors to return the vehicle within a short period of time. Yet they retained the vehicle for 17 days after receiving notice of the bankruptcy and the debtor's request to have the vehicle returned. There is no dispute that the creditors could have taken affirmative steps to return the debtor's vehicle promptly. Accordingly, the Court concludes that the creditors' failure to return the vehicle to the debtor shortly after receiving notice of the bankruptcy and the debtor's request to have the vehicle returned was a willful violation of the automatic stay."

## ACTS OF COURTS DONE IN VIOLATION OF THE AUTOMATIC STAY ARE VOID

The Court in In re: Smith stated:

"Under section 362(a) of the Bankruptcy Code, the filing of a petition creates a broad automatic stay protecting the property of the debtor. This provision "has been described as `one of the fundamental debtor protections provided by the bankruptcy laws.'" Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection (1986) 474 U.S. 494, 503. (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 54 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977)). The automatic stay extends to virtually all formal and informal actions against property of the bankruptcy estate. It is intended to "stop[ ] all collection efforts, all harassment, and all foreclosure actions." S.Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5840. The automatic stay "is effective upon the date of the filing of the petition ... and formal service of process will not be required." 2 Collier on Bankruptcy ¶ 362.03 (15th ed. 1988) (footnotes omitted) **Actions taken in violation of the automatic stay generally are void, even if the creditor had no notice of the stay.** See, e.g., In re Clark, 60 B.R. 13, 14 (Bankr.N.D.Ohio 1986) (Creditor "had not known of Debtor's filing at the time of repossession but ... it was, nonetheless, required to return the vehicle to Debtor."); In re Advent Corp., 24 B.R. 612 (Bankr. 1st Cir.1982) (**acts in violation of automatic stay are void regardless of lack of knowledge**); Collier, supra, ¶ 362.03 ("**In general, actions taken in violation of the stay will be void even where there was no actual notice of the existence of the stay.**").

In re: Smith (6th Cir. 1989) 876 F.2d. 524 at 525-526.

## GRANTING OF SUMMARY JUDGMENT MADE 2 WEEKS AFTER BANKRUPTCY PETITION WAS FILED WAS HELD TO BE VOID

In Ellis v. Consolidated Diesel Electric Corporation (10th Cir. 1990) 894 F.2d 371, the Tenth Circuit Court of Appeals held that summary judgment that was granted 2 weeks after the Defendant filed for

Case: 18-52601    Doc# 122-1    Filed: 09/13/22    Entered: 09/14/22 14:57:06    Page 3 of 7

Bankruptcy was void:

> "Plaintiffs contend that, because of the automatic stay then in effect, the district court lacked jurisdiction to enter the order granting summary judgment. Consequently, plaintiffs reason, there was not and still is not a final judgment in favor of LTV and Vought from which they could appeal.
>
> II.
>
> According to the automatic stay provisions of section 362, all proceedings[3] against a debtor are stayed upon the debtor's filing of a petition for bankruptcy. 11 U.S.C. § 362(a)(1). It is well established that any action taken in violation of the stay is void and without effect. *Kalb v. Feuerstein*, 308 U.S. 433, 438, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940) ("the action of the ... court was not merely erroneous but was beyond its power, void, and subject to collateral attack"); *Meyer v. Rowen*, 181 F.2d 715, 716 (10th Cir.1950); *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816 (9th Cir.1985); *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982); 2 *Collier on Bankruptcy* § 362.11 (15th ed. 1989).
>
> While the automatic stay on judicial proceedings generally operates to ensure that a "debtor [is given] a breathing spell from his creditors," the fact that judgment here was entered *in favor* of the debtor does not change the outcome. As one court noted, "whether a case is subject to the automatic stay must be determined at its inception." *Association of St. Croix Condo. Owners v. St. Croix Hotel*, 682 F.2d 446, 449 (3rd Cir.1982). The operation of the stay should not depend upon whether the district court finds *for* or *against* the debtor.
>
> Our ruling today is consistent with that of *Pope v. Manville Forest Products Corp.*, 778 F.2d 238 (5th Cir.1985). In that case, a district court had dismissed a Title VII claim against the defendant *after* the defendant had filed Chapter 11 proceedings in the bankruptcy court. The Fifth Circuit reversed the lower court, and emphasized that "absent the bankruptcy court's lift of the stay, ... a case such as the one before us must, as a general rule, simply languish on the court's docket until final disposition of the bankruptcy proceeding." *Id.* at 239.
>
> One final problem is the lifting of the stay subsequent to the entry of judgment on behalf of defendants. However, the stay on judicial proceedings made the district court's action void; lifting the stay does not change the character of that action. The lifting of the stay thus validates only later judicial proceedings, not prior ones."

Ellis v. Consolidated Diesel Electric Corporation (10th Cir. 1990) 894 F.2d 371 @ 372-373.

## PUNITIVE DAMAGES

A party injured by a willful violation of the stay may recover punitive damages in appropriate circumstances; the debtor must show that the:

"creditor's conduct was `egregious, vindictive, or intentionally malicious.'"

In re Bilfield, 494 B.R. 292, 304 (Bankr. N.D. Ohio 2013), quoting In re Bivens, 324 B.R. 39, 42 (Bankr. N.D. Ohio 2004). See also Weary v. Poteat, No. 15-5159, 2015 WL 5712191, at *2 (6th Cir. Sept. 30, 2015) ("While proof of an overt wrongful intent is not required, it must be shown that the creditor acted in bad faith or otherwise undertook its actions in reckless disregard of the law." Bivens, 324 B.R. at 42. An award of punitive damages is within the bankruptcy court's discretion where actual damages are an insufficient deterrent to further violations. See Archer, 853 F.2d at 500.

In re Hunsaker, Adv. No. 14-6218, Case No. 12-64782-fra13 (January 13, 2016)

In a recent Ohio case, Bankruptcy Judge Kay Woods imposed a $250,000 punitive damage award against a mortgage lender, Nationstar Mortgage ("Nationstar") for, among other failings, filing an erroneous transfer of claim in a debtors' bankruptcy proceeding. See In re Mocella, 2016 Bankr. LEXIS 2472 (Bankr. N.D. Ohio June 15, 2016).

1  Date: September 12th 2022.          Respectfully submitted,

2

3                                                          _____
                                       Michael Miroyan
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -

# BANKRUPTCY COURT

RECEIVED

SEP 14 2022

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Name:** Michael Micoyan

**Case #:** 18-5260I-MEH