Michael Miroyan
P.O. Box 3181
Saratoga, CA 95070
Tel: (408) 913-3123
E-mail: mac8881@me.com

Debtor

FILED
SEP 13 2022 KR
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORIA

## SAN JOSE DIVISION

In re:

MICHAEL HAROUTUN MIROYAN

    Debtor.

) **Case Number: 18-52801-MEH**
) Chapter 13
)
) **DECLARATION OF MICHAEL**
) **MIROYAN IN SUPPORT OF**
) **MOTION FOR VIOLATIONS**
) **OF BK AUTOMATIC STAY**
) [18 U.S.C. § 362(k)]
)
) Date: Thursday October 27th 2022
) Time: 1:30 p.m.
) Location: Courtroom 11
) Judge: Hon. Elaine Hammond

I Michael Miroyan hereby declare:

    1.    I am submitting this declaration in support of my motion for damages against Hawaii attorney Karyn Doi and her client Gang Chen's violations of the bankruptcy court's automatic stay that took effect in this case on 11-26-2018.

    2.    Attached hereto as Exhibit 1 and incorporated herein by reference is a true and correct print out of relevant pages from the docket sheet in the Chen v. Hawaiian Riverbend LLC case that was filed in the State of Hawaii's Third Circuit Court as Case No. 3CC-16-1-00043K. As you can see from the docket sheet, docket entry number 16 shows that on December 20th 2018 papers in support of a motion for summary judgment were filed by attorney Karyn Doi in this case, and that this is after Debtor Michael Miroyan's November 26th 2018 Bankruptcy filing when the

automatic stay was imposed in this case.

3.     A Notice of Bankruptcy filing was also filed on 12-20-2018 in the companion Kai v. Hawaiian Riverbend LLC Case No.: 3CC15-1-00164K.  Attached as Exhibit 2 to this declaration is a true and correct copy of that 10 pg Notice.  I believe that the attorneys for Kai informed attorney Karyn Doi of this fact prior to 12-20-2018, so that attorney Karyn Doi filed her summary judgment papers on that very same day with full knowledge that she was doing so while the automatic stay was in effect.

.     4.     The hearing date on the motion for summary judgment is listed on the Chen docket sheet attached as Exhibit 1 as occurring on 2-14-2019 when the motion for summary judgment was granted by Judge Kim of the Third Circuit Court in the State of Hawaii.  The written order granting summary judgment was made on 3-8-2019.  Since the filing of the summary judgment motion, and the grant of summary judgment by Judge Kim on both 2-14-2019 and 3-8-2019 were done while the automatic stay was in full force and effect, the  order granting summary judgment is void and I hereby seek an Order from this court stating that the orders granting summary judgment by Judge Kim on 2-14-2019 and 3-8-2019 are void according to law, are a legal nullity and are of no force and effect.

5.     I am claiming actual damages in this based in part on attorney's fees I had to pay to Attorney Margaret Wille that were paid to undo the Court's grant of summary judgment in both the civil case as well as filing an Appeal in Hawaii's Intermediate Court of Appeals.  I paid attorney Wille approximately $ 25,000 for her work in both cases.
I am therefore seeking damages imposed against both Attorney Karyn Doi and Gang Chen jointly and severally in the amount of $100,000 in actual damages, plus $200,000 in punitive damages, totalling $300,000 unless the Court wishes to grant a higher amount in light of the egregious

- 4 -

1  intentional and willful violations of law committed by both Creditor and his
2  attorney Karyn Doi, for their failure to do anything to reverse Judge Kim's
3  award of summary judgment as the law requires them to do, something
4  they have failed to do for the past 3 ½ years.  I served Attorney Karyn Doi
5  an earlier version of these papers that was filed in this Court on 4-11-2022
6  that was mailed to Attorney Karyn Doi on or about 4-16-2022.  This means
7  that Attorney Doi was aware of the decisional case law authority that
8  requires her to take steps to reverse the effects of the violation by her of
9  the automatic stay for at least 5 months, yet she and her client have done
10  nothing.  As such, I will not oppose this Court from awarding a greater
11  amount in punitive damages against Creditor Gang Chen and Attorney
12  Karyn Doi with a view to deterring such conduct in the future.

13       I hereby declare under penalty of perjury that the foregoing is true
14  and correct.

15  Date: September 13th 2022.

16                                          Michael Miroyan - Debtor

MOTION FOR VIOLATIONS OF BANKRUPTCY AUTOMATIC STAY LAW



**eCourt Kōkua**
Judiciary Information Management System

| Home | Party Search | Vehicle Search | **Case Search** |

Case Search • Filing Date Search

## Case Search

---

### Search Criteria

*Please enter as much information as possible (\*denotes required field).*

| | | | | | |
|---|---|---|---|---|---|
| **Case ID or Citation Number:** | 3CC16100043K | **Application Number:** | | **Beginning Case Filing Date:** | |
| **Arrest Number:** | | **TCT Number:** | | **Ending Case Filing Date:** | |
| **OTN:** | | | | | |
| **SID:** | | | | | |

[ Search ]   [ Reset ]

---

Search results for criteria: Case ID or Citation Number: 3CC16100043K

[ Generate Printable Case View ]

Summary    Events    **Dockets**

| Docket # | Date | Docket | Document Name | Parties | Filing Party |
|---|---|---|---|---|---|
| 1 | 02/03/2016 | Civil Information Sheet Converted DOC ID: CIS, Comments: | CIVIL INFORMATION SHEET | All Case Parties | Doi, Karyn A. |
| 2 | 02/03/2016 | Document Converted DOC ID: , Comments: | COMPLAINT TO FORECLOSE MORTGAGE; EXHIBITS "1" - "2"; FORECLOSURE MEDIATION NOTICE; FORECLOSURE MEDIATION REQUEST; SUMMONS | All Case Parties | Doi, Karyn A. |
| 3 | 02/03/2016 | Document Converted DOC ID: , Comments: | NOTICE OF PENDENCY OF ACTION; DECLARATION OF KARYN A. DOI; EXHIBIT "A" | All Case Parties | Doi, Karyn A. |
| 4 | 05/16/2016 | Document Converted DOC ID: , Comments: | PLAINTIFF'S EX PARTE MOTION TO SERVE DEFENDANT HAWAIIAN RIVERBEND, LLC, A HAWAII LIMITED LIABILITY COMPANY BY REGISTERED OR CERTIFIED MAIL; DECLARATION OF COUNSEL; EXHIBIT "1"; ORDER DENYING FOR SERVICE BY REGISTERED OR CERTIFIED MAIL | All Case Parties | Leu, Lester K.M. |
| 5 | 05/27/2016 | Document Converted DOC ID: , Comments: | DECLARATION OF DUE AND DILIGENT ATTEMPT AND NON-SERVICE RE: DEFENDANT HAWAIIAN RIVERBEND, LLC, A HAWAII LIMITED LIABILITY COMPANY | All Case Parties | Leu, Lester K.M. |
| 6 | 06/07/2016 | Document Converted DOC ID: , Comments: | PLAINTIFF'S EX PARTE MOTION TO SERVE DEFENDANT HAWAIIAN RIVERBEND, LLC, A HAWAII LIMITED LIABILITY COMPANY BY REGISTERED OR CERTIFIED MAIL; DECLARATION OF COUNSEL; EXHIBITS "1" AND "2"; ORDER FOR SERVICE BY REGISTERED OR CERTIFIED MAIL | All Case Parties | Leu, Lester K.M. |
| 7 | 08/01/2016 | Document Converted DOC ID: , Comments: | NOTICE OF AUTOMATIC STAY; EXHIBIT A; CERTIFICATE OF SERVICE | All Case Parties | Ito, Allison Akiko |
| 8 | 08/10/2016 | Document Converted DOC ID: , Comments: | ORDER RE AUTOMATIC STAY | All Case Parties | FILED BY COURT, COURT |
| 9 | 09/10/2018 | Document Converted DOC ID: , Comments: | NOTICE OF BANKRUPTCY CASE DISMISSAL; EXHIBIT "1" | All Case Parties | Doi, Karyn A. |
| 10 | 09/10/2018 | Document Converted DOC ID: , Comments: | ORDER LIFTING NOTICE OF AUTOMATIC STAY | All Case Parties | FILED BY COURT, COURT |
| 11 | 09/12/2018 | Document Converted DOC ID: , Comments: | PLAINTIFF'S EX PARTE MOTION FOR SERVICE BY PUBLICATION; DECLARATION OF COUNSEL; DECLARATION OF DUE AND | All Case Parties | Doi, Karyn A. |

**Exhibit 1**

| # | Date | Document | Description | Parties | Name |
|---|---|---|---|---|---|
| | | | DILIGENT ATTEMPT; EXHIBITS "1"-"2"; ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR SERVICE BY PUBLICATION; SUMMONS | | |
| 12 | 10/01/2018 | Document Converted DOC ID: , Comments: | RETURN OF POSTING (RE: SUMMONS POSTED AT THE PROPERTY LOCATED AT TMK (3) 6-8-002-021 ON 9/28/18) | All Case Parties | Doi, Karyn A. |
| 13 | 10/26/2018 | Document Converted DOC ID: , Comments: | AFFIDAVIT OF PUBLICATION (SUMMONS TO: HAWAIIAN RIVERBEND, LLC, A HAWAII LIMITED LIABILITY COMPANY) (WEST HAWAII TODAY: 10/01, 10/08, 10/15, 10/22/18) | All Case Parties | Converted, Other |
| 84 | 10/26/2018 | Affidavit of Publication | COPY OF AFFIDAVIT OF PUBLICATION FILED ON 10/26/18, DKT. 13 | GANG CHEN - Plaintiff | |
| 27 | 11/19/2018 | Minutes DIGITAL RECORDING CC3.18-200/ 2018-11-19/0844-0845CLERK - L. FURUTO APPEARANCES: PLAINTIFF COUNSEL -T. KANEAKUA L. FURUTO: THREE CALLS WERE MADE AT 8:30; NO RESPONSE . COURT: AFFIDAVIT OF PUBLICATION FILED 10/26/18 FOR HAWAIIAN RIVERBAND LLC, ANY CONTACT KANEAKUA: NO CONTACT COURT: WHAT ARE YOU REQUESTING KANEAKUA: REQUESTING ORDER GRANT ENTRY OF DEFAULT COURT: GRANTED | | All Case Parties | JUDG Kim, Robert |
| 14 | 11/23/2018 | Document Converted DOC ID: , Comments: | ORDER GRANTING ENTRY OF DEFAULT AGAINST DEFENDANT HAWAIIAN RIVERBEND, LLC, A HAWAII LIMITED LIABILITY COMPANY (HRG: NOVEMBER 19, 2018 8:30 A.M. JUDGE KIM) | All Case Parties | Doi, Karyn A. |
| 15 | 12/11/2018 | Document Converted DOC ID: , Comments: | PLAINTIFF'S EX PARTE MOTION FOR FIRST EXTENSION OF TIME TO FILE PRETRIAL STATEMENT; DECLARATION OF COUNSEL; ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION FOR FIRST EXTENSION OF TIME TO FILE PRETRIAL STATEMENT | All Case Parties | Leu, Lansen Hon Gong |
| 16 | 12/20/2018 | Document Converted DOC ID: , Comments: | PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND FOR INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF INDEBTEDNESS; EXHIBITS "1"-"4"; NOTICE OF HEARING AND CERTIFICATE OF SERVICE (HRG: 2/14/19 AT 8:00 A.M. BEFORE JUDGE KIM) | All Case Parties | Doi, Karyn A. |
| 28 | 02/14/2019 | Minutes DIGITAL RECORDING CC3.18-28/ 2019-2-14/0811-0812FOCLERK - L. FURUTO APPEARANCES: PLAINTIFF COUNSEL - D. KIKAWA (BY PHONE) COURT: DEFENDANT HAS BEEN DEFAULTED. KIKAWA: YES COURT: DEFAULT HAS BEEN ENTERED IN NOVEMBER RESPONSE BY KIKAWA . ***RULING*** COURT WILL GRANT THE MOTION FOR SUMMARY JUDGMENT | | All Case Parties | JUDG Kim, Robert |
| 17 | 03/08/2019 | Findings/Fact Concl of Law-Ord Converted DOC ID: FOF, Comments: (COMMISSIONER: ANDREW M. KENNEDY) | FINDINGS OF FACT; CONCLUSIONS OF LAW; AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND INTERLOCUTORY DECREE OF FORECLOSURE AGAINST ALL PARTIES FILED DECEMBER 20, 2018; EXHIBIT "A" | All Case Parties | Doi, Karyn A. |
| 18 | 03/08/2019 | Document Converted DOC ID: JUDG, Comments: | JUDGMENT | All Case Parties | Doi, Karyn A. |
| 19 | 03/08/2019 | Document Converted DOC ID: NOJ, Comments: | NOTICE OF ENTRY OF JUDGMENT | All Case Parties | Doi, Karyn A. |
| 20 | 03/08/2019 | Document Converted DOC ID: , Comments: | *MAILED/DELIVERED COPIES OF NOTICE OF ENTRY OF JUDGMENT TO PARTIES THEREIN | All Case Parties | |
| 21 | 07/11/2019 | Document Converted DOC ID: , Comments: | NOTICE OF BANKRUPTCY DISMISSAL; EXHIBIT "1"; CERTIFICATE OF SERVICE | All Case Parties | Doi, Karyn A. |
| 22 | 09/03/2019 | Document Converted DOC ID: , Comments: | MOTION FOR INSTRUCTIONS FOR SALE WITHOUT OPEN HOUSES; DECLARATION OF ANDREW M. KENNEDY; NOTICE OF HEARING; CERTIFICATE OF SERVICE (HRG: 9/23/19 AT 8:30 A.M. BEFORE JUDGE KIM) | All Case Parties | Kennedy, Andrew |
| 23 | 09/06/2019 | Document Converted DOC ID: , Comments: | PLAINTIFF'S STATEMENT OF NO OPPOSITION TO MOTION FOR INSTRUCTIONS FOR SALE WITHOUT OPEN HOUSES; CERTIFICATE OF SERVICE (HRG 9/23/19 AT 8:30 A.M. JUDGE | All Case Parties | Doi, Karyn A. |

**Exhibit 1**

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST, | ) ) ) ) | CIVIL NO. 15-1-164K |
| Plaintiffs, | ) ) | PLAINTIFFS' NOTICE OF BANKRUPTCY FILED BY MICHAEL HAROUTUN MIROYAN; EXHIBIT A; CERTIFICATE OF SERVICE |
| vs. | ) ) ) | |
| HAWAII RIVERBEND, LLC; COUNTY OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

ORIGINAL

FILED

2018 DEC 20 PM 3: 19

J. Y. LEE
CLERK, APPELLATE COURTS
STATE OF HAWAII

Ex Officio Clerk
Circuit Court _____ Circuit

Of Counsel:

BAYS LUNG ROSE & HOLMA

MICHAEL C. CARROLL            7583-0
Attorney at Law
A Law Corporation
MATTHEW C. SHANNON           9043-0
Attorney at Law
A Law Corporation
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone: (808) 523-9000

Attorneys for Plaintiffs
KENNETH Y. KAI and TAE K. KAI,
TRUSTEES OF THE KAI FAMILY 1998 TRUST

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST, | ) ) ) | CIVIL NO. 15-1-0164K (Foreclosure) |
| | ) ) | PLAINTIFFS' NOTICE OF BANKRUPTCY |
| Plaintiffs, | ) ) | FILED BY MICHAEL HAROUTUN MIROYAN; EXHIBIT A; CERTIFICATE |
| vs. | ) ) ) | OF SERVICE |
| HAWAIIAN RIVERBEND, LLC; COUNTY OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | ) ) ) ) ) ) ) | No Trial Date Set. |
| Defendants. | ) ) ) | |

539805-2

**Exhibit 2**

PLAINTIFFS' NOTICE OF BANKRUPTCY FILED BY
MICHAEL HAROUTUN MIROYAN ON NOVEMBER 26, 2018

Notice is hereby given that on or about November 26, 2018, Michael Haroutun

Miroyan ("Miroyan") filed a voluntary petition for bankruptcy protection in the United States

Bankruptcy Court, Northern District of California, Case No. 18-52601 ("Bankruptcy Petition").

Attached hereto as **Exhibit A** is a true and correct copy of the Bankruptcy Petition. Pursuant to

11 U.S.C. § 362(a), this action is hereby stayed until the bankruptcy matter is resolved or the

automatic stay is lifted.

DATED:        Honolulu, Hawaii, December 20, 2018.

_____
MICHAEL C. CARROLL
MATTHEW C. SHANNON

Attorneys for Plaintiffs/
Counterclaim Defendants

Case: 18-52601    Doc# 122-2    Filed: 09/13/22    Entered: 09/14/22 14:57:06    Page 8
of 14

**Exhibit 2**

**Exhibit 2**

**Information to identify the case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Michael Haroutun Miroyan** | | Social Security number or ITIN | ~~████~~ |
| | First Name   Middle Name   Last Name | | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | | Social Security number or ITIN | _ _ _ _ |
| | | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   Northern District of California | | | | |
| Case number:   **18–52601 MEH 13** | | | Date case filed for chapter  13  11/26/18 | |

Official Form 309I

## Notice of Chapter 13 Bankruptcy Case

12/17

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | About Debtor 1: | About Debtor 2: |
|---|---|---|
| 1. Debtor's full name | Michael Haroutun Miroyan | |
| 2. All other names used in the last 8 years | | |
| 3. Address | PO Box 3181 Saratoga, CA 95070–1181 | |
| 4. Debtor's attorney Name and address | Eddy Hsu Law Office of Eddy Hsu 1900 S Norfolk St. #350 San Mateo, CA 94403 | Contact phone (650) 577–5950 |
| 5. Bankruptcy trustee Name and address | Devin Derham–Burk P.O. Box 50013 San Jose, CA 95150–0013 | Contact phone (408) 354–4413 |
| 6. Bankruptcy clerk's office Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 280 South First Street Room 3035 San Jose, CA 95113 | Hours open: 9:00 am to 4:30 pm, Monday – Friday Contact phone 408–278–7500 Date: 12/10/18 |

For more information, see page 2

## EXHIBIT A

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **January 7, 2019 at 10:30 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:**<br>U.S. Federal Bldg., 280 S 1st St. #130, San Jose, CA 95113 |
| | **Important Notice to Individual Debtors:** The United States Trustee requires all debtors who are individuals to provide government-issued photo identification and proof of social security number to the trustee at the meeting of creditors. If a debtor fails to appear, your case may be dismissed without further notice. | |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:** You must file:<br><br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f),<br>or<br><br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 3/8/19** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 2/4/19** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 5/28/19** |
| **For a bankruptcy case pending in the Northern District of California, a Proof of Claim may be filed electronically online at www.canb.uscourts.gov In the Quick Links section, click on "File an Electronic Proof of Claim."** | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan, Hearing on Plan Confirmation** | If the debtor has already filed a proper Chapter 13 Plan, the Plan is enclosed. If the debtor has not yet filed a proper Chapter 13 Plan, the Plan will be sent separately. The hearing on confirmation will be held: 1/25/19 at 09:55 AM, Location: **U.S. Courthouse and Federal Bldg., 280 S 1st Street, Courtroom 3020 3rd Fl., San Jose, CA 95113**<br>The case is subject to dismissal, without further notice, upon failure of the debtor to commence making payments called for in the plan, not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier. At the confirmation hearing the court may dismiss or convert the case or continue the hearing without prior notice upon a determination the debtor(s) is unable to present a feasible plan. Written objections to confirmation of the plan must be filed with the court on or before the date stated above for the Meeting of Creditors and served upon the trustee, Debtor(s), and Debtors' Attorney. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption for property debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |

034158

Case: 18-52601   Doc# 122-2   Filed: 09/13/22   Entered: 09/14/22 14:57:06   **Exhibit 2**
of 14

# UNITED STATES BANKRUPTCY COURT
## *FOR THE*
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

### Order Establishing Procedures for Objection to Confirmation

1. **Placement on Trustee's Pending List and Hearing Taken Off Calendar:** If an objection to confirmation is filed or a case is otherwise not ready for confirmation based on deficiencies, such as defaults on plan payments, the Trustee will file a Trustee's Statement of Non-Readiness for Confirmation at least 10 days before the confirmation hearing. The court will serve a notice indicating that the case has been placed on the Trustee's Pending List ("TPL") and that no appearances are expected, the plan will not be confirmed, and the matter will be taken off calendar at the confirmation hearing.

2. **Procedures for Restoring Matter to Confirmation Calendar:** A case that is on the TPL may be restored to the confirmation calendar as follows:

   a. To restore the matter to the Uncontested Confirmation Calendar, the Trustee will file a Trustee's Statement of Resolution when all outstanding objections are resolved, deficiencies have been cured, and the debtor(s) is current on plan payments. The Trustee's docketing of the Statement of Resolution will cause the court to issue a notice that the restored confirmation hearing is set on the date of the next available Uncontested Confirmation Calendar and to serve the notice on parties in interest.

   b. To restore a contested confirmation matter to calendar so the court can resolve factual or legal issues, any party in interest (including the debtor(s)) may file and serve in conformity with B.L.R. 9014-1(a) a Notice of Hearing and Certificate of Service on 28 days' notice to parties in interest. The matter may be set on any Contested Confirmation Calendar date posted on the court's website, but only if these three conditions are met: (1) the § 341 meeting has concluded; (2) the parties have met and conferred in good faith (in person or by telephone); and (3) the dispute is ready to be submitted for resolution, trial setting, evidentiary hearing, or briefing.

   No later than 14 days before the hearing, the noticing party shall file a Chapter 13 Status Conference Statement identifying: (a) the disputed factual and legal issues; (b) the date and time when the parties conferred; and (c) the time estimate for trial or argument. If the Chapter 13 Status Conference Statement is not timely filed, the matter will be stricken from the calendar. Matters stricken from the Contested Confirmation Calendar must be re-noticed for hearing by submitting a new Notice of Hearing, Certificate of Service, and Chapter 13 Status Conference Statement.

Approved.

Dated: July 1, 2015

*Stephen Johnson*

STEPHEN L. JOHNSON
United States Bankruptcy Judge

M. ELAINE HAMMOND
United States Bankruptcy Judge

HANNAH L. BLUMENSTIEL
United States Bankruptcy Judge

# BANKRUPTCY COURT

RECEIVED

SEP 14 2022

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Name:** Michael Microyan

**Case #:** 18-5260I-MEH